**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OMNICARE, INC.,

                Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
UNITED HEALTHCARE SERVICES, INC.,
and COMPREHENSIVE HEALTH
MANAGEMENT, INC.,

                Defendants.

Case No.

```
FILED: JULY 9, 2008
08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH
```

## NOTICE OF REMOVAL

Defendant, COMPREHENSIVE HEALTH MANAGEMENT, INC., ("CHMI"), by its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 files this Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, County Department, Law Division ("State Court") to the United States District Court for the Northern District of Illinois, Eastern Division.  In support thereof, CHMI states as follows:

1.      This action is being removed pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 on the basis of federal question jurisdiction.

2.      Omnicare, Inc. ("Omnicare" or "Plaintiff") filed a two-count Complaint, captioned *Omnicare, Inc. v. Walgreens Health Initiatives, Inc.*, Case No. 07L005503, against Walgreens Health Initiatives, Inc. ("WHI") on May 29, 2007.

3.      On December 6, 2007, the State Court granted defendant United Healthcare Services, Inc.'s ("United") Motion to Intervene.  On February 29, 2008, the State Court granted CHMI's Motion to Intervene.

4.      On June 11, 2008, Plaintiff filed a three-count Amended Complaint ("Amended Complaint"), adding CHMI and United as defendants and alleging, for the first time, claims directly against CHMI and United.  Specifically, in Count II of the Amended Complaint, Plaintiff seeks damages for breach of contract from CHMI (and United and WHI) based on an alleged failure to follow federal law, as set forth in regulatory guidance issued by the Centers for Medicare and Medicaid Services ("CMS") under The Medicare Prescription Drug Improvement and Modernization Act of 2003 (the "Act").  The Act created a federally-funded prescription drug benefit that is commonly referred to as Medicare Part D.  Under the Medicare Part D program, certain low income Medicare beneficiaries may qualify for subsidies that defray the co-payment, deductibles and other cost sharing amounts that typically are paid by Medicare Part D beneficiaries.

5.      Federal jurisdiction will lie where a claim is predicated upon federal law.  Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005). Indeed, federal jurisdiction is also appropriate where claims under state law require the resolution of significant federal issues on the right to relief.  Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

6.      Plaintiff's claim for damages in Count II of the Amended Complaint arises under federal law because Defendants are alleged to have violated federal law.  See, e.g., Amended Complaint ¶ 22 (alleging CHMI, United and WHI "failed to follow CMS instructions to collect [Best Available Evidence] in order to update and correct [low income subsidy eligibility] data about members…"); ¶ 23 (alleging that CHMI, United and WHI "refus[ed] to collect, update and/or maintain their member data, as required by CMS, in order to provide for the correct adjudication of claims…"); ¶ 25 ("As a result of WHI's, United's and [CHMI's] failure to follow

CMS guidance in regard to maintaining accurate member data…[Defendants] owe Omnicare in excess of $1,643,131.21").  Accordingly, this action may be removed from State court under 28 U.S.C. §§ 1331 and 1441(b).

7.    Plaintiff's related state-law claims are removable under 28 U.S.C. § 1441(c), which allows for the removal of otherwise non-removable causes of action when the defendant removes any cause of action that arises under federal law.

8.    The procedural requirements for removal set forth in 28 U.S.C. § 1446 are satisfied, because:

(a)    True and correct copies of all process, pleadings and orders served on the defendants in State Court are attached hereto and incorporated herein as Exhibit A (attached separately).  28 U.S.C. § 1446(a);

(b)    All defendants consent to removal.  28 U.S.C. § 1446(a);  *See* Exhibit B, Consent by the Groom Law Group on behalf of defendant United Healthcare Services, Inc.; Exhibit C, Consent by Kirkland & Ellis, LLP on behalf of defendant Walgreens Health Initiatives, Inc.

(b)    This Notice is filed within thirty days of service (June 11, 2008) upon Defendants of the Amended Complaint, the pleading which first states the federal question.  28 U.S.C. § 1446(b);

(c)    Written notice of filing of this Notice will be given today to Plaintiff and to the Clerk of the Circuit Court of Cook County, Illinois, a copy of which is attached hereto and incorporated herein as Exhibit D.  28 U.S.C. § 1446(d).

9.    By filing this Notice of Removal, Defendants are not waiving any defenses or rights that may be available to them.

WHEREFORE, CHMI removes this State Court Action from the Circuit Court of Cook County, Illinois to this Court and respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings by the Circuit Court of Cook County, Illinois.


Date:   July 9, 2008                    Respectfully submitted,

                                        COMPREHENSIVE HEALTH MANAGEMENT, INC.

                        By:     Edwin E. Brooks_____
                                One of its attorneys

                                Edwin E. Brooks
                                Steven D. Hamilton
                                Erin K. McAllister
                                McGuireWoods LLP
                                77 West Wacker Drive, Suite 4100
                                Chicago, Illinois 60601
                                Tel.    312-849-8100
                                Fax     312-849-3690

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the forgoing **NOTICE OF REMOVAL** was served upon counsel of record for the Plaintiff by mailing a copy of the same by United States mail, postage prepaid, this 9th day of July, 2008, at the addresses set forth below:

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603


Harvey Kurzweil
Brian S. McGrath
Dewey & Leboeuf LLP
1301 Avenue of the Americas
New York, New York 10019-6092


_____s/ Edwin E. Brooks_____
Edwin E. Brooks

```
08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH
```

# *Exhibit A*
# *Part 1*

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

CCG N067-10M-6/09/04 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

OMNICARE, INC.,

v.

WALGREENS HEALTH INITIATIVES, INC.,

}

2007L005503
CALENDAR/ROOM N
TIME 00:00
Breach of Contract

No. _____

### JURY DEMAND

The undersigned demands a jury trial.

_____
(Signature)

Dated: May 29, _____, 2007

Atty. No.: 05003
Name: Richard P. Campbell/Jenner & Block LLP
Atty. for: Omnicare, Inc. (Plaintiff)
Address: 330 North Wabash Avenue
City/State/Zip: Chicago, Illinois 60611-7603
Telephone: 312 222-9350

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Omnicare, Inc.,

v.

Walgreens Health Initiatives, Inc.

} No.

2007L005503
CALENDAR/ROOM N
TIME 00:00
Breach of Contract

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

Jury Demand ☑ Yes ☐ No

☐ **PERSONAL INJURY/WRONGFUL DEATH**

    ☐ 027 Motor Vehicle
    ☐ 040 Medical Malpractice
    ☐ 047 Asbestos
    ☐ 048 Dram Shop
    ☐ 049 Product Liability
    ☐ 051 Construction Injuries
        (including Structural Work Act, Road
        Construction Injuries Act and negligence)
    ☐ 052 Railroad/FELA
    ☐ 053 Pediatric Lead Exposure
    ☐ 061 Other Personal Injury/Wrongful Death
    ☐ 063 Intentional Tort
    ☐ 064 Miscellaneous Statutory Action
        *(Please Specify Below**)*
    ☐ 065 Premises Liability
    ☐ 078 Fen-phen/Redux Litigation
    ☐ 199 Silicone Implant

☐ **062 PROPERTY DAMAGE**

☐ **066 LEGAL MALPRACTICE**

☐ **TAX & MISCELLANEOUS REMEDIES**

    ☐ 007 Confession of Judgment
    ☐ 008 Replevin
    ☐ 009 Tax
    ☐ 015 Condemnation
    ☐ 017 Detinue
    ☐ 029 Unemployment Compensation
    ☐ 036 Administrative Review Action
    ☐ 085 Petition to Register Foreign Judgment
    ☐ 099 All Other Extraordinary Remedies

☐ **COMMERCIAL LITIGATION**

    ☑ 002 Breach of Contract
    ☐ 070 Professional Malpractice
        (other than legal or medical)
    ☐ 071 Fraud
    ☐ 072 Consumer Fraud
    ☐ 073 Breach of Warranty
    ☐ 074 Statutory Action
        *(Please Specify Below**)*
    ☐ 075 Other Commercial Litigation
        *(Please Specify Below**)*
    ☐ 076 Retaliatory Discharge

☐ **077 LIBEL/SLANDER**

☐ **OTHER ACTIONS**

    ☐ 079 Petition for Qualified Orders
    ☐ 084 Petition to Issue Subpoena
    ☐ 100 Petition for Discovery

**

By: _____
    (Attorney)        (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | 2007L005503 |
| | ) | CALENDAR/ROOM N |
| Plaintiff, | ) | TIME 00:00 |
| | ) | Breach of Contract |
| v. | ) | No. |
| | ) | |
| WALGREENS HEALTH INITIATIVES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

Plaintiff, Omnicare, Inc., by and through its attorneys, Jenner & Block LLP, for its complaint against Defendant, Walgreens Health Initiatives, Inc., states as follows:

## COUNT I

### (Breach of Contract To Pay Withheld Cost-Sharing Amounts)

1.     Plaintiff Omnicare, Inc., ("Omnicare") is a corporation organized and existing under the laws of the State of Delaware, maintaining, at all relevant times, a principal place of business in Covington, Kentucky. Omnicare provides pharmaceutical products and services to residents of Long Term Care ("LTC") facilities and is reimbursed for its products and services by healthcare insurance companies.

2.     Defendant Walgreens Health Initiatives, Inc. ("WHI") is a corporation organized and existing under the laws of the State of Illinois, maintaining, at all relevant times, a principal place of business in Deerfield, Lake County, Illinois. WHI is engaged in business as a healthcare insurance company. WHI does business in Cook County, Illinois.

3.     The Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit (commonly known as "Part D"), which is administered by the Centers for Medicare and Medicaid Services ("CMS"). Under Part D, private at-risk prescription drug plans ("Part D Plans") function as payors for the prescription drug benefits of patients enrolled in the given Part D Plan. WHI is a pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on behalf of several Part D Plans.

4.     To be approved by CMS, a Part D Plan must meet certain minimum requirements, such as showing it has an adequate network of pharmacies. Part D Plans, or PBMs acting on their behalf, thus routinely contract with Omnicare to serve as an institutional pharmacy for their members. Pursuant to these contracts, Omnicare is reimbursed by the PBM or Part D Plan for the pharmacy services they provide to these members.

5.     Many enrollees in Part D Plans are "institutionalized full subsidy eligible individuals" under the CMS regulations for Part D. Primarily nursing home residents, these individuals are enrolled in both a state Medicaid program and a Medicare Part D Plan. Their dual enrollment in Medicare and Medicaid exempts them from the "cost-sharing" amounts that would otherwise be payable by beneficiaries under a Part D Plan, such as deductibles, co-payments or coinsurance amounts. Instead, CMS provides cost-sharing subsidies to Part D Plans to cover these amounts.

6.     By law, if a Part D Plan (including any PBM acting on its behalf) specifies that institutionalized full subsidy eligible individuals must pay cost-sharing when it processes their pharmacy claims, it must pay these individuals any cost-sharing that it withheld. (See 42 C.F.R. 423.800(c).) Many LTC pharmacies have not collected cost-sharing amounts from institutionalized full subsidy eligible individuals who are residents of nursing homes and other

- 2 -

LTC facilities. Consequently, these LTC pharmacies are left holding receivables for the services they rendered to those individuals. Recognizing the difficulty of collecting cost-sharing from patients in nursing homes and LTC facilities, CMS has directed Part D Plans to pay the specified cost-sharing amounts they withheld directly to LTC pharmacies that have not collected cost-sharing amounts from such beneficiaries and are holding receivables for those amounts.

7.      On July 29, 2005, Omnicare and WHI entered into a written contract denominated Pharmacy Network Agreement ("Agreement") by which Omnicare agreed to provide pharmaceutical products and services to Part D Plan members. In return, WHI agreed to pay Omnicare for prescription claims approved by WHI at the prices specified on Schedule 3.1(a) to the Agreement, and to perform its obligations under the Agreement in conformance with the Part D Rules, including "CMS instructions, and CMS published sub-regulatory guidance relating to the Part D prescription drug benefit…." (See Section 3.1(a), Section 5.1, Section 5.3, and the definition of "Part D Rules" in Article 1.) A copy of the Agreement is attached as Exhibit 1.

8.      During the period of January 1, 2006, through April 28, 2007, Omnicare provided prescription drugs to institutionalized full subsidy eligible beneficiaries of the Part D Plans covered by the Agreement for which WHI approved the prescription claim but withheld a cost-sharing amount. Omnicare did not collect these cost-sharing amounts from the beneficiaries or any other source, and currently holds a receivable for these amounts. In accordance with the terms of the Agreement and the applicable Part D Rules, WHI is obligated to pay these withheld cost-sharing amounts to Omnicare, but, despite demand, has failed to make such payments in full.

9.      WHI breached the Agreement by failing and refusing to pay Omnicare the withheld cost-sharing amounts.

- 3 -

10.     WHI's breaches are ongoing.

11.     As a result of WHI's failure to pay these cost-sharing amounts to Omnicare, for the period January 1, 2006, through April 28, 2007, WHI owes Omnicare an amount in excess of $7,786,178.

12.     Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare the withheld cost-sharing amounts.

13.     WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $7,786,178.

## COUNT II

### (Breach of Contract To Reimburse)

14.     Omnicare realleges and incorporates in this Count II each of the allegations contained in paragraphs 1 through 4 and paragraph 7 of Count I.

15.     Part D places certain restrictions on choice and administration of prescription drugs. These restrictions were designed foremost to apply in the retail drug context (i.e. where an individual fills his or her own prescription at a retail pharmacy). However, a portion of Part D beneficiaries are confined to nursing homes or other types of LTC facilities. Residents of LTC facilities do not fill their prescriptions at retail pharmacies. Instead, their prescriptions are ordered on their behalf by the facilities in which they reside and filled by an institutional pharmacy such as Omnicare.

16.     Part D beneficiaries residing in LTC facilities thus present special challenges to Part D Plans and institutional pharmacies in their administration of Part D. For example, the Part D program places limitations on the frequency with which an enrollee's prescriptions can be refilled. However, when individuals are first admitted to a nursing home, they are generally not

permitted to bring any of their prescription drugs with them from home. Because individuals can be admitted to a nursing home at any point in their prescription cycle, the pharmacies servicing nursing homes may need to fill a newly admitted patient's prescriptions immediately, regardless of whether three days or twenty-five days have passed since the patient's prescription was last filled. The alternative would be for a patient to go unmedicated for days or even weeks. Another example is when, for a transitional period, LTC pharmacies are given an order for a drug not covered by the formulary set by a specific Part-D plan. In some instances this occurs because upon admission to a LTC facility, individuals may enroll in a new Part D Plan that has drug formularies that are different from the individuals' previous plans. In other instances, individuals enrolled in a Part D Plan may have been prescribed non-formulary drugs during a hospital stay, but upon discharge from a hospital and re-admission to the LTC facility must revert to their Part D Plan's formularies. Patients in these situations are often on a number of different medications. LTC pharmacies thus may be asked to dispense non-covered drugs while new formularies are phased in over a period of months in order to protect patients from the physical shock of switching several drugs at once.

17. Prior to the implementation of Part D, CMS emphasized the "unique needs of residents of long term care facilities who enroll in a new Part D Plan." Because such residents are "likely to be receiving multiple medications for which simultaneous changes could significantly impact the condition of the enrollee," CMS encouraged Part D Plans to shape appropriate policies for transitional prescription drug coverage, calling transition periods of 90 to 180 days "appropriate." (See Information for Part D Sponsors on Requirements for a Transition Process dated March 16, 2005, attached hereto as Exhibit 2.)

18.     After Part D's inception, CMS has continued to recognize that LTC pharmacies frequently face situations where what is best for their patients does not necessarily follow standard Part D protocols.  Rather than putting LTC pharmacies in the position of choosing between harming patients and not getting paid, CMS has given its approval to Part D Plans reimbursing LTC pharmacies for drugs they dispense in these unique circumstances despite their variance from the Part-D protocols established for retail pharmacies.

19.     In its Question & Answer Clarification dated May 23, 2006, CMS sanctioned differential treatment between "ambulatory" patients and those confined to LTC facilities when "it is appropriate or legally required under our Part D guidance…For example, it is perfectly acceptable for plans to adopt <u>alternative standards applicable only in the LTC setting</u> when clinically justified, legally required, or otherwise justified based on characteristics unique to beneficiaries residing in LTC facilities…." (See CMS Q&A of May 23, 2006, attached hereto as Exhibit 3, emphasis added.)

20.     More specifically, CMS has limited the use of early refill edits (rejections of claims based on refilling too early in the prescription cycle).  These edits "cannot be used to limit appropriate and necessary access" to Part D benefits.  (See CMS Q&A of April 10, 2006, attached hereto as Exhibit 4.)  CMS provides an example of an inappropriate "too soon" edit: Part D Plans must not deny claims for refills to patients upon admission to or discharge from LTC facilities. (Id.)

21.     Each Part D Plan has its own computerized processing system or provides a protocol to its PBM for claims processing.  The Part D Plans program these systems to process claims in a way that is consistent with the breadth of Part D coverage.  Whenever there are

changes to Part D coverage or updates from CMS regarding the treatment of certain claims, Part D Plans must update their processing systems accordingly.

22. Under the parties' Agreement, Omnicare agreed to provide pharmaceutical products and services to enrollees of the Part D Plans listed on Exhibit A to the Agreement.

23. In return, WHI agreed to pay Omnicare for prescription claims approved by WHI at the prices specified on Schedule 3.1(a) to the Agreement, and to perform its obligations under the Agreement in conformance with the Part D Rules, including "CMS instructions, and CMS published sub-regulatory guidance relating to the Part D prescription drug benefit...." (See Section 3.1(a), Section 5.1, Section 5.3, and the definition of "Part D Rules" in Article 1.)

24. Additionally, WHI acknowledged that "certain of the restrictions under the Plans may not be appropriate in the context of Plan Enrollees who are residents of [LTC] Facilities." (See Agreement Section 3.8.) Accordingly, WHI guaranteed coverage of certain drugs that might otherwise be denied by Part D Plans. The special circumstances that might require WHI to pay for Omnicare's provision of non-covered drugs, or covered drugs under non-covered circumstances, are described in detail in, *inter alia*, the Agreement's Sections 3.8(c), 3.8(h), and 3.8(i).

25. In order for WHI to properly adjudicate drugs dispensed under these special circumstances, it agreed to use "commercially reasonable efforts to adjudicate Claims submitted by Omnicare Pharmacies using its On-Line System" in a way consistent with its guarantee of expanded coverage under Section 3.8. (Id.) Should a claim covered by Section 3.8 be rejected by WHI's On-Line System, meaning the On-Line System improperly rejected the claim as non-payable, WHI must pay the claim within thirty days of Omnicare's written notice of the improper adjudication. (Id.)

26.    During the period of January 1, 2006, through May 13, 2007, Omnicare provided prescription drugs under the special conditions described in Section 3.8 to many of WHI's members.  When Omnicare submitted claims for these prescriptions, WHI's On-Line System improperly adjudicated these claims as non-covered and did not reimburse Omnicare for them (collectively, the "Rejected Claims").  Under the terms of the parties' Agreement, WHI is obligated to pay these claims.

27.    Consistent with Section 3.8 of the Agreement and CMS guidance, Omnicare brought these claims rejected by the On-Line System to WHI's attention and requested payment. WHI did not pay these claims within thirty days, as contractually required, and continues to withhold payment to Omnicare.

28.    On February 14, 2007, Omnicare notified WHI in writing of its demand that WHI reimburse Omnicare in full for Rejected Claims.  To date, WHI has failed and refused to pay Omnicare the amounts owed with respect to these claims.

29.    WHI's failure to pay Omnicare for Rejected Claims constitutes a breach of the Agreement.

30.    WHI's breaches are ongoing.

31.    As a result of WHI's failure to pay amounts due Omnicare for Rejected Claims, for the period January 1, 2006, through May 13, 2007, WHI owes Omnicare an amount in excess of $1,088,863.

32.    Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare.

33.    WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $1,088,863.

WHEREFORE, Plaintiff, Omnicare, Inc., demands trial by jury, and further demands judgment against Defendant, Walgreens Health Initiatives, Inc., as follows:

1.    On Count I, the amount of $7,786,178 with interest, costs, and expenses.

2.    On Count II, the amount of $ 1,088,863 with interest, costs, and expenses.

3.    Such other and further relief as to the Court deems just.

Date: May 29, 2007

Omnicare, Inc.

By:    _____
One of the Attorneys for Omnicare, Inc.

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:   312 222-9350
Facsimile:   312 527-0484
Firm I.D. No. 05003

- 9 -

```
*********
NOTICE OF
CALENDAR CALL
*********
```

CASE  07-L-005503     OMNICARE INC     V.     WALGREENS HEALTH I

THIS CAUSE IS SCHEDULED TO APPEAR ON THE
CALENDAR CALL BEFORE JUDGE BURKE, DENNIS J.
IN ROOM 2306 ON 09/28/2007 AT 09:30 A.M.
AT THE R.J. DALEY CENTER, 50 W WASHINGTON, CHICAGO,IL
     THE PLAINTIFF MUST PROVIDE THE COURT WITH AN
UP-TO-DATE PRE-TRIAL MEMORANDUM AT THE TIME OF THE
CALENDAR CALL.
     ALL PARTIES MUST BE REPRESENTED BY COUNSEL OR
APPEAR IN PERSON AND MUST BE PREPARED TO REPORT TO
THE COURT ON THE STATUS OF THE CASE INCLUDING THE
STATUS OF DISCOVERY.
                    BY: JUDGE BURKE, DENNIS J.

               YOU MUST APPEAR

*EXHIBIT 1*

*FILED UNDER SEAL*

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
2007 JUN -6 AM 11: 50

CLERK OF CIRCUIT COURT
LAW DIVISION

OMNICARE, INC.,                                        )
                                                       )
                              Plaintiff,               )
                                                       )
v.                                                     )        No. 07 L 005503
                                                       )
WALGREENS HEALTH INITIATIVES, INC.,                    )        JURY DEMAND
                                                       )
                              Defendant.               )

## AFFIDAVIT OF SERVICE OF SUMMONS OUTSIDE COOK COUNTY

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF COOK             )

Richard P. Campbell on oath states:

1.      I am over 21 years of age and reside in the State of Illinois, County of Cook.

2.      Pursuant to Article 7.4 of the Pharmacy Network Agreement dated July 29, 2005,

between Plaintiff and Defendant, which provides that each party "consents to service of process

by mail," I served a copy of a Summons and Complaint on Defendant Walgreens Health

Initiatives, Inc. at the addresses specified in the Agreement as follows:

| Walgreens Health Initiatives, Inc. | Walgreens Health Initiatives, Inc. |
|---|---|
| Attention: Legal Dept. MS L 468 | Network Services |
| 1417 Lake Cook Road | Attention: Network Manager |
| Deerfield, Illinois 60015 | 2275 Half Day Road |
| | Suite 250 |
| | Bannockburn, Illinois 60015 |

3.      Said service of process by courier delivery was effected on Wednesday, May 30,

2007 at 9:30 a.m. via UPS Next Day Air, Tracking Number 1Z6134380196320646, on

Walgreens Health Initiatives, Inc. located in Bannockburn, Illinois, and personally signed for by a person known as Wells.

4.    Said service of process by courier delivery was effected on Wednesday, May 30, 2007 at 10:18 a.m. via UPS Next Day Air, Tracking Number 1Z6134380198042836, on Walgreens Health Initiatives, Inc. located in Deerfield, Illinois, and personally signed for by a person known as Miller.

FURTHER THE AFFIANT SAYETH NOT.

_____
Richard P. Campbell

Subscribed and Sworn To Before

Me this 31st Day of May, 2007.

_____
Notary Public



"OFFICIAL SEAL"
ANNA MONTSKO
COMMISSION EXPIRES 11/27/10

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:   312 222-9350
Facsimile:    312 527-0484
Firm I.D. No. 05003

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) | Cal. "N" |
| INC., | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION BY UNITED HEALTHCARE SERVICES, INC. TO INTERVENE AS DEFENDANT AND TO FILE AN ANSWER IN INTERVENTION

United Healthcare Services, Inc. ("United"), pursuant to 735 ILCS 5/2-408(a)-(b), and for the reasons stated in the accompanying Memorandum of Law in Support of this Motion, respectfully moves to intervene as a Defendant in the above-captioned action. In accordance with the Code of Civil Procedure, 735 ILCS 5/2-408(e), this Motion is accompanied by United's Answer in Intervention to Plaintiff's Complaint, for which United respectfully requests leave to file with the Court.

Respectfully submitted,

By: _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: 312.360.6417
Facsimile: 312.360.6996
Email: kfabian@freebornpeters.com

**Attorney for United Healthcare Services, Inc.**

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) | Cal. "N" |
| INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED**
**HEALTHCARE SERVICES, INC.'s MOTION TO INTERVENE AS**
**DEFENDANT AND TO FILE AN ANSWER IN INTERVENTION**

United Healthcare Services, Inc. ("United"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Intervene as a Defendant and to File an Answer in Intervention (the "Motion to Intervene," or the "Motion") in the above-captioned matter. In further support of this motion, United states as follows:

**I.    INTRODUCTION**

Plaintiff Omnicare, Inc. ("Omnicare") seeks reimbursement for prescription drug services that it allegedly rendered to residents of nursing homes and other long term care ("LTC") facilities. The LTC residents in question were allegedly enrolled in Medicare Part D prescription drug plans ("PDPs") sponsored by United. As the PDP sponsor, United generally is financially responsible for the cost of prescription drug dispensed to participants in its PDPs.

United entered into an agreement with defendant Walgreens Health Initiative, Inc. ("WHI"), under which WHI provides both claims processing services and access to its network of pharmacies. One of the network pharmacies with which WHI contracted was Omnicare.

Under its agreement with WHI, Omnicare agreed to provide covered prescription drug services to participants in United's PDPs, in exchange for contractually agreed upon reimbursement rates.

Omnicare has sued WHI, alleging that WHI has failed to pay the full amount of reimbursement due under its agreement with WHI. Because United, as the sponsor of Medicare Part D PDPs, could be deemed at least partially responsible for paying some or all of the amounts at issue in this action should Omnicare prevail, United has an interest in this lawsuit that warrants its intervention as a defendant.

## II. BACKGROUND

### A. <u>The Regulatory Framework</u>

In 2003, Congress enacted Medicare Part D, which provides for the delivery of prescription drug benefits to certain categories of Medicare-eligible individuals through managed care networks, beginning January 1, 2006. (Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003)). These networks operate through private-sector PDPs that contract with the Centers for Medicare and Medicaid Services ("CMS"),[1] and provide the required drug coverage to the individual Medicare beneficiaries assigned to them by CMS. (42 U.S.C. §§ 1395w-112(a)(1)-(3)(a); 42 C.F.R. § 423.504(b)(2)).

Medicare PDPs contract, either directly or indirectly, with retail and LTC pharmacies that agree to dispense covered drugs at specified rates and terms. When a pharmacy fills a prescription for a beneficiary covered by a PDP with which the pharmacy has a contract, the pharmacy may submit a claim for payment directly to that PDP (or the PDP's claims processor), and the PDP (or the claims processor) pays the claim pursuant to the terms of its contract with the pharmacy. The PDP, in turn, then reconciles its claims with CMS.

---

[1] CMS is the federal agency that regulates the Medicare Part D program.

**B.**     **The Parties**

WHI provides pharmacy benefit administration services to Medicare PDPs, by which WHI establishes pharmacy networks and processes claims submitted by retail and LTC pharmacies. (*See* Compl. ¶ 3). United, as the sponsor of Medicare PDPs, entered into an agreement with WHI, under which WHI provides United's PDPs with claims processing services as well as access to its network of pharmacies. Omnicare is a chain of LTC pharmacies that provides prescription medications to patients in nursing homes and other LTC facilities. (Compl. ¶ 1). Omnicare is a member of WHI's pharmacy network. (Compl. ¶ 7).

**1.**     The United-WHI Agreement

In March 2005, United and WHI entered into a "PDP Administrative Services Agreement" (the "United-WHI Agreement") (attached as Exhibit 1). Under the United-WHI Agreement, WHI agreed to develop and maintain a network of retail and LTC pharmacies that would service Medicare Part D beneficiaries who were enrolled in United's PDPs in accordance with the terms of network pharmacy agreements.[2] WHI also agreed to process prescription drug claims submitted by network pharmacies. Specifically, the United-WHI Agreement provides, in pertinent part, that WHI "shall provide complete, accurate, and timely claims adjudication services for all Prescription Drug Services requested in, and presented to, a Participating Pharmacy in the Pharmacy Network by an Enrollee." *Id.* at § 2(E). Notwithstanding WHI's role as claims processor, the United-WHI Agreement provides that United is the entity responsible for *funding* payment of claims approved by WHI. For example, the United-WHI Agreement provides that WHI "shall transmit to United all claims adjudicated and approved for payment on

---

[2] Specifically, § 2(B) of the United-WHI Agreement provides, in pertinent part, that WHI will "develop, credential and maintain, in consultation with United, national regional and local networks of Pharmacies," including LTC pharmacies.

a mutually agreeable cycle . . ." and that "United shall transfer to [WHI], no later than four (4) days following receipt of claims data, those amounts required by [WHI] to pay all such submitted claims." *Id.*, § 5(B)(1)-(2).

## 2.   The Omnicare Agreement

In July 2005, WHI and Omnicare entered into an agreement by which Omnicare agreed to participate in WHI's pharmacy network and to provide prescription drug services to Medicare Part D beneficiaries enrolled in United's PDPs, pursuant to the terms and conditions of the agreement.   (Compl. ¶ 7).   The "Prescription Drug Services Agreement" between WHI and Omnicare, and its accompanying "Medicare Prescription Drug Benefit Amendment" (collectively, the "Omnicare Agreement"), is attached as Exhibit 2.   The Omnicare Agreement specifies that WHI contracted with Omnicare on behalf of "sponsors . . . of the [Medicare Part D] Plans," which are defined to include United's PDPs.   (*See* Ex. 2, Recitals (B)-(C); *id.*, at § 1 (definition of "Plans"), and Exhibit A to the Omnicare Agreement (specifying that United-sponsored PDPs are Plans covered by the Agreement)).

## C.   **Omnicare's Lawsuit Against WHI**

Between January 1, 2006 and May 13, 2007, Omnicare submitted to WHI prescription drug claims with respect to Medicare Part D beneficiaries enrolled in United's PDPs, for which it sought reimbursement under the terms of the Omnicare Agreement.   (Compl. ¶¶ 8, 26).   WHI denied reimbursement for some of the claims that Omnicare submitted.   (Compl. ¶¶ 9, 27). Omnicare served a demand letter upon United in May 2007, seeking payment for claims that it alleged WHI had improperly denied either in whole or in part.   (A copy of Omnicare's demand letter is attached as Exhibit 3).   Unsatisfied with the response it received from United, Omnicare filed this action against WHI in May 2007, alleging that WHI violated the Omnicare Agreement

by not paying full reimbursement for two subsets of claims:  so-called "Co-payment Claims," and so-called "Rejected Claims."  United was not named as a defendant in Omnicare's lawsuit.

With respect to the "Co-payment Claims," Omnicare alleges that WHI breached the Omnicare Agreement by not remitting full reimbursement for prescription drug claims incurred by "Institutionalized Dual Eligibles" who reside in LTC facilities and who are exempt from cost-sharing requirements otherwise imposed by the Medicare Part D program.  (Compl. ¶¶ 8-11).  As for the "Rejected Claims," Omnicare alleges that WHI breached the Omnicare Agreement by denying payment in its entirety for certain prescription drug claims incurred by residents of LTC facilities enrolled in the Medicare Part D program.  (Compl. ¶¶ 26-28).  Although Omnicare characterizes these claims as distinct, they are, in fact, just subsets of claims for which reimbursement has been denied, either in whole or in part, for a variety of reasons.

## III.   ARGUMENT

United's Motion to Intervene should be granted because United has satisfied the statutory requirements for intervening in this action.  The Illinois Code of Civil Procedure permits two types of intervention:  (1) intervention as of right, and (2) permissive intervention.  Specifically, 735 ILCS 5/2-408 provides, in pertinent part, that:

> (a) Upon timely application anyone shall be permitted as of right to intervene in an action . . . (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action . . .

> (b) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common.

735 ILCS 5/2-408 "is to be liberally construed."  *Bd. of Trustees, Barrington Police Pension Fund v. Ill. Dep't. of Ins.*, 211 Ill. App. 3d 698, 711 (1st Dist. 1991).  This statutory provision "liberally allows the practice of intervention so as to avoid the unnecessary relitigation

of issues in a second suit." *In re Estate of K.E.S.*, 347 Ill. App. 3d 452, 465 (4th Dist. 2004) (citing *Caterpillar Tractor Co. v. Lenckos*, 84 Ill. 2d 101, 111-12 (1981)).  In determining the sufficiency of the intervenor's interest, "the allegations in the petition for intervention must be taken as true." *Argonaught Ins. Co. v. Safeway Steel Products, Inc.*, 355 Ill. App. 3d 1, 8 (1st Dist. 2004) (citing *Strader v. Bd. of Educ. of Community Unit School Dist. No. 1*, 351 Ill. App. 438, 451 (1953)).  "The decision to allow or deny intervention, whether permissively or as of right, is a matter of sound judicial discretion."  *Rosen v. Ingersoll-Rand Co.*, 372 Ill. App. 3d 440, 448 (4th Dist. 2007).

### A.   <u>United May Intervene As of Right</u>.

United has satisfied the requirements to intervene as of right under 735 ILCS 5/2-408(a)(2), given that the Court's judgment in this action could result in United being at least partially responsible for the amounts at issue should Omnicare prevail, and the sole defendant – WHI – is an inadequate representative of United's interests.   In determining whether an intervenor is adequately represented by the existing parties, courts consider a variety of factors, including:  "(1) the extent to which the interests of the applicant and of existing parties converge; (2) the commonality of legal and factual positions; (3) the practical abilities of the existing parties in terms of resources and expertise, and (4) the vigor with which existing parties represent the applicant's interests." *Argonaught Ins. Co.*, 355 Ill. App. 3d at 8 (citing *City of Chicago v. John Hancock Mutual Life Ins. Co.*, 127 Ill. App. 3d 140, 145 (1st Dist. 1984)).  "Of this list, the most important factor is how the interest of the intervenor compares with that of the present parties." *Id.* [3]

---

[3] As noted in *Siegman v. Bd. of Educ. of Putnam County School Dist. No. 535*, 132 Ill. App. 3d 351, 353, (3d Dist. 1985), "[t]he question of adequacy of representation is not answered by considering the competency of the counsel of a present party.  Even though a party may have the

If the Court rules that Omnicare is entitled to reimbursement for the Co-payment and Rejected Claims at issue in this action, such judgment may impact United, given that under § 5(B)(2) of the WHI Agreement, United is generally the funding source for covered prescription drug claims incurred by its members. Because United may be at least partially responsible for paying some or all of the amounts at issue in this action should Omnicare prevail, United has an interest in this case that warrants its intervention as of right. *See Siegman*, 132 Ill. App. 3d at 353 ("If a party is about to have its contract with another affected by [a lawsuit], that party is certainly entitled to be in court to argue its own case"); *Argonaught Ins. Co.*, 355 Ill. App. 3d at 8 (allowing excess insurer to intervene in personal injury action, noting that "as excess insurer to [defendants] . . . [the excess insurer] had a substantial interest in determining the extent of [primary insurer's] liability for [settlement] costs"); *Bd. of Trustees, Barrington Police Pension Fund*, 211 Ill. App. 3d at 711-12 (upholding the intervention of the Village of Barrington into a lawsuit between the Village's police pension fund and the Department of Insurance concerning the permissibility of a plan investment under Illinois's Pension Code, finding that because "the Village budgets money for the Pension Fund . . . the Village can be affected by the resolution of the [investment] program's validity").

Further, because WHI may have the ability to shift, to United, some or all of the liability to which it is potentially exposed in this action by operation of its Agreement with United and potentially through demands for contribution or indemnification, WHI is not an adequate representative of United's interests. *See W.H. Lyman Const. Co. v. Village of Gurnee*, 131 Ill. App. 3d 87, 97-98 (2d Dist. 1985) (where a third party may be required to indemnify a defendant for damages awarded against it, the third party "is an interested party to the litigation" who "had

---

most competent counsel, that counsel may still have interests adverse to those of the absent party. No man can serve two masters."

a right to intervene . . ."); *Padilla v. Norwegian-American Hosp., Inc.*, 266 Ill. App. 3d 829, 833-34 (1st Dist. 1994) (upholding intervention of excess insurance carrier in medical malpractice action, noting that the primary and excess insurers had different economic interests and that the excess insurer should be allowed to intervene to protect its interests). Given that WHI is an inadequate representative of United's interests and that the Court's judgment could result in United being at least partially responsible for the payment of amounts that may be deemed owed to Omnicare should it prevail, United is entitled to intervene in this action as of right.

**B.**    **United Satisfies the Requirements for Permissive Intervention**.

United also satisfies the requirements for permissive intervention under 735 ILCS 5/2-408(b)(2), given that United has claims and defenses concerning the Co-payment and Rejected Claims that share common questions of law and fact with those at issue in this action. *See Mississippi Bluff Motel, Inc. v. Rock Island* County, 96 Ill. App. 3d 31, 35 (3d Dist. 1981) (permission to intervene may be granted where "the intervenor has a claim or defense in common with a question of law or fact in the main action"). To intervene permissively, "a party need not have a direct interest in the pending suit." *In re Estate of K.E.S.*, 347 Ill. App. 3d at 465. The intervening party needs only "an interest greater than that of the general public," so that the intervenor "may stand to gain or lose by the direct legal operation and effect of a judgment in the suit." *Id.* (citing *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 57-58 (2002)).

Here, United clearly has an interest in the outcome of this litigation that is greater than that of the general public, given that United may be deemed at least partially responsible for some or all of the damages that may be awarded to Omnicare should it prevail in this action. As noted above, the United-WHI Agreement generally provides that United is responsible for the payment of claims that WHI processes, and to the extent any damages are assessed against WHI

in this lawsuit, WHI may look to United for payment. Further, as discussed above, in May 2007, Omnicare served a demand letter upon United for sums at issue in this litigation. Although Omnicare did not join United as a defendant in this action, its demand letter clearly reflects Omnicare's view that United may have at least partial financial responsibility for the claims at issue.

Central to Omnicare's action against WHI are facts concerning whether, when, and how beneficiary eligibility data was provided to United's PDPs and WHI, the timeliness and manner by which Omnicare submitted claims to WHI, and the parties' compliance with guidance issued by CMS regarding the reimbursement of prescription drug claims incurred by residents of LTC facilities who are enrolled in Medicare Part D. Given the common questions of law and fact that are at issue in this action and with respect to United's claims and defenses, United should be permitted to intervene as a defendant in this lawsuit. *See, e.g., Padilla*, 266 Ill. App. 3d at 834 (upholding trial court's decision to allow excess insurer, who potentially bore financial liability for claims against its insured, to permissively intervene in personal injury action, noting that the trial court found the insurer's claims and defenses had common questions of law and fact, and that insurer could have intervened as of right).

**C.     United's Motion to Intervene Is Timely.**

Illinois's intervention statute requires that a motion to intervene as of right or permissively be filed "timely," as determined by the Court in its discretion. *Citicorp Sav. of Ill. v. First Chicago Trust Co. of Ill.*, 269 Ill. App. 3d 293, 298 (1st Dist. 1995). Factors considered when determining whether a motion to intervene is timely include: (1) when the intervenor became aware of the litigation; (2) the amount of time that has lapsed between the filing of the

litigation and the filing of the motion to intervene; (3) and the reason the intervenor did not seek to intervene earlier. *In re Estate of Nueller*, 275 Ill. App. 3d 128, 140 (1st Dist. 1995).

United's Motion to Intervene in this action is timely. Omnicare filed its Complaint against WHI just over three months ago, and WHI has not yet served an answer or other responsive pleading. No scheduling or preliminary conferences have been held, and the parties have not served discovery requests. Given that judgment has not yet been rendered in this action, and that the proceedings are, in fact, at a very early stage, United's Motion to Intervene is timely, and neither Omnicare nor WHI will be prejudiced by United's intervention as a defendant. Accordingly, the Court should grant United's Motion to Intervene.

### D.    The Motion to File an Answer in Intervention Should Be Granted.

735 ILCS 5/2-408(e) provides that a motion to intervene shall be "accompanied by the initial pleading or motion which [the intervenor]" proposes to file. "The purpose of requiring the intervening party to file an initial pleading or motion is to give both the trial court and the opposing party a clear indication of the relief the potential intervenor will be seeking if his petition to intervene is granted." *Soyland Power Co-op v. Ill. Power Co.*, 213 Ill. App. 3d 916, 920 (4th Dist. 1991). If the Court grants United's Motion to Intervene, United respectfully requests leave to file instanter its Answer in Intervention, which accompanies this Motion as Exhibit 4.

## IV.    CONCLUSION

For the foregoing reasons, United respectfully moves to intervene as a defendant in this action, and to file the accompanying Answer in Intervention instanter.

10

Respectfully submitted,

By: _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone:  312.360.6417
Facsimile:   312.360.6996
Email:  kfabian@freebornpeters.com

**Attorney for United Healthcare Services, Inc.**

11

*EXHIBIT 1*

*FILED UNDER SEAL*

*EXHIBIT 2*

*FILED UNDER SEAL*

# Exhibit 3

# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK 10019-6092
TEL  212 259-8000  FAX  212 259-6333

LAUREN CUNDICK PETERSEN
212 259 7037
lpetersen@deweyballantine.com

May 8, 2007

**Via Fedex/Electronic Mail**

Mr. Robert Pfotenhauer
WHI - Ovations
9900 Bren Rd. East - MN008 - T500
Minnetonka, MN  55343

      Re:    <u>Demand for Payment</u>

Dear Mr. Pfotenhauer:

      I write on behalf of our client, Omnicare, Inc. ("Omnicare"), to demand reimbursement for claims incorrectly adjudicated by your on-line system with co-pay due from institutionalized dually eligible patients which were not collected by Omnicare pharmacies.  As WHI - Ovations previously has been made aware, Omnicare has been systematically underpaid for Medicare Part D claims submitted to WHI - Ovations. Despite Omnicare's repeated attempts to work with WHI - Ovations to rectify this issue, underpayments to Omnicare continue to grow and now exceed $7,786,178.33 as of April 28, 2007.

      As you are aware, CMS has issued clear guidance regarding incorrect cost sharing charges to dual eligible beneficiaries.  On December 22, 2006, CMS specifically

> remind[ed] Part D plan sponsors that <u>they are obligated to reconcile any claims that may have resulted in incorrect cost sharing</u> for low income subsidy (LIS) eligible beneficiaries . . . . [P]roblems with cost sharing have disproportionately impacted beneficiaries who are residents of nursing homes, and for whom long-term care (LTC) pharmacies are holding receivable balances rather than charging beneficiaries incorrect cost sharing amounts.  This is particularly true in situations where a beneficiary is a full benefit dual eligible . . . . Many LTC pharmacies did not

Mr. Robert Pfotenhauer
May 8, 2007
Page 2

collect the cost sharing amounts that were incorrectly charged. As many of the LTC pharmacies continue to hold receivable balances for cost sharing amounts that should have been subsidized by the plan, Part D plan sponsors need to work with them to ensure appropriate reconciliation of amounts owed.

We also note that Part D plans are required to make their final submission of prescription drug event data for 2006 no later than May 31, 2007, and accordingly WHI - Ovations must make an appropriate reconciliation of these amounts for 2006 claims by that time to avoid an inaccurate submission to CMS.

Thus, in accordance with CMS guidance, we demand that WHI - Ovations immediately reimburse Omnicare for the co-pays WHI - Ovations inappropriately charged to dually eligible patients. Omnicare is willing to provide an attestation per CMS guidance to the effect that we have not collected these amounts and they remain owed to us. Please respond -- in writing -- by May 21, 2007, indicating that WHI - Ovations will immediately reimburse such co-pays and will work with Omnicare in resolving this issue going forward. If we have not received full payment by May 30, 2007, we will commence appropriate legal action against your company on May 31, 2007.

I look forward to your response.

Very truly yours,

Lauren Cundick Petersen

Exhibit 4

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) | Cal. "N" |
| INC., | ) | |
| **Defendant.** | ) | |

### United Healthcare Services, Inc.'s Answer in Intervention to Omnicare, Inc.'s Complaint, Affirmative Defenses, and Counterclaims

Intervenor-Defendant United Healthcare Services, Inc. ("United"), by and through its undersigned counsel, hereby responds to the specific numbered paragraphs of the Complaint filed by Claimant Omnicare, Inc. ("Ominicare") in the above-captioned matter. United incorporates below the headings and subheadings from the Complaint solely for organizational and reference purposes.

### COUNT I

### (Breach of Contract To Pay Withheld Cost-Sharing Amounts)

1. United admits, upon information and belief, the allegations in paragraph 1 of Omnicare's Complaint.

2. United admits, upon information and belief, the allegations in the first sentence of paragraph 2 of Omnicare's Complaint. United lacks information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 2, and therefore denies the allegation. United admits, upon information and belief, the allegations in the third sentence of paragraph 2 of Omnicare's Complaint.

3.    United admits that the Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit program commonly known as "Medicare Part D," which is regulated by the Centers for Medicare and Medicaid Services ("CMS"). The second sentence of paragraph 3 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation. With respect to the third sentence of paragraph 3, United admits that WHI provides pharmaceutical benefit administrative services for Medicare Part D prescription drug plans ("PDPs"), including United-sponsored PDPs. United denies the remaining allegations in paragraph 3 of Omnicare's Complaint.

4.    United admits the allegations in the first sentence of paragraph 4 of Omnicare's Complaint. United lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of paragraph 4, and, therefore, denies such allegations.

5.    United lacks sufficient knowledge to form a belief as to the truth of the allegations in the first two sentences of paragraph 5 of Omnicare's Complaint, and, therefore, denies those allegations. United admits that individuals who are eligible for the full low-income subsidy under Medicare Part D and who are covered by both Medicare and a state Medicaid program and who have continuously resided in nursing homes (or other long term care ("LTC") facilities) for at least one full calendar month are exempt from paying cost-sharing amounts that are otherwise applicable under the Medicare Part D program, but United denies the remaining allegations of the third sentence of paragraph 5. The fourth sentence of paragraph 5 is vague and ambiguous, and United denies the allegations in that sentence.

6.      The first sentence of paragraph 6 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation. United lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of paragraph 6, and, therefore, denies these allegations. The fourth sentence of paragraph 6 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation.

7.      The Pharmacy Network Agreement (the "Agreement"), attached as Exhibit 1 to the Complaint, speaks for itself, and United denies Omnicare's incomplete characterization thereof.

8.      United admits that Omnicare submitted claims for Medicare Part D beneficiaries after January 1, 2006, and that payment was made to Omnicare based upon data provided by CMS regarding the amount of the cost-sharing. United denies the remaining allegations in the first sentence of paragraph 8 of Omnicare's Complaint. United denies, upon information and belief, the second sentence of paragraph 8. The third sentence of paragraph 8 states a legal conclusion to which no response is required; to the extent a response is required, United denies such allegations.

9.      Paragraph 9 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 9.

10.      Paragraph 10 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 10.

11.      Paragraph 11 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 11.

12.      United denies the allegations in paragraph 12.

3

13.      Paragraph 13 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 13.

## COUNT II

### (Breach of Contract to Reimburse)

14.      United repeats its responses to paragraphs 1-13 as if set forth fully herein.

15.      The first two sentences of paragraph 15 of Omnicare's Complaint are vague and ambiguous, and United denies the allegations of such sentences. With respect to the third sentence of paragraph 15, United admits that some Medicare Part D beneficiaries reside in nursing homes or other LTC facilities, but denies the remaining allegations of such sentence. United lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in the fourth and fifth sentences of paragraph 15, and therefore denies such allegations.

16.      The first sentence of paragraph 16 of Omnicare's Complaint is vague and ambiguous, and United denies the allegations. The second sentence of paragraph 16 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations. United lacks sufficient knowledge to form a belief as to the truth of the allegations in sentences three through ten of paragraph 16, and, therefore, denies such allegations.

17.      The CMS memorandum dated March 16, 2005, referenced in paragraph 17 of Omnicare's Complaint (and attached as Exhibit 2 thereto), speaks for itself, and United denies Omnicare's incomplete characterization thereof. United denies the allegations in paragraph 17.

18.     Paragraph 18 of Omnicare's Complaint is vague and ambiguous, and United denies the allegations in that paragraph.

19.     The CMS memorandum dated May 23, 2006, referenced in paragraph 19 of Omnicare's Complaint (and attached as Exhibit 3 thereto), speaks for itself and United denies Omnicare's incomplete characterization thereof.  United denies the allegations in paragraph 19.

20.     The CMS "Frequently Asked Question" dated April 10, 2006, referenced in paragraph 20 of Omnicare's Complaint (and attached as Exhibit 4 thereto), speaks for itself and United denies Omnicare's incomplete characterization thereof.  United denies the allegations in paragraph 20.

21.     United lacks sufficient knowledge to form a belief as to the truth of the first two sentences of paragraph 21 of Omnicare's Complaint, and therefore denies the allegations in such sentences.  The third sentence of paragraph 21 states a legal conclusion to which no response is required; to the extent a response is required, United admits that PDPs must comply with the Medicare Prescription Drug Improvement and Modernization Act of 2003, as amended, and CMS regulations, but denies the remaining allegations of that sentence.

22.     The Agreement referenced in paragraph 22 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

23.     The Agreement referenced in paragraph 23 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

24.     The Agreement referenced in paragraph 24 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

25.     In responding to paragraph 25 of Omnicare's Complaint, United relies on the terms of the Agreement, and denies Omnicare's incomplete characterization thereof.

26.     United admits that Omnicare submitted claims for Medicare Part D beneficiaries between January 1, 2006 and May 13, 2007, but denies the remaining allegations of the first sentence of paragraph 26 of Omnicare's Complaint. The second and third sentences of paragraph 26 state legal conclusions to which no response is required; to the extent a response is required, United denies the allegations in the second and third sentences of paragraph 26.

27.     United admits that Omnicare sought reimbursement for certain claims that the Complaint refers to as "Rejected Claims," but denies the remaining allegations of paragraph 27 of Omnicare's Complaint, and denies that Omnicare is entitled to any reimbursement for such claims.

28.     The February 14, 2007 correspondence from Omnicare, referenced in paragraph 28 of Omnicare's Complaint, speaks for itself. United denies the remaining allegations of paragraph 28.

29.     Paragraph 29 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 29.

30.     Paragraph 30 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 30.

31.     Paragraph 31 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 31.

32.     United denies the allegations of paragraph 32.

33.     Paragraph 33 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 33.

## PRAYER

United denies that Omnicare is entitled to any relief in this action.

In further responding to the allegations in Omnicare's Complaint, United denies each and every allegation not affirmatively admitted or otherwise responded to herein.

## FIRST AFFIRMATIVE DEFENSE

1.     WHI, in the course of providing pharmaceutical benefit administrative services to United's PDPs, entered into a contractual arrangement with Omnicare under which Omnicare agreed to provide covered prescription drug services to residents of LTC facilities who are enrolled in United-sponsored PDPs, in exchange for specified compensation for covered services. This contractual arrangement is embodied in the Agreement attached as Exhibit A hereto.

2.     Section 2.3 of the WHI-Omnicare Agreement provides that Omnicare shall provide services to PDP beneficiaries "subject to Enrollee payment of all applicable Co-Payments."

3.     Notwithstanding the contractual provision requiring the collection of co-payments, Omnicare, upon information and belief, waived the collection of co-payments from residents of LTC facilities.

4.     Upon information and belief, Omnicare waived the collection of co-payments from residents of LTC facilities without regard to whether such residents were eligible for the full low-income subsidy available under Medicare Part D for beneficiaries who are covered by a both Medicare and a state Medicaid program and who have continuously resided in a LTC facility for at least one full calendar month.

5.     Omnicare's claims against WHI and/or United with respect to reimbursement of cost-sharing amounts are barred by the doctrines of waiver and/or estoppel.

## SECOND AFFIRMATIVE DEFENSE

6.     United incorporates by reference and realleges the allegations set forth in paragraph 1 of its Affirmative Defenses.

7.     Section 2.3(b) of the Agreement between WHI and Omnicare details the form, format, and timing within which Omnicare must submit claims for prescription drug services.  Specifically, Section 2.3(b) provides, in pertinent part, that:

> If the individual is verified as an Enrollee, the Omnicare Pharmacy shall attempt to submit a Claim for the drug or other item via the On-Line System.  In the even that the Claim cannot be transmitted via the On-Line System, the Omnicare Pharmacy may submit the Claim to [WHI] via magnetic tape, X12 or NCPDP universal claims form.

8.     Section 1 of the Agreement provides that "'Claim' means a request from an Omnicare Pharmacy for payment for providing a drug or other item and related services to an Enrollee.  Each Claim submitted will include the National Drug Code number (if

8

any) for the applicable drug or other item dispensed, the DAW code, and such other information as is required to complete the required fields pursuant to the On-Line System, X12, or the NCPDP universal claim form in accordance with the Part D rules."

9.      Upon information and belief, Omnicare failed and/or refused to submit claims for prescription drug services to WHI and United in the form and/or format required by the terms of its agreement with WHI.

10.      Further, notwithstanding the opportunity Omnicare had to submit claims for prescription drug services under an alternative claims submission process that United developed for Omnicare's benefit in consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, Omnicare failed and/or refused to submit claims under the alternative claims submission process.

11.      Upon information and belief, the claims set forth in Omnicare's Complaint are barred by Omnicare's failure to mitigate damages and/or the doctrine of avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

12.      United incorporates by reference and realleges the allegations set forth in paragraphs 1 and 7-10 of its Affirmative Defenses.

13.      Upon information and belief, Omnicare failed to comply with contractually required procedures for submitting claims for the prescription drug claims at issue in Omnicare's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

14.      United incorporates by reference and realleges the allegations set forth in paragraphs 1, 7-10, and 13 of its Affirmative Defenses.

15.     Section 2.3(b) of the Agreement between WHI and Omnicare details the time frames within which Omnicare must submit claims for prescription drug services. Specifically, Section 2.3(b) provides, in pertinent part, that:

> Original Claims must be submitted within ninety (90) days of the date of service, and any re-submissions of Claims denied by [WHI] upon original submission must occur within one hundred eighty (180) days of the date of service. Notwithstanding the foregoing, with respect to any Enrollee who is or may become eligible for low-income subsidies [under Medicare Part D], if the cost-sharing amount payable by such Enrollee with respect to a prescription would be subject to a reduction on a retroactive basis under the Part D Rules after such Enrollee is determined to be eligible for such low-income subsidy (or would be subject to reduction on the basis that the Enrollee is determined to be eligible for a higher level of cost-sharing subsidy), then an Omnicare Pharmacy may, but shall have no obligation to, take either of the following actions with respect to the Claim for such prescription:  (i) delay the submission of the Claim for such prescription until any time up to and including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination; or (ii) submit the Claim for such prescription but refrain from collecting from the Enrollee the cost-sharing amount which would apply prior to such determination of eligibility for the given low-income subsidy, then submit a supplemental Claim for any portion of such cost-sharing for which the [PDP] is liable after the Enrollee is determined to be eligible for the given low-income subsidy, which supplemental Claim may be submitted at any time up to and including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination.

16.     Upon information and belief, Omnicare submitted claims for the prescription drug claims at issue in its Complaint outside of the contractually required timeframes specified by the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

17.     United incorporates by reference and realleges the allegations set forth in paragraphs 1-4, 7-10, 13, and 15-16 of its Affirmative Defenses.

18.     The claims set forth in Omnicare's Complaint are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

19.     United incorporates by reference and realleges the allegations set forth in paragraphs 1-5, 7-10, 13, and 15-16 of its Affirmative Defenses.

20.     In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for prescription drug services for which it claimed additional reimbursement was owed.  Omnicare refused to utilize this alternative claims submission process that was developed for its benefit.  United is entitled to setoff against any reimbursement to which Omnicare claims entitlement the amount United expended developing the alternative process.

## SEVENTH AFFIRMATIVE DEFENSE

21.     United incorporates by reference and realleges the allegations set forth in paragraphs 1-20 of its Affirmative Defenses.

22.     Upon information and belief, Omnicare fails to state a claim for which relief can be granted because United has no obligation under contract or law to pay Omnicare the amounts at issue in its Complaint.

## COUNTERCLAIMS

Now comes United Healthcare Services, Inc. ("United"), by and through its undersigned counsel, and hereby serves upon counsel for Omnicare, Inc. ("Omnicare"), the following counterclaims:

## INTRODUCTION

CC1.    United asserts these counterclaims seeking damages for amounts that Omnicare received for Medicare Part D prescription drug claims in excess of what Omnicare was entitled under the Prescription Drug Services Agreement between Walgreens Health Initiative, Inc. ("WHI") and Omnicare dated July 29, 2005 (the Agreement is attached as Exhibit A hereto).

CC2.    United seeks attorneys' fees, costs, and prejudgment interest on the actual damages it has incurred, and such other relief as the Court deems just and appropriate.

## PARTIES

CC3.    United is a corporation organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minnetonka, Minnesota.

CC4.    Upon information and belief, Omnicare is a corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business and headquarters in Covington, Kentucky.

## FACTUAL BACKGROUND

A.    **The Medicare Part D Program**

CC5.    In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act of 2003 (Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003)), which created a prescription drug benefit program commonly known as "Medicare Part D." The Centers for Medicare and Medicaid Services ("CMS") is the federal agency that regulates the Medicare Part D program.

CC6.    Medicare Part D provides for the delivery of prescription drug benefits to certain categories of Medicare-eligible individuals through managed care networks,

beginning January 1, 2006. These networks operate through private-sector prescription drug plans ("PDPs") that are approved by, and contract with, CMS, and provide the required drug coverage to the individual Medicare beneficiaries assigned to them by CMS. (*See* 42 U.S.C. §§ 1395w-112(a)(1)-(3)(a); 42 C.F.R. § 423.504(b)(2)).

CC7.   Medicare Part D PDPs contract, either directly or indirectly, with retail and long term care ("LTC") pharmacies that dispense covered prescription drugs at specified rates and terms. When a pharmacy fills a prescription for a beneficiary covered by a PDP with which the pharmacy has a contract, the pharmacy may submit a claim for payment to that PDP (or the claims processor acting on the PDP's behalf), and the PDP (or claims processor) processes the claim pursuant to the terms of its contract with the pharmacy. The PDP, in turn, then reconciles the claims with CMS.

CC8.   United is the sponsor of Medicare Part D PDPs. United contracts with third parties that provide pharmaceutical benefit administrative services to United's PDPs, such as claims adjudication services and the establishment of pharmacy networks to which PDP beneficiaries have access. WHI provides pharmaceutical benefit administrative services to United's PDPs, including the provision of claims processing services, as well as access to its network pharmacies.

**B.     The WHI-Omnicare Agreement**

CC9.   WHI, acting as the provider of pharmaceutical benefit administrative services to United's PDPs, entered into a contractual arrangement with Omnicare under which Omnicare agreed to provide covered prescription drug services to residents of LTC facilities who are enrolled in United-sponsored PDPs, in exchange for specified

compensation for covered services. This contractual arrangement is embodied in the Agreement attached as Exhibit A hereto.

CC10. Under the WHI-Omnicare Agreement, Omnicare's reimbursement for covered prescription drug services would be determined by prices specified on Schedule 3.1(a) to the Agreement.

CC11. Section 2.3 of the WHI-Omnicare Agreement provides that Omnicare shall provide services to PDP beneficiaries "subject to Enrollee payment of all applicable Co-Payments."

**C.     Omnicare's Waiver of Cost-Sharing Amounts**

CC12. Notwithstanding the contractual provision requiring the collection of cost sharing amounts, Omnicare, upon information and belief, waived the collection of cost-sharing amounts from residents of LTC facilities, without regard to whether residents were entitled to a reduction of cost-sharing amounts due to the low-income subsidy available under Medicare Part D.

CC13. Upon information and belief, Omnicare submitted prescription drug claims to WHI and United with respect to Medicare Part D beneficiaries eligible for the low-income subsidy, seeking reimbursement of the full amount of such claims (including cost-sharing amounts), even though Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

CC14. Upon information and belief, United, in its capacity as sponsor of the PDPs, paid the full amount of the claims described in paragraph CC13, unaware that Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

CC15.  Upon information and belief, Omnicare is not entitled to the cost-sharing reimbursement it has received from United for the claims described in paragraphs CC13-14.

**D.     Compensation Paid for Medicare Part D Beneficiaries Who Were Not Enrolled in PDPs that Contract with United.**

CC16.  Upon information and belief, Omnicare submitted to WHI and United claims for prescription drug services that were rendered to Medicare Part D beneficiaries who, on the date of service, were not enrolled in a United-sponsored PDP.

CC17.  Upon information and belief, Omnicare received reimbursement from WHI or United for the claims described in paragraph CC16.

CC18.  Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC16-17.

**E.     Duplicate Claims**

CC19.  Upon information and belief, Omnicare submitted claims for prescription drug services to WHI and United, as well as other pharmacy benefit managers ("PBMs") (or other Medicare Part D PDPs), seeking payment from both entities for the same prescription drug claims.

CC20.  Upon information and belief, Omnicare received duplicate payments from United and other PBMs (or Medicare Part D PDPs) for the prescription drug claims at issue in paragraph CC19.

CC21.  Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC19-20.

**F.    Additional Claims**

CC22.  Upon information and belief, Omnicare received reimbursement from United for other claims for prescription drug services not described in paragraphs CC13, CC16, or CC19, to which Omnicare was not entitled.

**G.    United's Alternative Claims Submission Process**

CC23.  In breach of the Agreement, Omnicare failed to submit claims for prescription drug services in accordance with contractual requirements.

CC24.  In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for which it claimed additional reimbursement was owed.

CC25.  Upon information and belief, Omnicare knew that United had dedicated substantial resources developing the alternative claims submission process.

CC26.  Omnicare refused to utilize the alternative claims submission process that was developed for its benefit.

<u>**Count I**</u>
**Unjust Enrichment**
**(Against Omnicare)**

CC27.  United repeats and realleges the allegations contained in paragraphs CC 1-26 above, as if set forth fully herein.

CC28.  Omnicare's receipt of reimbursement for cost-sharing amounts for claims with respect to individuals for whom cost-sharing amounts had been waived violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC29.  Omnicare's receipt of reimbursement for claims with respect to individuals who, on the date of service, were not enrolled in a PDP sponsored by United violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC30.  Omnicare's receipt of duplicate reimbursement from United and other PBMs or Medicare Part D PDPs with respect to the same prescription drug claims violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC31.  Omnicare's receipt of reimbursement for additional claims for prescription drug services to which Omnicare was not entitled violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC32.  Omnicare's refusal to utilize the alternative claims submission process that United developed at substantial expense, with Omnicare's knowledge and encouragement, was wrongful, and Omnicare is liable for the expenses incurred by United.

## **PRAYER FOR RELIEF**

**WHEREFORE,** United seeks the following relief against Omnicare:

A.      An award of damages to United in an amount to be established, representing the overpayments received by Omnicare from United, and expenses United incurred in developing the alternative claims submission process;

B.      United's costs, expenses, reasonable attorneys' fees, and prejudgment interest; and

C.      Such other relief as the Court deems just and appropriate.

Respectfully submitted,

By:     _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone:  312.360.6417
Facsimile:   312.360.6996
Email:  kfabian@freebornpeters.com

**Attorney for United Healthcare Services, Inc.**

18

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.                                                           } No. 2007-L-005503

Walgreens Health Initiative, Inc.

## NOTICE OF MOTION

To: Richard P. Campbell, Jenner & Block LLC   and   Scott W. Fowkes, Esq. Kirkland & Ellis LLP

330 North Wabash Avenue                         200 E. Randolph Dr.

Chicago, IL 60611                               Chicago, IL 60601

On _Oct 15th_____, 2007, at _9:30____ a.m. or as soon thereafter as counsel

may be heard, I shall appear before the Honorable _Dennis J. Burke_____ or any Judge sitting in that

Judge's stead, in the courtroom usually occupied by him/her, located at _Room 2306, Richard J. Daley Center,

50 W. Washington Street, Chicago,_____, Illinois, and present

the attached Motion to Intervene as a Defendant in the above-captioned action_____

Name _Kellye L. Fabian, Freeborn & Peters____   Atty. No. _71182_____   *Pro Se* 99500

Address _311 South Wacker Drive, Suite 3000___   Attorney for _United Healthcare Services, Inc.__

City/State/Zip _Chicago, IL 60606_____   Telephone _312.360.6417___

### PROOF OF SERVICE BY DELIVERY

I, _Kellye L. Fabian_____, the attorney/non attorney* certify that on the _25th_ day of

(*strike one)

_September_____, 2007, I served this notice by delivering a copy personally to each person to whom it is directed.

Date _9/25_, _2007_

_Kellye L. Fabian_
Signature/Certification

### PROOF OF SERVICE BY MAIL

I, _____, the attorney/non attorney* certify that I served this notice by mailing

(*strike one)

a copy to _____ at _____

(address on envelope)

and depositing the same in the U. S. Mail at _____

(place of mailing)

at _____ a.m. p.m. on the _____ day of _____, _____, with proper postage prepaid.

Date _____, _____

_____
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order
CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.

Walgreens Health Initiatives, Inc.

No. 07-L-005503

## ORDER

This cause coming before the Court for status conference, the Court being duly advised in the premises, it is hereby ordered that this matter is set for further status on October 15, 2007 at 9:30 a.m.

4619

Atty. No.: 90443

Name: Scott Fowkes

Atty. for: A

Address: 200 E Randolph Dr.

City/State/Zip: Chicago IL 60091

Telephone: 712 861-2496

ENTERED:

Judge Dennis J. Burke

SEP 28 2007

Circuit Court-1744

Dated: _____

Dennis J. Burke 1744

Judge                            Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

**IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION**

FILED

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALGREENS HEALTH INITIATIVES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

07 OCT 11  PM 4: 05

CLERK OF THE CIRCUIT COURT
CIVIL DIVISION

Case No. 07 L 005503

Judge Burke

<u>NOTICE OF MOTION</u>

TO:  Richard P. Campbell          Scott W. Fowkes
     Jenner & Block LLC            Kirkland & Ellis LLP
     330 North Wabash Avenue       200 East Randolph Drive
     Chicago, Illinois 60611       Chicago, Illinois 60601
     *Counsel for Plaintiff*       *Counsel for Defendant*

     PLEASE TAKE NOTICE that on October 15, 2007, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Dennis L. Burke in Room 2306, or the courtroom usually occupied by him at the Daley Center, 50 W. Washington St., Chicago, Illinois 60602, for hearing on Motion for Leave to Enter Appearance *Pro Hac Vice*, a copy of which is attached and hereby served upon you.

Dated: October 11, 2007                Respectfully submitted,

                                       Kellye L. Fabian
                                       FREEBORN & PETERS LLP (#71182)
                                       311 S. Wacker Drive, Suite 3000
                                       Chicago, Illinois 60606
                                       (312) 360-6000
                                       *Counsel for United Healthcare Services, Inc.*

1415317v1

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

|                                       |   |
|---------------------------------------|---|
| OMNICARE, INC.,                       | ) |
|                                       | ) |
| Plaintiff,                            | ) |
|                                       | ) |
| v.                                    | ) |
|                                       | ) |
|                                       | ) |
| WALGREENS HEALTH INITIATIVES,         | ) |
| INC.,                                 | ) |
|                                       | ) |
| Defendant.                            | ) |

07 OCT 11  PM 4: 05

CLERK OF THE CIRCUIT COURT
CIVIL DIVISION

DOROTHY _____ CLERK

Case No. 07 L 005503

Judge Burke

## MOTION FOR LEAVE TO
## ENTER APPEARANCE *PRO HAC VICE*

Pursuant to Illinois Supreme Court Rule 707, United Healthcare Services, Inc. ("United") respectfully moves this Court to grant the admission *pro hac vice* of Michael J. Prame of the law firm Groom Law Group, Chartered, and to permit him to participate as a foreign attorney in all matters before this Court in the above-captioned litigation. In support of this motion, United states as follows:

1.    On September 25, 2007, United filed a motion to intervene in this lawsuit through its local counsel, Freeborn & Peters LLP. That motion is currently pending before the Court.

2.    Michael J. Prame is an attorney with the firm Groom Law Group whose offices are located at 1701 Pennsylvania Ave., N.W., Washington, DC 20006, telephone (202) 861-6633. Mr. Prame has been admitted to practice in the States of New York and Maryland since 1994. Mr. Prame has also been admitted to practice in the District of Columbia Court of Appeals (1996); the United States Court of Appeals for the Second Circuit (2007); the United States Court of Appeals for the Third Circuit (2005); the United States Court of Appeals for the Fifth Circuit (1998); the United States Court of Appeals for the Eighth Circuit (2006); the United States Court of Appeals for the Ninth Circuit (2004); the United States Court of Appeals for the

District of Columbia Circuit (2001); the United States District Court for the Western District of New York (1994); the United States District Court for the Southern District of New York (2000); the United States District Court for the Eastern District of New York (2000); the United States District Court for the District of Maryland (1996); and the United States District Court for the District of Columbia (1996).   Mr. Prame is an attorney in good standing in each of these jurisdictions.

3.     Mr. Prame has never been suspended or disbarred by any court.

4.     Mr. Prame is knowledgeable about the facts of the above-captioned matter and is prepared to assist in the representation of United in this matter.

5.     Mr. Prame agrees to comply with the standards of professional conduct imposed upon members of the bar of the State of Illinois, including the civil practice rules governing the conduct of attorneys appearing before this Court and the Illinois Rules of Professional Conduct.

6.     Mr. Prame agrees to immediately notify the Court and all counsel of record in the event any information provided in this application changes or becomes inaccurate.

7.     In further support of this motion, United submits the supporting affidavit of Michael J. Prame.

WHEREFORE, for all the foregoing reasons, United respectfully requests that this Court permit Michael J. Prame to appear *pro hac vice* in the above-captioned matter.

Respectfully submitted,

UNITED HEALTHCARE SERVICES, INC.

By: _____
    One of its attorneys

Kellye L. Fabian
FREEBORN & PETERS LLP
311 South Wacker, Suite 3000
Chicago, Illinois 60606
312-360-6417
312-360-6996 (fax)
Firm Id. # 71182

Dated:  October 11, 2007

1415310v1

# CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) | Cal. "N" |
| INC., | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE* OF MICHAEL J. PRAME

I, Michael J. Prame, being first duly sworn and under oath, do hereby depose and state as follows:

1.    I am an attorney in the law firm Groom Law Group, Chartered located in Washington, D.C.  My law firm and I have been retained to represent United Healthcare Services, Inc. ("United") in the above-captioned action.

2.    United has designated as local counsel in this matter the law firm of Freeborn & Peters, LLP of Chicago, Illinois, upon whom service of papers may be made.

3.    On September 25, 2007, United filed a motion to intervene in this lawsuit.  The motion is pending.

4.    I submit this affidavit in connection with the United's Motion for Admission *Pro Hac Vice*, and have personal knowledge of all of the facts stated herein.

5.    The bars to which I am admitted to practice, and the respective years in which I was admitted to those bars, are as follows: the New York State Court of Appeals (1994); the

State of Maryland Court of Appeals (1994); the District of Columbia Court of Appeals (1996); the United States Court of Appeals for the Second Circuit (2007); the United States Court of Appeals for the Third Circuit (2005); the United States Court of Appeals for the Fifth Circuit (1998); the United States Court of Appeals for the Eighth Circuit (2006); the United States Court of Appeals for the Ninth Circuit (2004); the United States Court of Appeals for the District of Columbia Circuit (2001); the United States District Court for the Western District of New York (1994); the United States District Court for the Southern District of New York (2000); the United States District Court for the Eastern District of New York (2000); the United States District Court for the District of Maryland (1996); and the United States District Court for the District of Columbia (1996). I am a member in good standing in each of these bars.

6.      I have never been censured, suspended, disciplined or disbarred by any court.

_____
Michael J. Prame

Signed before me on this, the
_10_ day of October, 2007.

_____
Notary Public

**DOROTHY RUDD**
Notary Public District of Columbia
My Commission Expires July 31, 2011

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing Notice of Motion and Motion for Leave to Enter Appearance *Pro Hac Vice* to be served upon the individuals listed below by messenger delivery on October 11, 2007.

Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
*Counsel for Plaintiff*

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Counsel for Defendant*

Kellye L. Fabian

CCG N002-300M-2/24/05 (            )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.

Walgreens Health Initiatives, Inc.

No. 07-L-005503

E.W.V

## ORDER

This matter coming to be heard on the parties' Joint Motion For Protective Order to seal certain exhibits to pleadings filed with the Clerk of Court, the Court being duly advised in the premises and the parties appearing in Court, IT IS HEREBY ORDERED THAT:

4238
4245

Exhibit 1 to the Complaint and Exhibits 1, 2 and 4A to United's Motion To Intervene, which were previously filed with the clerk of court, shall be placed under seal.

Atty. No.: 90443

Name: Scott Fowkes

Atty. for: WHI

Address: 200 E Randolph St.

City/State/Zip: Chicago, IL 60601

Telephone: 312/861-2496

ENTERED:

Judge Dennis J. Burke

ME   OCT 15 2007

C.C. MER

Circuit Court - 1744

Dated:

Dennis J Burke   1744

Judge                                    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

10

CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.                                          } No. 07 L 005503

Walgreens Health Initiatives, Inc.

### ORDER

This matter coming to be heard on Motion for Leave to Enter Appearance Pro Hac Vice by Third-Party United Healthcare Services, Inc., the Court being fully advised, IT IS HEREBY ORDERED that United's Motion for Leave to Enter Appearance Pro Hac Vice of Michael J. Prame is GRANTED.

4234

Atty. No.: __71182__

Name: __K. Fabian, Freeborn + Peters LLP__

Atty. for: __Third-party United Healthcare Services__

Address: __311 S. Wacker Dr.__

City/State/Zip: __Chicago, IL 60606__

Telephone: __312-360-6417__

ENTERED:

Judge Dennis J. Burke

OCT 15 2007

Circuit Court • 1744

Dated: _____

_____
Judge

Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

10

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.                                              No. _____ 07 L 5503 _____

Walgreens Health Initiatives

### ORDER

This matter having come on to be heard upon the Motion by United Healthcare Services, Inc. to Intervene as Defendant and to file an answer in Intervention

IT IS HEREBY ORDERED that a briefing schedule is set as follows:

4231  1. The Response of Omnicare is due on Nov. 9, 2007

4231  2. The Reply of United Health Services is due on November 30, 2007. Walgreens may, if it wishes to do so, file a Response on November 9, 2007.

6239  3. The matter is set for hearing on December 14, 2007 at 10:30 a.m.

4251  4. Movant, United Healthcare, shall provide courtesy copies of the motion, briefs, complaint exhibits and out of state and federal caselaw two weeks prior to the hearing.

Judge Dennis J. Burke

ME OCT 15 2007

Circuit Court-1744

Atty. No. : 05003

Name : R.F. Campbell

Atty. for : Omnicare

Address : 330 N. Wabash

City/State/Zip : Chg Il. 60611

Telephone : (312) 222-9350

ENTER :

Dennis J. Burke  1744

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORIGINAL – COURT FILE

CCG N002-250M-7/26/03 (33480662)

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 L 005503 |
| | ) | Judge Burke |
| | ) | |
| WALGREENS HEALTH INITIATIVES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF MOTION

TO:    Richard P. Campbell                            Scott W. Fowkes
             Jenner & Block LLC                        Kirkland & Ellis LLP
             330 North Wabash Avenue             200 East Randolph Drive
             Chicago, Illinois 60611                Chicago, Illinois 60601
             *Counsel for Plaintiff*                   *Counsel for Defendant*

        PLEASE TAKE NOTICE that on *10-29* , 2007, at *10:30* a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Dennis L. Burke in Room 2306, or the courtroom usually occupied by him at the Daley Center, 50 W. Washington St., Chicago, Illinois 60602, for hearing on Motion for Leave to Enter Appearance *Pro Hac Vice*, a copy of which is attached and hereby served upon you.

Dated: October 19, 2007               Respectfully submitted,

                                            *Kelly L. Fabian*

                                     Kellye L. Fabian
                                     FREEBORN & PETERS LLP (#71182)
                                     311 S. Wacker Drive, Suite 3000
                                     Chicago, Illinois 60606
                                     (312) 360-6000
                                     *Counsel for United Healthcare Services, Inc.*

FILED-2
2007 OCT 19 PM 4:10
DOROTHY BROWN
CLERK
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

M. J. C.

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,            )
                               )
        Plaintiff,        )
                               )
v.                            )         Case No. 07 L 005503
                               )         Judge Burke
                               )
WALGREENS HEALTH INITIATIVES,  )
INC.,                        )
                               )
        Defendant.      )

## MOTION FOR LEAVE TO
## ENTER APPEARANCE *PRO HAC VICE*

Pursuant to Illinois Supreme Court Rule 707, United Healthcare Services, Inc. ("United")

respectfully moves this Court to grant the admission *pro hac vice* of Mark C. Nielsen and

Thomas F. Fitzgerald of the law firm Groom Law Group, Chartered, and to permit them to

participate as a foreign attorneys in all matters before this Court in the above-captioned

litigation. In support of this motion, United states as follows:

1.      On September 25, 2007, United filed a motion to intervene in this lawsuit through

its local counsel, Freeborn & Peters LLP. That motion is currently pending before the Court.

2.      Mark C. Nielsen is an attorney with the firm Groom Law Group whose offices are

located at 1701 Pennsylvania Ave., N.W., Washington, DC 20006, telephone (202) 861-6633.

Mr. Nielsen has also been admitted to practice in District of Columbia (2000); the State of New

York (1997); the United States Court of Appeals for the District of Columbia (2000); the United

States Court of Appeals for the Second Circuit (2007); the United States District Court for

District of Columbia (2004); the United States District Court for the Northern District of Illinois

(2004); and the United States Supreme Court (2000). Mr. Nielsen is an attorney in good standing

in each of these jurisdictions.

3.     Thomas F. Fitzgerald is an attorney with the firm Groom Law Group whose offices are located at 1701 Pennsylvania Ave., N.W., Washington, DC 20006, telephone (202) 861-6633.  Mr. Fitzgerald has also been admitted to practice in United States Court of Appeals for the Second Circuit (2007); the United States District Court for the District of Columbia (2007); and the United States Court of Appeals for the District of Columbia Circuit (1981).  Mr. Fitzgerald is an attorney in good standing in each of these jurisdictions.

4.     Messrs. Nielsen or Fitzgerald have never been suspended or disbarred by any court.

5.     Messrs. Nielsen or Fitzgerald are knowledgeable about the facts of the above-captioned matter and are prepared to assist in the representation of United in this matter.

6.     Messrs. Nielsen or Fitzgerald agree to comply with the standards of professional conduct imposed upon members of the bar of the State of Illinois, including the civil practice rules governing the conduct of attorneys appearing before this Court and the Illinois Rules of Professional Conduct.

7.     Messrs. Nielsen or Fitzgerald agree to immediately notify the Court and all counsel of record in the event any information provided in this application changes or becomes inaccurate.

8.     In further support of this motion, United submits the supporting affidavits of Mark C. Nielsen and Thomas J. Fitzgerald.

WHEREFORE, for all the foregoing reasons, United respectfully requests that this Court permit Mark C. Nielsen and Thomas J. Fitzgerald to appear *pro hac vice* in the above-captioned matter.

Respectfully submitted,

UNITED HEALTHCARE SERVICES, INC.

By: _____
    One of its attorneys

Kellye L. Fabian
FREEBORN & PETERS LLP
311 South Wacker, Suite 3000
Chicago, Illinois 60606
312-360-6417
312-360-6996 (fax)
Firm Id. # 71182

Dated:  October 19, 2007

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **OMNICARE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07 L 005503** |
| **v.** | ) | |
| | ) | **Hon. Judge Burke** |
| **WALGREENS** | ) | **Cal. "N"** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## ADMISSION *PRO HAC VICE* OF MARK C. NIELSEN

I, Mark C. Nielsen, being first duly sworn and under oath, do hereby depose and state as follows:

1.    I am an attorney in the law firm Groom Law Group, Chartered located in Washington, D.C.  My firm and I have been retained to represent United Healthcare Services, Inc. ("United") in the above-captioned action.

2.    United has designated as local counsel in this matter the law firm of Freeborn & Peters, LLP of Chicago, Illinois, upon whom service of papers may be made.

3.    On September 25, 2007, United filed a motion to intervene in this lawsuit.  The motion is pending.

4.    I submit this affidavit in connection with the United's Motion for Admission *Pro Hac Vice*, and have personal knowledge of all of the facts stated herein.

5.    The bars to which I am admitted to practice, and the respective years in which I was admitted to those bars, are the District of Columbia (2000); the State of New York (1997); the United States Court of Appeals for the District Columbia (2000); the United States Court of Appeals for the Second Circuit (2007); the United States District Court for the District of Columbia (2004); the United States District Court for the Northern District of Illinois (2004); and the United States Supreme Court (2000). I am a member in good standing with all of these bars.

6.    I have never been censured, suspended, disciplined or disbarred by any other court.

_____
Mark C. Nielsen

Signed before me on this, the
11th day of October, 2007.

_____
Notary Public

DOROTHY RUDD
Notary Public, District of Columbia
My Commission Expires July 31, 2011

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| OMNICARE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS | ) | Cal. "N" |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE* OF THOMAS F. FITZGERALD

I, Thomas F. Fitzgerald, being first duly sworn and under oath, do hereby depose and state as follows:

1.     I am an attorney in the law firm Groom Law Group, Chartered located in Washington, D.C.  My firm and I have been retained to represent United Healthcare Services, Inc. ("United") in the above-captioned action.

2.     United has designated as local counsel in this matter the law firm of Freeborn & Peters, LLP of Chicago, Illinois, upon whom service of papers may be made.

3.     On September 25, 2007, United filed a motion to intervene in this lawsuit.  The motion is pending.

4.     I submit this affidavit in connection with the United's Motion for Admission *Pro Hac Vice*, and have personal knowledge of all of the facts stated herein.

5.     The bars to which I am admitted to practice, and the respective years in which I was admitted to those bars, are the United States Court of Appeals for the Second Circuit (2007);

the United States District Court for the District of Columbia (2007); and the United States Court

of Appeals for the District of Columbia Circuit (1981).  I am a member in good standing with all

of these bars.

      6.     I have never been censured, suspended, disciplined or disbarred by any other

court.

_____
Thomas F. Fitzgerald


Signed before me on this, the
_10th_ day of October, 2007.

_____
Notary Public

**DOROTHY RUDD**
**Notary Public District of Columbia**
**My Commission Expires July 31, 2011**

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing Notice of Motion and Motion for Leave to Enter Appearance *Pro Hac Vice* to be served upon the individuals listed below by facsimile and by depositing the same in the United States Mail located at 311 South Wacker Drive, Chicago, Illinois, 60606 with proper postage prepaid, on October 19, 2007.

Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
Fax (312) 923-2918
*Counsel for Plaintiff*

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Fax (312) 861-2200
*Counsel for Defendant*

Kellye L. Fabian

1416672v1

(Rev. 4/12/01)  CCL 0530

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Omnicare, Inc.
_____
                              **Plaintiff**

            v.

Walgreens Health Initiatives, Inc.
_____
                              **Defendant**

No. 07-L-5503

Calendar: N

*FILED-5 2007 OCT 26 PM 3:58 DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION*

*CC MAH*

## APPEARANCE

☑ **GENERAL APPEARANCE**  0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE;
                          0904 - APPEARANCE FILED - FEE WAIVED

☐ **SPECIAL AND LIMITED APPEARANCE**  0905 - SPECIAL APPEARANCE - FEE PAID
                                      0906 - SPECIAL APPEARANCE - NO FEE

☐ **JURY DEMAND**  1900 - APPEARANCE & JURY DEMAND FEE PAID;  1909 APPEARANCE & JURY DEMAND NO FEE

The undersigned enters the appearance of:   ☐ Plaintiff   ☑ Defendant

Walgreens Health Initiatives, Inc.
_____
                    (INSERT LITIGANT'S NAME)

                              _Charles W. Douglas Jr._
                              _____
                                        **SIGNATURE**

☑ **INITIAL COUNSEL OF RECORD**      ☐ **PRO SE**

☐ **ADDITIONAL APPEARANCE**          ☐ **SUBSTITUTE APPEARANCE**

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court
to be in default.

| **ATTORNEY** | **PRO SE** |
|---|---|
| NAME: Kirkland & Ellis LLP | NAME: _____ |
| ATTORNEY FOR: Walgreens Health Initiatives, Inc. | ADDRESS: _____ |
| ADDRESS: 200 E. Randolph Drive | CITY/STATE/ZIP: _____ |
| CITY/STATE/ZIP: Chicago, IL. 60601 | TELEPHONE: _____ |
| TELEPHONE: 312-861-2000 | INSURANCE COMPANY: _____ |
| INSURANCE COMPANY: _____ | ATTORNEY NUMBER  99500 |
| ATTORNEY NUMBER: 90443 | |

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc., hereby certify that on October 26, 2007, I caused a true and correct copy of the foregoing Notice of Appearance to be served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Tel: 312-923-2818
Fax: 312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6417
Fax: 312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: 202-861-6633
Fax: 202-659-4503

*Charles W. Douglas, Jr.*
CHARLES W. DOUGLAS, JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.

Walgreens Health Initiatives, Inc.

}   No. 07 - 5503
     (Burke)

## ORDER

This matter coming to be heard on non-party, United Healthcare Services, Inc.'s Motion for Leave to Enter Appearance Pro Hac Vice of Mark C. Nielsen and Thomas F. Fitzgerald, the Court being fully advised, and notice having been given to all parties, IT IS HEREBY ORDERED THAT

(1) United Healthcare Services, Inc.'s Motion is GRANTED;

4234

(2) Appearances pro hac vice of Messrs. Nielsen and Fitzgerald are entered.

Atty. No.: 71182
Name: K. Fabian, Freeborn + Peters
Atty. for: United Healthcare Services
Address: 311 S. Wacker Dr.
City/State/Zip: Chicago, IL 60606
Telephone: 312 - 360 - 6417

ENTERED:

Judge Dennis J. Burke

OCT 29 2007

Circuit Court - 1744

Dated:

Judge                            Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC..,        )
                         )
       Plaintiff,      )     No. 07 L 5503
                         )
       v.      )
                         )     Honorable Dennis J. Burke
WALGREENS HEALTH INITIATIVES, )
INC.,      )
                         )
       Defendant.      )

## AGREED ORDER

The parties by their respective counsel, having stipulated and agreed, and the Court being otherwise fully advised as to the premises:

IT IS HEREBY ORDERED THAT:

1. United Healthcare Services, Inc.'s Motion to Intervene as a Defendant and to file an Answer in Intervention is GRANTED.
2. United Healthcare Services, Inc. is permitted to intervene as a Defendant in the above-captioned case.
3. United Healthcare Services, Inc. is granted leave to file its Answer in Intervention and shall do so by December 11, 2007.
4. This case is set for further status on December 14, 2007 at 9:45 a.m.

Entered:

_____

Judge Dennis J. Burke
Circuit Court of Cook County, Illinois
County Department, Law Division
Commercial Calendar "N"

Judge Dennis J. Burke

DEC 06 2007

Circuit Court - 1744

07 L 5503                Page 1 of 1

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 L 005503 |
| v. | ) |
| | ) Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) Cal. "W" |
| INC., et al. | ) |
| Defendants. | ) |

**United Healthcare Services, Inc.'s Answer in Intervention to Omnicare's
Complaint, Affirmative Defenses, and Counterclaims**

Intervenor-Defendant United Healthcare Services, Inc. ("United"), by and through

its undersigned counsel, hereby responds to the specific numbered paragraphs of the

Complaint filed by Claimant Omnicare, Inc. ("Ominicare") in the above-captioned

matter.  United incorporates below the headings and subheadings from the Complaint

solely for organizational and reference purposes.

## COUNT I

### (Breach of Contract To Pay Withheld Cost-Sharing Amounts)

1.    United admits, upon information and belief, the allegations in paragraph 1

of Omnicare's Complaint.

2.    United admits, upon information and belief, the allegations in the first

sentence of paragraph 2 of Omnicare's Complaint.  United lacks information sufficient to

form a belief as to the truth of the allegation in the second sentence of paragraph 2, and

therefore denies the allegation.  United admits, upon information and belief, the

allegations in the third sentence of paragraph 2 of Omnicare's Complaint.

3.    United admits that the Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit program commonly known as "Medicare Part D," which is regulated by the Centers for Medicare and Medicaid Services ("CMS").  The second sentence of paragraph 3 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation.  With respect to the third sentence of paragraph 3, United admits that WHI provides pharmaceutical benefit administrative services for Medicare Part D prescription drug plans ("PDPs"), including United-sponsored PDPs.  United denies the remaining allegations in paragraph 3 of Omnicare's Complaint.

4.    United admits the allegations in the first sentence of paragraph 4 of Omnicare's Complaint.  United lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of paragraph 4, and, therefore, denies such allegations.

5.    United lacks sufficient knowledge to form a belief as to the truth of the allegations in the first two sentences of paragraph 5 of Omnicare's Complaint, and, therefore, denies those allegations.  United admits that individuals who are eligible for the full low-income subsidy under Medicare Part D and who are covered by both Medicare and a state Medicaid program and who have continuously resided in nursing homes (or other long term care ("LTC") facilities) for at least one full calendar month are exempt from paying cost-sharing amounts that are otherwise applicable under the Medicare Part D program, but United denies the remaining allegations of the third sentence of paragraph 5.  The fourth sentence of paragraph 5 is vague and ambiguous, and United denies the allegations in that sentence.

6. The first sentence of paragraph 6 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation. United lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of paragraph 6, and, therefore, denies these allegations. The fourth sentence of paragraph 6 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegation.

7. The Pharmacy Network Agreement (the "Agreement"), attached as Exhibit 1 to the Complaint, speaks for itself, and United denies Omnicare's incomplete characterization thereof.

8. United admits that Omnicare submitted claims for Medicare Part D beneficiaries after January 1, 2006, and that payment was made to Omnicare based upon data provided by CMS regarding the amount of the cost-sharing. United denies the remaining allegations in the first sentence of paragraph 8 of Omnicare's Complaint. United denies, upon information and belief, the second sentence of paragraph 8. The third sentence of paragraph 8 states a legal conclusion to which no response is required; to the extent a response is required, United denies such allegations.

9. Paragraph 9 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 11.

12. United denies the allegations in paragraph 12.

13.    Paragraph 13 states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations in paragraph 13.

## COUNT II

### (Breach of Contract to Reimburse)

14.    United repeats its responses to paragraphs 1-13 as if set forth fully herein.

15.    The first two sentences of paragraph 15 of Omnicare's Complaint are vague and ambiguous, and United denies the allegations of such sentences. With respect to the third sentence of paragraph 15, United admits that some Medicare Part D beneficiaries reside in nursing homes or other LTC facilities, but denies the remaining allegations of such sentence. United lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in the fourth and fifth sentences of paragraph 15, and therefore denies such allegations.

16.    The first sentence of paragraph 16 of Omnicare's Complaint is vague and ambiguous, and United denies the allegations. The second sentence of paragraph 16 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations. United lacks sufficient knowledge to form a belief as to the truth of the allegations in sentences three through ten of paragraph 16, and, therefore, denies such allegations.

17.    The CMS memorandum dated March 16, 2005, referenced in paragraph 17 of Omnicare's Complaint (and attached as Exhibit 2 thereto), speaks for itself, and United denies Omnicare's incomplete characterization thereof. United denies the allegations in paragraph 17.

4

18.    Paragraph 18 of Omnicare's Complaint is vague and ambiguous, and United denies the allegations in that paragraph.

19.    The CMS memorandum dated May 23, 2006, referenced in paragraph 19 of Omnicare's Complaint (and attached as Exhibit 3 thereto), speaks for itself and United denies Omnicare's incomplete characterization thereof.  United denies the allegations in paragraph 19.

20.    The CMS "Frequently Asked Question" dated April 10, 2006, referenced in paragraph 20 of Omnicare's Complaint (and attached as Exhibit 4 thereto), speaks for itself and United denies Omnicare's incomplete characterization thereof.  United denies the allegations in paragraph 20.

21.    United lacks sufficient knowledge to form a belief as to the truth of the first two sentences of paragraph 21 of Omnicare's Complaint, and therefore denies the allegations in such sentences.   The third sentence of paragraph 21 states a legal conclusion to which no response is required; to the extent a response is required, United admits that PDPs must comply with the Medicare Prescription Drug Improvement and Modernization Act of 2003, as amended, and CMS regulations, but denies the remaining allegations of that sentence.

22.    The Agreement referenced in paragraph 22 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

23.    The Agreement referenced in paragraph 23 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

24.    The Agreement referenced in paragraph 24 of Omnicare's Complaint speaks for itself, and United denies Omnicare's incomplete characterization thereof.

25.     In responding to paragraph 25 of Omnicare's Complaint, United relies on the terms of the Agreement, and denies Omnicare's incomplete characterization thereof.

26.     United admits that Omnicare submitted claims for Medicare Part D beneficiaries between January 1, 2006 and May 13, 2007, but denies the remaining allegations of the first sentence of paragraph 26 of Omnicare's Complaint.  The second and third sentences of paragraph 26 state legal conclusions to which no response is required; to the extent a response is required, United denies the allegations in the second and third sentences of paragraph 26.

27.     United admits that Omnicare sought reimbursement for certain claims that the Complaint refers to as "Rejected Claims," but denies the remaining allegations of paragraph 27 of Omnicare's Complaint, and denies that Omnicare is entitled to any reimbursement for such claims.

28.     The February 14, 2007 correspondence from Omnicare, referenced in paragraph 28 of Omnicare's Complaint, speaks for itself.  United denies the remaining allegations of paragraph 28.

29.     Paragraph 29 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 29.

30.     Paragraph 30 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 30.

31.    Paragraph 31 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 31.

32.    United denies the allegations of paragraph 32.

33.    Paragraph 33 of Omnicare's Complaint states a legal conclusion to which no response is required; to the extent a response is required, United denies the allegations of paragraph 33.

## PRAYER

United denies that Omnicare is entitled to any relief in this action.

In further responding to the allegations in Omnicare's Complaint, United denies each and every allegation not affirmatively admitted or otherwise responded to herein.

## FIRST AFFIRMATIVE DEFENSE

1.    WHI, in the course of providing pharmaceutical benefit administrative services to United's PDPs, entered into a contractual arrangement with Omnicare under which Omnicare agreed to provide covered prescription drug services to residents of LTC facilities who are enrolled in United-sponsored PDPs, in exchange for specified compensation for covered services.  This contractual arrangement is embodied in an Agreement between WHI and Omnicare.[1]

2.    Section 2.3 of the WHI-Omnicare Agreement provides that Omnicare shall provide services to PDP beneficiaries "subject to Enrollee payment of all applicable Co-Payments."

---

[1] The agreement between WHI and Omnicare is confidential and accordingly, has not been attached at this time.  Once a protective order has been entered in this case, United will file Exhibit A under seal.

3.    Notwithstanding the contractual provision requiring the collection of co-payments, Omnicare, upon information and belief, waived the collection of co-payments from residents of LTC facilities.

4.    Upon information and belief, Omnicare waived the collection of co-payments from residents of LTC facilities without regard to whether such residents were eligible for the full low-income subsidy available under Medicare Part D for beneficiaries who are covered by a both Medicare and a state Medicaid program and who have continuously resided in a LTC facility for at least one full calendar month.

5.    Omnicare's claims against WHI and/or United with respect to reimbursement of cost-sharing amounts are barred by the doctrines of waiver and/or estoppel.

## SECOND AFFIRMATIVE DEFENSE

6.    United incorporates by reference and realleges the allegations set forth in paragraph 1 of its Affirmative Defenses.

7.    Section 2.3(b) of the Agreement between WHI and Omnicare details the form, format, and timing within which Omnicare must submit claims for prescription drug services. Specifically, Section 2.3(b) provides, in pertinent part, that:

> If the individual is verified as an Enrollee, the Omnicare Pharmacy shall attempt to submit a Claim for the drug or other item via the On-Line System. In the even that the Claim cannot be transmitted via the On-Line System, the Omnicare Pharmacy may submit the Claim to [WHI] via magnetic tape, X12 or NCPDP universal claims form.

8.    Section 1 of the Agreement provides that "'Claim' means a request from an Omnicare Pharmacy for payment for providing a drug or other item and related services to an Enrollee. Each Claim submitted will include the National Drug Code number (if

8

any) for the applicable drug or other item dispensed, the DAW code, and such other information as is required to complete the required fields pursuant to the On-Line System, X12, or the NCPDP universal claim form in accordance with the Part D rules."

9.    Upon information and belief, Omnicare failed and/or refused to submit claims for prescription drug services to WHI and United in the form and/or format required by the terms of its agreement with WHI.

10.    Further, notwithstanding the opportunity Omnicare had to submit claims for prescription drug services under an alternative claims submission process that United developed for Omnicare's benefit in consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, Omnicare failed and/or refused to submit claims under the alternative claims submission process.

11.    Upon information and belief, the claims set forth in Omnicare's Complaint are barred by Omnicare's failure to mitigate damages and/or the doctrine of avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

12.    United incorporates by reference and realleges the allegations set forth in paragraphs 1 and 7-10 of its Affirmative Defenses.

13.    Upon information and belief, Omnicare failed to comply with contractually required procedures for submitting claims for the prescription drug claims at issue in Omnicare's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

14.    United incorporates by reference and realleges the allegations set forth in paragraphs 1, 7-10, and 13 of its Affirmative Defenses.

15.     Section 2.3(b) of the Agreement between WHI and Omnicare details the time frames within which Omnicare must submit claims for prescription drug services. Specifically, Section 2.3(b) provides, in pertinent part, that:

> Original Claims must be submitted within ninety (90) days of the date of service, and any re-submissions of Claims denied by [WHI] upon original submission must occur within one hundred eighty (180) days of the date of service. Notwithstanding the foregoing, with respect to any Enrollee who is or may become eligible for low-income subsidies [under Medicare Part D], if the cost-sharing amount payable by such Enrollee with respect to a prescription would be subject to a reduction on a retroactive basis under the Part D Rules after such Enrollee is determined to be eligible for such low-income subsidy (or would be subject to reduction on the basis that the Enrollee is determined to be eligible for a higher level of cost-sharing subsidy), then an Omnicare Pharmacy may, but shall have no obligation to, take either of the following actions with respect to the Claim for such prescription:  (i) delay the submission of the Claim for such prescription until any time up to and including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination; or (ii) submit the Claim for such prescription but refrain from collecting from the Enrollee the cost-sharing amount which would apply prior to such determination of eligibility for the given low-income subsidy, then submit a supplemental Claim for any portion of such cost-sharing for which the [PDP] is liable after the Enrollee is determined to be eligible for the given low-income subsidy, which supplemental Claim may be submitted at any time up to and including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination.

16.     Upon information and belief, Omnicare submitted claims for the prescription drug claims at issue in its Complaint outside of the contractually required timeframes specified by the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

17.     United incorporates by reference and realleges the allegations set forth in paragraphs 1-4, 7-10, 13, and 15-16 of its Affirmative Defenses.

18.     The claims set forth in Omnicare's Complaint are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

19.    United incorporates by reference and realleges the allegations set forth in paragraphs 1-5, 7-10, 13, and 15-16 of its Affirmative Defenses.

20.    In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for prescription drug services for which it claimed additional reimbursement was owed.  Omnicare refused to utilize this alternative claims submission process that was developed for its benefit.  United is entitled to setoff against any reimbursement to which Omnicare claims entitlement the amount United expended developing the alternative process.

## SEVENTH AFFIRMATIVE DEFENSE

21.    United incorporates by reference and realleges the allegations set forth in paragraphs 1-20 of its Affirmative Defenses.

22.    Upon information and belief, Omnicare fails to state a claim for which relief can be granted because United has no obligation under contract or law to pay Omnicare the amounts at issue in its Complaint.

## COUNTERCLAIMS

Now comes United Healthcare Services, Inc. ("United"), by and through its undersigned counsel, and hereby serves upon counsel for Omnicare, Inc. ("Omnicare"), the following counterclaims:

## INTRODUCTION

CC1.   United asserts these counterclaims seeking damages for amounts that Omnicare received for Medicare Part D prescription drug claims in excess of what Omnicare was entitled under the Prescription Drug Services Agreement between Walgreens Health Initiative, Inc. ("WHI") and Omnicare dated July 29, 2005.[2]

CC2.   United seeks attorneys' fees, costs, and prejudgment interest on the actual damages it has incurred, and such other relief as the Court deems just and appropriate.

## PARTIES

CC3.   United is a corporation organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minnetonka, Minnesota.

CC4.   Upon information and belief, Omnicare is a corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business and headquarters in Covington, Kentucky.

## FACTUAL BACKGROUND

**A.     The Medicare Part D Program**

CC5.   In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act of 2003 (Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003)), which created a prescription drug benefit program commonly known as "Medicare Part D." The Centers for Medicare and Medicaid Services ("CMS") is the federal agency that regulates the Medicare Part D program.

CC6.   Medicare Part D provides for the delivery of prescription drug benefits to certain categories of Medicare-eligible individuals through managed care networks,

---

[2] The agreement between WHI and Omnicare is confidential and accordingly, has not been attached at this time.  Once a protective order has been entered in this case, United will file Exhibit A under seal.

beginning January 1, 2006. These networks operate through private-sector prescription drug plans ("PDPs") that are approved by, and contract with, CMS, and provide the required drug coverage to the individual Medicare beneficiaries assigned to them by CMS. (*See* 42 U.S.C. §§ 1395w-112(a)(1)-(3)(a); 42 C.F.R. § 423.504(b)(2)).

CC7. Medicare Part D PDPs contract, either directly or indirectly, with retail and long term care ("LTC") pharmacies that dispense covered prescription drugs at specified rates and terms. When a pharmacy fills a prescription for a beneficiary covered by a PDP with which the pharmacy has a contract, the pharmacy may submit a claim for payment to that PDP (or the claims processor acting on the PDP's behalf), and the PDP (or claims processor) processes the claim pursuant to the terms of its contract with the pharmacy. The PDP, in turn, then reconciles the claims with CMS.

CC8. United is the sponsor of Medicare Part D PDPs. United contracts with third parties that provide pharmaceutical benefit administrative services to United's PDPs, such as claims adjudication services and the establishment of pharmacy networks to which PDP beneficiaries have access. WHI provides pharmaceutical benefit administrative services to United's PDPs, including the provision of claims processing services, as well as access to its network pharmacies.

**B.     The WHI-Omnicare Agreement**

CC9. WHI, acting as the provider of pharmaceutical benefit administrative services to United's PDPs, entered into a contractual arrangement with Omnicare under which Omnicare agreed to provide covered prescription drug services to residents of LTC facilities who are enrolled in United-sponsored PDPs, in exchange for specified

13

compensation for covered services. This contractual arrangement is embodied in and Agreement between WHI and Omnicare.[3]

CC10. Under the WHI-Omnicare Agreement, Omnicare's reimbursement for covered prescription drug services would be determined by prices specified on Schedule 3.1(a) to the Agreement.

CC11. Section 2.3 of the WHI-Omnicare Agreement provides that Omnicare shall provide services to PDP beneficiaries "subject to Enrollee payment of all applicable Co-Payments."

## C.     Omnicare's Waiver of Cost-Sharing Amounts

CC12. Notwithstanding the contractual provision requiring the collection of cost sharing amounts, Omnicare, upon information and belief, waived the collection of cost-sharing amounts from residents of LTC facilities, without regard to whether residents were entitled to a reduction of cost-sharing amounts due to the low-income subsidy available under Medicare Part D.

CC13. Upon information and belief, Omnicare submitted prescription drug claims to WHI and United with respect to Medicare Part D beneficiaries eligible for the low-income subsidy, seeking reimbursement of the full amount of such claims (including cost-sharing amounts), even though Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

CC14. Upon information and belief, United, in its capacity as sponsor of the PDPs, paid the full amount of the claims described in paragraph CC13, unaware that Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

---

[3] The agreement between WHI and Omnicare is confidential and accordingly, has not been attached at this time. Once a protective order has been entered in this case, United will file Exhibit A under seal.

CC15. Upon information and belief, Omnicare is not entitled to the cost-sharing reimbursement it has received from United for the claims described in paragraphs CC13-14.

**D.     Compensation Paid for Medicare Part D Beneficiaries Who Were Not Enrolled in PDPs that Contract with United.**

CC16. Upon information and belief, Omnicare submitted to WHI and United claims for prescription drug services that were rendered to Medicare Part D beneficiaries who, on the date of service, were not enrolled in a United-sponsored PDP.

CC17. Upon information and belief, Omnicare received reimbursement from WHI or United for the claims described in paragraph CC16.

CC18. Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC16-17.

**E.     Duplicate Claims**

CC19. Upon information and belief, Omnicare submitted claims for prescription drug services to WHI and United, as well as other pharmacy benefit managers ("PBMs") (or other Medicare Part D PDPs), seeking payment from both entities for the same prescription drug claims.

CC20. Upon information and belief, Omnicare received duplicate payments from United and other PBMs (or Medicare Part D PDPs) for the prescription drug claims at issue in paragraph CC19.

CC21. Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC19-20.

**F.      Additional Claims**

CC22. Upon information and belief, Omnicare received reimbursement from United for other claims for prescription drug services not described in paragraphs CC13, CC16, or CC19, to which Omnicare was not entitled.

**G.      United's Alternative Claims Submission Process**

CC23. In breach of the Agreement, Omnicare failed to submit claims for prescription drug services in accordance with contractual requirements.

CC24. In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for which it claimed additional reimbursement was owed.

CC25. Upon information and belief, Omnicare knew that United had dedicated substantial resources developing the alternative claims submission process.

CC26. Omnicare refused to utilize the alternative claims submission process that was developed for its benefit.

**Count I**
**Unjust Enrichment**
**(Against Omnicare)**

CC27. United repeats and realleges the allegations contained in paragraphs CC 1-26 above, as if set forth fully herein.

CC28. Omnicare's receipt of reimbursement for cost-sharing amounts for claims with respect to individuals for whom cost-sharing amounts had been waived violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

16

CC29. Omnicare's receipt of reimbursement for claims with respect to individuals who, on the date of service, were not enrolled in a PDP sponsored by United violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC30. Omnicare's receipt of duplicate reimbursement from United and other PBMs or Medicare Part D PDPs with respect to the same prescription drug claims violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC31. Omnicare's receipt of reimbursement for additional claims for prescription drug services to which Omnicare was not entitled violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

CC32. Omnicare's refusal to utilize the alternative claims submission process that United developed at substantial expense, with Omnicare's knowledge and encouragement, was wrongful, and Omnicare is liable for the expenses incurred by United.

## **PRAYER FOR RELIEF**

**WHEREFORE**, United seeks the following relief against Omnicare:

A.    An award of damages to United in an amount to be established, representing the overpayments received by Omnicare from United, and expenses United incurred in developing the alternative claims submission process;

B.    United's costs, expenses, reasonable attorneys' fees, and prejudgment interest; and

C.    Such other relief as the Court deems just and appropriate.

Respectfully submitted,

By: _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: 312.360.6417
Facsimile: 312.360.6996
Email: kfabian@freebornpeters.com

**Attorney for United Healthcare Services, Inc.**

1441064v2

18

## **CERTIFICATE OF SERVICE**

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing United Healthcare Services, Inc.'s Answer in Intervention to Omnicare, Inc.'s Complaint, Affirmative Defenses, and Counterclaims to be served upon the individuals listed below by messenger delivery on December 11, 2007.

Richard P. Campbell                              Scott W. Fowkes
Jenner & Block LLC                               Kirkland & Ellis LLP
330 North Wabash Avenue                          200 East Randolph Drive
Chicago, Illinois 60611                          Chicago, Illinois 60601

/Kellye L. Fabian

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

OMNICARE, INC.,                              )
                                             )
       Plaintiff,                    )
                                             )
v.                                           )    Case No. 07 L 005503
                                             )    Judge Burke
                                             )
WALGREENS HEALTH INITIATIVES,                )
INC. and UNITED HEALTHCARE                   )
SERVICES, INC.                               )
                                             )
       Defendants.                   )

<u>NOTICE OF FILING</u>

TO:   COUNSEL OF RECORD

     PLEASE TAKE NOTICE that on this **11th** day of **December, 2007** we filed with the Clerk of the Circuit Court of Cook County, Illinois, **an Appearance** on behalf of Defendant United Healthcare Services, Inc., a copy of which is attached hereto and herewith served upon you.

Dated: December 11, 2007        Respectfully submitted,

                                 *Kellye L. Fabian*

                                 Kellye L. Fabian
                                 FREEBORN & PETERS LLP (#71182)
                                 311 S. Wacker Drive, Suite 3000
                                 Chicago, Illinois 60606
                                 (312) 360-6000

1434106v1

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 L 005503 |
| | ) | Judge Burke |
| | ) | |
| WALGREENS HEALTH INITIATIVES, | ) | |
| INC. and UNITED HEALTHCARE | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## APPEARANCE

Freeborn & Peters LLP, by one of its attorneys, enters an appearance in the above-caption case on behalf of Defendant United Healthcare Services, Inc.

Dated:  December 11, 2007

Respectfully submitted,

Kelly L. Fabian
FREEBORN & PETERS LLP (# 71182)
311 South Wacker, Suite 3000
Chicago, Illinois 60606
312-360-6417
312-360-6996 (fax)

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing Notice of Filing and Appearance to be served upon the individuals listed below by electronic and U.S. mail on December 11, 2007.

Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
*Counsel for Plaintiff*

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Counsel for Defendant*

Kellye L. Fabian

1434103v1

CCG N002-300M-2/24/05 (

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare

v.

Walgreens Health Initiatives, et. al

No. 07 L 005503

V.
J.C.

## ORDER

This matter coming to be heard for status, counsel for all parties being present, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

① Walgreens* shall answer or otherwise respond to 4234-4231 Omnicare's complaint by January 31, 2008;

② Omnicare shall answer or otherwise respond to 4234-4231 United Healthcare Services' Counterclaim and Affirmative Defenses by January 31, 2008;

③ This matter is set for status on February 14, 2008 at 4619 9:45 a.m. without further notice.

Atty. No.: 71182

Name: K. Fabian, Freeborn + Peters

Atty. for: United Healthcare Services

Address: 311 S. Wacker Dr.

City/State/Zip: Chicago, IL 60606

Telephone: 312-360-6417

ENTERED:

Dated: _____,

Judge Dennis J. Burke

Dennis J. Burke   1744

DEC 14 2007

Judge

Circuit Court - 1744

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Firm I.D. #90443

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | FILED B - 11 |
| | ) | |
| Plaintiff, | ) | 2008 FEB -8 AM 11: 36 |
| | ) | |
| v. | ) | DOROTHY BROWN  Case No. 07-L-5503 |
| | ) | CLERK OF THE CIRCUIT COURT |
| Walgreens Health Initiatives, Inc., et al. | ) | OF COOK COUNTY, IL |
| | ) | Hon. Judge Burke |
| Defendants. | ) | Cal. "N" |

**WALGREENS HEALTH INITIATIVES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO 735 ILCS 5/2-615 OR, ALTERNATIVELY, 735 ILCS 5/2-619**

Plaintiff Omnicare, Inc. ("Omnicare"), which provides pharmaceutical products to residents of nursing homes and other long term care facilities, brings this breach-of-contract action to recover funds allegedly owed under a contract that Omnicare alleges governs its relationship with defendant Walgreens Health Initiatives, Inc. ("WHI"). Under that contract, WHI serves as a middleman between Omnicare and certain private prescription drug plans (known as "Part D Plans" or plan "Sponsors") that provide drug coverage to Medicare beneficiaries. Essentially, WHI processes and pays pharmacy claims to Omnicare with funds that WHI receives from the Sponsors.

Consistent with WHI's role as a middleman between Omnicare and the Sponsors, the contract upon which Omnicare relies provides that WHI cannot be liable to Omnicare if WHI has not received funding from a Sponsor to pay Omnicare for products covered by the contract. The contract further provides that in the event of nonpayment, Omnicare, not WHI, has the burden of seeking payment from the Sponsor. In its Complaint, Omnicare seeks to assert two breach-of-contract counts, both of which allege that WHI has failed to pay Omnicare amounts for which

certain Sponsors are ultimately liable.  One of those Sponsors, United Healthcare Services, Inc. ("United"), has intervened as a defendant in this case.

Omnicare's claims against WHI should be dismissed for two independent reasons.  *First,* Omnicare's Complaint violates Illinois' fact-pleading requirement because Omnicare has failed to allege an essential factual element of a claim under the contract — that WHI has received funding from the Sponsors that was intended to be paid to Omnicare.  This defect alone bars Omnicare's claims and warrants dismissal under Section 2-615.  *Second,* and in any event, WHI never in fact received such funding from the Sponsors.  As confirmed by the attached affidavit of Debra Blue, the Sponsors have not provided WHI with funds intended to be paid to Omnicare for the amounts at issue in the Complaint.  Therefore, according to the express terms of the contract attached to Omnicare's Complaint, WHI cannot be liable to Omnicare, and the Complaint should be dismissed under Section 2-619.

## BACKGROUND

The procedural history of this action and the relevant allegations of plaintiff's Complaint can be summarized as follows.[1]

### A.     Omnicare's Complaint.

Omnicare filed its Complaint against WHI on May 29, 2007.  According to the Complaint, in 2003 the federal government passed the Medicare Prescription Drug Improvement and Modernization Act.  (Compl. ¶ 3)  This Act created a new Medicare prescription drug benefit, commonly known as "Part D."  (*Id.*)  Under Part D, private prescription drug plans ("Part D Plans" or plan "Sponsors") provide drug coverage to Medicare beneficiaries and thus

---

[1]     The Complaint's well-pled factual allegations are assumed to be true only for purposes of this motion. *Maywood Proviso State Bank v. York State Bank & Trust Co.,* 252 Ill. App. 3d 164, 169, 625 N.E.2d 83, 87 (1st Dist. 1993).

"function as payors for the prescription drug benefits of patients enrolled in the given Part D Plan." (*Id.*)

Plaintiff Omnicare provides prescription drugs and other pharmacy services to residents of nursing homes and other long term care facilities who are eligible for benefits under Medicare. (*Id.* ¶¶ 1, 6)  Defendant WHI is a pharmacy benefit manager, or "PBM."  Pharmacies such as Omnicare routinely contract with PBMs, which process and pay pharmacy claims on behalf of the Part D Plans.  (*Id.* ¶¶ 3-4)  Thus, PBMs like WHI serve as middlemen between pharmacies such as Omnicare and the Plan D Plans or Sponsors, which are the ultimate payors of the funds for the prescription drug benefits.  (*Id.*)

On July 29, 2005, Omnicare and WHI entered into a Pharmacy Network Agreement ("Agreement"), which is attached to the Complaint as Exhibit 1.  (*Id.* ¶ 7; Ex. 1)  WHI executed the contract with Omnicare "on behalf of the Sponsors" identified in Exhibit A to the Agreement. (Compl. Ex. 1 at 1 and Ex. A thereto)  Under the Agreement, Omnicare agreed to provide pharmaceutical products and services to enrollees of plans of the Sponsors that were identified in Exhibit A to the Agreement.  (*Id.*; Compl. ¶ 7)  WHI, in turn, agreed to serve as a PBM by processing and paying claims to Omnicare on behalf of those Sponsors. (*Id.*)

Under the Agreement, Omnicare agreed to provide prescription drugs to individuals in long term care facilities who were beneficiaries of the Part D Plans covered by its Agreement with WHI.  (Compl. ¶ 8)  Omnicare alleges, however, that it has not received full payment from WHI for certain claims submitted under the Agreement, giving rise to two separate breach-of-contract claims.  In Count I, Omnicare alleges that WHI improperly withheld certain "cost-sharing" amounts (such as deductibles and copayments) from the payments it made to Omnicare on behalf of the plan Sponsors.  (*Id.* ¶¶ 1-13)  In Count II, Omnicare alleges that WHI

improperly rejected certain claims as "non-covered" under the Agreement and breached the Agreement by refusing to reimburse Omnicare for those claims. (*Id.* ¶¶ 14-33) Notably, however, Omnicare fails to allege that WHI received funding from the plan Sponsors that was directed to be paid to Omnicare.

### B.    United's Intervention.

On September 25, 2007, United filed a motion to intervene as a defendant in this action. In its supporting memorandum, United explained that residents of Omnicare's long term care facilities at issue in this litigation were allegedly enrolled in Part D plans sponsored by United. (*See* United's Mem. of Law in support of Motion to Intervene, at 1.) Moreover, the contract between United and WHI, which United attached as Exhibit 1 to its memorandum in support of its motion to intervene, "generally provides that United is responsible for the payment of claims that WHI processes." (*Id.* at 8) Accordingly, United contended that it has an interest in this litigation "given that United may be deemed at least partially responsible for some or all of the damages that may be awarded to Omnicare should it prevail in this action." (*Id.*)

Omnicare did not oppose United's motion to intervene, and the Court granted the motion. Accordingly, on December 11, 2007, United filed its Answer, Affirmative Defenses and Counterclaim.

### ARGUMENT

The Agreement that Omnicare alleges governs its relationship with WHI includes a provision that is directly relevant to Omnicare's breach-of-contract claims against WHI. Consistent with WHI's role as a middleman between Omnicare and the plan Sponsors, Section 3.1(a)(ii) of the Agreement bars Omnicare from recovering funds from Omnicare if WHI has not received those funds from a Sponsor:

It is understood that if PBM [WHI] has not received funding from a Sponsor to pay for Covered Products and Services provided by Omnicare or an Omnicare Pharmacy, then PBM *shall not incur any liability* for failure to pay for such Covered Products and Services until such time as the applicable Sponsor makes funds available to PBM with respect to such payment[.] (emphasis added)

(Compl. Ex. 1 at 10) Thus, to prevail on its breach-of-contract claims, Omnicare must allege and prove that WHI received funding from one of its plan Sponsors intended to pay Omnicare's claims.

The same provision of the Agreement also provides that in the event of nonpayment, Omnicare, not WHI, has the burden of seeking payment from the Sponsor:

In the event of nonpayment or delay of payment by any Sponsor, PBM will cooperate reasonably with Omnicare and will use reasonable good faith efforts to obtain for Omnicare or assist Omnicare in obtaining payment from such Sponsor, and PBM shall cooperate with and provide reasonable assistance to Omnicare regarding any litigation that Omnicare may commence against a Sponsor to collect such payment; however, *PBM shall not be required to commence litigation against such Sponsor to obtain payment.* (emphasis added)

(Compl. Ex. 1 at 10) Thus, in addition to having no potential liability if it has not received funds from a plan Sponsor, WHI is not obligated to commence litigation against the Sponsor to seek any funds that Omnicare alleges are owed. Here, there is no need for Omnicare to commence litigation against one of the Sponsors, because United has intervened and is now participating in this case as a defendant and counter-plaintiff.

Applying Section 3.1(a)(ii) of the Agreement, Omnicare's Complaint should be dismissed for two independent reasons:

## I.    OMNICARE'S CLAIMS SHOULD BE DISMISSED UNDER SECTION 2-615 BECAUSE OMNICARE HAS FAILED TO ALLEGE THAT WHI HAS RECEIVED FUNDING FROM THE RELEVANT SPONSORS.

Omnicare's Complaint fails to satisfy Illinois' pleading standards. Illinois is a fact-pleading jurisdiction. *Beahringer v. Page*, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003). "Under Illinois' standard, the pleader is required to set out ultimate facts that support his or her

cause of action; notice pleading, conclusions of law, and conclusions of fact are insufficient." *Johnson v. Matrix Fin. Servs. Corp.*, 354 Ill. App. 3d 684, 696, 820 N.E.2d 1094, 1105 (1st Dist. 2004) (dismissing complaint under fact pleading standard) (citations omitted). In considering a defendant's motion to dismiss, allegations are to be construed strictly against the plaintiff. *Pelham v. Greisheimer*, 92 Ill. 2d 13, 17, 440 N.E.2d 96, 98 (1982).

Here, Omnicare fails to allege an essential factual element of its claims against WHI under the Agreement: that WHI has received funding from a plan Sponsor to pay Omnicare's claims. As discussed above, the Agreement expressly provides that WHI "***shall not incur liability*** for failure to pay for such Covered Products and Services until such time as the applicable Sponsor makes funds available to PBM with respect to such payment[.]" (Compl. Ex. 1 at 10) (emphasis added)

The Complaint includes no factual allegation that WHI has received funding from a plan Sponsor with respect to payments allegedly owed to Omnicare. Allegations that WHI is a PBM which processes and pays pharmacy claims (Compl. ¶ 3), that Omnicare is reimbursed by the PBM or Part D Plan for the pharmacy services it provides (Compl. ¶ 4), or that WHI is obligated to pay Omnicare (Compl. ¶¶ 8, 26), do not suffice to allege that WHI received funds from its Plan Sponsors. Because the Complaint is devoid of the specific factual allegation upon which Omnicare must base a claim against WHI under the Agreement Omnicare alleges gives rise to its claims, Omnicare's claims should be dismissed. *See Adkins v. Sarah Bush Lincoln Health Ctr.*, 129 Ill. 2d 497, 519-20, 544 N.E.2d 733, 744 (1989) (holding that absent specific factual allegations, "a motion to dismiss will properly be granted, no matter how many conclusions may have been stated and regardless of whether they inform the defendant in a general way of the nature of the claim against him").

## II.  OMNICARE'S CLAIMS SHOULD BE DISMISSED UNDER SECTION 2-619 BECAUSE WHI HAS NOT RECEIVED FUNDING FROM THE RELEVANT SPONSORS FOR PAYMENT TO OMNICARE.

Omnicare's failure to plead the factual predicate to its claims against WHI is not surprising.  In the attached affidavit, Debra Blue explains that the plan Sponsors who are the ultimate payors, if any, of the underlying claims at issue in the Complaint are:  (i) United; and (ii) Wellcare Health Plans, Inc.   (Aff. of Debra Blue, attached hereto as Ex. A, at ¶ 3)  As confirmed by Ms. Blue, WHI has tendered Omnicare's underlying claims to United and Wellcare, but neither has provided WHI with funds directed to be paid to Omnicare for these claims.  (*Id.* ¶ 5)  Accordingly, under the Agreement that Omnicare is seeking to enforce, Omnicare is precluded from seeking to hold WHI liable for the claims at issue in this litigation.

### Conclusion

Omnicare's Complaint alleges that WHI breached the Agreement by failing to pay Omnicare for services provided under the Agreement.  Under the Agreement, however, WHI has no potential liability to Omnicare unless and until WHI receives funding from a plan Sponsor. Omnicare's breach-of-contract claims against WHI fail because Omnicare has not alleged, and cannot allege, that a plan Sponsor has provided funds to WHI intended to be paid to Omnicare for the amounts at issue in the Complaint.

Wherefore, for each of the foregoing reasons, WHI respectfully requests that this Court dismiss Omnicare's claims against WHI, in their entirety and with prejudice.

Dated:  February 8, 2008

Respectfully submitted,

*Charles W. Douglas, Jr.*

Richard C. Godfrey, P.C.
Scott W. Fowkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
200 East Randolph Dr.
Chicago, Illinois  60601
Tel:  (312) 861-2000
Fax:  (312) 861-2200

Attorneys for Defendant Walgreens
Health Initiatives, Inc.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-L-5503 |
| | ) | |
| Walgreens Health Initiatives, Inc, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF DEBRA BLUE

I, Debra Blue, being first duly sworn under oath, state as follows:

1.      I am currently employed as Controller of Walgreens Health Services, a division of Walgreen Co.  My duties and responsibilities include supervision of financial and accounting activities, including payments received from plan sponsors and payments made to pharmacy providers, at Walgreens Health Initiatives, Inc. ("WHI"), a wholly owned subsidiary of Walgreen Co.

2.      WHI is a pharmacy benefit manager, or "PBM."  As a PBM, WHI is authorized by Medicare Part D Plans to contract with pharmacies on behalf of the Part D Plans.  Under these contracts, the pharmacy provides certain products and services to enrollees in the Part D Plans, and then submits claims to WHI for processing and payment on behalf of the appropriate Plan. The Part D Plans, which are also known as plan Sponsors, are the ultimate payor of any funds owed to the pharmacy for products and services provided by the pharmacy to Plan enrollees.

3.      On July 29, 2005, Omnicare and WHI entered into a Pharmacy Network Agreement (the "Agreement").  WHI executed the contract with Omnicare "on behalf of the Sponsors" identified in Exhibit A to the Agreement.  The Sponsors identified in Exhibit A to the

Agreement include Wellcare Health Plans, Inc. ("Wellcare") and United Health Care/Ovations ("United").

4.    I have reviewed the Complaint filed by Omnicare against WHI in this matter, in which Omnicare alleges that WHI has improperly failed to pay certain claims submitted by Omnicare under the Agreement. The claims that are the subject of Omnicare's Complaint relate to products or services that were provided to enrollees in Part D Plans sponsored by either Wellcare or United.

5.    WHI has processed Omnicare's claims and submitted those claims to Wellcare or United, as appropriate, for payment. To date, WHI has not received funding from either Wellcare or United directed to be paid to Omnicare for the claims that are the subject of the Complaint in this matter.

FURTHER AFFIANT SAYETH NOT.

Debra Blue

Subscribed and sworn before me
this 5 day of January, 2008

Notary Public

OFFICIAL SEAL
MAYRA VAZQUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/08/10

2

Firm I.D. # 90443

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc.,

hereby certify that on February 8, 2008, I caused a true and correct copy of the foregoing

Walgreens Health Initiatives, Inc.'s Memorandum Of Law In Support Of Its Motion To Dismiss

Plaintiff's Complaint Pursuant To 735 ILCS 5/2-615 Or, Alternatively, 735 ILCS 5/2-619 to be

served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL  60611
Tel:  312-923-2818
Fax:  312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
Tel:  312-360-6417
Fax:  312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel:  202-861-6633
Fax:  202-659-4503

_Charles W. Douglas, Jr._

Charles W. Douglas, Jr.

Firm I.D. # 90443

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-L-5503 |
| | ) | |
| Walgreens Health Initiatives, Inc., et. al | ) | Hon. Judge Burke |
| | ) | Cal. "N" |
| Defendants. | ) | |

## WALGREENS HEALTH INITIATIVES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 735 ILCS 5/2-615 OR, ALTERNATIVELY, 735 ILCS 5/2-619

Defendant Walgreens Health Initiatives, Inc. ("WHI") moves pursuant to 735 ILCS 5/2-615, or alternatively, 735 ILCS 5/2-619, to dismiss all claims asserted against it by plaintiff Omnicare, Inc. In support of this motion, WHI submits the accompanying Memorandum of Law and further states as follows:

1.     Plaintiff Omnicare provides prescription drugs and other pharmacy services to residents of nursing homes and other long term care facilities who are eligible for benefits under Medicare Part D.

2.     Defendant WHI is a pharmacy benefit manager, or "PBM." PBMs such as WHI serve as middlemen between pharmacies such as Omnicare and Plan D Plans or Sponsors, which are the ultimate payors of the funds for the prescription drug benefits.

3.     On July 29, 2005, Omnicare and WHI entered into a Pharmacy Network Agreement ("Agreement"), which is attached to Omnicare's Complaint as Exhibit 1. WHI executed the Agreement with Omnicare "on behalf of the Sponsors" identified in Exhibit A to the Agreement. Under the Agreement, Omnicare agreed to provide pharmaceutical products to

enrollees of the identified Sponsors' plans. WHI, in turn, agreed to serve as a PBM by processing and paying claims to Omnicare on behalf of those Sponsors.

4.    One of the Sponsors on whose behalf WHI executed the Agreement is United Healthcare Services, Inc. ("United"), which has intervened as a defendant/counterplaintiff in this litigation.

5.    Omnicare alleges that it has not received full payment from WHI for certain claims submitted under the Agreement, giving rise to two breach-of-contract causes of action. Under the Agreement, however, Omnicare agreed that WHI cannot be liable for any payments allegedly owed to Omnicare under the Agreement unless and until WHI has received funding for such payments from the applicable plan Sponsor, such as codefendant United.

6.    Omnicare's Complaint violates Illinois' fact-pleading requirement because Omnicare has failed to allege an essential factual element of a claim under the contract it alleges governs the parties' relationship — that WHI has received funding from the Sponsors that was intended to be paid to Omnicare. This defect alone bars Omnicare's claims and warrants dismissal under Section 2-615.

7.    Alternatively, the Complaint should be dismissed under Section 2-619. As the affidavit of Debra Blue confirms, to date the applicable Sponsors have not provided WHI with funds directed to be paid to Omnicare for the amounts that are the subject of Omnicare's Complaint. Therefore, according to the express terms of the contract that Omnicare alleges gives rise to its breach-of-contract claims, WHI cannot be liable to Omnicare, and the Complaint should be dismissed under Section 2-619.

Wherefore, for the reasons stated above and in the accompanying Memorandum of Law, defendant WHI respectfully requests that this Court dismiss plaintiff's claims against WHI with prejudice and grant all other appropriate relief in favor of WHI.

Dated:  February 8, 2008

Respectfully submitted,

Richard C. Godfrey, P.C.
Scott W. Fowkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
200 East Randolph Dr.
Chicago, Illinois  60601
Tel:  (312) 861-2000
Fax:  (312) 861-2200

Attorneys for Defendant Walgreens
Health Initiatives, Inc.

3

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc., hereby certify that on February 8, 2008, I caused a true and correct copy of the foregoing Walgreens Health Initiatives, Inc.'s Motion To Dismiss Plaintiff's Complaint Pursuant To 735 ILCS 5/2-615 Or, Alternatively, 735 ILCS 5/2-619 to be served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL  60611
Tel:  312-923-2818
Fax:  312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
Tel:  312-360-6417
Fax:  312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel:  202-861-6633
Fax:  202-659-4503

*Charles W. Douglas, Jr.*
Charles W. Douglas, Jr.

4

Firm I.D. # 90443

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Omnicare, Inc.                           )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )        Case No. 07-L-5503
                                         )
Walgreens Health Initiatives, Inc., et al.   )        Hon. Judge Burke
                                         )        Cal. "N"
    Defendants.                          )

### NOTICE OF MOTION

To:    See Attached Service List

    PLEASE TAKE NOTICE that on ___2-25___, 2008, at ___10___ or as soon thereafter as counsel may be heard, we will appear before the Honorable Judge Dennis J. Burke, or any judge sitting in his stead, in the courtroom usually occupied by him in Room 2306 of the Richard J. Daley Center, Chicago, Illinois, and then and there present **Walgreens Health Initiatives, Inc.'s Motion To Dismiss Plaintiff's Complaint Pursuant To 735 ILCS 5/2-615 Or, Alternatively, 735 ILCS 5/2-619,** a true copy of which is hereby served upon you.

Dated:  February 8, 2008

                Respectfully submitted,

                _Charles W. Douglas Jr._

                Richard C. Godfrey, P.C.
                Scott W. Fowkes, P.C.
                Charles W. Douglas, Jr.
                KIRKLAND & ELLIS LLP
                200 East Randolph Dr.
                Chicago, Illinois  60601
                Tel:  (312) 861-2000
                Fax:  (312) 861-2200

                Attorneys for Defendant Walgreens
                Health Initiatives, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc.,

hereby certify that on February 8, 2008, I caused a true and correct copy of the foregoing Notice

of Motion to be served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Tel: 312-923-2818
Fax: 312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6417
Fax: 312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: 202-861-6633
Fax: 202-659-4503


Charles W. Douglas, Jr.

05003

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008 FEB -8 PM 1:32

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

CC
T.H.

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 L 005503 |
| | ) |
| | ) Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, | ) |
| INC. et al., | ) |
| | ) |
| Defendants. | ) |

3103
3113
3301
2871

OMNICARE, INC.'S REPLY TO UNITED HEALTHCARE SERVICES, INC.'S
AFFIRMATIVE DEFENSES AND OMNICARE, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO UNITED HEALTHCARE SERVICES, INC.'S
COMPLAINT AND COUNTERCLAIMS

Omnicare, Inc., by and through its attorneys, Jenner & Block LLP, hereby

responds to Intervenor-Defendant United HealthCare Services, Inc.'s Complaint,

Affirmative Defenses, and Counterclaims.

## I.     ANSWER

A.     **First Affirmative Defense**

   1.     WHI, in the course of providing pharmaceutical benefit
administrative services to United's PDPs, entered into a
contractual arrangement with Omnicare under which Omnicare
agreed to provide covered prescription drug services to residents of
LTC facilities who are enrolled in United-sponsored PDPs, in
exchange for specified compensation for covered services. This
contractual arrangement is embodied in an Agreement between
WHI and Omnicare.

   2.     Section 2.3 of the WHI-Omnicare Agreement provides that
Omnicare shall provide services to PDP beneficiaries "subject to
Enrollee payment of all applicable Co-payments."

**ANSWER:** Omnicare denies the allegations in paragraphs 1-2, except admits that Omnicare entered into a Pharmacy Network Agreement with WHI ("Agreement"), which Agreement, attached at Exhibit 1 to the Complaint, speaks for itself.

      3.      Notwithstanding the contractual provision requiring the collection of co-payments, Omnicare, upon information and belief, waived the collection of co-payments from residents of LTC facilities.

**ANSWER:** Paragraph 3 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 3.

      4.      Upon information and belief, Omnicare waived the collection of co-payments from residents of LTC facilities without regard to whether such residents were eligible for the full low-income subsidy available under Medicare Part D for beneficiaries who are covered by a [sic] both Medicare and a state Medicaid program and who have continuously resided in a LTC facility for at least one full calendar month.

**ANSWER:** Paragraph 4 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 4.

      5.      Omnicare's claims against WHI and/or United with respect to reimbursement of cost-sharing amounts are barred by the doctrines of waiver and/or estoppel.

**ANSWER:** Paragraph 5 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 5.

## B.    SECOND AFFIRMATIVE DEFENSE

6.    ·    United incorporates by reference and realleges the allegations set forth in paragraph 1 of its Affirmative Defenses.

**ANSWER:**  Omnicare repeats its answers to paragraph 1 as if set forth fully within.

7.    Section 2.3(b) of the Agreement between WHI and Omnicare details the form, format, and timing within which Omnicare must submit claims for prescription drug services.  Specifically, Section 2.3(b) provides, in pertinent part, that:

> If the individual is identified as an Enrollee, the Omnicare Pharmacy shall attempt to submit a Claim for the drug or other item via the On-Line System. In the even [sic] that the Claim cannot be transmitted via the On-Line System, the Omnicare Pharmacy may submit the Claim to [WHI] via magnetic tape, X12 or NCPDP universal claims form.

**ANSWER:**  Paragraph 7 constitutes a legal conclusion to which no responsive pleading is required.  To the extent that any response is required, Omnicare answers that the Agreement, attached as Exhibit 1 to the Complaint, speaks for itself.  To the extent any additional response is required, Omnicare denies the allegations in paragraph 7.

8.    Section 1 of the Agreement provides that "'Claim' means a request from an Omnicare Pharmacy for payment for providing a drug or other item and related services to an Enrollee.  Each Claim submitted will include the National Drug Code number (if any) for the applicable drug or other item dispensed, the DAW code, and such other information as is required to complete the required fields pursuant to the On-Line System, X12, or the NCPDP universal claim form in accordance with the Part D rules."

**ANSWER:**  Omnicare answers that the Agreement, attached as Exhibit 1 to the Complaint, speaks for itself.  To the extent any additional response is required, Omnicare denies the allegations in paragraph 8.

9.    Upon information and belief, Omnicare failed and/or refused to submit claims for prescription drug services to WHI and United in the form and/or format required by the terms of the agreement with WHI.

**ANSWER:** Paragraph 9 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 9.

10.    Further, notwithstanding the opportunity Omnicare had to submit claims for prescription drug services under an alternative claims submission process that United developed for Omnicare's benefit in consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, Omnicare failed and/or refused to submit claims under the alternative claims submission process.

**ANSWER:** Omnicare denies that the Long Term Care Pharmacy Alliance is Omnicare's representative. To the extent that paragraph 10 constitutes a legal conclusion, no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 10.

11.    Upon information and belief, the claims set forth in Omnicare's complaint are barred by Omnicare's failure to mitigate damages and/or the doctrine of avoidable consequences.

**ANSWER:** Paragraph 11 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 11.

## C.    THIRD AFFIRMATIVE DEFENSE

12.    United incorporates by reference and realleges the allegations set forth in paragraphs 1 and 7-10 of its Affirmative Defenses.

**ANSWER:** Omnicare repeats its answers to paragraphs 1 and 7-10 as if set forth fully within.

13.     Upon information and belief, Omnicare failed to comply with
contractually required procedures for submitting claims for the
prescription drug claims at issue in Omnicare's Complaint.

**ANSWER:** Paragraph 13 constitutes a legal conclusion to which no responsive pleading

is required. To the extent that any response is required, Omnicare denies the allegations

in paragraph 13.

## D.     FOURTH AFFIRMATIVE DEFENSE

14.     United incorporates by reference and realleges the allegations set
forth in paragraphs 1, 7-10, and 13 of its Affirmative Defensesas if
set forth fully within.

**ANSWER:** Omnicare repeats its answers to paragraphs 1, 7-10, and 13 as if set forth

fully herein.

15.     Section 2.3(b) of the Agreement between WHI and Omnicare
details the time frames within which Omnicare must submit claims
for prescription drug services. Specifically, Section 2.3(b)
provides, in pertinent part, that:

> Original Claims must be submitted within ninety
> (90) days of the date of the service, and any re-
> submissions of Claims denied by [WHI] upon
> original submission must occur within one hundred
> eighty (180) days of the date of service.
> Notwithstanding the foregoing, with respect to any
> Enrollee who is or may become eligible for low-
> income subsidies [under Medicare Part D], if the
> cost-sharing amount payable by such an Enrollee
> with respect to a prescription would be subject to a
> reduction on a retroactive basis under the Part D
> rules after such Enrollee is determined to be eligible
> for such low-income subsidy (or would be subject
> to reduction on the basis that the Enrollee is
> determined to be eligible for a higher level of cost-
> sharing subsidy), then an Omnicare Pharmacy may,
> but shall have no obligation to, take either of the
> following actions with respect to the Claim for such
> prescription: (i) delay the submission of the Claim
> for such prescription until any time up to and

including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination; or (ii) submit the Claim for such prescription but refrain from collecting from the Enrollee the cost-sharing amount which would apply prior to such determination of eligibility for the given low-income subsidy, then submit a supplemental Claim for any portion of such cost-sharing for which the [PDP] is liable after the Enrollee is determined to be eligible for the given low-income subsidy, which supplemental Claim may be submitted at any time up to and including ninety (90) days after the Omnicare Pharmacy is notified of such eligibility determination.

**ANSWER:** Paragraph 15 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 15 and answers that the Agreement, attached as Exhibit 1 to the Complaint, speaks for itself.

16. Upon information and belief, Omnicare submitted claims for the prescription drug claims at issue in its Complaint outside of the contractually required timeframes specified by the Agreement.

**ANSWER:** Paragraph 16 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 16.

## E.    FIFTH AFFIRMATIVE DEFENSE

17. United incorporates by reference and realleges the allegations set forth in paragraphs 1-4, 7-10, 13, and 15-16 of its Affirmative Defenses.

**ANSWER:** Omnicare repeats its answers to paragraphs 1-4, 7-10, 13, and 15-16 as if set forth fully herein.

18.    The claims set forth in Omnicare's Complaint are barred by the doctrine of unclean hands.

**ANSWER:** Paragraph 18 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph 18.

## F.    SIXTH AFFIRMATIVE DEFENSE

19.    United incorporates by reference and realleges the allegations set forth in paragraphs 1-5, 7-10, 13, and 15-16 of its Affirmative Defenses.

**ANSWER:** Omnicare repeats its answers to paragraphs 1-5, 7-10, 13, and 15-16 as if set forth fully herein.

20.    In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for prescription drug services for which it claimed additional reimbursement was owed. Omnicare refused to utilize this alternative claims submission process that was developed for its benefit. United is entitled to setoff against any reimbursement to which Omnicare claims entitlement the amount [sic] United expended developing the alternative process.

**ANSWER:** To the extent that United's characterization of Omnicare's relationship with the Long Term Care Pharmacy Alliance constitutes a legal conclusion, no responsive pleading is required. To the extent that any response is required, Omnicare denies that the Long Term Care Pharmacy Alliance is Omnicare's representative. Omnicare denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 20.

G.    **SEVENTH AFFIRMATIVE DEFENSE**

21.    United incorporates by reference and realleges the allegations set forth in paragraphs 1-20 of its Affirmative Defenses.

**ANSWER:** Omnicare repeats its answers to paragraphs 1-20 as if set forth fully herein.

22.    Upon information and belief, Omnicare fails to state a claim for which relief can be granted because United has no obligation under contract or law to pay Omnicare the amounts at issue in its Complaint.

**ANSWER:** Paragraph 22 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the remaining allegations of paragraph 22.

## II. COUNTERCLAIMS

CC 1.    United asserts these counterclaims seeking damages for amounts that Omnicare received for Medicare Part D prescription drug claims in excess of what Omnicare was entitled under the Prescription Drug Services Agreement between Walgreens Health Initiative, Inc. ("WHI") and Omnicare dated July 29, 2005.

**ANSWER:** Omnicare admits that United purports to seek certain relief as described in paragraph CC1 but denies that United is entitled to the relief it seeks.

CC2.    United seeks attorneys' fees, costs, and prejudgment interest on the actual damages it has incurred, and such other relief as the Court deems just and appropriate.

**ANSWER:** Omnicare admits that United purports to seek certain relief as described in paragraph CC2 but denies that United is entitled to the relief it seeks.

CC3.    United is a corporation organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minnetonka, Minnesota.

**ANSWER:** Omnicare denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph CC3.

CC4.   Upon information and belief, Omnicare is a corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business and headquarters in Covington, Kentucky.

**ANSWER:**   Omnicare admits, upon information and belief, the allegations in paragraph CC4.

CC5.   In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act of 2003 (Pub. L. 108-173, 117 Stat. 206 (December 8,2003)), which created a prescription drug benefit program commonly known as "Medicare Part D." The Centers for Medicare and Medicaid Services ("CMS") is the federal agency that regulates the Medicare Part D program.

**ANSWER:**   Omnicare admits, upon information and belief, the allegations in paragraph CC5.

CC6.   Medicare Part D provides for the delivery of prescription drug benefits to certain categories of Medicare-eligible individuals through managed care networks, beginning January 1, 2006.  These networks operate through private-sector prescription drug plans ("PDPs") that are approved by, and contract with, CMS, and provide the required drug coverage to the individual Medicare beneficiaries assigned to them by CMS.  (*See* 4 U.S.C. §§ 1395w-112(a)(1)-(3)(a); 42 C.F.R. § 423.504(b)(2)).

**ANSWER:**   Omnicare admits, upon information and belief, the allegations in the first sentence of paragraph CC6.  Omnicare denies the allegations in the second sentence of paragraph CC6.

CC7.   Medicare Part D PDPs contract, either directly or indirectly, with retail and long term care ("LTC") pharmacies that dispense covered prescription drugs at specified rates and terms.  When a pharmacy fills a prescription for a beneficiary covered by a PDP with which the pharmacy has a contract, the pharmacy may submit a claim for payment to that PDP (or the claims processor acting on the PDP's behalf), and the PDP (or claims processor) processes the claim pursuant to the terms of its contract with the pharmacy.  The PDP, in turn, then reconciles the claims with CMS.

**ANSWER:** Paragraph CC7 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in the first and second sentences of paragraph CC7 and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence in paragraph CC7.

> CC8.   United is the sponsor of Medicare Part D PDPs. United contracts with third parties that provide pharmaceutical benefit administrative services to United's PDPs, such as claims adjudication services and the establishment of pharmacy networks to which PDP beneficiaries have access. WHI provide pharmaceutical benefit administrative services to United's PDPs, including the provision of claims processing services, as well as access to its network pharmacies.

**ANSWER:** Omnicare admits, upon information and belief, that United is a sponsor of Medicare Part D PDPs but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph CC8.

> CC9.   WHI, acting as the provider of pharmaceutical benefit administrative services to United's PDPs, entered into a contractual arrangement with Omnicare under which Omnicare agreed to provide covered prescription drug services to residents of LTC facilities who are enrolled in United-sponsored PDPs, in exchange for specified compensation for covered services. This contractual arrangement is embodied in and [sic] Agreement between WHI and Omnicare.

**ANSWER:** Omnicare admits, upon information and belief, that it entered into the Agreement with WHI, which Agreement, attached as Exhibit 1 to the Complaint, speaks for itself. Omnicare denies the remaining allegations in paragraph CC9.

> CC10. Under the WHI-Omnicare Agreement, Omnicare's reimbursement for covered prescription drug services would be determined by prices specified on Schedule 3.1 (a) to the Agreement.

**ANSWER:**  Paragraph CC10 constitutes a legal conclusion to which no responsive pleading is required.  To the extent that any response is required, Omnicare denies the allegations in paragraph CC10 and answers that the Agreement, attached as Exhibit 1 to the Complaint, speaks for itself.

> CC11. Section 2.3 of the WHI-Omnicare Agreement provides that Omnicare shall provide services to PDP beneficiaries "subject to Enrollee payment of all applicable Co-Payments."

**ANSWER:**  Paragraph CC11 constitutes a legal conclusion to which no responsive pleading is required.  To the extent that any response is required, Omnicare denies the allegations in paragraph CC11 and answers that the Agreement, attached as Exhibit 1 to the Complaint, speaks for itself.

> CC12. Notwithstanding the contractual provision requiring the collection of cost sharing amounts, Omnicare, upon information and belief, waived the collection of cost-sharing amounts from residents of LTC facilities, without regard to whether residents were entitled to a reduction of cost-sharing amounts due to the low-income subsidy available under Medicare Part D.

**ANSWER:**  Paragraph CC12 constitutes a legal conclusion to which no responsive pleading is required.  To the extent that any response is required, Omnicare denies the allegations in paragraph CC12.

> CC13. Upon information and belief, Omnicare submitted prescription drug claims to WHI and United with respect to Medicare Part D beneficiaries eligible for the low-income subsidy, seeking reimbursement of the full amount of such claims (including cost-sharing amounts), even though Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

**ANSWER:**  Paragraph CC13 constitutes a legal conclusion to which no responsive pleading is required.  To the extent that any response is required, Omnicare admits that it

sought reimbursement for Medicare Part D beneficiaries eligible for low-income subsidies, but denies that it waived collection of cost-sharing amounts for residents of LTC facilities and denies any remaining allegations in paragraph CC13.

> CC14. Upon information and belief, United, in its capacity as sponsor of the PDPs, paid the full amount of the claims described in paragraph CC13, unaware that Omnicare had waived collection of cost-sharing amounts for residents of LTC facilities.

**ANSWER:** Paragraph CC14 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC14.

> CC15. Upon information and belief, Omnicare is not entitled to the cost-sharing reimbursement it has received from United for the claims described in paragraphs CC13-14.

**ANSWER:** Paragraph CC15 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC15.

> CC16. Upon information and belief, Omnicare submitted to WHI and United claims for prescription drug services that were rendered to Medicare Part D beneficiaries who, on the date of service, were not enrolled in a United-sponsored PDP.

**ANSWER:** Omnicare denies the allegations in paragraph CC16.

> CC17. Upon information and belief, Omnicare received reimbursement from WHI or United for the claims described in paragraph CC16.

**ANSWER:** Omnicare denies the allegations in paragraph CC17.

> CC18. Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC16-17.

**ANSWER:** Paragraph CC18 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC18.

CC19. Upon information and belief, Omnicare submitted claims for prescription drug services to WHI and United, as well as other pharmacy benefits managers ("PBMs") (or other Medicare Part D PDPs), seekingpayment from both entities for the same prescription drug claims.

**ANSWER:** Omnicare denies the allegations in paragraph CC19.

CC20: Upon information and belief, Omnicare received duplicate payments from United and other PBMs (or Medicare Part D PDPs) for the prescription drug claims at issue in paragraph CC19.

**ANSWER:** Omnicare denies the allegations in paragraph CC20.

CC21. Upon information and belief, Omnicare is not entitled to the reimbursement it received from United for the claims described in paragraphs CC19-20.

**ANSWER:** Paragraph CC21 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC21.

CC22. Upon information and belief, Omnicare received reimbursement from United for other claims for prescription drug services not described in paragraphs CC13, CC16 or CC19, to which Omnicare was not entitled.

**ANSWER:** Paragraph CC22 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC22.

CC23. In breach of the Agreement, Omnicare failed to submit claims for prescription drug services in accordance with contractual requirements.

13

**ANSWER:**   Paragraph CC23 constitutes a legal conclusion to which no responsive pleading is required.   To the extent that any response is required, Omnicare denies the allegations in paragraph CC23.

> CC24. In consultation with Omnicare's representative, the Long Term Care Pharmacy Alliance, United dedicated substantial corporate resources over a period of several months developing an alternative claims submission process by which Omnicare could submit claims for which it claimed additional reimbursement was owed.

**ANSWER:**    To the extent that United's characterization of Omnicare's relationship with the Long Term Care Pharmacy Alliance constitutes a legal conclusion, no responsive pleading is required.   To the extent that any response is required, Omnicare denies that the Long Term Care Pharmacy Alliance is Omnicare's representative. Omnicare denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph CC24.

> CC25. Upon information and belief, Omnicare knew that United had dedicated substantial resources developing the alternative claims submission process.

**ANSWER:**   Omnicare denies the allegations in paragraph CC25.

> CC26. Omnicare refused to utilize the alternative claims submission process that was developed for its benefit.

**ANSWER:**  Omnicare denies the allegations in paragraph CC26

## Count 1
## Unjust Enrichment (Against Omnicare)

> CC27. United repeats and realleges the allegations contained in paragraphs CC1 26 above, as if set forth fully herein.

**ANSWER:**   Omnicare repeats its answers to paragraphs CC1-26 as if set forth fully herein.

CC28. Omnicare's receipt of reimbursement for cost-sharing amounts for claims with respect to individuals for whom cost-sharing amounts had been waived violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

**ANSWER:** Paragraph CC28 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC28.

CC29. Omnicare's receipt of reimbursement for claims with respect to individuals who, on the date of service, were not enrolled in a PDP sponsored by United violates the Agreement, and in keeping with such reimbursements, Omnicare has been unjustly enriched.

**ANSWER:** Paragraph CC29 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC29.

CC30. Omnicare's receipt of duplicate reimbursement from United an other PBMs or Medicare Part D PDPs with respect to the same prescription drug claims violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

**ANSWER:** Paragraph CC30 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Omnicare denies the allegations in paragraph CC30.

CC31. Omnicare's receipt of reimbursement for additional claims for prescription drug services to which Omnicare was not entitled violates the Agreement, and in keeping such reimbursements, Omnicare has been unjustly enriched.

**ANSWER:** Paragraph CC31 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Plaintiff denies the allegations in paragraph CC31.

CC32. Omnicare's refusal to utilize the alternative claims submission process that United developed at substantial expense, with Omnicare's knowledge and encouragement, was wrongful, and Omnicare is liable for the expenses incurred by United.

**ANSWER:** Paragraph CC32 constitutes a legal conclusion to which no responsive pleading is required. To the extent that any response is required, Plaintiff denies the allegations in paragraph CC32.

## III. OMNICARE'S AFFIRMATIVE DEFENSES TO UNITED'S COUNTERCLAIMS

### A.    OMNICARE'S FIRST AFFIRMATIVE DEFENSE — LACHES

1.    Omnicare asserted its claim to unpaid cost-sharing amounts for institutionalized full subsidy eligible individuals at the very inception of Medicare Part D in January 2006. Similarly, by early 2006, Omnicare had notified WHI of its claim to reimbursement for drugs provided under the special conditions described in Section 3.8 of the Agreement. Omnicare has consistently maintained its claim to these amounts up to the present.

2.    In contrast, United never put Omnicare on notice of any of its claims. United's Counterclaim is the first Omnicare has heard of United's claim to certain amounts already paid to Omnicare for dispensed drugs. Indeed, United's course of dealing with Omnicare led Omnicare to believe that any improper claims payment issues, had they existed, were resolved. Only after Omnicare filed this suit to recoup millions of dollars of unpaid claims, does United lay claim to funds it already paid to Omnicare. Had United apprised Omnicare of these alleged over-payments, Omnicare would have attempted to resolve these issues long ago. For Omnicare to now be forced to re-create and attempt to reconcile claims that were adjudicated as far back as 2006 would be unduly burdensome

16

if not impossible, as many of the patients are likely deceased, have changed insurers or have moved out of facilities. Consequently, Omnicare has been prejudiced by United's delay. It is improper and inequitable to Omnicare for United, at this late date, to suddenly set at issue claims long since paid.

3.    United is consequently barred by the doctrine of laches from asserting its counterclaim for unjust enrichment.

## B.    OMNICARE'S SECOND AFFIRMATIVE DEFENSE — UNCLEAN HANDS

4.    As described in paragraph 3.2 of the Agreement, attached as Exhibit 1 to the Complaint, WHI has a specific claims processing protocol. In order to receive payment for the prescription drugs it dispenses, Omnicare submits claims through WHI's On-Line System or an alternative method identified by the Agreement.

5.    United's Counterclaim now sets at issue claims submitted by Omnicare and paid by WHI in accordance with WHI's own, contractually specified protocol. Omnicare has not improperly withheld monies paid it through WHI's processing system. At best, WHI's argument appears to be with its own claims processing protocol.

6.    United is consequently barred by the doctrine of unclean hands from asserting its counterclaim for unjust enrichment.

Date: February 8, 2008

Omnicare, Inc.

By: _____
     One of the Attorneys for Omnicare, Inc.

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:     312 222-9350
Facsimile:     312 527-0484
Firm I.D. No. 05003

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above case, certifies that he caused a copy of the foregoing Omnicare, Inc.'s Reply to United HealthCare Services, Inc.'s Affirmative Defenses and Omnicare Inc.'s Answer and Affirmative Defenses to United HealthCare Services, Inc.'s Complaint and Counterclaims to be served upon the individuals listed below by mail delivery on February 8, 2008.

Kellye L. Fabian
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601


_____
Richard P. Campbell

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,

      Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

      Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N



---

### MEMORANDUM OF LAW IN SUPPORT OF COMPREHENSIVE HEALTH MANAGEMENT, INC.'S MOTION TO INTERVENE AS DEFENDANT AND TO FILE <u>MOTION TO DISMISS</u>

### <u>INTRODUCTION</u>

On May 29, 2007, Plaintiff Omnicare, Inc. ("Omnicare") filed a two-count Complaint against Walgreens Health Initiatives, Inc. ("WHI"), alleging that WHI breached an agreement it had with Omnicare. By its Complaint, Omnicare seeks reimbursement for prescription drug services that it purportedly rendered to patients at long term care facilities. Omnicare alleges that the residents of those long term care facilities were enrolled in Medicare Part D prescription drug plans. Certain affiliates of Comprehensive Health Management, Inc. ("CHMI") and United Healthcare Services, Inc. ("United") are sponsors of such plans.

On September 25, 2007, United filed a Motion to Intervene as Defendant and to File a Motion to Answer in Intervention, arguing that intervention was appropriate both as a right and by permission because of an agreement it has with WHI. On or about December 6, 2007, this Court granted that motion. CHMI, like United, has an agreement with WHI pursuant to which WHI provides claims processing services and access to its network of pharmacies that includes

Omnicare.  Pursuant to its agreement with WHI, CHMI may be at least partially responsible for the amounts at issue in this action should Omnicare prevail, therefore, CHMI has an interest in this lawsuit that warrants intervention as of right and by permission.[1]

## BACKGROUND

### I.    MEDICARE PART D AND PRESCRIPTION DRUG PLANS.

In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act (commonly known as "Medicare Part D"), which had the effect of creating a new Medicare prescription drug benefit for certain categories of Medicare-eligible individuals. (*See* Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003).)  Pursuant to Medicare Part D, private-sector prescription drug plans ("PDPs") contract with the Centers for Medicare and Medicaid Services ("CMS") to provide drugs to certain Medicare beneficiaries assigned to them by CMS.  (*See* 42 U.S.C. §§ 1395w-112(a)(1)(3)(a); 42 C.F.R. § 423.504(b)(2).)  Generally, PDPs then contract with retail and long term care pharmacies that agree to dispense covered drugs to the beneficiaries at specified rates.  Thus, when a beneficiary that is covered by a PDP needs a prescription, the pharmacy will fill the prescription and submit a claim to the PDP (or the PDP's claims processor) for payment.  The PDP (or its claims processor) then pays the pharmacy for the claim pursuant to the terms of the agreement.  Thereafter, the PDP reconciles its claims with CMS.

### II.    THE PARTIES AND THEIR AGREEMENTS.

#### A.    The CHMI-WHI and United-WHI Agreements.

CHMI's affiliates (along with United) are sponsors of a PDP.  CHMI and WHI entered into an agreement whereby WHI agreed to develop and maintain a large network of retail and

---

[1]    By bringing this motion, CHMI and its affiliates make no admissions and reserve all rights, claims and defenses with respect to Omnicare's claims or any claim that may be brought by any party to this action.

long term care pharmacies that would service individuals entitled to Medicare Part D benefits and who were enrolled in CHMI's PDP (the "CHMI-WHI Agreement"). Moreover, WHI agreed to process prescription drug claims submitted by the pharmacies within that network. United and WHI have a similar agreement (the "United-WHI Agreement"). Pursuant to the CHMI-WHI Agreement, WHI processes claims submitted to it from the pharmacies and pays the pharmacies directly. Thereafter, CHMI pays WHI for claims properly paid pursuant to the Plan.

**B.      The WHI-Omnicare Agreement.**

As Omnicare alleges in its Complaint, it is a chain of pharmacies that provides prescription medications to residents or patients in long term care facilities such as nursing homes. (*See* Cplt. ¶ 1.) In July 2005, WHI contracted with Omnicare pursuant to which Omnicare agreed to participate in WHI's pharmacy network and agreed to provide prescription drug services to individuals entitled to benefits under Medicare Part D who were enrolled in the several PDPs, including the PDP of which CHMI is a sponsor (the "WHI-Omnicare Agreement"). (*See* Cplt. ¶ 7.) The WHI-Omnicare Agreement specifies that WHI was contracting with Omnicare on behalf of sponsors of the PDPs, including both CHMI and United.

**III.    OMNICARE FILED SUIT AGAINST WHI ALLEGING THAT WHI BREACHED THE PARTIES' AGREEMENT BY FAILING TO PROPERLY REIMBURSE OMNICARE.**

As Omnicare alleges in its Complaint, between January 1, 2006 and May 13, 2007, Omnicare submitted to WHI prescription drug claims; however, WHI denied reimbursement for many of those claims or did not fully reimburse Omnicare for certain claims. (*See* Cplt. ¶¶ 8, 9, 26 & 27.) In this action, Omnicare seeks reimbursement for two alleged subsets of claims— purported "co-payment claims" and "rejected claims." (*See generally* Cplt.) Omnicare did not name United or CHMI as defendants to their action. United has already been granted leave to intervene in this case.

## **ARGUMENT**

I.    **INTERVENTION IS PROPER AS OF RIGHT AND BY PERMISSION BECAUSE CHMI'S RIGHTS MAY BE ADJUDICATED BY THIS LAWSUIT.**

Illinois law permits two types of intervention—as of right and permissive.  Specifically,

735 ILCS 5/2-408 provides in pertinent part:

> (a) Upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) *when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action*; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer.

> (b) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) *when an applicant's claim or defense and the main action have a question of law or fact in common.*

735 ILL. COMP. STAT. 5/2-08(a)–(b) (emphasis added).  As courts have repeatedly recognized,

the intervention statute is remedial and should be liberally construed so as to prevent relitigation

of issues in a second suit.  *See Adams v. Cook County*, 86 Ill. App. 3d 68, 71 (1st Dist. 1980)

("[i]ntervention statutes are remedial and should be liberally construed."); *see also In re Estate of

K.E.S.*, 347 Ill. App. 3d 452, 465 (4th Dist. 2004) ("This section liberally allows the practice of

intervention so as to avoid the unnecessary relitigation of issues in a second suit.").  Moreover,

"allegations in a petition for intervention must be taken as true." *Argonaught Ins. Co. v. Safeway

Steel Products, Inc.*, 355 Ill. App. 3d 1, 8 (1st Dist. 2004).

A.    **CHMI May Intervene As of Right Because The Parties Do Not Adequately Protect Its Interests.**

Pursuant to 735 ILCS 5/2-408(a), CHMI may intervene as of right because, pursuant to

the CHMI-WHI Agreement, CHMI may be liable for some of the amounts that Omnicare seeks,

and neither WHI nor United can adequately represent CHMI's interests. To determine whether a party seeking intervention is adequately represented by the existing parties, a court may consider several factors, including "the extent to which the interests of the applicant and of existing parties converge or diverge, the commonality of legal and factual positions, the practical abilities of existing parties in terms of resources and expertise, and the vigor with which existing parties represent the applicant's interests." *City of Chicago v. John Hancock Mut. Life Ins. Co.*, 127 Ill. App. 3d 140, 145 (1st Dist. 1984). Moreover, "[a]lthough these factors should be employed flexibly, the most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties." *Id.* (internal quotations omitted).

In this case, if the Court were to find in favor of Omnicare, then due to the relationship between the parties that is established by the CHMI-WHI Agreement and the WHI-Omnicare Agreement, CHMI (like United) may be liable for some or all of the amounts at issue. Therefore, CHMI has an interest in this lawsuit that justifies intervention as of right. *See, e.g., Siegman v. Bd. of Educ. of Putnam Cty School Dist. No. 535*, 132 Ill. App. 3d 351, 353 (3d Dist. 1985) ("If a party is about to have its contract with another affected . . . that party is certainly entitled to be in court to argue its own case.").

Moreover, assuming that Omnicare may prevail and that WHI is not ultimately liable, it is unclear at this point whether CHMI or United (or both) would be responsible for the amounts that Omnicare seeks. As such, United is not an adequate representative of CHMI's interests. Accordingly, CHMI should be allowed to intervene as of right to protect its interests in this lawsuit.

**B.    CHMI Satisfies the Requirements for Permissive Intervention Because It Has a Claim or Defense That Presents a Common Question of Law and Fact with the Main Action.**

Independent of CHMI's right to intervene, CHMI similarly satisfies the requirements to intervene by permission pursuant to 735 ILCS 5/2-408)(b).  To intervene by permission, "a party need not have a direct interest in the pending suit, [but] it must have an interest greater than that of the general public, so that the party may stand to gain or lose by the direct legal operation and effect of a judgment in the suit."  *In re Estate of K.E.S.*, 347 Ill. App. 3d at 465.  The "statute establishes a minimal 'commonality' requirement for permissive intervention, and expressly commits the decision whether to allow intervention or not to the discretion of the court."  *John Hancock Mut. Life Ins. Co.*, 127 Ill. App. 3d at 144 (1st Dist. 1984)

In this case, CHMI's interests are common to the interests of WHI and United because of the intertwined contractual relationship between the parties.  Pursuant to that complex relationship, CHMI and/or United may be partially liable for the amounts that Omnicare alleges that WHI owes.  Similarly, common issues of fact exist between CHMI, United and WHI because the validity of Omnicare's claim may be predicated on its conformity with its agreement with WHI.  Accordingly, CHMI has common issues of fact and law to those existing in the main action and, as such, it should be permitted to intervene.  *See* 735 ILL. COMP. STAT. 5/2-408(b)(2) (a party may permissively intervene "when an applicant's claim or defense and the main action have a question of law or fact in common.").

**II.    CHMI'S REQUEST TO INTERVENE IS TIMELY.**

CHMI's request to intervene is "timely," under Illinois law.  *See* 735 ILL. COMP. STAT. 5/2-408 ("Upon *timely* application anyone shall be permitted as of right to intervene in an action . . .") (emphasis added). The determination of "whether a petition is timely is a matter left to the sound discretion of the trial court."  *Citicorp Sav. of Illinois v. First Chicago Trust Co. of*

*Illinois*, 269 Ill. App. 3d 293, 298 (1st Dist. 1995). In this case, CHMI's motion to intervene is timely because this matter is still in its preliminary stages. United was granted leave to intervene on December 6, 2007, and on December 11, 2007 it filed an answer and counterclaim against Omnicare, to which Omnicare has not yet responded. Moreover, WHI just filed its motion to dismiss on February 8, 2008 and that motion has not yet been briefed by the parties. CHMI seeks leave to file its own motion to dismiss that is, in large part, similar to WHI's and CHMI seeks to have that motion heard at the same time as WHI's motion thus causing no delay in the proceedings.

**III.    CHMI SEEKS LEAVE TO FILE *INSTANTER* ITS OWN MOTION TO DISMISS IN INTERVENTION.**

In accordance with 735 ILCS 5/2-408(e), attached hereto as Exhibit A is a motion to dismiss that CHMI seeks leave to file *instanter*. *See* 735 ILL. COMP. STAT. 5/2-408(e) ("A person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file.") CHMI's motion to dismiss rests on the same grounds as WHI's motion. Moreover, CHMI seeks entry of an order setting the same briefing schedule as that set for WHI's motion to dismiss—*i.e.*, any response due on or before March 17, 2008 and a reply due on or before April 9, 2008. Therefore, no party will be prejudiced by CHMI's intervention and filing of a motion to dismiss because the issues and briefing schedule will be the same.

**CONCLUSION**

CHMI is entitled to intervene as of right and by permission. Therefore, CHMI respectfully requests that this Court grant it leave to intervene as of right or by permission, and further grant it leave to file the attached motion to dismiss *instanter*.

Dated:  February 15, 2008

Respectfully Submitted,

COMPREHENSIVE HEALTH
MANAGEMENT, INC.

*E LERL*

One of Its Attorneys

Edwin E. Brooks
David S. Almeida
Steven D. Hamilton
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000
I.D. # 41748

CH02/ 22512623.1

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,

       Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

       Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N

## INTERVENING DEFENDANT COMPREHENSIVE HEALTH MANAGEMENT, INC.'S MOTION TO DISMISS

Comprehensive Health Management, Inc. ("CHMI"), pursuant to 735 ILCS 5/2-615, hereby submits this Motion to Dismiss Plaintiff, Omnicare, Inc.'s ("Omnicare") Complaint (the "Motion"), and in support thereof states as follows:

1.      It is well-settled that Illinois is a fact pleading state and, as such, a plaintiff is required to plead ultimate facts that support his or her claim.  *See Johnson v. Matrix Fin. Servs. Corp.*, 354 Ill. App. 3d 684, 696 (1st Dist. 2004).  In adjudicating a motion to dismiss pursuant to 735 ILCS 5/2-615, "[a]ll well-pleaded facts in the complaint are taken as true and are construed in the light most favorable to the plaintiff."  *Casualty Ins. Co. v. Hill Mech. Group*, 323 Ill. App. 3d 1028, 1033 (1st Dist. 2001).  Although all well-pleaded facts are taken as true, conclusions of law and allegations unsupported by specific facts are not sufficient to withstand a motion to dismiss.  *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 325 (1995).

2.      On May 29, 2007, Omnicare filed a two-count Complaint against Walgreens Health Initiatives, Inc. ("WHI").  Omnicare's two causes of action are predicated upon WHI's

alleged breach of an agreement it had with WHI (the "WHI-Omnicare Agreement"), which Omnicare attached to its Complaint as Exhibit 1.  (*See generally* Complaint ("Cplt.").)

3.     As Omnicare alleges in its Complaint, pursuant to the WHI-Omnicare Agreement, Omnicare agreed to provide prescription drugs to certain individuals in long term care facilities such as nursing homes who were beneficiaries of Medicare Part D plans covered by the agreement.[1]  (Cplt. ¶ 7.)  In return, WHI agreed to serve as a pharmacy benefit manager by processing and paying claims to Omnicare on behalf of certain Medicare Part D plan sponsors. (*Id.*)  In other words, Omnicare would provide prescription drugs to certain people pursuant to Medicare Part D plans, and WHI would reimburse Omnicare pursuant to the terms of the WHI-Omnicare Agreement.  (*Id.*)  According to the Complaint, WHI did not fully reimburse Omnicare and, thus, WHI is in breach of the WHI-Omnicare Agreement.  (*See id.* at ¶ 7, 8, 9, 26, 27, 28 & 29.)

4.     Omnicare failed to plead essential facts entitling it to bring a claim against WHI for breach of the WHI-Omnicare Agreement.  Specifically, as set forth in Section 3.1(a)(ii) of the WHI-Omnicare Agreement, WHI shall incur no liability until WHI receives funds from plan sponsors.  That provision states, in pertinent part:

> It is understood that if [WHI] has not received funding from a Sponsor to pay for Covered Products and Services provided by Omnicare or an Omnicare Pharmacy, then [WHI] shall not incur any liability for failure to pay for such Covered Products and

---

[1]     In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act (commonly known as "Medicare Part D"), which had the effect of creating a new Medicare prescription drug benefit for certain categories of Medicare-eligible individuals.  (*See* Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003).) Pursuant to Medicare Part D, private-sector prescription drug plans ("PDPs") contract with the Centers for Medicare and Medicaid Services ("CMS") to provide drugs covered to certain Medicare beneficiaries assigned to them by CMS. *See* 42 U.S.C. §§ 1395w-112(a)(1)(3)(a); *see also* 42 C.F.R. § 423.504(b)(2).  Generally, PDPs then contract with retail and long term care pharmacies that agree to dispense covered drugs to the beneficiaries at specified rates. Thus, when a beneficiary that is covered by a PDP needs a prescription, that pharmacy will fill the prescription and submit a claim to the PDP (or the PDP's claims processor) for payment.  The PDP (or its claims processor) then pays the pharmacy for the claim pursuant to the terms of the agreement.  Thereafter, the PDP reconciles its claims with CMS.

Services until such time as the applicable Sponsor makes funds available to [WHI] . . .

(*See* Cplt., Ex. 1 at § 3.1(a)(ii).)  Accordingly, pursuant to clear terms of the WHI-Omnicare Agreement, WHI **shall not** incur any liability to Omnicare until a "Sponsor" (as that term is defined by the agreement) makes funds available to WHI.  (*Id.*)

5.     In their Complaint, Omnicare fails to set forth any allegations that WHI received funding from any plan sponsor.  Accordingly, under the clear terms of the WHI-Omnicare Agreement, Plaintiffs do not sufficiently allege facts that, when taken as true, establish that WHI has incurred any liability to Omnicare.  As such, Omnicare's Complaint should be dismissed pursuant to 735 ILCS 5/2-615.

**WHEREFORE,** Comprehensive Health Management, Inc. respectfully requests that this Court enter an order as follows: (i) dismissing Plaintiff's Complaint pursuant to 735 ILCS 5/2-615 with prejudice; and (ii) granting it any further relief that this Court deems just and equitable.

Dated: February ___, 2008

COMPREHENSIVE HEALTH
MANAGEMENT, INC.

*E U E B L*
_____
One of Its Attorneys

Edwin E. Brooks
David S. Almeida
Steven D. Hamilton
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000
I.D. # 41748

CH02/ 22512631.1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,

      Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

      Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N

---

### COMPREHENSIVE HEALTH MANAGEMENT, INC.'S MOTION TO INTERVENE AS DEFENDANT AND TO FILE MOTION TO DISMISS

      Comprehensive Health Management, Inc. ("CHMI"), pursuant to 735 ILCS 5/2-408, submits this Motion to Intervene as Defendant and to File Motion to Dismiss (the "Motion"), and in support thereof states as follows:

      1.    On May 29, 2007, Plaintiff Omnicare, Inc. ("Omnicare") filed a two-count Complaint against Walgreens Health Initiatives, Inc. ("WHI"), alleging that WHI breached an agreement it had with Omnicare. On or about September 25, 2007, United Healthcare Services, Inc. ("United") filed a motion to intervene as a defendant as of right and by permission pursuant to 735 ILCS 5/2-408, and on or about December 6, 2007 this Court granted that motion.

      2.    CHMI similarly seeks to intervene in this matter as of right and by permission because, pursuant to an agreement between CHMI and WHI, CHMI may be partially responsible for the amounts that Omnicare seeks from WHI. CHMI separately files a memorandum of law in support of this Motion, and incorporates that memorandum as if fully set forth herein.

      3.    In accordance with 735 ILCS 5/2-408(e), accompanying this Motion is CHMI's Motion to Dismiss Omnicare's Complaint, for which CHMI respectfully requests leave to file

with this Court *instanter*. Moreover, CHMI seeks entry of an order setting the same briefing schedule as that set for WHI's motion to dismiss—*i.e.*, any response due on or before March 17, 2008 and a reply due on or before April 9, 2008.

   **WHEREFORE**, Comprehensive Health Management, Inc. respectfully requests that this Court enter an order as follows:

   (i)    granting it leave to intervene as a defendant in this case;

   (ii)    granting it leave to file the accompanying Motion to Dismiss Omnicare's Complaint *instanter*;

   (iii)    setting a briefing schedule on the accompanying Motion to Dismiss in conformity with the briefing schedule for WHI's motion to dismiss as follows:

        (a.)    Response due on or before March 17, 2008; and

        (b.)    Reply due on or before April 9, 2008;

        (c.)    Set a hearing date for May 1, 2008; and

   (iv)    any further relief that this Court deems just and equitable.

Dated: February 15, 2008

                              COMPREHENSIVE HEALTH
                              MANAGEMENT, INC.

                              *ELEBL*
                              One of Its Attorneys

Edwin E. Brooks
David S. Almeida
Steven D. Hamilton
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
I.D. # 41748

CH02/ 22512624.1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

OMNICARE, INC.,

      Plaintiff,

v.                                                                      No. 07-L-5503

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,              Judge Dennis J. Burke
INC.,                                                                 Calendar N

      Defendants.

---

## NOTICE OF MOTION

To:      See attached service list.

     Please take notice that on ~~February 25~~ March 10, *2008, at 9:30 a.m.,* or as soon thereafter as counsel may be heard, we will appear before the Honorable Dennis J. Burke, or any judge sitting in his stead, in the courtroom usually occupied by him in Room 2306 of the Richard J. Daley Center, Chicago, Illinois, and then and there present *Comprehensive Health Management, Inc.'s Motion to Intervene as Defendant and to File Motion to Dismiss*, a true and correct copy of which is hereby served upon you.

Dated:  February 15, 2008                          Respectfully Submitted,



                                    Edwin E. Brooks
                                    David S. Almeida
                                    Steven D. Hamilton
                                    DRINKER BIDDLE & REATH LLP
                                    191 N. Wacker Drive, Suite 3700
                                    Chicago, IL  60606-1698
                                    Telephone:  (312) 569-1000
                                    Facsimile:  (312) 569-3000
                                    I.D. # 41748

                                    *Attorneys for Comprehensive Health Management, Inc.*

CH02/ 22512672.1

## CERTIFICATE OF SERVICE

I, Steven D. Hamilton, an attorney in the law firm of Drinker Biddle & Reath LLP, hereby certify that I have caused a copy of the (1) *Notice of Motion*; (2) *Comprehensive Health Management Inc.'s Motion to Intervene as Defendant and to File Motion to Dismiss*; and (3) *Memorandum of Law in Support of Comprehensive Health Management Inc.'s Motion to Intervene as Defendant and to File Motion to Dismiss* to be served via electronic mail and First Class United States mail or personal service (as indicated), postage prepaid, from the law office of Drinker Biddle & Reath LLP, 191 N. Wacker Drive, Suite 3700, Chicago, IL 60606, upon:

*Via electronic mail and personal service:*
Richard C. Godfrey, P.C.
Scott W. Folkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

*Via electronic mail and personal service:*
Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel: (312) 360-6417
Fax: (312) 360-6996

*Via electronic mail and Regular U.S. Mail*
Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 861-6633
Fax: (202) 659-4503

*Via electronic mail and personal service:*
Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, Illinois 60611
Tel: (312) 923-2818
Fax: (312) 923-2918

Steven D. Hamilton

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED D - 2C
2000 FEB 29 PM 12: 2<
DOROTHY BROWN
CLERK OF THE CIRCUIT
OF COOK COUNTY, IL

OMNICARE, INC.                        )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        No. 07 L 005503
                                      )        Hon. Judge Burke
WALGREENS HEALTH INITIATIVES,         )
INC. et al.,                          )
                                      )        *3103*
        Defendants.                   )        *B871*
                                      )

## UNITED HEALTHCARE SERVICES, INC.'S REPLY
## TO OMNICARE, INC.'S AFFIRMATIVE DEFENSES

Defendant United HealthCare Services, Inc. ("United"), by and through its

undersigned counsel, hereby responds to the specific numbered paragraphs of Plaintiff

Omnicare, Inc.'s ("Omnicare") affirmative defenses to United's counterclaims. United

incorporates below the headings and subheadings from Omnicare's affirmative defenses

solely for organizational and reference purposes.

## OMNICARE'S FIRST AFFIRMATIVE DEFENSE - LACHES

1.      United denies the first and third sentences of paragraph 1 of Omnicare's

affirmative defenses.  United lacks sufficient knowledge to form a belief as to the truth of

the allegations in the second sentence of paragraph 1, and, therefore, denies the

allegations.

2.      United denies the allegations in the first, second, third, fourth, and fifth

sentences of paragraph 2 of Omnicare's affirmative defenses.  United lacks sufficient

knowledge to form a belief as to the truth of the allegations in the sixth sentence of

paragraph 2, and, therefore, denies the allegations. The seventh and eighth sentences of

paragraph 2 state legal conclusions to which no response is required; to the extent a response is required, United denies the allegations in the seventh and eighth sentences of paragraph 2.

3.     Paragraph 3 of Omnicare's affirmative defenses states legal conclusions to which no response is required; to the extent a response is required, United denies the allegations.

## OMNICARE'S SECOND AFFIRMATIVE DEFENSE – UNCLEAN HANDS

4.     In responding to paragraph 4 of Omnicare's affirmative defenses, United relies on the terms of the Prescription Drug Services Agreement between Omnicare and Walgreen Health Initiatives, Inc. dated July 29, 2005 ("Agreement") to speak for themselves. United lacks sufficient knowledge to form a belief as to the truth of the allegations in the second sentence of paragraph 4, and, therefore, denies the allegations.

5.     United admits its counterclaims put at issue claims submitted by Omnicare and paid by WHI. United denies the remaining allegations in paragraph 5.

6.     Paragraph 6 of Omnicare's affirmative defenses states legal conclusions to which no response is required; to the extent a response is required, United denies these allegations.

Dated:  February 29, 2008

Respectfully submitted,

By:  _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone:  312.360.6417
Facsimile:   312.360.6996
Email:  kfabian@freebornpeters.com

**Attorney for United Healthcare Services, Inc.**

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing United Healthcare Services, Inc.'s Reply to Omnicare, Inc.'s Affirmative Defenses to be served upon the individuals listed below by electronic and U.S. Mail on February 29, 2008.

Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
rcampbell@jenner.com

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
sfowkes@kirkland.com

Edwin E. Brooks
Drinker Biddle & Reath LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606
Edwin.brooks@dbr.com

Kellye L. Fabian

1495054v1

08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH

# *Exhibit A*
# *Part 2*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,

      Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

      Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N

### AGREED ORDER

    This matter coming before the Court on Comprehensive Health Management, Inc.'s

Motion to Intervene as Defendant and File Motion to Dismiss, and the Court being advised that

all parties have received notice and no party has any objection to the instant motion, **IT IS**

**HEREBY ORDERED AS FOLLOWS:**

(i)    Comprehensive Health Management, Inc. is granted leave to intervene pursuant to
735 ILCS 5/2-408(a) and (b) and, as such, is granted leave to file an appearance
as a defendant in this matter;

(ii)    Comprehensive Health Management, Inc. is granted leave to file its Motion to
Dismiss *instanter*; and

(iii)    a briefing schedule for Comprehensive Health Management, Inc.'s Motion to
Dismiss is set as follows:

    (a.)    Response due on or before March 17, 2008;

    (b.)    Reply due on or before April 9, 2008;

    (c.)    Hearing date for Comprehensive Health Management, Inc.'s Motion to
Dismiss is set for May 1, 2008.

Dated: _____

Hon. Dennis J. Burke

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,

      Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

      Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N

## INTERVENING DEFENDANT COMPREHENSIVE HEALTH MANAGEMENT, INC.'S
## MOTION TO DISMISS

      Comprehensive Health Management, Inc. ("CHMI") pursuant to 735 ILCS 5/2-615,
hereby submits this Motion to Dismiss Plaintiff, Omnicare, Inc.'s ("Omnicare") Complaint (the
"Motion"), and in support thereof states as follows:

      1.      It is well-settled that Illinois is a fact pleading state and, as such, a plaintiff is
required to plead ultimate facts that support his or her claim. *See Johnson v. Matrix Fin. Servs.
Corp.*, 354 Ill. App. 3d 684, 696 (1st Dist. 2004). In adjudicating a motion to dismiss pursuant to
735 ILCS 5/2-615, "[a]ll well-pleaded facts in the complaint are taken as true and are construed
in the light most favorable to the plaintiff." *Casualty Ins. Co. v. Hill Mech. Group*, 323 Ill. App.
3d 1028, 1033 (1st Dist. 2001). Although all well-pleaded facts are taken as true, conclusions of
law and allegations unsupported by specific facts are not sufficient to withstand a motion to
dismiss. *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 325 (1995).

      2.      On May 29, 2007, Omnicare filed a two-count Complaint against Walgreens
Health Initiatives, Inc. ("WHI"). Omnicare's two causes of action are predicated upon WHI's

alleged breach of an agreement it had with WHI (the "WHI-Omnicare Agreement"), which

Omnicare attached to its Complaint as Exhibit 1. (*See generally* Complaint ("Cplt.").)

       3.      As Omnicare alleges in its Complaint, pursuant to the WHI-Omnicare Agreement,

Omnicare agreed to provide prescription drugs to certain individuals in long term care facilities

such as nursing homes who were beneficiaries of Medicare Part D plans covered by the

agreement.[1]  (Cplt. ¶ 7.)  In return, WHI agreed to serve as a pharmacy benefit manager by

processing and paying claims to Omnicare on behalf of certain Medicare Part D plan sponsors.

(*Id.*)  In other words, Omnicare would provide prescription drugs to certain people pursuant to

Medicare Part D plans, and WHI would reimburse Omnicare pursuant to the terms of the WHI-

Omnicare Agreement.  (*Id.*)  According to the Complaint, WHI did not fully reimburse Omnicare

and, thus, WHI is in breach of the WHI-Omnicare Agreement.  (*See id.* at ¶ 7, 8, 9, 26, 27, 28 &

29.)

       4.      Omnicare failed to plead essential facts entitling it to bring a claim against WHI

for breach of the WHI-Omnicare Agreement.  Specifically, as set forth in Section 3.1(a)(ii) of the

WHI-Omnicare Agreement, WHI shall incur no liability until WHI receives funds from plan

sponsors.  That provision states, in pertinent part:

> It is understood that if [WHI] has not received funding from a
> Sponsor to pay for Covered Products and Services provided by
> Omnicare or an Omnicare Pharmacy, then [WHI] shall not incur
> any liability for failure to pay for such Covered Products and

---

[1]     In 2003, Congress enacted the Medicare Prescription Drug Improvement and Modernization Act (commonly known as "Medicare Part D"), which had the effect of creating a new Medicare prescription drug benefit for certain categories of Medicare-eligible individuals. (*See* Pub. L. 108-173, 117 Stat. 2066 (December 8, 2003).) Pursuant to Medicare Part D, private-sector prescription drug plans ("PDPs") contract with the Centers for Medicare and Medicaid Services ("CMS") to provide drugs covered to certain Medicare beneficiaries assigned to them by CMS. *See* 42 U.S.C. §§ 1395w-112(a)(1)(3)(a); *see also* 42 C.F.R. § 423.504(b)(2).  Generally, PDPs then contract with retail and long term care pharmacies that agree to dispense covered drugs to the beneficiaries at specified rates. Thus, when a beneficiary that is covered by a PDP needs a prescription, that pharmacy will fill the prescription and submit a claim to the PDP (or the PDP's claims processor) for payment.  The PDP (or its claims processor) then pays the pharmacy for the claim pursuant to the terms of the agreement.  Thereafter, the PDP reconciles its claims with CMS.

Services until such time as the applicable Sponsor makes funds available to [WHI] . . .

(*See* Cplt., Ex. 1 at § 3.1(a)(ii).) Accordingly, pursuant to clear terms of the WHI-Omnicare Agreement, WHI *shall not* incur any liability to Omnicare until a "Sponsor" (as that term is defined by the agreement) makes funds available to WHI. (*Id.*)

5.    In their Complaint, Omnicare fails to set forth any allegations that WHI received funding from any plan sponsor. Accordingly, under the clear terms of the WHI-Omnicare Agreement, Plaintiffs do not sufficiently allege facts that, when taken as true, establish that WHI has incurred any liability to Omnicare. As such, Omnicare's Complaint should be dismissed pursuant to 735 ILCS 5/2-615.

**WHEREFORE**, Comprehensive Health Management, Inc. respectfully requests that this Court enter an order as follows: (i) dismissing Plaintiff's Complaint pursuant to 735 ILCS 5/2-615 with prejudice; and (ii) granting it any further relief that this Court deems just and equitable.

Dated: March 6, 2008

                                COMPREHENSIVE HEALTH
                                MANAGEMENT, INC.

                                One of Its Attorneys

Edwin E. Brooks
David S. Almeida
Steven D. Hamilton
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
I.D. # 41748

CH02/ 22512631.1

## CERTIFICATE OF SERVICE

I, Steven D. Hamilton, an attorney in the law firm of Drinker Biddle & Reath LLP, hereby certify that on March 6, 2008, I caused a copy of the *Notice of Filing* and *Intervening Defendant Comprehensive Health Management Inc.'s Motion to Dismiss* to be served via electronic mail and First Class United States mail, postage prepaid, from the law office of Drinker Biddle & Reath LLP, 191 N. Wacker Drive, Suite 3700, Chicago, IL 60606, upon:

Richard C. Godfrey, P.C.
Scott W. Folkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel: (312) 360-6417
Fax: (312) 360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 861-6633
Fax: (202) 659-4503

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, Illinois 60611
Tel: (312) 923-2818
Fax: (312) 923-2918

Steven D. Hamilton

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**



OMNICARE, INC.,

      Plaintiff,

v.

WALGREENS HEALTH INITIATIVES, INC.,
and UNITED HEALTHCARE SERVICES,
INC.,

      Defendants.

No. 07-L-5503

Judge Dennis J. Burke
Calendar N

3731

**NOTICE OF FILING**

To:    See attached service list.

      **PLEASE TAKE NOTICE** that on March 6, 2008, counsel for Intervening-Defendant Comprehensive Health Management, Inc., caused **Intervening-Defendant Comprehensive Health Management, Inc.'s Motion to Dismiss,** to be filed with the Clerk of the Circuit Court of Cook County, a copy of which is hereby served upon you.

Dated:  March 6, 2008

Respectfully Submitted,

      Edwin E. Brooks
      David S. Almeida
      Steven D. Hamilton
      DRINKER BIDDLE & REATH LLP
      191 N. Wacker Drive, Suite 3700
      Chicago, IL 60606-1698
      Telephone: (312) 569-1000
      Facsimile: (312) 569-3000
      I.D. # 41748

      *Attorneys for Comprehensive Health Management, Inc.*

**SERVICE LIST**

Richard C. Godfrey, P.C.
Scott W. Folkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel: (312) 360-6417
Fax: (312) 360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 861-6633
Fax: (202) 659-4503

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, Illinois 60611
Tel: (312) 923-2818
Fax: (312) 923-2918

Steven D. Hamilton

CH02/ 22515455.1



# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,                      )
                         )
        Plaintiff,         )    Case No. 07-L-005503
                         )
v.                                   )    Calendar N
                         )
WALGREENS HEALTH INITIATIVES,        )    Honorable Judge Dennis J. Burke
                         )
        Defendant.         )
                         )

*FILED-4  2008 MAR 18 AM 10:50  DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION*

## NOTICE OF MOTION  #4

PLEASE TAKE NOTICE that on _MAR 31_, 2008, at _9:30 A_.m., or as soon

thereafter as counsel may be heard, I shall appear before the Honorable Judge Dennis J. Burke,

or any judge sitting in his stead at the Circuit Court of Cook County, Illinois, County Department,

Law Division, Courtroom _2306_ and present the attached, or soon thereafter as counsel may be

heard, Motion for Withdrawal and Substitution of Counsel of Record a copy of which is served

upon you.


Dated: March 18, 2008               Respectfully Submitted,

                                      _ELEB_

                                      Edwin E. Brooks, Attorney for Defendant


Firm No. 40426
Edwin E. Brooks
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, Illinois 60601
Phone: 312-849-3060

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Notice of Motion and Motion For Withdrawal and Substitution of Counsel of Record*, was caused to be served on the parties listed below by depositing same in the U.S. Mail, first class, postage paid, before the hour of 5:00 p.m. on March 18, 2008.

Richard P. Campbell
Jenner & Block LLP
One IBM Plaza
Chicago IL, 60611

Kellye L. Fabian
Freeborn & Peters
311 S Wacker Drive, #3000
Chicago IL, 60606

Scott W. Fowkes
Kirkland & Ellis LLP
200 E Randolph Dr.
Chicago IL, 60601

Michael Prame
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006

David S. Almeida
Drinker Biddle & Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698

_____
Edwin E. Brooks, Attorney for Defendant

Firm No. 40426
Edwin E. Brooks
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, Illinois 60601
Phone: 312-849-3060

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-L-005503 |
| | ) | |
| v. | ) | Calendar N |
| | ) | |
| WALGREENS HEALTH INITIATIVES, | ) | Honorable Judge Dennis J. Burke |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR WITHDRAWAL AND SUBSTITUTION
OF COUNSEL OF RECORD**

NOW COMES, Edwin E. Brooks, formerly of Drinker Biddle & Reath LLP, counsel of

record for Defendant, Comprehensive Health Management, Inc., in the above-captioned case, has

changed firms and hereby moves to withdraw Drinker Biddle & Reath LLP, as counsel for

Defendant Comprehensive Health Management, Inc., and substitute the law firm of

McGuireWoods LLP, his new law firm.  The substitution will not delay the progress of this case.

Undersigned counsel respectfully requests that all future notices to counsel for Defendant,

Comprehensive Health Management, Inc., be addressed as follows:

Edwin E. Brooks
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Phone: 312-849-3060
Fax: 312-920-3681

WHEREFORE, Edwin E. Brooks, counsel for Defendant, Comprehensive Health

Management, Inc., respectfully request that the Court enter an order permitting withdrawal of

Drinker Biddle & Reath LLP, his former law firm and substitute  McGuireWoods LLP, his new

law firm, in this matter and for such other relief as this court deems just and proper.

Dated:  March 18, 2008

By: _____
Edwin E. Brooks, Attorney for Defendant

Firm No. 40426
Edwin E. Brooks
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Phone: 312-849-3060

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

OMNICARE, INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Case No. 07 L 005503
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Judge Burke
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
WALGREENS HEALTH INITIATIVES,⠀)
INC. and UNITED HEALTHCARE⠀⠀⠀)
SERVICES, INC.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)

**PROTECTIVE ORDER GOVERNING**
**DOCUMENTS AND OTHER DISCOVERY**

4238

Pursuant to Rule 201(c)(l) of the Illinois Supreme Court Rules and upon the agreement of

Omnicare, Inc. through its counsel; Walgreens Health Initiatives, Inc., through its counsel; and

United Healthcare Services, Inc., through its counsel, IT IS ORDERED:

⠀⠀⠀⠀1.⠀⠀⠀⠀All "Confidential Information" (as defined in Paragraph 4 hereof) and all "Highly

Confidential Information" (as defined in Paragraph 6 hereof) produced by any party or non-party

(hereinafter, "Producing Party") in this litigation shall be used solely for the purpose of this

litigation.  Confidential Information or Highly Confidential Information may not be used for any

other purpose, except as expressly provided herein or by further order of this Court.

⠀⠀⠀⠀2.⠀⠀⠀⠀Any information recorded in any form or any portion thereof, including any form

of evidence or discovery contemplated under Rules 201 through 230 of the Illinois Supreme

Court Rules, which does in fact contain Confidential Information or Highly Confidential

Information, may be designated by any Producing Party as Confidential Information or Highly

Confidential Information.  Any party to these proceedings shall have the right to demand proof

that any information designated as Confidential Information or Highly Confidential Information

is, in fact, confidential or highly confidential. A Producing Party shall only designate as Confidential Information or Highly Confidential Information documents or information that the Producing Party has treated as such in the ordinary course of its (or his or her) business. Each party shall have the right to dispute the confidentiality of any information designated as such, as provided in paragraph 11 below.

3.    Confidential Information and Highly Confidential Information may be made subject to the protective order as follows:

(a)    With respect to documents and things designated as Confidential Information or Highly Confidential Information, by marking each page with the legend or by affixing to each thing the notice "OMNICARE V. WHI CONFIDENTIAL" or "OMNICARE V. WHI HIGHLY CONFIDENTIAL." [1] The Producing Party shall so mark documents or copies prior to or at the time of supplying them to the party receiving the discovery responses ("Receiving Party"). All documents produced herein by each Producing Party also shall bear identifying bates numbers at the time a copy is given to the Receiving Party. In the case of material or information disclosed in a non-paper medium (*e.g.* slides, computer discs, audiotape), if all of the material in the container constitutes Confidential Information or Highly Confidential Information, the Producing Party may so specify. If only a portion of the material in the container constitutes Confidential Information or Highly Confidential Information, the Producing Party shall provide a legend or chart specifying which documents in the container are confidential or highly confidential, and the burden will be on the Producing Party to clarify for

---

[1] In addition, "protected health information," as defined in 45 C.F.R. § 160.103, shall be labeled "PHI."

the Receiving Party which material constitutes Confidential Information or Highly Confidential Information.

(b)    With respect to documents or copies produced by the Producing Party for inspection by opposing counsel, such documents shall only be accessible by outside counsel, whether or not so marked, unless and until opposing counsel requests copies of such documents and the Producing Party supplies such documents to opposing counsel.  Copies of such documents supplied to opposing counsel shall be made subject to this Order if, prior to or at the time of supplying them to opposing counsel, the Producing Party marks such copies as provided in paragraph 3(a) above.

(c)    In the case of depositions, if a question or line of questioning contains Confidential Information or Highly Confidential Information, or if a question or line of questioning calls for an answer that contains Confidential Information or Highly Confidential Information, or if an exhibit contains Confidential Information or Highly Confidential Information, counsel may designate on the record during the deposition the information as Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Order, which may constitute the entirety of the deposition.  Persons not permitted access to such information pursuant to this Order may be excused from the deposition during the portions thereof discussing the protected information.  Moreover, the court reporter shall be instructed to mark the deposition transcript accordingly.  The parties will use their best efforts to make all such designations during the deposition.  A Producing Party may later designate testimony or information disclosed at a deposition as Confidential Information or Highly Confidential Information by notifying all parties in writing, within thirty (30) calendar days after being notified by the court reporter or any party that the transcript is available, of the



specific pages and lines of the transcript that are to be designated Confidential Information or Highly Confidential Information. If no confidentiality designation is made at the time of a deposition, such deposition nonetheless shall be treated as Highly Confidential Information from the taking of the deposition until thirty (30) calendar days after being notified by the court reporter or any party that the transcript is available. The parties shall not disclose Confidential Information or Highly Confidential Information produced hereunder to any other deponent except pursuant to paragraphs 5 and 7 below.

(d)    Inadvertent production of information, documents, or other items without marking or otherwise designating such material as Confidential Information or Highly Confidential Information (despite the parties' best efforts to pre-screen such material prior to its production) does not waive its status as Confidential Information or Highly Confidential Information if a written request for reclassification of the material is made promptly after the Producing Party learns of its inadvertent production. Disclosure by the Receiving Party of such material prior to receipt of such notice shall not be deemed a violation of this Order; however, those persons to whom such disclosure was made are to be advised promptly that the disclosed material is Confidential Information or Highly Confidential Information and must be treated in accordance with this Order.

4.    The designation "Confidential Information" shall be limited to information that any Producing Party believes in good faith contains: (a) proprietary or commercially sensitive information; (b) business or technical information that would not ordinarily be disclosed to the public; (c) personal financial information; (d) "protected health information," as defined in 45 C.F.R. 160.103; or (e) information that should otherwise be subject to confidential treatment under Rule 201(c)(1) of the Illinois Supreme Court Rules. Confidential Information, designated



4

as such in accordance with this Order, shall be disclosed or made available only to persons specified in Paragraph 5 herein.  All copies of material properly designated as Confidential Information, and all extracts, abstracts, charts, summaries, and notes made from material properly designated as Confidential Information shall be Confidential Information.

5.    Documents and things designated as Confidential Information and any analysis or report pertaining thereto shall only be disclosed to or made available to the following persons:

(a)    In-house counsel of a named party and, with respect to Confidential Information disclosed by a non-party, in-house counsel for the non-party that produced such information;

(b)    Outside counsel representing a named party and, with respect to Confidential Information disclosed by a non-party, outside counsel for the non-party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)    Any independent experts or consultants who are not employed by the Receiving Party (and personnel acting under the Receiving Party's direct or indirect supervision), who are retained for purposes of this litigation, and whose advice and consultations are being used or will be used by the Receiving Party in connection with preparation for trial or other evidentiary hearing in the litigation, provided, however, that the expert or consultant executes the undertaking in the form of Exhibit A hereto;

(d)    As to any materials related to the submission, consideration, processing and/or adjudication of prescription drug claims that a Producing Party designates as Confidential Information, employees of the Receiving Party who normally have access to such materials in the regular course of business;

07L SS03

(f)     Individuals who either are designated in the document or material itself as an author or recipient thereof, or are otherwise shown to have authored, received, or reviewed the designated document or material, provided that the disclosure to such individuals be limited to the specific Confidential Information disclosed in the particular document;

(g)     Employee-deponents of the Producing Party, provided that such employees may only be shown documents or material that were created before or during the time of their employment;

(h)     Up to five (5) employees, to be named, of each named party, who are assisting in the prosecution or defense of the litigation, provided, however, that each employee signs an undertaking to be bound by the terms of this Order in the form of Exhibit A hereto;

(i)     Representatives of government regulatory agencies, with notice to the Producing Party;

(j)     Court reporters and/or videographers and necessary support personnel of such court reporters and/or videographers retained in connection with any hearing or trial of the litigation or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

(k)     Interpreters, translators, copying services, graphic support services, document imaging services, and database/coding services retained by counsel;

(l)     Jury consultants, mock jurors, focus group members, or research group participants selected by jury consultants or by trial counsel in preparation for trial, provided that such persons agree to be bound by the terms of this Order by executing the undertaking in the form of Exhibit A hereto and do not retain any Confidential Information;

07L SS03

(m)    Independent litigation support vendors, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services, provided that such persons agree to be bound by the terms of this Order by executing the undertaking in the form of Exhibit A hereto and do not retain any Confidential Information.

(n)    Any private mediators utilized in this litigation provided such persons agree to be bound by the terms of this Order by executing the undertaking in the form of Exhibit A hereto;

(o)    The Court, and any Special Masters and/or Mediators appointed by the Court, under seal; and

(p)    Any other person who is designated by order of Court, after notice to all parties.

6.    The designation Highly Confidential Information shall be limited to information that any Producing Party believes in good faith contains: (a) current and past (to the extent they reflect on current) marketing plans and methods; (b) current and past (to the extent they reflect on current) business planning and financial information (including customer and client pricing information); (c) trade secrets; (d) past or current personnel or employee information; or (e) other highly sensitive information, the disclosure of which is likely to cause competitive or commercial injury to the producing party.  Highly Confidential Information, designated as such in accordance with this Order, shall be disclosed or made available only to persons specified in paragraph 7 herein.  All copies of material properly designated as Highly Confidential Information, and all extracts, abstracts, charts, summaries, and notes made from material properly designated as Highly Confidential Information shall be Highly Confidential Information.

07LSS03

7.    Documents and things designated as Highly Confidential Information, copies thereof, the information contained therein, and any analysis or report pertaining thereto shall only be disclosed to or made available to the following persons:

(a)    In-house counsel of a named party described in paragraph 5(a) who has executed the Certification attached hereto as Exhibit B. In-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to Highly Confidential Information that his or her own company has produced and so designated. With respect to Highly Confidential Information disclosed by a third-party, in house counsel for the third-party also may have access to Highly Confidential Information of the third-party;

(b)    Individuals to whom Confidential Information may be disclosed or made available to pursuant to paragraphs 5(b)-(g) and (i)-(p).    All procedures and use limitations set forth in paragraphs 5(b)-(g) and (i)-(p) shall be equally applicable to Highly Confidential Information.    Individuals described in paragraph 5(h) shall not have access to Highly Confidential Information.

8.    This order does not apply to any information or documents:

(a) Already in the possession of or previously received by a Receiving Party and not subject to any prior designation of confidentiality.  If the information is subject to a prior designation of confidentiality, (i) any such designation will govern its disclosure among employees of the Receiving Party, and (ii) the terms of this Order shall govern its disclosure by the Receiving Party outside of its own employees for purposes of this lawsuit;

(b) Acquired by a Receiving Party from a non-party without being designated confidential.

07 LSS03

9.    Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party who makes the Confidential Information or Highly Confidential Information designation consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

10.    In the event that counsel for a Receiving Party deems it necessary to disclose any information designated as Confidential Information to any person not designated in Paragraph 5 herein, or deems it necessary to disclose any information designated as Highly Confidential Information to any person not designated in Paragraph 7 herein, said counsel shall notify the Producing Party, through its counsel, in writing of the information or documents to be disclosed, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the Receiving Party shall move the Court for an order that such person or category of persons may be given access to the Confidential Information or Highly Confidential Information.  In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosures.  Until such motion is decided by this Court, no disclosure shall be made.  In the event that such motion is granted, such person or category of persons may have access to the Confidential Information or Highly Confidential Information provided that before access is given, such person or persons signs an undertaking to be bound by the terms of this Order in the form of Exhibit A hereto.

11.    A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent change thereto.  In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential Information or Highly Confidential Information, the parties shall try

07 L SS03

first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Receiving Party shall inform the Producing Party in writing that the material should not be deemed confidential and shall cite this paragraph. The party objecting to the Confidential Information or Highly Confidential Information status of a document must present a motion to the Court objecting to such status. On any such motion, the proponent of the Confidential Information or Highly Confidential Information status shall bear the burden of proof. The document shall continue to have such status unless and until such a motion is presented, and during the pendency of any such motion.

12.     In the event that any Receiving Party or non-party receives a subpoena or other process or order to produce Confidential Information or Highly Confidential Information of a Producing Party, such Receiving Party or non-party shall promptly notify counsel of record of the Producing Party within three (3) calendar days of the document(s) sought by such subpoena or other process or order, shall also within three (3) calendar days provide counsel for the Producing Party a copy of said subpoena, process, or order, and shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party. The Producing Party shall have the burden of defending against such subpoena, process, or order. The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the Producing Party is successful in obtaining an order modifying or quashing the subpoena.

13.     Inadvertent production of privileged attorney work-product or information (despite the parties' best efforts to pre-screen such material prior to its production) shall not be deemed a waiver of any attorney-client privilege or attorney work-product immunity that may apply thereto if:

07LSS03

(a)    A request for return of such documents or information is made promptly by the Producing Party;

(b)    The Producing Party took reasonable precautions to prevent the disclosure of the inadvertently produced document; and

(c)    The extent of the inadvertent production was minimal in the context of the entire production.

Upon written request, the Receiving Party shall promptly return the inadvertently produced material. If the Receiving Party disputes in court whether the inadvertently produced document is privileged or that a privilege has been waived, the Receiving Party shall not withhold return of the inadvertently produced material pending resolution of that dispute. Notwithstanding the above, it is not the intent of this paragraph to either extend or diminish the scope of any attorney-client privilege or work-product immunity that may apply to the inadvertently produced material.

14.    Any Producing Party may agree by stipulation agree to an exception to this Order, and any party or member of the general public may seek an order of this Court modifying this Protective Order. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any information or material produced.

15.    To the extent possible, motions, briefs, and pleadings will not contain Confidential Information or Highly Confidential Information but will simply refer to the documents filed under seal so that the motions, briefs, and pleadings will not be have to filed under seal. In the event the parties must file Confidential Information or Highly Confidential

074 5503

11

Information under seal, they must do so pursuant to the Court's regular procedures for filing documents under seal.

16.    The manner in which Confidential Information or Highly Confidential Information is to be disclosed at a trial or hearing will be determined by the Court or by agreement of the parties.

17.    Within sixty (60) calendar days following the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the Court of Appeals if this case is not reopened as a result of the terms of the mandate or order,

(a)    All Confidential Information or Highly Confidential Information filed under seal with the Court shall be returned to the party that filed it;

(b)    The Producing Party may direct that the Receiving Party either return or destroy all Confidential Information or Highly Confidential Information of the Producing Party, with the exceptions that:

(i)    Outside counsel of the Receiving Party may keep one copy of the material for a complete file;

(ii)    Outside counsel may maintain in their files all materials submitted or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to Confidential Information or Highly Confidential Information).

If the Producing Party directs the Receiving Party to destroy such Confidential Information and Highly Confidential information, then the Receiving Party, within ten (10) calendar days of destroying such material, must certify in writing that it has destroyed such

0715503

material, and serve said certification upon the Producing Party. If the Producing Party directs the Receiving Party to return Confidential Information and Highly Confidential Information, the Producing Party shall reimburse the Receiving Party for packing and shipping costs.

18.     Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, such Order shall continue to be binding after the conclusion of the litigation except that a party may seek the written permission or further order of the Court with regard to dissolution or modification of such Protective Order.

19.     Nothing herein shall be construed as an agreement or admission that:  (i) any information, document or the like designated as Confidential Information or Highly Confidential Information is, in fact, confidential or highly confidential, or that (ii) the document, information, or the like is competent, relevant or material.  Furthermore, neither the entry of this Order nor the designation of any information, document or the like as Confidential Information or Highly Confidential Information (or the failure to make such designation) shall (i) constitute evidence with respect to any issue in this litigation; or (2) negate or nullify any obligation (contractual or otherwise) of a party to maintain information as confidential for purposes other than this litigation.

20.     Nothing herein shall restrict a party's right to use or disclose documents or information that is publicly available or that a party has lawfully obtained from any other source.

21.     Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information or Highly Confidential Information.

07LSS03

SO STIPULATED this _____ day of February, 2008.


_____
Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
*Counsel for Omnicare, Inc.*


_____
Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Counsel for Walgreens Health Initiatives, Inc.*


_____
Kellye L. Fabian
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
*Counsel for United Healthcare Services, Inc.*


It is so ORDERED, this _____ day of February, 2008.


_____
Hon. Dennis J. Burke

14

SO STIPULATED this _14th_ day of February, 2008.


Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
*Counsel for Omnicare, Inc.*


Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Counsel for Walgreens Health Initiatives, Inc.*


Kellye L. Fabian
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
*Counsel for United Healthcare Services, Inc.*


It is so ORDERED, this _____ day of February, 2008.


Hon. Dennis J. Burke

1744

Judge Dennis J. Burke

FEB 1 4 2008

Circuit Court-1744

07L5503

14

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in Omnicare v. Walgreens Health Initiatives et al., 07 L 005503, dated _____, 2008. Pursuant to the Order, I may be given access to "Confidential Information" or, if it qualifies under the Order, "Highly Confidential Information" in the above-referenced action. I agree that I will not reveal Confidential Information or Highly Confidential Information to, or discuss such with, any person who is not entitled to receive Confidential Information or Highly Confidential Information, except as provided under this Order. I will use Confidential Information or Highly Confidential Information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all Confidential Information and Highly Confidential Information confidential in accordance with this Order. I agree that the Circuit Court of Cook County, Illinois has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____     _____

                                    [Print Name]

                                    _____

                                    [Company]

                                    _____

                                    [Address]

07L5503

DD

## CERTIFICATION – EXHIBIT B

I hereby certify that I have read the attached Protective Order in Omnicare v. Walgreens Health Initiatives, 07 L 005503, dated _____, 2008 ("the Order"), and I agree that I will not reveal "Highly Confidential Information" to, or discuss such with any person who is not entitled to receive Highly Confidential Information in accordance with the Order.  I will use Highly Confidential Information only for the purpose of facilitating the prosecution and defense of the action and not for any business or other purpose.  I will otherwise keep all Highly Confidential Information in accordance with this Order.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel.  Although I may attend meetings where others discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) and Matsushita Elec. Indus. CO. v. United States, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent, or any other party that might gain a competitive advantage from access to the material disclosed under the Order.  Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about pricing, marketing or advertising strategies, produce research and development, product design or competitive structuring and composition of bids, offers, or proposals, with respect to which the use of Highly Confidential Information" could provide a competitive disadvantage.

07 L 5503

I further agree that the Circuit Court of Cook County, Illinois has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.


Dated: _____          _____

                                          [Print Name]

                                          _____

                                          [Company]

                                          _____

                                          [Address]

07 L 5503

SO STIPULATED this _____ day of February, 2008.


_____
Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611
*Counsel for Omnicare, Inc.*


_____
Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Counsel for Walgreens Health Initiatives, Inc.*


_____
Kellye L. Fabian
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
*Counsel for United Healthcare Services, Inc.*


It is so ORDERED, this _____ day of February, 2008.


Judge Dennis J. Burke
CFEB 1 4 2008
Circuit Court-1744

1744

_____
Hon. Dennis J. Burke


07LSS03

14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

)
_Omnicare_ vs. _Walgreens Health Initiatives_    )    No. _07 L 5503_
)
)

## ORDER

This cause coming on for entry of a briefing schedule on the Motion of Movant,
___WHI___ for ___X___ 2-615 Dismissal; ___X___ 2-619 Dismissal;
___Rule 103(b) Dismissal; ___2-1005 Summary Judgment; ___Other
_____; the Court being advised in the premises:

V.
J.C.

## IT IS HEREBY ORDERED AS FOLLOWS:

428
429    1. The Response of _any party_ is due on _March 17_, 20_08_.
       2. The Reply of _WHI_ is due on _April 9_, 20_08_.
6271   3. The matter is set for hearing on _May 1_, 20_08_ at
       _10:30_ (a.m.) (p.m.)
       4. **MOVANT'S DUTIES TO THE COURT.** Without exception, the movant
          shall provide this Court with a complete set of all courtesy copies – _on the
          date the reply brief is due and no later._ NOTE THAT YOUR HEARING
          DATE WILL BE STRICKEN BY THIS COURT FOR FAILURE TO
          PROVIDE COURTESY COPIES BY THE DATE REPLY BRIEF IS DUE!
          Courtesy copies are to include the following items:
          • the Motion, and supporting memorandum of law, if any;
          • the Response;
          • the Reply;
          • the most current version of the Complaint;
          • all exhibits referred to in any pleadings; and
          • copies of all out-of-state and federal caselaw and statutes (not Illinois).
       5. **BRIEF FORMAT.** Without prior leave of court, no brief shall be submitted
          to this Court that is (exclusive of exhibits) in excess of 15 pages, double-
          spaced, in 12-point font, on 8.5 x 11" paper, with 1" margins on all sides.
4384
4330   6. Other: _The hearing on WHI's motion set for Feb 25th is stricken._

**NO HEARINGS ON CONTESTED MOTIONS WILL BE HELD WITHOUT FULL
COMPLIANCE**

Atty. No.:
Name:
Attorney for:
Address:
City:
Telephone: (    )

JAN 1 4 2008
Judge Dennis J. Burke
Circuit Court-1744

_MC_ ENTER: _Dennis J Burke_  1744

_____
Judge Dennis J. Burke # 1744

C.C.
MEM.

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 L 005503 |
| | ) Judge Burke |
| | ) |
| WALGREENS HEALTH INITIATIVES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

FILED-12
2008 MAR 17 PM 2:38
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### NOTICE OF MOTION

TO:   Counsel of Record

PLEASE TAKE NOTICE that on MAR 24, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Dennis L. Burke in Room 2306, or the courtroom usually occupied by him at the Daley Center, 50 W. Washington St., Chicago, Illinois 60602, for hearing on United Healthcare Services, Inc.'s Motion for Judgment on the Pleadings, a copy of which is attached and hereby served upon you.

Dated: March 17, 2008

Respectfully submitted,

_Kelly L. Fabian_
Kelly L. Fabian
FREEBORN & PETERS LLP (#71182)
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
*Counsel for United Healthcare Services, Inc.*

1508167v1

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| OMNICARE, INC.,<br><br>    **Plaintiff,**<br><br>v.<br><br>WALGREENS HEALTH INITIATIVES,<br>INC.,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>) No. 2007-L-005503<br>)<br>)<br>)<br>)<br>)<br>) |

FILED-12
2008 MAR 17 PM 2:38
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### United Healthcare Services, Inc.'s Motion for Judgment on the Pleadings

Intervenor-Defendant United Healthcare Services, Inc. ("United"), by and through its undersigned counsel, hereby moves the Court for judgment on the pleadings. In support of its motion, United states as follows:

1. Plaintiff Omnicare, Inc. ("Omnicare") filed this lawsuit against Walgreens Health Initiatives, Inc. ("WHI") seeking reimbursement for prescription drugs that it allegedly dispensed to Medicare Part D beneficiaries.

2. Omnicare alleges that, in 2005, it entered into an agreement with WHI under which Omnicare agreed to participate in WHI's pharmacy network and to provide prescription drug services to Medicare Part D beneficiaries pursuant to the terms and conditions of that agreement ("Omnicare Agreement"). (Compl. ¶ 7). Omnicare avers that, between January 1, 2006 and May 13, 2007, it submitted to WHI prescription drug claims with respect to Medicare Part D beneficiaries, some of which WHI denied reimbursement for (in whole or in part) under the Omnicare Agreement. (Compl. ¶¶ 8, 9, 26 and 27). The denied claims allegedly relate to Medicare Part D beneficiaries enrolled in Medicare Part D Prescription Drug Plans ("PDPs") sponsored by affiliates of United and Comprehensive Health Management, Inc. ("CHMI").

1

3.      In September 2007, United sought to intervene in this lawsuit because, should Omnicare prevail on its claims against WHI, United PDPs may be at least partially responsible for some or all of the amounts under a separate agreement between WHI and United.  Omnicare did not oppose United's motion to intervene, which was granted on December 8, 2007.  United filed its Answer on December 11, 2007.

4.      On February 8, 2008, WHI filed a motion to dismiss Omnicare's complaint. Because United's involvement in this case is contingent on Omnicare's proceeding and prevailing on its claims against WHI, United is entitled to judgment on the pleadings if Omnicare's complaint against WHI is dismissed.

5.      A motion to dismiss on the pleadings "asks the trial court to review the pleadings and determine, as a matter of law, that the pleadings do not present a triable factual issue." *Farmers Auto In. Ass'n. v. Rowland*, 2008 WL 433653, at *1 (2nd Dist. 2008).  In ruling on a motion for judgment on the pleadings, "only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admission in the record may be considered." *M.A.K. v. Rush Presbyterian-St. Luke's Medical Center*, 198 Ill.2d 249, 255 (2001).

6.      Omnicare's lawsuit against WHI places at issue certain prescription drug claims that Omnicare alleges have not been paid, either in whole or in part.  As United identified in seeking to intervene in the lawsuit, should Omnicare prevail on its claim against WHI, it is possible that United PDPs ultimately could be financially responsible for the claims (pursuant to a separate contract between WHI and United).

7.      Therefore, United's involvement in this lawsuit is predicated on the viability of Omnicare's underlying claims against WHI.  Accordingly, if the Court grants WHI's motion to dismiss, any derivative proceedings – including those involving an intervenor defendant like

2

United – should also be dismissed. *TRW Title Insurance Company*, 153 F.3d 822, 827 n. 3 (7th Cir. 1998) (citing *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982)).

**WHEREFORE**, United respectfully requests that this Court enter an order granting judgment on the pleadings in favor of United.

Dated:  March 17, 2008

Respectfully submitted,

By: _____

One of United Healthcare
Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
Telephone:  312.360.6417
Facsimile:   312.360.6996
Email:  kfabian@freebornpeters.com

Thomas F. Fitzgerald
Michael Prame
Mark Nielsen
Julia Zuckerman
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW
Washington, DC 20006
Telephone:  202.857-0620
Facsimile:   202.659-4503
Email:  mjp@groom.com

**Attorneys for United Healthcare Services, Inc.**

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, certifies that she caused a copy of the foregoing Notice and Motion to be served upon the individuals listed below by electronic and U.S. Mail on March 17, 2008.

Richard P. Campbell
Jenner & Block LLC
330 North Wabash Avenue
Chicago, Illinois 60611

Scott W. Fowkes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Edwin E. Brooks
McGuire Woods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601

_____
Kellye L. Fabian

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
2008 MAR 18 AM 11: 26

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | |
|---|---|
| OMNICARE, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WALGREENS HEALTH INITIATIVES, INC., )<br><br>Defendant. ) | No. 07 L 005503<br><br>Hon. Judge Burke<br>Cal. "N" |

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Omnicare, Inc., by and through its attorneys, Jenner & Block LLP, respectfully submits this Memorandum of Law in Opposition to Defendant Walgreens Health Initiatives, Inc.'s Motion to Dismiss in the above-captioned matter.

## I.    INTRODUCTION

Plaintiff Omnicare, Inc. ("Omnicare") filed this action against Walgreens Health Initiatives, Inc. ("WHI") seeking damages for breach of contract. As outlined in Omnicare's complaint ("Complaint"), Omnicare provides pharmaceutical products and services to residents of long term care facilities. WHI is a healthcare insurance company and a pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on behalf of several Part D Plans ("PDPs"). *See* Complaint at ¶¶ 1-3.

In order to be approved by the body governing the Medicare Part D benefit, the Centers for Medicare and Medicaid Services ("CMS"), PDPs must, among

other requirements, show that they have an adequate network of pharmacies. In order to do so, the PDPs, or PBMs acting on their behalf, routinely contract with Omnicare to serve as an institutional pharmacy for their members. In the present case, WHI, acting on behalf of all the PDPs it services, entered into a contract with Omnicare on July 29, 2005 ("Agreement"). Pursuant to the Agreement, WHI reimburses Omnicare for the pharmacy services it has provided to beneficiaries of WHI's PDPs. *See* Complaint at ¶¶ 4, 7. A copy of the Agreement was attached as Exhibit 1 to the Complaint.

When WHI breached its contract with Omnicare by both (1) improperly withholding cost-sharing amounts due Omnicare for prescription drugs Omnicare provided to institutionalized full subsidy eligible beneficiaries, and (2) failing to reimburse Omnicare for prescription drugs Omnicare provided under the special conditions described in Section 3.8 of the Agreement, Omnicare sought recourse under the Agreement by filing this suit. *See* Complaint at ¶¶ 8, 26.

WHI has now moved to dismiss Omnicare's suit on the grounds that Omnicare's complaint is allegedly defective for failing to plead that WHI had received funds from its contracted PDPs but withheld them from Omnicare. WHI further alleges that, fatal to Omnicare's claim, WHI in fact did not receive payment from its PDPs for the claims at issue. But WHI pins too much on a contractual clause that, plainly read, does not require that Omnicare allege payment to WHI by the PDP for which it acts as agent in order to sue WHI for the recovery of funds WHI owes to Omnicare under a breach of contract theory. The relevant clause does not come into effect to insulate WHI from liability unless WHI both puts Omnicare on notice of a PDP's non-payment and takes affirmative steps to recoup Omnicare's funds from the nonpaying PDP (for which,

2

it bears reminding, WHI is acting as agent). Unfortunately for both parties, WHI took neither of these steps. This contractual clause, then, was not brought into effect and is irrelevant to Omnicare's cause of action for breach of contract. Moreover, even if the clause were relevant, Omnicare nonetheless pled its causes of action with sufficient detail to satisfy 735 ILCS 5/2-615.

Finally, equity demands that this Court permit Omnicare to pursue payment against WHI. WHI administers the claims under this contract and it was the authorized agent of the PDPs. Omnicare must be allowed to seek payment through its contract with the entity that actually processes and reimburses claims under this contract. To allow otherwise would be to frustrate Omnicare's ability to obtain full relief and would turn basic agency law on its head.

## II.    FACTUAL BACKGROUND

When a long term care pharmacy such as Omnicare fills a prescription for a Part D beneficiary, it must submit a claim for payment either directly to the beneficiary's PDP or to the PBM of the beneficiary's PDP. Whether the pharmacy submits the claim to the PDP or to a PBM depends on the contractual network of the PDP with which the beneficiary is enrolled. Where the claim is submitted to a PBM, the PBM adjudicates the claim and reimburses the pharmacy if and to the extent that reimbursement is permitted under their contract. That is the scope of Omnicare's role in the financial flow-chart here; the money it receives comes from the PBM (WHI) who is acting on behalf of the PDP. Separately, as Omnicare understands it, the PBM in turn requests payment from the PDP for those reimbursements paid to Omnicare. Omnicare is

*not* a party to the contract between the PBM (WHI) and the PDP. The PDP reimburses the PBM if and to the extent that reimbursement is permitted under their contract, again to which Omnicare is *not* a party. Ultimately, Omnicare understands that the PDP seeks reimbursements for these claims from the federal government, again a contractual relationship to which Omnicare is not a party.

Here, Omnicare has entered into a contract with WHI as an agent for PDPs whereby, pursuant to the terms of Section 3.1(a)(i), WHI pays Omnicare for prescription claims it approves through its adjudication process. *See* Complaint at ¶ 7. WHI in turn seeks payment from the appropriate PDP or PDP Sponsor for the claim WHI approved for Omnicare. There is no adjudication process performed by the PDP or PDP Sponsor as a prerequisite for payment.

Omnicare brought this suit seeking damages for sums partially or entirely withheld by WHI as a result of WHI's claims adjudication process. As alleged in Omnicare's complaint, WHI as agent for PDPs has improperly withheld cost-sharing amounts for certain claims relating to patients in nursing homes and LTC facilities that are categorized by CMS as "institutionalized full subsidy eligible individuals." Complaint at ¶¶ 5, 8. Additionally, WHI has rejected (and thus refused to pay altogether) claims for prescription drugs dispensed under special circumstances that are specifically covered by WHI's contract with Omnicare in accordance with Section 3.8. *See* Complaint at ¶ 24; *see also* Section 3.8 of the Agreement.

## III.    ARGUMENT

Omnicare's complaint satisfies Illinois's fact-pleading requirements because it lays out the facts vital to its claim: Omnicare provided drugs and services pursuant to its agreement with WHI, and WHI did not reimburse Omnicare (partially in the case of the co-payment claims for dual eligibility low income beneficiaries, and not at all in the case of certain claims that were rejected outright) as required under the Agreement. *See* Complaint at ¶¶ 8-11. WHI correctly points out that Omnicare did not plead facts relating to Section 3.1(a)(ii) of the Agreement. *See* WHI's Mtn. to Dismiss, p. 5. This is because 3.1(a)(ii) is inoperative and therefore irrelevant to Omnicare's claim.

Section 3.1(a)(ii) is a protective clause. It shields both Omnicare and WHI from the accumulation of large losses in the event one of WHI's PDPs is unable or unwilling to pay claims submitted by Omnicare. Under the clause, WHI is to notify Omnicare of a PDP's nonpayment within just five days, and must take pains to secure payment from the delinquent PDP. If WHI were to perform these duties pursuant to the Agreement, Omnicare would have early warning of a potentially bad situation and could assess whether, in light of the successfulness of WHI's efforts to obtain payment, it should terminate the contract before losses mounted. Only by performing these duties, thus giving Omnicare an opportunity to redress and minimize potential losses, can WHI avoid liability for its PDP's nonpayment.

WHI portrays itself as a mere conduit for funds transfer, in no event liable should its contracted PDPs fail to pay for drugs or pharmaceutical services provided by Omnicare. It emphasizes its role as "middleman." WHI's Mtn. to Dismiss, p. 1. This is

a mischaracterization both of WHI's role as a PBM and of Section 3.1(a)(ii). Parties contract with PBMs in order to ensure that funds move properly between PDPs and pharmaceutical companies. Absent this stewardship over funds, a PBM adds no value to the pharmaceutical provider – PDP relationship. Section 3.1(a)(ii) of the Agreement demonstrates just this steward's role: WHI is to watchfully ensure proper payment to Omnicare, and only if it performs this duty as steward can it be free from liability should it be unsuccessful in collecting funds from a PDP.

WHI claims it cannot be liable for a PDP's nonpayment regardless of whether it has fulfilled its duties as a PBM under 3.1(a)(ii).[1] But the preconditions for non-liability set by 3.1(a)(ii) are clear:

> It is understood that if [WHI] has not received funding from a Sponsor...then [WHI] shall not incur any liability for failure to pay...*provided, however, that notwithstanding the foregoing* or Section 4.2(a), if Omnicare has not received payment within thirty (30) days from the due date therefore, Omnicare may terminate this Agreement with respect to the Sponsor that failed to provide the aforementioned funding.... *[WHI] agrees to provide Omnicare with notice of nonpayment by a Sponsor within five (5) business days following any failure of the Sponsor to provide funds to [WHI] for payment of amounts owed to Omnicare hereunder in accordance with the terms of the agreement between Sponsor and [WHI].* In the event of nonpayment or delay of payment by any Sponsor, [WHI] will cooperate reasonably with Omnicare and will use *reasonable good faith efforts to obtain for*

---

[1] WHI construes section 3.1(a)(ii) to place the burden of seeking payment from nonpaying PDPs on exactly the opposite party as plainly stated by this clause, stating, "The contract...provides that in the event of nonpayment, Omnicare, not WHI, has the burden of seeking payment from the Sponsor." WHI Mtn. to Dismiss, p. 1. But the language of section 3.1(a)(ii) places the burden of seeking payment squarely on WHI: "In the event of nonpayment or delay of payment by any Sponsor, [WHI] will cooperate reasonably with Omnicare and will use reasonable good faith efforts to obtain for Omnicare or assist Omnicare in obtaining payment from such Sponsor...." Agreement at 3.1(a)(ii), Exh. 1 to Complaint.

> ***Omnicare or assist Omnicare in obtaining payment*** from such Sponsor....

Agreement at 3.1(a)(ii), Exh. 1 to Complaint (emphasis added).

WHI does not incur liability unless Omnicare has had the opportunity to terminate their contract, having been notified of a PDP's nonpayment and after WHI's expenditure of "reasonable good faith efforts to obtain for Omnicare" payment from the nonpaying PDP. Notice and good faith efforts are the preconditions to WHI's avoidance of liability when one of its PDPs defaults or does not honor claims.

This clause, then, is inoperative and irrelevant to the facts of Omnicare's complaint. WHI did not provide Omnicare with notice of nonpayment by any of its PDPs, nor did it use good faith efforts to procure the unpaid funds for Omnicare. WHI, then, cannot be protected by Section 3.1(a)(ii) from liability for its PDPs' nonpayment. Consequently, there was no need for Omnicare to allege payment by WHI's PDPs in order to make out a viable breach of contract claim. Omnicare has in fact at no point suggested that WHI collected funds from PDPs which it then refused to release to Omnicare. Omnicare only alleges that WHI has failed to properly process and pay certain categories of claims. It is irrelevant to Omnicare's claim whether WHI has or has not collected funds from its PDPs for these claims, and Omnicare has no knowledge of whether WHI had indeed collected these funds.

A.    **Omnicare's Complaint Satisfies Illinois's Fact-Pleading Requirements**

Under Illinois law, this Court must construe the facts of a complaint in the light most favorable to the plaintiff, construing the complaint "liberally." *See Stephen L. Winternitz, Inc. v. National Bank*, 289 Ill. App. 3d 753, 755; 683 N.E.2d 492, 494 (1st

Dist. 1997) ("When ruling on a motion to dismiss under either section 2-615 or section 2-619 of the Code, the trial court must interpret all pleadings and supporting documents *in the light most favorable* to the nonmoving party; the court should grant the motion only if plaintiff can prove no set of facts that would support a cause of action.") (emphasis added); *Gen. Elect. Cred. Inc. v. Jankuski*, 177 Ill. App. 3d 380, 383; 532 N.E.2d 361, 363 (1st Dist. 1998) ("Where a motion to dismiss is filed pursuant to Section 2-615, for failure to state a cause of action, all well pleaded facts must be taken as true, and *any reasonable inferences drawn from those allegations must necessarily be construed liberally in favor of the complainant...*") (emphasis added); *see also Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724; (1st Dist. 2007) ("In ruling on a motion to dismiss, the court will construe pleadings liberally"). So construed, Omnicare's complaint makes out two clear causes of action for breach of contract. Omnicare has not, nor need it have, alleged facts covering every contingency contemplated by its agreement with WHI.

Additionally, Omnicare's complaint "reasonably informs" WHI of the nature of Omnicare's claims. The Supreme Court of Illinois has found that if a defendant is reasonably informed by plaintiff's complaint about the nature of the claims alleged, then the complaint is sufficiently well-pled. *See Chandler v. Illinois Central Railroad Co.*, 207 Ill. 2d 331, 348; 798 N.E.2d 724, 733 (Ill. 2003) (Noting that "[t]he Code of Civil Procedure[2] specifically recognizes that no complaint is bad in substance which reasonably informs the defendant of the nature of the claim that he or she is called upon to meet"); *see also Swaw v. Ortell*, 137 Ill. App. 3d 60, 67; 484 N.E.2d 780, 785 (1st

---

[2] Section 735 ILCS 5/2-612. Insufficient pleadings. ... (b) No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet.

8

Dist. 1984) ("The essential test of the sufficiency of a complaint is whether it reasonably informs the defendant of a valid claim, under a general class of cases, of which the court has jurisdiction"); *See also Magana v. Elie*, 108 Ill. App. 3d 1028, 1031; 439 N.E.2d 1319, 1321 (2nd Dist. 1982) ("Although Illinois requires fact rather than notice pleading...a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases"). It is clear that WHI, having identified the claims at issue in Omnicare's complaint and procured an affidavit about funds related to those claims from Ms. Blue, was "reasonably informed" of the nature of Omnicare's claims through Omnicare's complaint.

Omnicare's complaint, then, is in no way defective for having not pled the allegedly "essential factual element" of payment (WHI's Mtn. to Dismiss, p. 6). As discussed, *supra*, Section 3.1(a)(ii) is inoperative absent certain measures undertaken by WHI: notice to Omnicare of a PDP's nonpayment, and good faith measures from WHI to procure payment. Whether a PDP has or has not paid WHI is not essential to Omnicare's breach of contract claims. Therefore, Omnicare's complaint satisfies Illinois's fact-pleading requirement by pleading those facts actually essential to its breach of contract claims and should not be dismissed under 735 ILSC 5/2-615.

**B.    Omnicare's Complaint States a Claim That Entitles it to Relief**

Under Illinois law, a suit cannot be dismissed under 735 ILSC 5/2-619 unless there is no set of facts a complainant could possibly prove that would entitle it to relief. In *Chandler*, the Supreme Court of Illinois indicated that a "trial court should

dismiss the cause of action only if it is *clearly* apparent that *no set of facts* can be proven which will entitle the plaintiff to recovery." (emphasis added) *Chandler v. Illinois Central Railroad Co.*, 207 Ill. 2d 331, 348; 798 N.E.2d 724, 733 (Ill. 2003).

Omnicare's complaint plead a set of facts which, if proven at trial, would entitle it to relief. As explained in detail above, WHI incorrectly alleges that nonpayment, as a singular fact, invalidates Omnicare's claim for breach of contract.[3] Consequently, Omnicare's claim should not be dismissed under 735 ILSC 5/2-619.

## C.    Omnicare Should be Permitted to Continue its Suit Against WHI

Omnicare's agreement under which it is paid for drugs and services it provides to nursing home residents is with WHI as the agent for the PDPs. WHI acts as the administrator under this agreement and has a direct contractual and operational

---

[3] Further, it would be nonsensical to read the Omnicare-WHI agreement to mean that nonpayment by a plan sponsor unconditionally excuses WHI from reimbursing Omnicare for drugs and services it provided. A pharmaceutical provider's contract with a PBM would be meaningless if that PBM's exclusive contractual duties were excused in the very circumstances where its role as champion for its contracted pharmaceutical provider becomes most vital. WHI's role vis-à-vis Omnicare is to ensure that contractually provided payment reaches Omnicare when Omnicare properly submits claims. A PDP's nonpayment cannot, absent certain vital preconditions, excuse WHI from this obligation.

If WHI disagrees with Omnicare's interpretation of Section 3.1(a)(ii), the meaning of this clause and its consequent effects on Omnicare's claims should be determined at trial. The interpretation of contracts is a question of fact and it is inappropriate to decide such questions through pre-trial motions. *See Goddard v. Continental Ill. Nat'l Bank*, 177 Ill. App. 3d 504, 509; 532 N.E.2d 435, 438 (1st Dist. 1988) ("An ambiguous contract is one capable of being understood in more than one sense ... If an ambiguity exists, then the interpretation of a document is a question of fact which cannot be resolved by a section 2-615 motion; rather, the question can only be resolved after a trial on the merits"); *see also Quake Constr. Inc. v. American Airlines Inc.*, 141 Ill. 2d 281, 288-89; 565 N.E.2d 990, 994 (Ill. 1990) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a circuit court cannot properly determine on a motion to dismiss").

relationship with Omnicare. If forced to litigate exclusively against plan sponsors, Omnicare will be frustrated in the litigation because the PDPs have no operational role as WHI does and the basic rules of agency theory will be turned on their head. It is WHI that processes Omnicare's claims, not the PDPs. It is WHI that pays Omnicare reimbursements, not the PDPs. The absurd result arising from this scenario is illustrated by the motion to dismiss filed by plan sponsor, now intervenor-defendant, Comprehensive Health Management, Inc. In its motion, Comprehensive argues that under the terms of Omnicare's agreement with WHI, Omnicare cannot sue Comprehensive for nonpayment because Comprehensive failed to pay WHI. In short, Comprehensive argues that by not paying WHI, it escapes liability to Omnicare. This is nothing more than an attempt to play a transparent shell game. The court should not allow this. Equity demands that this Court permit Omnicare to continue its suit against WHI, the party with which Omnicare has a contractual and operational relationship.

## IV.    CONCLUSION

For all the foregoing reasons, WHI's motion to dismiss should be denied.

Date: March 17, 2008

Omnicare, Inc.

By: _____
    One of the Attorneys for Omnicare, Inc.

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue

Chicago, Illinois 60611-7603
Telephone:     312 222-9350
Facsimile:     312 527-0484
Firm I.D. No. 05003

## CERTIFICATE OF SERVICE BY U.S. MAIL AND EMAIL

I, Richard P. Campbell, an attorney, certify that I caused the foregoing **Omnicare, Inc.'s Memorandum of Law In Opposition to Defendant's Motion to Dismiss** to be served on all counsel of record by causing the foregoing to be delivered by United States First Class Mail, postage prepaid and via *email* before 5:00 p.m. on March 18, 2008.

_____

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| | ) |
| | ) |
| v. | ) No. 07 L 005503 |
| | ) |
| WALGREENS HEALTH INITIATIVES, INC., | ) Judge Dennis J. Burke |
| Defendant. | ) |
| | ) Calendar N |
| | ) |

*2008 MAR 18   AM 11: 26*

*DOROTHY BROWN*
*CLERK OF CIRCUIT COURT*
*LAW DIVISION*

## NOTICE OF FILING

**To:**

See Attached Service List

PLEASE TAKE NOTICE that on Tuesday, March 18, 2008, the undersigned caused the attached **Plaintiff Omnicare, Inc.'s Memorandum of Law In Opposition to Defendant's Motion to Dismiss** to be filed with the Clerk of Court, Richard J. Daley Center, Law Division, a copy of which is attached hereto and hereby served upon you by *United States First Class Mail* and by *email.*

Dated:  March 18, 2008

Respectfully submitted,

By: _____

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:  312 222-9350
Facsimile:   312 527-0484
rcampbell@jenner.com
Firm I.D.:   05003

No. 07 L 005503
(Calendar N)
In the Circuit Court of Cook County, Illinois
Count Department, Law Division

Omnicare, Inc., *Plaintiff* v. Walgreens Health Initiatives, Inc., *Defendant*.

*Judge Dennis J. Burke*
*Richard J. Daley Center*
*Courtroom Number 2306*
*Chicago, Illinois  60602*

## SERVICE LIST

| | |
|---|---|
| **Attorneys for Walgreens Health Initiatives**<br>Scott W. Fowkes<br>Charles W. Douglas, Jr.<br>**Kirkland & Ellis LLP**<br>200 East Randolph Drive<br>Chicago, Illinois  60601<br>Telephone:    312 861-2000 (main)<br>            312 861-2496 Fowkes direct)<br>            312 469-7079 (Douglas direct )<br>Facsimile:    312 861-2200 (main)<br>            312 665-9611 (Douglas direct)<br>sfowkes@kirkland.com<br>cdouglas@kirkland.com<br><br>**Attorneys for Comprehensive Health**<br>David S. Almeida<br>Steven D. Hamilton<br>**Drinker Biddle & Reath LLP**<br>191 N. Wacker Drive<br>Suite 3700<br>Chicago, Illinois  60606-1698<br>Telephone:    312 569-1000<br>Facsimile:    312 569-3000<br>david.almeida@dbr.com<br>steven.hamilton@dbr.com | **Attorneys for United Healthcare**<br>Kellye L. Fabian<br>**Freeborn & Peters, LLP**<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, Illinois  60606<br>Telephone:    312 360-6417<br>Facsimile:    312 360-6996<br>kfabian@freebornpeters.com<br><br>**Attorneys for United Healthcare**<br>Michael J. Prame *(Admitted Pro Hac Vice)*<br>Mark C. Nielsen *(Admitted Pro Hac Vice)*<br>Thomas J. Fitzgerald *(Admitted Pro Hac Vice)*<br>**Groom Law Group**<br>1701 Pennsylvania Avenue, N.W.<br>Washington, DC  20006<br>Telephone:    202 861-6633<br>mprame@groom.com<br>mnielsen@groom.com<br>tfitzgerald@groom.com |

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008 MAR 18 AM 11:29

DOROTHY BROWN
CLERK OF THE CIR. CT. COURT
OF COOK COUNTY, IL

|  |  |  |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 L 005503 |
| v. | ) | |
| | ) | Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, INC., | ) | Cal. "N" |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| and COMPREHENSIVE HEALTH | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF LAW IN OPPOSITION TO INTERVENOR-DEFENDANT
COMPREHENSIVE HEALTH MANAGEMENT, INC.'S MOTION TO DISMISS

Omnicare, Inc., by and through its attorneys, Jenner & Block LLP,
respectfully submits this Memorandum of Law in Opposition to Comprehensive Health
Management Inc.'s Motion to Dismiss in the above-captioned matter.

I.      INTRODUCTION

Plaintiff Omnicare, Inc. ("Omnicare") filed this action against Walgreens
Health Initiatives, Inc. ("WHI") seeking damages for breach of contract. As outlined in
Omnicare's complaint, Omnicare provides pharmaceutical products and services to
residents of long term care facilities. WHI is a healthcare insurance company and a
pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on
behalf of several Part D Plans ("PDPs"). *See* Complaint at ¶¶ 1-3. Upon information or

belief, Comprehensive Health Management, Inc. ("Comprehensive") is an affiliate of one of the PDPs whose claims WHI processes pursuant to its contract with Omnicare.

In order to be approved by the body governing the Medicare Part D benefit, the Centers for Medicare and Medicaid Services ("CMS"), PDPs must, among other requirements, show that they have an adequate network of pharmacies. In order to do so, the PDPs, or PBMs acting on their behalf, routinely contract with Omnicare to serve as an institutional pharmacy for their members. In the present case, WHI, acting on behalf of all the PDPs it services, entered into a contract with Omnicare on July 29, 2005 ("Agreement"). Pursuant to the Agreement, WHI reimburses Omnicare for the pharmacy services it has provided to beneficiaries of WHI's PDPs. *See* Complaint at ¶¶ 4, 7. A copy of the Agreement was attached as Exhibit 1 to the Complaint.

When WHI breached its contract with Omnicare by both (1) improperly withholding cost-sharing amounts due Omnicare for prescription drugs Omnicare provided to institutionalized full subsidy eligible beneficiaries, and (2) failing to reimburse Omnicare for prescription drugs Omnicare provided under the special conditions described in Section 3.8 of the Agreement, Omnicare sought recourse under the Agreement by filing this suit. *See* Complaint at ¶¶ 8, 26. Comprehensive subsequently intervened as a defendant in this suit. *See* Comprehensive Health Management, Inc.'s Motion to Intervene, filed Feb. 15, 2008.

Comprehensive has now moved to dismiss Omnicare's suit on the grounds that Omnicare's complaint is allegedly defective for failing to plead that WHI had received funds from its contracted PDPs only to withhold them from Omnicare. WHI has

2

moved on exactly the same grounds. *See* Walgreens Health Initiatives, Inc.'s Motion to Dismiss, filed February 8, 2008. Unfortunately, Comprehensive's entire--and sole-- argument for dismissal is based on a misread of one provision within the Agreement. Plainly read, the relevant provision does not insulate WHI from liability unless WHI both puts Omnicare on notice of a PDP's non-payment and takes affirmative steps to recoup Omnicare's funds from the nonpaying PDP. WHI took neither of these steps. This contractual clause, then, was not brought into effect, and is consequently irrelevant to Omnicare's claim for breach of contract. Moreover, even if the clause were relevant, Omnicare nonetheless pled its causes of action with sufficient detail to satisfy 735 ILCS 5/2-615.

Finally, equity demands that this Court permit Omnicare to pursue payment against Comprehensive. Incredibly, Comprehensive argues that its own failure to pay WHI for the pharmaceutical services Omnicare provided to Comprehensive's own plan members robs Omnicare of recourse against either Comprehensive or WHI. This argument is simply absurd, not to mention patently unjust. The Court should not tolerate Comprehensive and WHI's empty shell game to avoid payment to Omnicare, and thus Omnicare must be allowed to pursue relief against Comprehensive.

## II.    FACTUAL BACKGROUND

When a long term care pharmacy such as Omnicare fills a prescription for a Part D beneficiary, it must submit a claim for payment either directly to the beneficiary's PDP or to the PBM of the beneficiary's PDP. Whether the pharmacy submits the claim to the PDP or to a PBM depends on the contractual network of the PDP

with which the beneficiary is enrolled. Where the claim is submitted to a PBM, the PBM adjudicates the claim and reimburses the pharmacy if and to the extent that reimbursement is permitted under their contract. That is the scope of Omnicare's role in the financial flow-chart here; the money it receives comes from the PBM (here, WHI) who is acting on behalf of the PDP (here, Comprehensive). Separately, as Omnicare understands it, the PBM in turn requests payment from the PDP for those reimbursements paid to Omnicare. Omnicare is *not* a party to the contract between the PBM (WHI) and the PDP (Comprehensive). The PDP reimburses the PBM if and to the extent that reimbursement is permitted under their contract, again to which Omnicare is *not* a party. Ultimately, Omnicare understands that the PDP seeks reimbursements for these claims from the federal government, again a contractual relationship to which Omnicare is not a party.

Here, Omnicare has entered into a contract with WHI as an agent for PDPs whereby, pursuant to the terms of Section 3.1(a)(i), WHI pays Omnicare for prescription claims it approves through its adjudication process. *See* Complaint at ¶ 7. WHI in turn seeks payment from the appropriate PDP or PDP Sponsor for the claim WHI approved for Omnicare. There is no adjudication process performed by the PDP or PDP Sponsor as a prerequisite for payment.

Omnicare brought this suit seeking damages for sums partially or entirely withheld by WHI as a result of WHI's claims adjudication process. As alleged in Omnicare's complaint, WHI as agent for PDPs has improperly withheld cost-sharing amounts for certain claims relating to patients in nursing homes and LTC facilities that are categorized by CMS as "institutionalized full subsidy eligible individuals."

4

Complaint at ¶¶ 5, 8. Additionally, WHI has rejected (and thus refused to pay altogether) claims for prescription drugs dispensed under special circumstances that are specifically covered by WHI's contract with Omnicare in accordance with Section 3.8. *See* Complaint at ¶ 24; *see also* Section 3.8 of the Agreement.

## III.    ARGUMENT

Omnicare's complaint satisfies Illinois's fact-pleading requirements because it lays out the facts vital to its claim: Omnicare provided drugs and services pursuant to its agreement with WHI, and WHI did not reimburse Omnicare (partially in the case of the co-payment claims for dual eligibility low income beneficiaries, and not at all in the case of certain claims that were rejected outright) as required under the Agreement. *See* Complaint at ¶¶ 8-11. Comprehensive correctly points out that Omnicare did not plead facts relating to Section 3.1(a)(ii) of the Agreement. *See* Comprehensive's Mtn. to Dismiss at ¶ 5. This is because 3.1(a)(ii) is inoperative and therefore irrelevant to Omnicare's claim.

Section 3.1(a)(ii) is a protective clause. It shields both Omnicare and WHI from the accumulation of large losses in the event one of WHI's PDPs is unable or unwilling to pay claims submitted by Omnicare. Under the clause, WHI is to notify Omnicare of a PDP's nonpayment within just five days, and must take pains to secure payment from the delinquent PDP. If WHI were to perform these duties pursuant to the Agreement, Omnicare would have early warning of a potentially bad situation and could assess whether, in light of the successfulness of WHI's efforts to obtain payment, it should terminate the contract before losses mounted. Only by performing these duties,

thus giving Omnicare an opportunity to redress and minimize potential losses, can WHI avoid liability for its PDP's nonpayment.

Comprehensive claims that WHI cannot be liable for a PDP's nonpayment, as alleged in Omnicare's breach of contract claim, regardless of whether it has fulfilled its duties as a PBM under 3.1(a)(ii). But the preconditions for non-liability set by 3.1(a)(ii) are clear:

> It is understood that if [WHI] has not received funding from a Sponsor...then [WHI] shall not incur any liability for failure to pay...*provided, however, that notwithstanding the foregoing* or Section 4.2(a), if Omnicare has not received payment within thirty (30) days from the due date therefore, Omnicare may terminate this Agreement with respect to the Sponsor that failed to provide the aforementioned funding.... *[WHI] agrees to provide Omnicare with notice of nonpayment by a Sponsor within five (5) business days following any failure of the Sponsor to provide funds to [WHI] for payment of amounts owed to Omnicare hereunder in accordance with the terms of the agreement between Sponsor and [WHI].* In the event of nonpayment or delay of payment by any Sponsor, [WHI] will cooperate reasonably with Omnicare and will use *reasonable good faith efforts to obtain for Omnicare or assist Omnicare in obtaining payment* from such Sponsor....

Agreement at 3.1(a)(ii), Exh. 1 to Complaint (emphasis added).

WHI does not incur liability unless Omnicare has had the opportunity to terminate their contract, having been notified of a PDP's nonpayment and after WHI's expenditure of "reasonable good faith efforts to obtain for Omnicare" payment from the nonpaying PDP. Notice and good faith efforts are the preconditions to WHI's avoidance of liability when one of its PDPs defaults or does not honor claims.

This clause, then, is inoperative and irrelevant to the facts of Omnicare's complaint. WHI did not provide Omnicare with notice of nonpayment by any of its

PDPs, nor did it use good faith efforts to procure the unpaid funds for Omnicare. WHI, then, cannot be protected by Section 3.1(a)(ii) from liability for its PDPs' nonpayment. Consequently, there was no need for Omnicare to allege payment by WHI's PDPs in order to make out a viable breach of contract claim. Omnicare has in fact at no point suggested that WHI collected funds from PDPs which it then refused to release to Omnicare. Omnicare only alleges that WHI has failed to properly process and pay certain categories of claims. It is irrelevant to Omnicare's claim whether WHI has or has not collected funds from its PDPs for these claims, and Omnicare has no knowledge of whether WHI had indeed collected these funds.

A.     **Omnicare's Complaint Satisfies Illinois's Fact-Pleading Requirements**

Under Illinois law, this Court must read the facts of a complaint in the light most favorable to the plaintiff, construing the complaint "liberally." *See Stephen L. Winternitz, Inc. v. National Bank*, 289 Ill. App. 3d 753, 755; 683 N.E.2d 492, 494 (1st Dist. 1997) ("When ruling on a motion to dismiss under either section 2-615 or section 2-619 of the Code, the trial court must interpret all pleadings and supporting documents *in the light most favorable* to the nonmoving party; the court should grant the motion only if plaintiff can prove no set of facts that would support a cause of action.") (emphasis added); *Gen. Elect. Cred. Inc. v. Jankuski*, 177 Ill. App. 3d 380, 383; 532 N.E.2d 361, 363 (1st Dist. 1998) ("Where a motion to dismiss is filed pursuant to Section 2-615, for failure to state a cause of action, all well pleaded facts must be taken as true, and *any reasonable inferences drawn from those allegations must necessarily be construed liberally in favor of the complainant...*") (emphasis added); *see also Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724; (1st Dist. 2007) ("In ruling on a motion to dismiss,

7

the court will construe pleadings liberally"). So construed, Omnicare's complaint makes out two clear causes of action for breach of contract. Omnicare has not, nor need it have, alleged facts covering every contingency contemplated by its agreement with WHI.

Additionally, Omnicare's complaint "reasonably informs" WHI of the nature of Omnicare's claims. The Supreme Court of Illinois has found that if a defendant is reasonably informed by plaintiff's complaint about the nature of the claims alleged, then the complaint is sufficiently well-pled. *See Chandler v. Illinois Central Railroad Co.,* 207 Ill. 2d 331, 348; 798 N.E.2d 724, 733 (Ill. 2003) (Noting that "[t]he Code of Civil Procedure[1] specifically recognizes that no complaint is bad in substance which reasonably informs the defendant of the nature of the claim that he or she is called upon to meet"); *see also Swaw v. Ortell,* 137 Ill. App. 3d 60, 67; 484 N.E.2d 780, 785 (1st Dist. 1984) ("The essential test of the sufficiency of a complaint is whether it reasonably informs the defendant of a valid claim, under a general class of cases, of which the court has jurisdiction"); *See also Magana v. Elie,* 108 Ill. App. 3d 1028, 1031; 439 N.E.2d 1319, 1321 (2nd Dist. 1982) ("Although Illinois requires fact rather than notice pleading...a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases"). WHI filed a motion to dismiss in response to Plaintiff's complaint, wherein WHI identified the claims at issue in the complaint and procured an affidavit about funds related to those claims from one of its employees. WHI's response

---

[1] § 735 ILCS 5/2-612. Insufficient pleadings. (...) (b) No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet.

made clear that it was "reasonably informed" of the nature of Omnicare's claims through Omnicare's complaint.

Omnicare's complaint, then, is in no way defective for having not pled the allegedly "essential factual element" of payment (WHI's Mtn. to Dismiss, p. 6). As discussed, *supra*, Section 3.1(a)(ii) is inoperative absent certain measures undertaken by WHI: notice to Omnicare of a PDP's nonpayment, and good faith measures from WHI to procure payment. Whether a PDP has or has not paid WHI is not essential to Omnicare's breach of contract claims. Therefore, Omnicare's complaint satisfies Illinois's fact-pleading requirement by pleading those facts actually essential to its breach of contract claims and should not be dismissed under 735 ILSC 5/2-615.

**B.     Omnicare Should Be Permitted to Proceed Against Comprehensive**

Comprehensive refers to itself only two times in its motion to dismiss: in the first paragraph and in the last. Comprehensive distances itself from the Agreement and the parties' duties thereunder by carefully referring to "Sponsors," rather than to itself. *See* Comprehensive's Mtn. to Dismiss at ¶¶ 4-5. But its attempt to obscure its own role in the payment or nonpayment that allegedly would shield WHI (and by Comprehensive's line of reasoning, Comprehensive too) from liability cannot hide the fundamentally unfair nature of its argument for dismissal. Comprehensive has intervened as a defendant in this suit. Now, Comprehensive's argues that Omnicare should be denied payment for the drugs and services it provided to Comprehensive's patients under its contract with WHI *precisely because* Comprehensive has failed to pay WHI. This argument would render the contract without an enforcement mechanism. That is plainly

absurd.  This Court should not allow Comprehensive to avoid liability through its own

bad behavior.

## IV.    CONCLUSION

For all the foregoing reasons, this Court should deny Comprehensive's

motion to dismiss.

Date: March 17, 2008

Omnicare, Inc.

By: _____

One of the Attorneys for Omnicare, Inc.

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:     312 222-9350
Facsimile:     312 527-0484
Firm I.D. No. 05003

## <u>CERTIFICATE OF SERVICE BY U.S. MAIL AND EMAIL</u>

I, Richard P. Campbell, an attorney, certify that I caused the foregoing **Omnicare, Inc.'s Memorandum of Law In Opposition to Intervenor-Defendant Comprehensive Health Management, Inc.'s Motion to Dismiss** to be served on all counsel of record by causing the foregoing to be delivered by United States First Class Mail, postage prepaid and via *email* before 5:00 p.m. on March 18, 2008.

_____
Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED B - 7

| | | |
|---|---|---|
| OMNICARE, INC., | 2008 MAR 18  AM 11: 28 | ) |
| | DOROTHY BROWN | ) |
| | Plaintiff. | ) |
| | CLERK OF THE CIRCUIT COURT | ) |
| | OF COOK COUNTY, IL | ) |
| v. | | ) |
| | | ) |
| WALGREENS HEALTH INITIATIVES, INC., | | ) |
| | | ) |
| | Defendant. | ) |
| | | ) |
| | | ) |
| | | ) |

No. 07 L 005503

Judge Dennis J. Burke

Calendar N

## NOTICE OF FILING

**To:**

**See Attached Service List**

PLEASE TAKE NOTICE that on Tuesday, March 18, 2008, the undersigned caused the attached **Plaintiff Omnicare, Inc.'s Memorandum of Law In Opposition to Intervenor-Defendant Comprehensive Health Management, Inc.'s Motion to Dismiss** to be filed with the Clerk of Court, Richard J. Daley Center, Law Division, a copy of which is attached hereto and hereby served upon you by *United States First Class Mail* and by *email*.

Dated:  March 18, 2008

Respectfully submitted,

By: _R P Campbell_____

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:   312 222-9350
Facsimile:    312 527-0484
rcampbell@jenner.com
Firm I.D.:    05003

No. 07 L 005503
(Calendar N)
In the Circuit Court of Cook County, Illinois
Count Department, Law Division

Omnicare, Inc., *Plaintiff* <u>v</u>. Walgreens Health Initiatives, Inc., *Defendant*.

*Judge Dennis J. Burke*
*Richard J. Daley Center*
*Courtroom Number 2306*
*Chicago, Illinois  60602*

## SERVICE LIST

| **Attorneys for Walgreens Health Initiatives** | **Attorneys for United Healthcare** |
|---|---|
| Scott W. Fowkes | Kellye L. Fabian |
| Charles W. Douglas, Jr. | **Freeborn & Peters, LLP** |
| **Kirkland & Ellis LLP** | 311 South Wacker Drive |
| 200 East Randolph Drive | Suite 3000 |
| Chicago, Illinois  60601 | Chicago, Illinois  60606 |
| Telephone:    312 861-2000 (main) | Telephone:    312 360-6417 |
| 312 861-2496 Fowkes direct) | Facsimile:    312 360-6996 |
| 312 469-7079 (Douglas direct ) | kfabian@freebornpeters.com |
| Facsimile:    312 861-2200 (main) | |
| 312 665-9611 (Douglas direct) | **Attorneys for United Healthcare** |
| sfowkes@kirkland.com | Michael J. Prame *(Admitted Pro Hac Vice)* |
| cdouglas@kirkland.com | Mark C. Nielsen *(Admitted Pro Hac Vice)* |
| | Thomas J. Fitzgerald *(Admitted Pro Hac Vice)* |
| **Attorneys for Comprehensive Health** | **Groom Law Group** |
| David S. Almeida | 1701 Pennsylvania Avenue, N.W. |
| Steven D. Hamilton | Washington, DC  20006 |
| **Drinker Biddle & Reath LLP** | Telephone:    202 861-6633 |
| 191 N. Wacker Drive | mprame@groom.com |
| Suite 3700 | mnielsen@groom.com |
| Chicago, Illinois  60606-1698 | tfitzgerald@groom.com |
| Telephone:    312 569-1000 | |
| Facsimile:    312 569-3000 | |
| david.almeida@dbr.com | |
| steven.hamilton@dbr.com | |

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,                              )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )       Case No. 07 L 005503
                                             )       Judge Burke
                                             )
WALGREENS HEALTH INITIATIVES,                )
INC.,                                        )
                                             )
            Defendant.                       )

### AGREED ORDER

The parties by their respective counsel, having stipulated and agreed, and the Court being otherwise fully advised as to the premises,

IT IS HEREBY ORDERED THAT:

1.  Omnicare Inc.'s Response to United Healthcare Services, Inc.'s ("United's") Motion for Judgment on the Pleadings is due April 9, 2008;

2.  United's Reply in support of its Motion for Judgment on the Pleadings is due on April 16, 2008;

3.  The parties need not appear on March 24, 2008 for presentment of United's Motion for Judgment on the Pleadings; that date is stricken.

4.  A hearing on United's Motion for Judgment on the Pleadings, Walgreens Health Initiatives, Inc.'s Motion to Dismiss, and Comprehensive Health Management, Inc.'s Motion to Dismiss is scheduled for May 1, 2008 at 10:30 a.m. without further notice.

ENTER:

_____   1744
Judge Dennis J. Burke
                Judge Dennis J. Burke

MAR 1 9 2008

Circuit Court - 1744

4

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,                              )
                                             )
            Plaintiff,                       )    Case No. 07-L-005503
                                             )
v.                                           )    Calendar N
                                             )
WALGREENS HEALTH INITIATIVES,                )    Honorable Judge Dennis J. Burke
                                             )
            Defendant.                       )
                                             )

### ORDER

THIS CAUSE came before the Court on Defendant's Motion to Withdraw and Substitute

Counsel of Record filed on March _18_, 2008.  The Court having considered said Motion and

the parties having notice; It is hereby Ordered that this Motion to Withdraw and Substitute

Counsel of Record is granted. *Drinker Biddle & Reath LLP, firm# 80428 is withdrawn and McGuire Woods LLP Firm # 40426 is substituted in as Counsel for Comprehensive Health Management, Inc.*

DONE  AND  ORDERED  in  Chambers  on  this  *31st*  day  of

*March*_____, 2008.

Judge Dennis J. Burke
MAR 31 2008
Circuit Court-1744

_____
Judge    1744

Edwin E. Brooks
McGuire Woods LLP
77 W. Wacker Dr.
Chicago IL 60601
Firm No. 40426
312 849 3060

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,                          )
                                         )
    Plaintiff,                       )
                                         )          Case No. 07-L-00503
v.                                       )
                                         )          Hon. Dennis J. Burke
WALGREENS HEALTH INITIATIVES,            )          Calendar N
INC., et al.,                            )
                                         )
    Defendants.                      )
                                         )

# COMPREHENSIVE HEALTH MANAGEMENT, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

## INTRODUCTION

Omnicare, Inc. ("Omnicare") entered into a Pharmacy Network Agreement (the "Agreement") with Walgreens Health Initiatives, Inc. ("WHI"), whereby Omnicare agreed to provide certain prescription drugs and services to persons enrolled in plans established pursuant to the Medicare Prescription Drug Improvement and Modernization Act ("Medicare Part D"). Pursuant to the Agreement, WHI agreed to compensate Omnicare for claims properly made under the terms of the Agreement. The parties entered into that Agreement in the wake of the enactment of Medicare Part D, which establishes a framework under which private-sector prescription drug plans "sponsor" Medicare Part D plans ("Plan Sponsors"). Generally speaking, under Medicare Part D, Plan Sponsors contract with the government to provide certain pharmaceuticals to qualifying people. Plan Sponsors then separately contract with pharmacy benefit managers such as WHI, who then enter into agreements directly with providers such as Omnicare to handle the dispensing of covered drugs.

In this case, when WHI and Omnicare entered into the Agreement, both parties endeavored to allocate risks and reap benefits. In doing so, Omnicare, a multi-billion dollar,

publicly-traded company agreed to the unambiguous language set forth in Section 3.1(a)(ii) of the Agreement ("Section 3.1(a)(ii)"), which expressly states that WHI *"**shall not incur any liability** for failure to pay for such Covered Products and Services until such time as the applicable Sponsor makes funds available to [WHI] with respect to such payment."* (Complaint ("Cplt."), Ex. 1 at p. 10) (emphasis added). Omnicare's Response to CHMI's motion to dismiss (the "Response") ignores this plain language of the Agreement that bars its claim.

## ARGUMENT

**I.    OMNICARE'S COMPLAINT SHOULD BE DISMISSED BECAUSE SECTION 3.1(a)(ii) OF THE AGREEMENT BARS ITS CLAIM.**

It is well-settled that to properly plead "a cause of action for breach of contract, [a] plaintiff must have alleged the existence of a contract, performance of all contractual conditions, facts of defendant's breach, and the existence of damages as a consequence thereof." *OnTap Premium Quality Waters, Inc. v. Bank of Northern Illinois, N.A.*, 262 Ill. App. 3d 254, 258 (2d Dist. 1994); *see also Hoopla Sports & Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 357 (N.D. Ill. 1996) (dismissing complaint for failing to allege certain elements of claim, including conditions precedent). It is black letter Illinois law that if the unambiguous terms of the contract provide that the plaintiff cannot state a claim for breach of contract, then the complaint must be dismissed. *See Evers v. Edward Hosp. Ass'n*, 247 Ill. App. 3d 717, 726 (2d Dist. 1993) (dismissing a plaintiff's complaint after determining that the controlling contract was unambiguous and that the plaintiff did not comply with express terms of the contract); *see also Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1035 (5th Dist. 2006) (dismissing complaint pursuant to 735 ILCS 5/2-615 "[b]ecause the portions of the contract referenced in and attached to the complaint belie the allegations upon which [plaintiff's] breach of contract action is premised"). Furthermore, when interpreting a contract, "words are given their plain and

2

ordinary meaning and courts should refrain from adopting interpretations resulting in distortions and creating ambiguities where none exist." *Young v. Allstate Ins. Co.*, 351 Ill. App. 151, 157–58 (1st Dist. 2004).

As set forth in greater detail in both CHMI's and WHI's respective motions to dismiss, under the clear and unambiguous terms of the Agreement, WHI shall not incur any liability for failing to pay Omnicare until WHI receives funding from a Plan Sponsor. (*See* Cplt., Ex. 1 at p. 10.) Despite that clear language, Omnicare admits that it failed to plead *any* facts relating to whether WHI received funding from Plan Sponsors thus triggering its liability for non-payment. Instead, in its Response, Omnicare argues that: (i) the Complaint is somehow sufficient because it "reasonably informs" WHI of the nature of its claims; and (ii) Section 3.1(a)(ii) is "inoperative" absent WHI's notice of non-payment and good faith measures by WHI to procure payment for Plan Sponsors. (*See* Response at pp. 5–9.)

Omnicare's argument that the Complaint "reasonably informs" WHI of the nature of the claims against it misses the point. At issue is not whether the Complaint sets forth sufficient factual allegations; rather, the Complaint should be dismissed because the unambiguous language of the Agreement bars Omnicare's claims. The decisions cited by Omnicare regarding "reasonably informing" parties are inapposite because they do not involve a situation, such as the one at bar, where the plain terms of an unambiguous contract prevent the plaintiff from stating a cause of action.

Similarly, Omnicare's argument that Section 3.1(a)(ii) is somehow inoperative ignores the plain and unambiguous language of the Agreement. Specifically, Section 3.1(a)(ii) states in pertinent part:

> *It is understood that if [WHI] has not received funding from a Sponsor to pay for Covered Products and Services provided by*

> *Omnicare or an Omnicare Pharmacy, then [WHI]* <u>*shall not incur any liability*</u> *for failure to pay for such Covered Products and Services until such time as the applicable Sponsor makes funds available to [WHI] with respect to such payment*; provided, however, that notwithstanding the foregoing or Section 4.2(a), if Omnicare has not received payment within thirty (30) days from the due date therefore, Omnicare may terminate this Agreement with respect to the Sponsor that failed to provide the aforementioned funding with not less than thirty (30) days written notice to [WHI]. [WHI] agrees to provide Omnicare with notice of nonpayment by a Sponsor within five (5) business days following any failure of the Sponsor to provide funds to [WHI] for payment of amounts owned to Omnicare hereunder in accordance with the terms of the agreement between Sponsor and [WHI]. In the event of nonpayment or delay of payment by any Sponsor, [WHI] will cooperate reasonably with Omnicare and will use reasonable good faith efforts to obtain for Omnicare or assist Omnicare in obtaining payment from such Sponsor, and [WHI] shall cooperate with and provide reasonable assistance to Omnicare regarding any litigation that Omnicare may commence against a Sponsor to collect such payment; however, [WHI] shall not be required to commence litigation against such Sponsor to obtain payment.

(Cplt., Ex. 1 at p. 10) (emphasis added).

The plain language of the Agreement states that WHI shall ***not*** incur any liability to Omnicare if WHI has not received funding from Plan Sponsors. (*Id.*) The "notice" and "good faith" provisions that Omnicare relies upon are inapplicable to WHI's liability for non-payment when it has not received funds from Plan Sponsors. Again, the first sentence of Section 3.1(a)(ii) is clear that WHI shall not incur any liability if it has not received funding from a Plan Sponsor. Section 3.1(a)(ii) then goes on to provide a remedy to Omnicare in the event that WHI does not receive the funding—*i.e.*, if WHI does not receive payments from a Plan Sponsor within thirty days from the date that payment is due, then Omnicare has the right to terminate the Agreement. If the parties intended that notice and a good faith measure to procure payment were preconditions to no liability, then they would have expressly stated that in the Agreement like

they did with respect to the right to terminate. They did not and, therefore, there can be no claim against WHI for non-payment under the Agreement.

## II. OMNICARE WILLINGLY ENTERED INTO AN AGREEMENT THAT EXPRESSLY LIMITS THE CIRCUMSTANCES PURSUANT TO WHICH WHI WILL BE LIABLE TO OMNICARE FOR NON-PAYMENT.

After relying on a strained reading of the Agreement, Omnicare then argues that it should be permitted as a matter of equity to "proceed against" CHMI. (*See* Response at p. 9.) As an initial matter, Omnicare has not levied *any* allegations against CHMI and does not assert *any* claims against CHMI. Therefore, under no circumstances can this claim "proceed" against CHMI.[1]

More fundamentally, under well-settled Illinois law, Omnicare cannot use equitable theories as a guise to rewrite the express language in the Agreement. *See Suburban Bank of Hoffman-Schaumburg v. Bousis*, 144 Ill. 2d 51, 60 (1991) ("[e]quity cannot make a new agreement for the parties under the color of reforming the one made by them, nor can it be used to add a provision to the contract that was never agreed upon."). Omnicare is a sophisticated, multi-billion dollar company that willingly entered into a contract with WHI, pursuant to which the parties allocated risks with anticipation of rewards. Under the Agreement, Omnicare unambiguously agreed that WHI shall not incur any liability if WHI has not received funding from Plan Sponsors. Contrary to Omnicare's assertions, the agreement does not leave Omnicare without options in the event of non-payment by WHI; rather, Section 3.1(a)(ii) explicitly provides that Omnicare may terminate the agreement by simply providing WHI with thirty days' written notice. (*See* Cplt., Ex. 1 at p. 10.) Instead of exercising that right, however, Omnicare

---

[1] In its response to WHI's motion to dismiss, Omnicare argues that WHI is an agent of the Plan Sponsors. (*See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed March 18, 2008, at pp. 10–11.) Although the issue of whether WHI is an agent of the Plan Sponsors has no bearing on the adjudication of this matter pursuant to CHMI's or WHI's respective motions to dismiss, CHMI denies that WHI is its agent.

seeks to do an end-run around the express contractual language and the risk that it agreed to assume. This Court should enforce the terms of the Agreement and dismiss the Complaint with prejudice.

## CONCLUSION

Under the clear terms of the Agreement, WHI is not liable to Omnicare for payment of funds until WHI receives funding from the Plan Sponsors. Omnicare's Complaint, however, fails to plead that the Plan Sponsors provided funding to WHI. Accordingly, CHMI respectfully submits that this Court dismiss the Complaint with prejudice.

Dated: April 9, 2008

Respectfully submitted,

COMPREHENSIVE HEALTH
MANAGEMENT, INC.

One of Its Attorneys

Edwin E. Brooks
Steven D. Hamilton
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(p) 312-849-8100
(f) 312-849-3690
Firm I.D. 40426

## CERTIFICATE OF SERVICE

I, Steven D. Hamilton, an attorney in the law firm of McGuireWoods LLP, hereby certify that on April 9, 2008, I caused a copy of *Comprehensive Health Management, Inc.'s Reply Brief in Support of Its Motion to Dismiss* to be served via electronic mail and First Class United States mail, postage prepaid, from the law office of McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, IL 60601 upon:

Richard C. Godfrey, P.C.
Scott W. Folkes, P.C.
Charles W. Douglas
KIRKLAND & ELLIS, LLP
Chicago, IL 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 360-6417
Fax: (312) 360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 861-6633
Fax: (202) 659-4503

Richard P. Campbell
JENNER & BLOCK, LLP
330 North Wabash Ave.
Chicago, IL 60611
Tel: (312) 923-2818
Fax: (312) 923-2918

Steven D. Hamilton

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| OMNICARE, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALGREENS HEALTH INITIATIVES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

07L5503

Case No. 07-L-00503 WIN

Hon. Dennis J. Burke
Calendar N

3331

### NOTICE OF FILING

To:    See attached service list

**PLEASE TAKE NOTICE** that on April 9, 2008, counsel for Intervening-Defendant,

Comprehensive Health Management, Inc., caused the **REPLY BRIEF IN SUPPORT OF**

**COMPREHENSIVE HEALTH MANAGEMENT, INC.'S MOTION TO DISMISS** to be

filed with the Clerk of the Circuit Court of Cook County, a copy of which is hereby served upon

you.

Dated:  April 9, 2008

Respectfully submitted,

Edwin E. Brooks
Steven D. Hamilton
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(p) 312-849-8100
(f) 312-849-3690
Firm I.D. 40426

*Attorneys for Comprehensive Health
Management, Inc.*

## SERVICE LIST

Richard C. Godfrey, P.C.
Scott W. Folkes, P.C.
Charles W. Douglas
KIRKLAND & ELLIS, LLP
Chicago, IL 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 360-6417
Fax: (312) 360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 861-6633
Fax: (202) 659-4503

Richard P. Campbell
JENNER & BLOCK, LLP
330 North Wabash Ave.
Chicago, IL 60611
Tel: (312) 923-2818
Fax: (312) 923-2918

Firm I.D. # 90443

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-L-5503 |
| | ) | |
| Walgreens Health Initiatives, Inc., et al. | ) | Hon. Judge Burke |
| | ) | Cal. "N" |
| Defendants. | ) | |

**C P.B.**

### NOTICE OF FILING

To:     See Attached Service List

PLEASE TAKE NOTICE that on Wednesday, April 9, 2008, the undersigned caused the attached **Walgreens Health Initiatives, Inc.'s Reply In Support Of Its Motion To Dismiss Plaintiff's Complaint Pursuant To 735 ILCS 5/2-615 Or, Alternatively, 735 ILCS 5/2-619** to be filed with the Clerk of Court, Richard J. Daley Center, Law Division, a true copy of which is hereby served upon you.


Dated:  April 9, 2008

Respectfully submitted,

*Charles W. Douglas Jr.*
_____
Richard C. Godfrey, P.C.
Scott W. Fowkes, P.C.
Charles W. Douglas, Jr.
KIRKLAND & ELLIS LLP
200 East Randolph Dr.
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200
Firm ID # 90443

Attorneys for Defendant Walgreens
Health Initiatives, Inc.

DOROTHY BROWN
CLERK
LAW DIVISION
COUNTY, ILLINOIS
CIRCUIT COURT OF COOK
2008 APR -9 AM 11: 53
FILED-6

**CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc.,

hereby certify that on April 9, 2008, I caused a true and correct copy of the foregoing Notice of

Filing to be served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Tel: 312-923-2818
Fax: 312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6417
Fax: 312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: 202-861-6633
Fax: 202-659-4503

Edwin E. Brooks
McGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Tel: 312-849-3060
Fax: 312-920-3681

Charles W. Douglas, Jr.

Firm I.D. # 90443

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Omnicare, Inc.                                   2008 APR -9 AM 11: 53

        Plaintiff,          )
                                                      CIRCUIT COURT OF COOK
                                                      COUNTY, ILLINOIS
                                                      LAW DIVISION
v.                                               )      CLERK     Case No. 07-L-5503
                                                      DOROTHY BROWN

Walgreens Health Initiatives, Inc., et al.      )
                                                 )     Hon. Judge Burke
        Defendants.          )     Cal. "N"

C
P.B.

3298
3004

**WALGREENS HEALTH INITIATIVES, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO 735 ILCS 5/2-615 OR, ALTERNATIVELY, 735 ILCS 5/2-619**

      Omnicare's "opposition" to WHI's motion is not an opposition at all; it is a concession that Omnicare cannot state a claim against WHI under the governing contract. Most tellingly, Omnicare's opposition brief concedes that "Omnicare has in fact at no point suggested that WHI collected funds from PDPs which it then refused to release to Omnicare." (Opp. at 7.) Moreover, Omnicare does not dispute WHI's affidavit establishing that the PDP Sponsors have not provided such funds to WHI.

      Given its concessions, Omnicare's claims against WHI are barred by the contractual provision providing that WHI cannot be liable if it has not received funding from a PDP Sponsor to pay Omnicare. Omnicare attempts to avoid this provision by selectively quoting portions of the relevant provision, ignoring other portions of the same provision, and attempting to change the terms of the contract by inserting a contractual "precondition" to which the parties did not agree. As explained below, this Court should not permit Omnicare to re-write the contract and assert claims against WHI that are barred by the parties' contract. Instead, WHI should be dismissed and Omnicare should be required to pursue the remedies it bargained for and received under the contract.

I.    **OMNICARE'S CLAIMS AGAINST WHI SHOULD BE DISMISSED UNDER SECTION 2-615 BECAUSE OMNICARE HAS FAILED TO ALLEGE THAT WHI HAS RECEIVED FUNDING FROM THE RELEVANT SPONSORS.**

Omnicare is a large provider of pharmaceutical products and services headquartered in Kentucky, incorporated in Delaware, and publicly traded on the New York Stock Exchange. Its contract with WHI memorialized an arm's-length transaction among sophisticated parties, and should thus be strictly construed. *Potomac Leasing Co. v. Chuck's Pub, Inc.*, 156 Ill. App. 3d 755, 759, 509 N.E.2d 751, 754 (2nd Dist. 1987) ("In an arm's-length business transaction, the parties' freedom to contract is an important right that must be jealously guarded and left free from unnecessary interference by the courts."); *Thomas v. General American Life Ins. Co.*, 209 Ill. App. 3d 1014, 1017, 568 N.E.2d 937, 939-40 (3rd Dist. 1991) (clear and unambiguous contract provisions "should be literally interpreted and strictly construed").

A.    **Omnicare Cannot Rewrite The Governing Contract.**

Section 3.1(a)(ii) consists of three separate and distinct sentences, none of which expressly refers to another. The first sentence, which forms the basis for WHI's dismissal motion, provides in full:

> It is understood that if [WHI] has not received funding from a Sponsor to pay for Covered Products and Services provided by Omnicare or an Omnicare Pharmacy, then [WHI] shall not incur any liability for failure to pay for such Covered Products and Services until such time as the applicable Sponsor makes funds available to [WHI] with respect to such payment; provided, however, that notwithstanding the foregoing or Section 4.2(a), if Omnicare has not received payment within thirty (30) days from the due date therefor, Omnicare may terminate this Agreement with respect to the Sponsor that failed to provide the aforementioned funding with not less than thirty (30) days written notice to [WHI].

(Compl. Ex. 1 at 10)

The second sentence of Section 3.1(a)(ii), upon which Omnicare relies, provides in full:

> [WHI] agrees to provide Omnicare with notice of nonpayment by a Sponsor within five (5) business days following any failure of the Sponsor to provide

2

funds to [WHI] for payment of amounts owed to Omnicare hereunder in accordance with the terms of the agreement between Sponsor and [WHI].

(*Id.*)

In selectively quoting only portions of Section 3.1(a)(ii) in its opposition brief, Omnicare uses ellipses to truncate the first sentence and to make it appear that the first two sentences should be read as one, arguing that the second sentence should be read as a "precondition" to the first sentence. (Opp. at 6-7.) There is no support for Omnicare's claim that the provision of any notice required under the second sentence of Section 3.1(a)(ii) is a precondition for application of the first sentence of Section 3.1(a)(ii). That is not what the contract says. Nor is Omnicare's interpretation of the contract consistent with basic principles of contract interpretation. *Kokinis v. Kotrich*, 74 Ill. App. 3d 224, 230, 392 N.E.2d 697, 701-02 (1st Dist. 1979) ("Meaning and effect must be given to every part of the contract since it is presumed that each provision was inserted deliberately and for a purpose."); *Egyptian Seed Growers' Exchange v. Hollinger*, 1925 Ill. App. LEXIS 240, at *6 (Ill. App. Ct. Aug. 5, 1925) ("A construction which requires the court to reject an entire clause of the contract is not to be admitted except from unavoidable necessity.")

If the parties had intended for any alleged lack of notice to limit the first sentence of Section 3.1(a)(ii) or otherwise make WHI potentially liable, as Omnicare now contends, the contract would have been written that way. But it was not, and WHI is entitled to enforce the clear and bargained-for terms of the contract.

## B.     Omnicare's Reliance On The Notice Provision Is Misplaced.

The crux of Omnicare's opposition brief is that despite the limitation on liability in the first sentence of Section 3.1(a)(ii), WHI should be liable for the plan Sponsor's non-payment because WHI failed to provide Omnicare with the notice of nonpayment allegedly required under

the second sentence of Section 3.1(a)(ii).  Omnicare further suggests that it was somehow prejudiced by the alleged lack of notice of non-payment.  (Opp. at 5.)

In addition to being contrary to the plain terms of the contract, Omnicare's "no notice" and "prejudice" arguments cannot be squared with the allegations of its own Complaint.  In its Complaint, Omnicare alleges that when it submitted the prescription claims at issue, WHI's "On-Line" system rejected the claims.  (Compl. ¶ 26.)  Omnicare then "brought these claims rejected by the On-Line System to WHI's attention and requested payment."  (*Id.* ¶ 27.)  In fact, Omnicare expressly alleges that it "notified WHI in writing of its demand that WHI reimburse Omnicare in full for the Rejected Claims."  (*Id.* ¶ 28.)  Omnicare alleges that it sent this notice on February 14, 2007, yet it itemizes its damages through May 13, 2007 and alleges that the breaches and damages "are ongoing."  (*Id.* ¶¶ 28-31.)  Despite allegedly sending written notice to WHI on February 14, 2007, Omnicare did not file suit until May 29, 2007, some 3½ months after allegedly sending its notice.

These allegations in Omnicare's Complaint belie any argument that Omnicare did not know that it was not being reimbursed for certain claims it had submitted to WHI.  According to the Complaint, WHI's own "On-Line" system provided notice to Omnicare.  Moreover, how can Omnicare in good faith contend that it was prejudiced by any purported lack of notice when (i) it did not file suit or take other action after being notified by WHI's On-Line system that its claims had been rejected, (ii) it delayed filing this suit for over three months after allegedly sending written notice to WHI of its claims, and (iii) even after sending WHI written notice of its claims, it did not exercise its contractual right under Section 3.1(a)(ii) to terminate the contract with respect to the applicable plan Sponsors?

Not only did Omnicare not exercise its bargained-for remedy of promptly terminating the applicable plan Sponsors upon learning that it was not receiving payment, so as to minimize its alleged losses, but Omnicare's own Complaint alleges that it continues to do business with those Sponsors. These allegations confirm that Omnicare's "no notice" and "prejudice" arguments are after-the-fact attempts to avoid the application of the first sentence of Section 3.1(a)(ii) and the dismissal of WHI.

## C.   WHI Is Not A Necessary Or Proper Party To This Lawsuit.

Omnicare attempts to avoid the no-liability clause in its contract with WHI by arguing that "equity demands that this Court permit Omnicare to pursue payment against WHI." (Opp. at 3, 11.) This argument fails for several reasons.

*First,* as the Illinois Supreme Court has held, arguments based on "equity" cannot be used to rewrite or trump contracts. *Suburban Bank of Hoffman-Schaumburg v. Bousis*, 144 Ill. 2d 51, 60, 578 N.E.2d 935, 940 (1991) ("Equity cannot make a new agreement for the parties under the color of reforming the one made by them, nor can it be used to add a provision to the contract that was never agreed upon.")

*Second,* Omnicare does not contend that WHI is a necessary or indispensable party in this lawsuit. Nor could Omnicare make such an argument, as the relevant plan Sponsors (United Healthcare Services, Inc. and Comprehensive Health Management, Inc.) have intervened as defendants. United has filed an answer and counterclaim to Omnicare's Complaint. In its motion to dismiss, Comprehensive simply has adopted the arguments being made by WHI in support of the dismissal of the claims asserted against WHI. Contrary to Omnicare's assertion, Comprehensive has *not* argued "that by not paying WHI, it escapes liability to Omnicare." (Opp. at 11.)

***Third,*** Omnicare contends repeatedly that WHI was acting as the "agent" for the Sponsors in executing and reimbursing claims under the contract. (Opp. at 3, 4, 10.) As noted in Omnicare's opposition brief and stated in the governing contract, WHI contracted with Omnicare to pay claims "on behalf of" certain Sponsors. (Opp. at 1; Compl. Ex 1 at 1.) Those Sponsors were identified in Exhibit A to the contract as including Comprehensive (an affiliate of "WellCare Health Plans") and United.[1] Under Omnicare's agency theory and governing Illinois law, Omnicare cannot possibly seek to hold WHI, the alleged agent, liable on the contract: "Where an agent in making a contract discloses his agency and the name of his principal, or where the party dealing with the agent knows that the agent is acting as an agent in making the contract, the agent is not liable on the contract, unless he agrees to become personally liable." *Chicago Title Trust Co. v. De Lasaux*, 336 Ill. 522, 526, 168 N.E. 640, 642 (1929); *see also Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1053, 700 N.E.2d 202, 211 (1st Dist. 1998) (same; noting that rule "has been long settled in Illinois"). Thus, it is Omnicare, not WHI, that is seeking to "turn basic agency law on its head." (Opp. at 3.)

***Finally,*** Omnicare's argument that the contract would have no "enforcement mechanism" without WHI as a defendant (Opp. at 10-11) is directly contrary to the third sentence of Section 3.1(a)(ii) of the contract, which Omnicare does not cite or discuss in its opposition brief:

> In the event of nonpayment or delay of payment by any Sponsor, [WHI] will cooperate reasonably with Omnicare and will use reasonable good faith efforts to obtain for Omnicare or assist Omnicare in obtaining payment from such Sponsor, and *[WHI] shall cooperate with and provide reasonable assistance to Omnicare regarding any litigation that Omnicare may commence against a Sponsor to*

---

[1]    The version of the contract attached to Omnicare's Complaint does not include the exhibits to the contract. For the Court's convenience, a copy of Exhibit A to the contract is attached hereto as Exhibit 1.

*collect such payment*; however, [WHI] shall not be required to commence litigation against such Sponsor to obtain payment. (emphasis added)

This sentence clearly contemplates that Omnicare may initiate litigation against any Sponsor if Omnicare believes that its claims submitted through WHI were wrongfully rejected, thus debunking Omnicare's argument that WHI is playing a "shell game" by seeking to enforce its rights under the contract. (Opp. at 11.)

## II. OMNICARE'S CLAIMS SHOULD BE DISMISSED UNDER SECTION 2-619 BECAUSE WHI HAS NOT RECEIVED FUNDING FROM THE RELEVANT SPONSORS FOR PAYMENT TO OMNICARE.

With its opening memorandum, WHI submitted the affidavit of Debra Blue, establishing that WHI has tendered Omnicare's underlying claims to United and Comprehensive (an affiliate of WellCare), but neither has provided WHI with funds directed to be paid to Omnicare for these claims. Omnicare has not challenged or contradicted the facts set forth in Ms. Blue's affidavit. To the contrary, Omnicare has conceded that it has no basis to challenge these facts. (Opp. at 7.) Accordingly, the facts in Ms. Blue's affidavit are deemed admitted, and WHI's motion should be granted under section 2-619. *State ex rel. Beeler, Schad and Diamond, P.C. v. Target Corp.*, 367 Ill. App. 3d 860, 875, 856 N.E.2d 1096, 1109 (1st Dist. 2006) ("Trial courts may consider pleadings, depositions, and affidavits in ruling on section 2-619 motions to dismiss. 'When supporting affidavits have not been challenged or contradicted by counteraffidavits or other appropriate means, the facts stated therein are deemed admitted.'") (citations omitted).

## CONCLUSION

Omnicare has not alleged, nor can it allege, that a Sponsor has provided funds to WHI intended to be paid to Omnicare for the amounts at issue in the Complaint. Under the governing contract, Omnicare is thus precluded from seeking to hold WHI liable for the claims at issue in

this litigation. Omnicare should not be permitted to rewrite the parties' contract by inserting a non-existent "precondition."

Wherefore, for each of the foregoing reasons, WHI respectfully requests that this Court dismiss Omnicare's claims against WHI, in their entirety and with prejudice.


Dated:  April 9, 2008                                          Respectfully submitted,


                                                               Richard C. Godfrey, P.C.
                                                               Scott W. Fowkes, P.C.
                                                               Charles W. Douglas, Jr.
                                                               KIRKLAND & ELLIS LLP
                                                               200 East Randolph Dr.
                                                               Chicago, Illinois  60601
                                                               Tel:  (312) 861-2000
                                                               Fax:  (312) 861-2200
                                                               Firm ID # 90443

                                                               Attorneys for Defendant Walgreens
                                                               Health Initiatives, Inc.

8

[EXECUTION COPY]

EXHIBIT A

The Plans

| Plan Name/Sponsor | Region or Service Area |
|---|---|
| Wellcare Health Plans, Inc. | Nationwide |
| United Health Care/Ovations | Nationwide |
| Peoples Health Network Louisiana | Louisiana |
| Medica | Florida |
| DoctorCare, Inc. | Florida |

IHA

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc., hereby certify that on April 9, 2008, I caused a true and correct copy of the foregoing Walgreens Health Initiatives, Inc.'s Reply In Support Of Its Motion To Dismiss Plaintiff's Complaint Pursuant To 735 ILCS 5/2-615 Or, Alternatively, 735 ILCS 5/2-619 to be served via *facsimile and by United States mail* postage prepaid to the following:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611
Tel: 312-923-2818
Fax: 312-923-2918

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6417
Fax: 312-360-6996

Michael J. Prame
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: 202-861-6633
Fax: 202-659-4503

Edwin E. Brooks
McGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Tel: 312-849-3060
Fax: 312-920-3681


Charles W. Douglas, Jr.

5003

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

3318
2871

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

|  |  |
|---|---|
| OMNICARE, INC., | ) |
| DOROTHY BROWN | ) |
| Plaintiff, | ) |
| | ) No. 07 L 005503 |
| v. | ) |
| | ) Hon. Judge Burke |
| WALGREENS HEALTH INITIATIVES, INC., | ) Cal. "N" |
| UNITED HEALTHCARE SERVICES, INC., | ) |
| and COMPREHENSIVE HEALTH | ) |
| MANAGEMENT, INC. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT-INTERVENOR**
**UNITED'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Omnicare, Inc., by and through its attorneys, Jenner & Block LLP, respectfully submits this Memorandum of Law in Opposition to Defendant-Intervenor United Healthcare Services, Inc.'s Motion for Judgment on the Pleadings in the above-captioned matter.

**PRELIMINARY STATEMENT**

Since Plaintiff Omnicare, Inc. ("Omnicare") filed this action seeking over $8,875,000 in damages (Complaint at ¶¶ 13, 33) on May 27, 2007, defendants have played an empty shell game in order to leave Omnicare with no party to collect from for the goods and services it provided long ago. United Healthcare Services, Inc.'s ("United") motion for judgment on the pleadings is just the latest example of transparent gamesmanship and must accordingly be denied.

Omnicare initially filed this breach of contract action against Walgreens Health Initiatives, Inc. ("WHI") to recover unpaid money for pharmaceutical products and services Omnicare provided to residents of long term care facilities pursuant to Omnicare's contract with WHI. WHI is a healthcare insurance company and a pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on behalf of several Part D Plans ("PDPs"). *See* id. at ¶¶ 1-3.

One of the plan sponsors for which WHI acted as PBM is Defendant United, and another is Defendant Comprehensive Health Management, Inc. ("Comprehensive"). While not initially named as defendants in Omnicare's complaint, both United and Comprehensive intervened as defendants in this action. It is primarily to United's and Comprehensive's plan members that, pursuant to its contract with WHI, Omnicare provided the over $8,875,000 of drugs and services for which it seeks payment through this action. To this day, Omnicare remains unpaid by WHI, United, or Comprehensive for the claims at issue in this action.

Omnicare's complaint alleges that WHI breached its contract when it (1) improperly withheld cost-sharing amounts due Omnicare for prescription drugs Omnicare provided to institutionalized full subsidy eligible beneficiaries, and (2) failed to reimburse Omnicare for prescription drugs Omnicare provided under the special conditions described in Section 3.8 of the Agreement. *See* Complaint at ¶¶ 8, 26.

WHI moved on February 8, 2008, to dismiss Omnicare's complaint because, *inter alia*, the PDPs (e.g., United and Comprehensive) were financially responsible for these unpaid claims, not WHI as the PBM. *See* WHI's Motion to Dismiss at ¶¶ 4-5. Predictably, Comprehensive subsequently moved to dismiss on the basis that

Omnicare had no valid contractual claim against it. *See* Comprehensive's Motion to Dismiss at ¶¶ 4-5. United has now moved for judgment on the pleadings.

This Court should not countenance these transparent efforts by defendants to shift liability, in the end, to no one. United's motion for judgment on the pleadings should thus be denied. First and foremost, the motion should be denied because the Court must put an end to this empty shell game being played by defendants. Omnicare provided goods and services to United's and Comprehensive's members pursuant to Omnicare's contract with WHI. Surely one or more of the entities that are defendants in this suit must be financially liable to pay those bills. Additionally, even in the unlikely event that WHI is dismissed from this action, Omnicare has plainly raised material issues of fact as to United's potential liability.

## **FACTUAL BACKGROUND**

When a long term care pharmacy such as Omnicare fills a prescription for a Part D beneficiary, it must submit a claim for payment either directly to the beneficiary's PDP or to the PBM of the beneficiary's PDP. Whether the pharmacy submits the claim to a PDP or to a PBM depends on the contractual network of the PDP with which the beneficiary is enrolled. Where the claim is submitted to a PBM, the PBM adjudicates the claim and reimburses the pharmacy if and to the extent that reimbursement is permitted under their contract. Separately, as Omnicare understands it, the PBM in turn requests payment from the PDP for those reimbursements paid to Omnicare. The PDP reimburses the PBM if and to the extent that reimbursement is permitted under their contract. Ultimately, Omnicare understands that the PDP seeks reimbursements for these claims from the federal government.

3

Here, Omnicare has entered into a contract with WHI as an agent for PDPs whereby, pursuant to the terms of Section 3.1(a)(i), WHI pays Omnicare for prescription claims it approves through its adjudication process. *See* Complaint at ¶ 7. WHI in turn seeks payment from the appropriate PDP or PDP Sponsor for the claim WHI approved for Omnicare. There is no adjudication process performed by the PDP or PDP Sponsor as a prerequisite for payment.

Omnicare brought this suit seeking damages for sums partially or entirely withheld by WHI as a result of WHI's claims adjudication process. As alleged in Omnicare's complaint, WHI, as agent for PDPs, has improperly withheld cost-sharing amounts for certain claims relating to patients in nursing homes and LTC facilities that are categorized by CMS as "institutionalized full subsidy eligible individuals." Complaint at ¶¶ 5, 8. Additionally, WHI has rejected (and thus refused to pay altogether) claims for prescription drugs dispensed under special circumstances that are specifically covered by WHI's contract with Omnicare in accordance with Section 3.8. *See* Complaint at ¶ 24; *see also* Section 3.8 of the Agreement.

## ARGUMENT

### A.     The Empty Shell Game Must End

        With this motion, United takes a turn at the now extensive shell game played by the defendants in this case.  WHI's Motion to Dismiss points to United's intervention as support for why this suit should be dismissed: "One of the Sponsors on whose behalf WHI executed the Agreement is United Healthcare Services, Inc., which has intervened as a defendant/counterplaintiff in this litigation.... Under the Agreement...Omnicare agreed that WHI cannot be liable for any payments allegedly owed to Omnicare under the Agreement unless and until WHI has received funding for such payments from the applicable plan Sponsor, such as codefendant United." WHI's Mtn. to Dismiss at ¶¶ 4-5.  The implication of these statements is that WHI is extraneous now that the party who truly controls the funds, United, has joined the suit.

        Shortly thereafter, another plan sponsor and defendant-intervenor, Comprehensive, also moved to dismiss.  Remarkably, Comprehensive made a circular argument that, pursuant to Omnicare's contract with WHI, WHI cannot be held liable for the goods and services Omnciare provided to Comprehensive's members so long as Comprehensive has not in fact paid WHI for them, and that if WHI is not liable under its contract with Omnicare, neither is Comprehensive.  *See* Comprehensive's Mtn. to Dismiss at ¶¶ 4-5.

        Now, United takes its turn at hiding the ball, arguing that its role in this suit is entirely contingent on WHI's liability, a significant reversal from the argument it made to persuade this Court to permit its intervention.

United's motion combines with the motions of its co-defendants to create a scenario where, once all three shells are lifted up, there is no money anywhere for Omnicare to recoup. This is fundamentally unfair to Omnicare. Omnicare must be permitted to pursue payment for the drugs and services it has provided, and discovery will reveal which parties are liable. Because United may in fact have played a major role in the nonpayment that spurred Omnicare's suit, dismissal of Omnicare's claims against WHI should in no way trigger dismissal of its suit against United. Consequently, the Court should not permit United, or the other defendants, to elude liability without discovery and a trial on the merits.

**B.     Omnicare's Claims Against United Stand
          Even if WHI is Dismissed as a Party**

Judgment on the pleadings should be granted only if a review of the pleadings determines that no material factual dispute exists. *See Smith v. Allstate Insurance Co.*, 292 Ill. App. 3d 432, 434-35; 686 N.E.2d 74, 76 (1st Dist. 1997) (Noting that "in deciding the motion [for judgment on the pleadings], the trial court must examine all pleadings on file to determine whether a material factual dispute exists or whether the controversy can be resolved strictly as a matter of law.... Judgment on the pleadings is proper if only questions of law and not of fact exist after the pleadings have been filed."); *see also Richco Plastics Co. v. IMS Co.*, 288 Ill. App. 3d 782, 786; 681 N.E.2d 56, 59 (1st Dist. 1997) ("Judgment on the pleadings is only appropriate when an examination of the pleadings discloses the absence of any material issue of fact, and the rights of the parties can be declared as a matter of law"); *Millers Mutual Ins. v. Graham Oil Co.* 282 Ill. App. 3d 129, 141; 668 N.E.2d 223, 232 (2nd Dist. 1996) (Reversing the trial court's judgment

on the pleadings because a factual allegation "at the heart" of the complaint was in dispute).

Judgment on the pleadings is not appropriate here because the parties dispute certain material issues of fact. United intervened in this suit in December 2007 because it allegedly "could be financially responsible" for the claims at issue. *See* United's Mtn. for Judgment on the Pleadings at ¶ 6. As described above, when Omnicare submits claims to WHI, WHI pays the claims, then turns to United (or one of WHI's other PDPs or plan sponsors) for reimbursement of the claim. Omnicare's contract for payment is with WHI, but Omnicare provides pharmaceutical services directly to United's plan members. Because of United's intervention in this suit, defendants include both (1) WHI, the party with contractual obligations to pay Omnicare for drugs and to use good faith efforts to procure payment from its contracted PDPs or plan sponsors where payment is not forthcoming; and (2) United, the party that has benefited from Omnicare's provision of pharmaceutical services and that provides funds to its benefits manager for payment to Omnicare. Only discovery and trial in this case will determine where the holdup in payment lies.[1] Thus, United's description of its involvement in this suit as solely "predicated on the viability of Omnicare's underlying claims against WHI" is not correct.

---

[1] In contrast to a motion for summary judgment, the Court is restricted to a review of the pleadings alone when considering a motion for judgment on the pleadings. *See Smith,* 292 Ill. App. 3d at 435, 686 N.E.2d at 76 ("Although a motion for judgment on the pleadings is similar to a motion for summary judgment insofar as both suggest that no material issue of fact exists, a judgment on the pleadings must rely on the allegations of the complaint to establish the absence of material fact, whereas summary judgment may rely on affidavits and other documents"). Given this limited information, a judge must read pleadings in a light most favorable to plaintiff. *See Khan v. Serfecz,* 293 Ill. App. 3d 959, 962-63; 689 N.E.2d 227, 229 (1st Dist. 1997) ("We must...draw all fair inferences from the pleadings in the plaintiff's favor").

Indeed, Omnicare has pled facts that, by United's own account, implicate United: "[Omnicare] seeks reimbursement for prescription drug services that it allegedly rendered to residents of nursing homes and other long term care facilities. The LTC residents in question were allegedly enrolled in Medicare Part D prescription drug plans sponsored by United. As the PDP sponsor, United generally is financially responsible for the cost of prescription drug dispensed to participants in its PDPs." Memorandum of Law in Support of United's Motion to Intervene at p. 1. United admits that Omnicare's allegations against WHI involve "common questions of law and fact" to WHI and United, including "whether, when, and how beneficiary eligibility data was provided to United's PDPs and WHI, the timeliness and manner by which Omnicare submitted claims to WHI, and the parties' compliance with guidance issued by CMS regarding the reimbursement of prescription drug claims incurred by residents of LTC facilities...." Id. at p. 9. Clearly, the determination of liability in this suit will require the resolution of many factual questions, many of which involve not only WHI, but United.

Indeed, Omnicare's pleadings seek from WHI cost-sharing amounts for prescription drugs provided to institutionalized full subsidy eligible beneficiaries, and allege that PDPs and plan sponsors—here, United—were instructed by CMS to "pay the specified cost-sharing amounts they withheld directly to LTC pharmacies that have not collected cost-sharing amounts from such beneficiaries and are holding receivables for those amounts." *See* Complaint at ¶ 6. In its answer, United did not admit these allegations. *See* United's Answer in Intervention to Omnicare's Complaint filed December 11, 2007 at ¶ 6. United's failure to admit these allegations makes judgment on the pleadings inappropriate, because "the sole issue raised by the motion for judgment on

the pleadings is whether plaintiff's complaint, *when read in light of the defendant's answer* raises a material question of fact as to the existence of a cause of action." *See Khan*, 293 Ill. App. 3d at 963, 689 N.E.2d at 229 (emphasis added).

Omnicare also seeks payment for drugs it provided that are not covered by Part D but are appropriate in LTC, rather than ambulatory, settings. Omnicare has alleged that PDPs and plan sponsors—again, in this context, United—were instructed by CMS to not reject certain of these claims, and that CMS has sanctioned special arrangements for PDPs and plan sponsors to reimburse LTC pharmacies for such drugs. *See* Complaint at ¶¶ 17-20. Again, in its answer, United did not admit these allegations. *See* United's Answer at ¶¶ 17-20. Thus, even if this Court were to grant WHI's motion to dismiss, Omnicare's claims nonetheless present a triable issue of fact against United.[2]

---

[2] United cites to *Faser v. Sears*, 674 F.2d 856 (11th Cir. 1982) and *TRW Title Ins. v. Security Union Title Ins.*, 153 F.3d 822 (7th Cir. 1998) to support its argument that a motion to dismiss renders "derivative" suits moot. *See* United's Mtn. for Judgment on the Pleadings at ¶ 7. However, in both these cases, a motion to dismiss renders moot certain claims against third-party defendants that have been impleaded. As the Court explains in *Faser*, "Impleader...is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." Precisely because this is not a situation of derivative liability, there is no impleader here, and cases relating to impleader are inapposite.

## CONCLUSION

For all the foregoing reasons, United's motion for judgment on the pleadings should be denied.

Date: April 10, 2008

                              Omnicare, Inc.


                              By: _____
                                   One of the Attorneys for Omnicare, Inc.


                                   Richard P. Campbell
                                   JENNER & BLOCK LLP
                                   330 North Wabash Avenue
                                   Chicago, Illinois 60611-7603
                                   Telephone:312 222-9350
                                   Facsimile: 312 527-0484
                                   Firm I.D. No. 05003

                                   *Attorneys for Plaintiff Omnicare, Inc.*


DEWEY & LEBOEUF LLP
Harvey Kurzweil
Brian S. McGrath
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:    212-259-8000
Facsimile:    212-259-6333

*Of Counsel for Plaintiff Omnicare, Inc.*

## CERTIFICATE OF SERVICE BY U.S. MAIL AND EMAIL

I, Richard P. Campbell, an attorney, certify that I caused the foregoing **Omnicare, Inc.'s Memorandum of Law In Opposition to Defendant-Intervenor United's Motion For Judgment On The Pleadings** to be served on all counsel of record by causing the foregoing to be delivered by United States First Class Mail, postage prepaid and via *email* before 5:00 p.m. on April 10, 2008.


_____

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| **OMNICARE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 L 005503** |
| | ) | |
| **WALGREENS HEALTH INITIATIVES, INC.,** | ) | **Judge Dennis J. Burke** |
| | ) | |
| **Defendant.** | ) | **Calendar N** 3331 |
| | ) | |

CIRCUIT COURT OF COOK
COUNTY ILLINOIS
LAW DIVISION
CLERK
DOROTHY BROWN

## NOTICE OF FILING

**To:**

**See Attached Service List**

PLEASE TAKE NOTICE that on Thursday, April 10, 2008, the undersigned caused the attached **Plaintiff Omnicare, Inc.'s Memorandum of Law In Opposition to Defendant-Intervenor United's Motion For Judgment On The Pleadings** to be filed with the Clerk of Court, Richard J. Daley Center, Law Division, a copy of which is attached hereto and hereby served upon you by *United States First Class Mail* and by *email*.

Dated: April 10, 2008

Respectfully submitted,

By: _Richard P. Campbell_

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: 312 222-9350
Facsimile: 312 527-0484
rcampbell@jenner.com
Firm I.D.: 05003

No. 07 L 005503
(Calendar N)
In the Circuit Court of Cook County, Illinois
Count Department, Law Division

Omnicare, Inc., *Plaintiff* <u>v</u>. Walgreens Health Initiatives, Inc., *Defendant*.

*Judge Dennis J. Burke*
*Richard J. Daley Center*
*Courtroom Number 2306*
*Chicago, Illinois 60602*

## SERVICE LIST

| **Attorneys for Walgreens Health Initiatives** | **Attorneys for United Healthcare** |
|---|---|
| Scott W. Fowkes<br>Charles W. Douglas, Jr.<br>**Kirkland & Ellis LLP**<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Telephone:    312 861-2000 (main)<br>                   312 861-2496 Fowkes direct<br>                   312 469-7079 (Douglas direct )<br>Facsimile:    312 861-2200 (main)<br>                   312 665-9611 (Douglas direct)<br>sfowkes@kirkland.com<br>cdouglas@kirkland.com | Kellye L. Fabian<br>**Freeborn & Peters, LLP**<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, Illinois 60606<br>Telephone:    312 360-6417<br>Facsimile:    312 360-6996<br>kfabian@freebornpeters.com |
| **Attorneys for Comprehensive Health** | **Attorneys for United Healthcare** |
| Edwin E. Brooks<br>**McGuireWoods**<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, Illinois 60601-1818<br>Telephone:    312 849-3060 (direct)<br>Facsimile:    312 920-3681 (direct)<br>Mobile:        312 953-1411<br>ebrooks@mcguirewoods.com | Michael J. Prame (*Admitted Pro Hac Vice*)<br>Mark C. Nielsen (*Admitted Pro Hac Vice*)<br>Thomas J. Fitzgerald (*Admitted Pro Hac Vice*)<br>**Groom Law Group**<br>1701 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br>Telephone:    202 861-6633<br>mprame@groom.com<br>mnielsen@groom.com<br>tfitzgerald@groom.com |

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION B - 11

OMNICARE, INC.,                       )
                                      )
              Plaintiff,              )
                                      )
v.                                    )        No. 2007-L-005503
                                      )        Hon. Judge Burke
WALGREENS HEALTH INITIATIVES,)                 Cal. "N"
INC.,                                 )
              Defendant.              )
_____)

**United Healthcare Services, Inc.'s Reply In Support of Its Motion for
Judgment on the Pleadings**

I.      **Introduction**

        In its Complaint, Omnicare, Inc. ("Omnicare") asserts breach of contract claims *solely*

against Walgreens Health Initiatives, Inc. ("WHI"), relating to WHI's alleged non-payment of

certain Medicare Part D claims that Omnicare submitted to WHI.  United's name does not appear

anywhere in the Complaint, and, indeed, Omnicare has *not* asserted any claims against United,

whose intervention as a defendant in this action was predicated solely upon its potential exposure

for derivative liability (e.g., through indemnification), should Omnicare prevail on its claims

against WHI.  Given that United's involvement in this action is based solely on the viability of

Omnicare's claims against WHI, if the Court grants WHI's motion to dismiss, any derivative

proceedings – including those involving United – should also be dismissed.

II.     **Argument**

        A.      **WHI's Complaint Does Not Allege Any Claims Against United, and If WHI
                Is Dismissed From this Action, So Too Should United.**

        United is an Intervenor-Defendant in this action *solely* because of its potential for

derivative liability should Omnicare prevail on its claims against WHI.  (See United's Memo. in

1

Support of Motion to Intervene, at 8-9 ("[T]o the extent any damages are assessed against WHI in this lawsuit, WHI may look to United for payment"). *See also id.*, at 4 (describing WHI's potential ability to shift liability to United through contribution or indemnification)).[1] Given that Omnicare's Complaint does not assert any claims against United (or even mention United) – WHI's dismissal from this action would necessarily render the case moot, and would entitle United to judgment on the pleadings.[2]

A motion for judgment on the pleadings "asks the trial court to review the pleadings and determine, as a matter of law, that the pleadings do not present a triable factual issue." *Farmers Auto Ins. Ass'n. v. Rowland*, -- N.E.2d --, 2008 WL 433653, at *1 (2nd Dist. 2008). In ruling on a motion for judgment on the pleadings, "only those facts *apparent from the face of the pleadings*, matters subject to judicial notice, and judicial admission in the record may be considered." *M.A.K. v. Rush Presbyterian-St. Luke's Medical Center*, 198 Ill.2d 249, 255, 764 N.E.2d 1, 4 (2001) (emphasis added). Here, if WHI is dismissed from the action, it is apparent that Omnicare's Complaint does not present any triable factual issues with respect to United. Omnicare's Opposition brief (at 2) concedes that "Omnicare's Complaint alleges that WHI breached its contract" and that "this suit seek[s] damages for sums partially or entirely withheld by WHI as a result of WHI's claims adjudication process." (*Id.* at 4) (emphasis added). The Complaint does not even mention United – let alone allege that United has breached a contract or

---

[1] In its Opposition (at 9, n.2), Omnicare argues that this action does "not [present] a situation of derivative liability," but derivative liability *includes* claims for indemnification or contribution, *Bellik v. Bank of America*, 373 Ill. App.3d 1059, 1063, 869 N.E.2d 1179, 1183 (1st Dist. 2007), which are potential claims that WHI could have asserted against United, and which predicated United's intervention in this case. *See* United's Memo. in Support of Motion to Intervene, at 2, 4, and 7-9.

[2] "A case is moot where it involves no actual controversy, rights, or interests of the parties." *People ex rel. Ryan v. Environmental Waste Resources, Inc.*, 335 Ill. App.3d 751, 755, 782 N.E.2d 291, 295 (3d Dist. 2002) (citing *Forest Preserve Dist. of Kane County v. City of Aurora*, 151 Ill.2d 90, 600 N.E.2d 1194 (1992)).

taken some other action that would entitle Omnicare to a judgment against United. Put simply, if WHI is dismissed from this action, United is entitled to judgment on the pleadings given that Omnicare's Complaint is silent as to *any* facts or claims against United.[3]

In its Opposition brief, Omnicare argues that its breach of contract claims survive as to United even if WHI is dismissed from this action (Opp. at 7), but notably, Omnicare fails to cite even one paragraph of the Complaint that can be read to assert any sort of allegation or claim against United. This is hardly surprising, given that the Complaint *does not even mention United*. The Complaint's silence as to United fatally undermines Omnicare's argument, especially given Omnicare's concession that the Court "must rely on the allegations of the complaint to establish the absence of a material fact[.]" (Opp. at 7, n.1 (emphasis added) (quoting *Smith v. Allstate Ins. Co.*, 292 Ill. App. 3d 432, 435, 686 N.E.2d 74, 76 (1st Dist. 1997)).[4] The

---

[3] The absence of any allegations against United in the Complaint – and indeed, the absence of any *reference* to United – is all the more striking given Omnicare's history of suing United-affiliated companies with respect to long term care ("LTC") pharmacy claims. Specifically, Omnicare sued United's parent company, among others, in the N.D. Ill., alleging that its contractual arrangements relating to the reimbursement of LTC pharmacy claims violated antitrust laws, and Omnicare has commenced an arbitration in California against a United sister company that concerns copay and rejected claims similar to (and perhaps overlapping with) those at issue in this lawsuit. Further, Omnicare is the leading member of the Long Term Care Pharmacy Alliance, a trade association that unsuccessfully sued United's parent company in the U.S. District Court for the District of Columbia with respect to the copay and rejected claims at issue in this lawsuit, and which later (unsuccessfully) sued the Centers for Medicare and Medicaid Services ("CMS") over the same issues.

[4] Omnicare's Opposition brief (at 8-9) argues that United's "failure to admit" allegations in ¶¶ 6 and 17-20 of Omnicare's Complaint necessarily raises triable issues of disputed facts that makes judgment on the pleadings improper. Omnicare's argument is without merit. These paragraphs of the Complaint do not in any way reference United. (Indeed, as noted above, United's name does not appear *anywhere* in the Complaint). Further, United answered ¶ 6 of the Complaint by averring that it stated a legal conclusion to which no response was required, and United answered ¶¶ 17, 19, and 20 by stating that the CMS guidance referenced in those paragraphs spoke for itself. With respect to ¶ 18 of the Complaint, United answered that the paragraph was vague and ambiguous, and United therefore denied the allegations therein.

3

absence of any reference to United in the Complaint precludes any finding that there is a triable factual issue between Omnicare and United following WHI's dismissal. Accordingly, judgment on the pleadings in favor of United is appropriate.[5]

**B.    Omnicare's Equitable Arguments Fail**

Omnicare falsely accuses United and Intervenor-Defendant Comprehensive Health Management, Inc. ("Comprehensive") of playing "an empty shell game in order to leave Omnicare with no party to collect from for the goods and services it provided long ago" (Opp. at 1), and it asks the Court to ignore the deficiencies in the Complaint since it would "unfair" to dismiss this action. (Opp. at 6). It is hardly unfair, however, for United to move for judgment on the pleadings where the pleadings themselves make no claims against United. This is especially so given that § 3.1(a)(ii) of the Agreement provides Omnicare with the right to terminate the Agreement on 30 days notice with respect to any PDP Sponsor that fails to fund payment of claims – which is a right that Omnicare never exercised – and  specifically contemplates that "Omnicare may commence [litigation] against a Sponsor to collect [Medicare Part D claims] payment . . . [,]" which, again, is an option that Omnicare has not pursued. Accordingly, Omnicare's argument that United is playing a "shell game" by seeking judgment on the pleadings

---

[5] In its Opposition brief (at 4), Omnicare asserts that WHI acted as the agent for unspecified PDP Sponsors. Even if this could be read as an allegation that WHI acted as United's agent (which United denies), the Complaint itself makes no allegation that WHI acted as agent for United or any other PDP, and it is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss or for judgment on the pleadings. *See, e.g., Gilman v. Stanmar, Inc.,* 261 Ill. App.3d 651, 654 (1st Dist. 1994) (affirmative matters outside the face of a complaint may not be asserted in a Rule 2-615 proceeding) (citing *Curtis v. County of Cook,* 109 Ill. App.3d 400, 409, 440 N.E.2d 942, 948 (1982); *Vine Street Clinic v. HealthLink, Inc.,* 352 Ill. App. 3d 1244, 819 N.E.2d 363 (4th Dist. 2004) (in ruling on a motion for judgment on the pleadings, only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record may be considered), *rev'd in part on other grounds,* 222 Ill.2d 276, 856 N.E.2d 422 (2006).

is entirely without merit, as is its argument that dismissal of this action would leave it with no mechanism to enforce its alleged contractual rights.

**WHEREFORE**, United respectfully requests that this Court enter an order granting judgment on the pleadings in favor of United.

Dated: April 17, 2008                         Respectfully submitted,

                                              By:  _____
                                                   One of United Healthcare
                                                   Services, Inc.'s Attorneys

Kellye L. Fabian
Freeborn & Peters, LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312.360.6417
Facsimile: 312.360.6996
Email: kfabian@freebornpeters.com

Thomas F. Fitzgerald
Michael J. Prame
Mark C. Nielsen
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: 202.857-0620
Facsimile: 202.659-4503
Email: tff@groom.com
       mjp@groom.com
       mcn@groom.com

**Attorneys for United Healthcare Services, Inc.**

## CERTIFICATE OF SERVICE

I, the undersigned, one of the attorneys for Intervenor-Defendant United Healthcare Services, Inc. ("United"), hereby certify that on April 17, 2008, I caused a true and complete copy of the foregoing Reply in Support of United's Motion for Judgment on the Pleadings to be served via electronic delivery and U.S. mail (postage prepaid) to the following:

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, IL 60611
Tel:  312.923.2818
Fax: 312.923.2918

Edwin E. Brooks
McGuire Woods LLP
77 W. Waker Drive, Suite 4100
Chicago, IL 60601
Tel:  312.849.3060
Fax: 312.920.3681

Scott W. Fowkes
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
Tel:  312.861.2000
Fax: 312.861.2200

Kellye L. Fabian
Freeborn & Peters LLP
311 South Waker Drive, Suite 3000
Chicago, IL 60606
Tel:  312.360.6417
Fax: 312.360.6996
**Attorneys for United Healthcare Services, Inc.**

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

OMNICARE, INC.,          3303          )
                                       )
                              Plaintiff, )
                                       )
v.                                     )          No. 07 L 005503
                                       )
WALGREENS HEALTH INITIATIVES, INC.,    )          Judge Dennis J. Burke
                                       )
                             Defendant. )          Calendar N
                                       )
                                       )

<u>**NOTICE OF ROUTINE MOTION**</u>

<u>To:</u>

**See Attached Service List**



PLEASE TAKE NOTICE that on Wednesday, April 23, 2008, at 9:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Dennis J. Burke, or any judge sitting in his stead, in the courtroom occupied by him at the Richard J. Daley Center, 50 W. Washington Street, Courtroom Number 2306, Chicago, Illinois 60602, and shall then and there move the Court as set forth in the attached Routine Motion to Appear *Pro Hac Vice*.

Dated:  April 15, 2008

                    Respectfully submitted,


                    By: _____
                        Richard P. Campbell
                        One of the Attorneys for Plaintiff Omnicare, Inc.
                        Jenner & Block LLP
                        330 North Wabash Avenue
                        Chicago, Illinois  60611-7603
                        Telephone:  312 222-9350
                        Facsimile:  312 527-0484
                        rcampbell@jenner.com
                        Firm I.D.:  05003

**No. 07 L 005503**
In the Circuit Court of Cook County, Illinois
Count Department, Law Division

Omnicare, Inc., *Plaintiff* **v**. Walgreens Health Initiatives, Inc., *Defendant.*
*Judge Dennis J. Burke (Calendar N)*
*Richard J. Daley Center*
*Courtroom Number 2306*
*Chicago, Illinois  60602*

**SERVICE LIST**

| Attorneys for Walgreens Health Initiatives | Attorneys for United Healthcare |
|---|---|
| Scott W. Fowkes<br>Charles W. Douglas, Jr.<br>**Kirkland & Ellis LLP**<br>200 East Randolph Drive<br>Chicago, Illinois  60601<br>Telephone:      312 861-2000 (main)<br>                    312 861-2496 Fowkes direct)<br>                    312 469-7079 (Douglas direct )<br>Facsimile:      312 861-2200 (main)<br>                    312 665-9611 (Douglas direct)<br>sfowkes@kirkland.com<br>cdouglas@kirkland.com | Kellye L. Fabian<br>**Freeborn & Peters, LLP**<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, Illinois  60606<br>Telephone:      312 360-6417<br>Facsimile:      312 360-6996<br>kfabian@freebornpeters.com |
| **Attorneys for Comprehensive Health**<br>Edwin E. Brooks<br>**McGuireWoods**<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, Illinois  60601-1818<br>Telephone:      312 849-3060 (direct)<br>Facsimile:      312 920-3681 (direct)<br>Mobile:           312 953-1411<br>ebrooks@mcguirewoods.com | **Attorneys for United Healthcare**<br>Michael J. Prame *(Admitted Pro Hac Vice)*<br>Mark C. Nielsen *(Admitted Pro Hac Vice)*<br>Thomas J. Fitzgerald *(Admitted Pro Hac Vice)*<br>**Groom Law Group**<br>1701 Pennsylvania Avenue, N.W.<br>Washington, DC  20006<br>Telephone:      202 861-6633<br>mprame@groom.com<br>mnielsen@groom.com<br>tfitzgerald@groom.com |

O₂₀₀₃

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.,                          )
                          3390    Plaintiff,    )
                              2800          )
v.                                       )    No. 07 L 005503
                                         )
WALGREENS HEALTH INITIATIVES, INC.,      )    Judge Dennis J. Burke
                                         )
                          Defendant.     )    Calendar N
                                         )
                                         )

FILED
Law Div ~2306
APR 23 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ROUTINE MOTION TO APPEAR PRO HAC VICE

Plaintiff, Omnicare, Inc., by its attorneys Jenner & Block LLP moves this Court pursuant

to Illinois Supreme Court Rule 707 for an order permitting attorney Brian S. McGrath to appear

on behalf of Plaintiff Omnicare, Inc., *pro hac vice*. In support of this motion, Plaintiff attaches

the Affidavit of Brian S. McGrath and states:

1.    Counsel of record, Richard P. Campbell is licensed to practice in the state courts

of Illinois.

2.    Brian S. McGrath of the law firm Dewey & LeBoeuf LLP will be assisting in the

prosecution of this case. The Affidavit of Brian S. McGrath is attached hereto as Exhibit A.

WHEREFORE, Plaintiff Omnicare, Inc., respectfully requests that this Court grant its motion and permit Brian S. McGrath to appear on its behalf *pro hac vice* in this case.

Dated:  April 15, 2008

Respectfully submitted,

By:  _____
Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:  312 222-9350
Facsimile:   312 527-0484
rcampbell@jenner.com
Firm I.D.:    05003

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| OMNICARE, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 L 005503 |
| | ) |
| WALGREENS HEALTH INITIATIVES, INC., | ) Judge Dennis J. Burke |
| Defendant. | ) |
| | ) Calendar N |
| | ) |

## AFFIDAVIT OF BRIAN S. MCGRATH
## IN SUPPORT OF MOTION TO APPEAR PRO HAC VICE

STATE OF NEW YORK    )
                     ) SS.
COUNTY OF NEW YORK   )

Brian S. McGrath, having been first duly sworn upon oath, deposes and states the following:

1. I am over eighteen years of age; I am fully capable of making this Affidavit and all of the statements contained herein are true and correct and are made upon my personal knowledge.

2. I am an attorney with the law firm of Dewey & LeBoeuf LLP, located at 1301 Avenue of the Americas, New York, New York 10019, Telephone Number 212 259-8000. In that capacity, I serve as counsel for Omnicare, Inc., a Plaintiff in this matter. Omnicare, Inc. desires that I serve as co-counsel in connection with the above-captioned proceeding.

EXHIBIT A

3.      I received my J.D. degree from the University of Buffalo Law School in 2000 .

4.      I have been licensed to practice law in the State of New York since 2001 . I am a member in good standing in all courts before which I am admitted to practice law and I have never been denied admission to practice in any court to which I have applied.

5.      I have never been disbarred, suspended, reprimanded, censured, or otherwise disciplined or disqualified as an attorney.

6.      Should I be admitted to this Court *pro hac vice*, I will be working closely with Richard P. Campbell, attorney with the law firm of Jenner & Block LLP, member of the bar of the State of Illinois, and will comply with all local and court rules.

FURTHER AFFIANT SAYETH NOT.

_____
Brian S. McGrath

SUBSCRIBED AND SWORN TO

Before Me This 14th Day of April, 2008.

_____
Notary Public

CECIL S. ASHDOWN
NOTARY PUBLIC, State of New York
No. 01AS6070058
Qualified in New York County
Certified in New York County
Commission Expires February 19, 2010

- 2 -

## CERTIFICATE OF SERVICE BY U.S. MAIL AND EMAIL

I, Richard P. Campbell, an attorney, certify that I caused the foregoing **Plaintiff Omnicare, Inc.'s Routine Motion To Appear _Pro Hac Vice_** and **Affidavit** to be served on all counsel of record by causing the foregoing to be delivered by United States First Class Mail, postage prepaid and via _email_ before 5:00 p.m. on April 15, 2008.


_____
Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 07 L 005503** |
| | ) | |
| WALGREENS HEALTH INITIATIVES, INC., | ) | **Judge Dennis J. Burke** |
| | ) | |
| **Defendant.** | ) | **Calendar N** |
| | ) | |
| | ) | |

## ORDER GRANTING MOTION FOR
## ADMISSION PRO HAC VICE OF BRIAN S. MCGRATH

This matter, coming on to be heard on Plaintiff Omnicare, Inc.'s Motion for Admission *Pro Hac Vice* of Brian S. McGrath for the limited purpose of appearance and practice in the above-captioned case, due notice having been given and the Court being fully advised in the premises,

IT IS HEREBY ORDERED: that Plaintiff's motion is granted and Brian S. McGrath is granted leave to appear *pro hac vice* before this Court as additional counsel in this lawsuit for the Plaintiff, Omnicare, Inc.

IT IS SO ORDERED this ____ day of _____, 2008.

ENTERED:

_____ 1744

JUDGE

Judge Dennis J. Burke

APR 23 2008

Circuit Court - 1744

Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone:   312 222-9350
Facsimile:   312 527-0484
rcampbell@jenner.com
Firm I.D.:      05003

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare, Inc.

v.

Walgreens Health Initiatives, Inc., et al.

No. 07 L 005503

### ORDER

This matter coming to be heard for a hearing on Walgreens Health Initiatives, Inc.'s Motion to Dismiss, Comprehensive Health Management's Motion to Dismiss, and United Healthcare Services' Motion for Judgment on the pleadings, counsel for all parties being present, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

① The Court has taken the above-referenced motions under advisement;

② The Court will issue a written opinion that can be picked up after 3:00 p.m. on May 8, 2008.

6360

Atty. No.: 71182

Name: K. Fabian, Freeborn + Peters

Atty. for: United

Address: 311 S. Wacker

City/State/Zip: Chicago, IL 60606

Telephone: 312-360-6417

ENTERED: Judge Dennis J. Burke

MAY 0 1 2008

Dated: Circuit Court - 1744

1744

**Judge**          **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORIGINAL – COURT FILE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

OMNICARE, INC.., )
)
Plaintiff, )          No. 07 L 5503
)
v. )
)          Honorable Dennis J. Burke
WALGREENS HEALTH INITIATIVES, )
INC., and UNITED HEALTHCARE )
SERVICES, INC., )
)
Defendants. )
)

## ORDER

This matter having come before the Court on May 8, 2008; the Court having considered the briefs and oral arguments in connection with Defendant Walgreens Health Initiatives, Inc.'s Motion to Dismiss the Complaint pursuant to 735 ILCS § 2-615 or, Alternatively, 735 ILCS § 5/2-619; Defendant United Healthcare Services, Inc.'s Motion for Judgment on the Pleadings; and Intervening Defendant Comprehensive Health Management Inc.'s Motion to Dismiss the Complaint pursuant to 735 ILCS § 5/2-615; the Court hereby enters the following Order:

IT IS HEREBY ORDERED THAT:

1.  Defendant Walgreens Health Initiatives, Inc.'s ("WHI") Motion to Dismiss the Complaint pursuant to section 2-615 is DENIED. In order to state a claim for breach of contract, a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach of the subject contract by the defendant; and (4) that the defendant's breach resulted in damages. *Unterschuetz v. City of Chicago*, 346 Ill. App. 3d 65 (1st Dist. 2004). After accepting as true all of the well-pled allegations of the Complaint, the Court finds that Plaintiff Omnicare, Inc. ("Plaintiff") has sufficiently pled a cause of action for breach of contract. The Court disagrees with WHI's argument that Plaintiff must "allege and prove that WHI received funding from one of its plan sponsors…" pursuant to paragraph 3.1(a)(ii) of the Pharmacy Network Agreement ("Agreement"), because this is not a required element for a breach of contract claim. Therefore, Defendant WHI's Motion to Dismiss pursuant to section 2-615 is DENIED.

    Furthermore, Defendant WHI's Motion to Dismiss the Complaint pursuant to section 619(a)(9) is DENIED. When proceeding under a section 2-619 motion, the movant concedes all well-pleaded facts set forth in the complaint, but does not admit conclusions of law. *Brown v. ACMI Pop Div.*, 375 Ill. App. 3d 276, 286 (1st Dist. 2007). A section 2-619 motion to dismiss should be granted only when it raises affirmative matter which negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusion of

material, but unsupported fact. *See id.* Upon ruling on a Section 2-619 motion, the court must deny the motion if there is a material and genuine disputed question of fact. 735 ILCS 5/2-619(c); *see also Samansky v. Rush-Presbyterian-St. Luke's Medical Ctr.*, 208 Ill. App. 3d 377, 384 (1st Dist. 1990). In this case, the Court finds that material and genuine issues of disputed fact exist, thereby necessitating a denial of the section 2-619(a)(9) Motion. For example, the Court finds a genuine issue of disputed fact exists as to whether WHI properly adjudicated Plaintiff's claims pursuant to the terms of the Agreement. Therefore, Defendant WHI's Motion to Dismiss pursuant to section 2-619(a)(9) is DENIED.

2. Defendant United Healthcare Services, Inc.'s ("UHS") Motion for Judgment on the Pleadings is DENIED. Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Gillen v. State Farm Mut. Auto. Ins. Co.*, 215 Ill. 2d 381, 385 (2005). In ruling on a motion for judgment on the pleadings, the court will consider only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. *Id.* In this case, Defendant UHS argues that it "is entitled to judgment on the pleadings if Omnicare's Complaint against WHI is dismissed." Specifically, Defendant UHS argues that its involvement in the underlying case is predicated upon the viability of Plaintiff's claim against Defendant WHI. As discussed above, the Court finds that Plaintiff has adequately stated a cause of action against Defendant WHI. As a result, the claims against Defendant UHS remain viable. Therefore, the Motion for Judgment on the Pleadings is DENIED.

3. Intervening Defendant Comprehensive Health Management Inc.'s ("CHM") Motion to Dismiss the Complaint pursuant to section 2-615 is DENIED. As stated above, after accepting as true all of the well-pled allegations of the Complaint, the Court finds that Plaintiff has stated a cause of action for breach of contract with the requisite factual specificity.

4. Lastly, the Court notes that to date, Plaintiff has not asserted any claims against Intervening Defendant CHM. Thus, the Court grants Plaintiff leave to file an Amended Complaint for the purpose of including allegations against Intervening Defendant CHM, if Plaintiff so desires.

5. This case is set for further status on June 5, 2008 at 9:45 a.m.



Entered:

Judge Dennis J. Burke
Circuit Court of Cook County, Illinois
County Department, Law Division
Commercial Calendar "N"

07 L 5503                    Page 2 of 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Omnicare

v.

WHI, et al.

} No. 07L 5503

CC
BB

### AGREED ORDER

This matter coming to be heard for STATUS, Counsel for all parties being present, it is Hereby ordered:

4292
① PLAINTIFF Omnicare shall file its amended
4234  complaint by June 11, 2008;

② Defendants shall respond to the amended
4619  complaint by July 11, 2008;

③ This matter is set for STATUS on July 24, 2008
at 9:30 a.m.

Atty. No.: 90447

Name: SCOTT FOWKES

Atty. for: WHI

Address: 200 E Randolph Dr.

City/State/Zip: Chicago IL 60601

Telephone: 312/861-2000

ENTERED: Judge Dennis J. Burke

JUN 05 2008

Dated: Circuit Court-1744

Judge

Judge's No.

C.C. MEM

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ORIGINAL – COURT FILE

05003

*FILED-2*
*2008 JUN 11  AM 11: 52*
*CLERK OF...*
*...CIRCUIT COURT...*

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| OMNICARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 L 005503 |
| | ) | |
| WALGREENS HEALTH INITIATIVES, INC., | ) | Judge Dennis J. Burke |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| and COMPREHENSIVE HEALTH | ) | Calendar N |
| MANAGEMENT, INC. | ) | 3011 |
| | ) | 2871 |
| Defendant. | ) | 3004 |

### AMENDED COMPLAINT

Plaintiff, Omnicare, Inc., by and through its attorneys, Jenner & Block LLP, for its

complaint against Defendants, Walgreens Health Initiatives, Inc., United Healthcare Services,

Inc., and Comprehensive Health Management, Inc., states as follows:

### COUNT I

**(Breach of Contract To Pay Withheld Cost-Sharing Amounts Against WHI)**

1.     Plaintiff Omnicare, Inc., ("Omnicare") is a corporation organized and existing

under the laws of the State of Delaware, maintaining, at all relevant times, a principal place of

business in Covington, Kentucky. Omnicare provides pharmaceutical products and services to

residents of Long Term Care ("LTC") facilities and is reimbursed for its products and services

by healthcare insurance companies.

2.     Defendant Walgreens Health Initiatives, Inc. ("WHI") is a corporation organized

and existing under the laws of the State of Illinois, maintaining, at all relevant times, a principal

place of business in Deerfield, Lake County, Illinois.  WHI is engaged in business as a healthcare

insurance company.  WHI does business in Cook County, Illinois.



3.      Defendant United Healthcare Services, Inc. ("United") is a corporation organized and existing under the laws of Minnesota, maintaining, at all relevant times, a principal place of business in Minnetonka, Minnesota.  United is engaged in business as a healthcare insurance company.  Upon information and belief, United does business in Cook County, Illinois.

4.      Defendant Comprehensive Health Management, Inc. ("Comprehensive") is a corporation organized and existing under the laws of Florida, maintaining, at all relevant times, a principal place of business in Tampa, Florida.  Comprehensive is engaged in business as a healthcare insurance company.  Upon information and belief, Comprehensive does business in Cook County, Illinois.

5.      The Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit (commonly known as "Part D"), which is administered by the Centers for Medicare and Medicaid Services ("CMS").  Under Part D, private at-risk prescription drug plans ("Part D Plans") function as payors for the prescription drug benefits of patients enrolled in the given Part D Plan.  WHI is a pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on behalf of several Part D Plans.

6.      To be approved by CMS, a Part D Plan must meet certain minimum requirements, such as showing it has an adequate network of pharmacies.  Part D Plans, or PBMs acting on their behalf, thus routinely contract with Omnicare to serve as an institutional pharmacy for their members.  Pursuant to these contracts, Omnicare is reimbursed by the PBM or Part D Plan for the pharmacy services it provides to their members.

7.      Each Part D Plan has its own computerized processing system or provides a protocol to its PBM for claims processing.  The Part D Plans program these systems or design their protocols to process claims in a way that is consistent with the breadth of Part D coverage.

Whenever there are changes to Part D coverage or updates from CMS regarding the treatment of certain claims, Part D Plans must update their processing systems or protocols accordingly. These instructions for handling of various classes of claims are sometimes referred to as "edits."

8.      Many enrollees in Part D Plans are "institutionalized full subsidy eligible individuals" under the CMS regulations for Part D.  Primarily nursing home residents, these individuals are enrolled in both a state Medicaid program and a Medicare Part D Plan.  Their dual enrollment in Medicare and Medicaid exempts them from the "cost-sharing" amounts that would otherwise be payable by beneficiaries under a Part D Plan, such as deductibles, co-payments or coinsurance amounts. Instead, CMS provides cost-sharing subsidies to Part D Plans to cover these amounts.

9.      By law, if a Part D Plan (including any PBM acting on its behalf) specifies that institutionalized full subsidy eligible individuals must pay cost-sharing when it processes their pharmacy claims, it must pay these individuals any cost-sharing that it withheld.  (See 42 C.F.R. 423.800(c).)   Many LTC pharmacies have not collected cost-sharing amounts from institutionalized full subsidy eligible individuals who are residents of nursing homes and other LTC facilities.  Consequently, these LTC pharmacies are left holding receivables for the services they rendered to those individuals.  Recognizing the difficulty of collecting cost-sharing from patients in nursing homes and LTC facilities, CMS has directed Part D Plans to pay the specified cost-sharing amounts they withheld directly to LTC pharmacies that have not collected cost-sharing amounts from such beneficiaries and are holding receivables for those amounts.

10.     On July 29, 2005, Omnicare and WHI entered into a written contract denominated Pharmacy Network Agreement ("Agreement") by which Omnicare agreed to provide pharmaceutical products and services to members of Part D Plans and Plan Sponsors listed in

Exhibit A to the Agreement. United and an affiliate of Comprehensive are among the Part D Plans and Plan Sponsors listed in Exhibit A that contracted with WHI to process and pay their claims. A copy of the Agreement has been filed under seal with this Court.

11.    In return for the provision of drugs and services, WHI agreed to pay Omnicare for prescription claims approved by WHI at the prices specified on Schedule 3.1(a) to the Agreement, and to perform its obligations under the Agreement in conformance with the Part D Rules, including "CMS instructions, and CMS published sub-regulatory guidance relating to the Part D prescription drug benefit...." (See Section 3.1(a), Section 5.1, Section 5.3, and the definition of "Part D Rules" in Article 1.)

12.    Thus WHI played two roles in this transaction: PBM and agent. First, as a PBM, WHI is contractually bound to appropriately process claims submitted by Omnicare and remit payment to Omnicare for the claims it approves. Second, as agent for United and Comprehensive (and the other Part D Plans and Plan Sponsors listed in Exhibit A to the contract), WHI entered into a contract on their behalf by which WHI is bound to reimburse Omnicare for the drugs and services that Omnicare agreed to provide to the Part D Plans' members.

13.    During the period of January 1, 2006, through May 16, 2008, Omnicare provided prescription drugs to institutionalized full subsidy eligible beneficiaries of the Part D Plans covered by the Agreement for which WHI approved the prescription claim but withheld a cost-sharing amount. Omnicare did not collect these cost-sharing amounts from the beneficiaries or any other source, and currently holds a receivable for these amounts. In accordance with the terms of the Agreement and the applicable Part D Rules, WHI is obligated to pay these withheld

cost-sharing amounts to Omnicare, but, despite demand, has failed to make such payments in full.

14.   WHI breached the Agreement by failing and refusing to pay Omnicare the withheld cost-sharing amounts.

15.   WHI's breaches are ongoing.

16.   As a result of WHI's failure to pay these cost-sharing amounts to Omnicare, for the period January 1, 2006, through May 24, 2008, WHI owes Omnicare an amount in excess of $1,643,131.21.

17.   Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare the withheld cost-sharing amounts.

18.   WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $1,643,131.21.

## COUNT II

### (Breach of Contract For Failure To Update Cost-Sharing Database Against All Defendants)

19.   Omnicare realleges and incorporates in this Count II each of the allegations contained in paragraphs 1 through 12 of Count I, and additionally alleges or alleges in the alternative:

20.   When Medicare Part D was initially launched, CMS intended to inform plan sponsors, or PBMs acting on their behalf, whether individuals qualified as institutionalized full subsidy eligible patients on a scheduled basis. CMS planned to provide this information from its database in which it stores information vital to determinations of subsidy eligibility. Since the

5

rollout of Part D in 2006, however, CMS has admittedly failed to provide and update this eligibility information on a consistent basis.

21.    CMS recognized this problem shortly after the rollout of Part D and issued a memorandum directing Part D Plans, or PBMs acting on their behalf, to obtain the necessary information from nursing facilities or advocates acting on behalf of beneficiaries to ascertain their eligibility status so as to correct this improper co-pay assessment. This information, which must be submitted by Part D Plans in order to receive reimbursement from Part D, is called Best Available Data or Best Available Evidence (hereinafter, "BAE"). Specifically, in a May 5, 2006 memorandum, CMS stated that when a Part D Plan has knowledge that "a beneficiary is a full benefit dual eligible, the plan should make changes to its systems to accommodate the revised copayment level." In several other communications in 2006 and 2007, CMS instructed Part D Plans, or PBMs acting on their behalf, to work out arrangements for collecting BAE in order to stem the tide of improper adjudications of claims for institutionalized full subsidy eligible individuals.

22.    WHI, and United and Comprehensive, through WHI, their agent, have obligations under the Omnicare contract to abide by CMS guidance. However, they have failed to follow CMS instructions to collect BAE in order to update and correct data about members of their plans. Their delinquency has exacerbated the flaws in the adjudication process. Nonetheless they persist in relying upon incomplete or outdated data from CMS. Consequently, as discussed in Count I, WHI has misadjudicated claims for drugs dispensed to institutionalized full subsidy eligible beneficiaries.

23.    WHI, United, and Comprehensive have breached their contract with Omnicare by refusing to collect, update and/or maintain their member data, as required by CMS, in order to

provide for the correct adjudication of claims for institutionalized full subsidy eligible beneficiaries.

24.    Their breaches are ongoing.

25.    As a result of WHI's, United's, and Comprehensive's failures to follow CMS guidance in regard to maintaining accurate member data, for the period January 1, 2006, through May 24, 2008, WHI, United, and Comprehensive owe Omnicare an amount in excess of $1,643,131.21.

26.    Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's, United's, and Comprehensive's obligations to follow CMS guidance for the maintenance of member data.

27.    WHI's, United's and Comprehensive's breaches of the Agreement have caused Omnicare injury and damages in an amount in excess of $1,643,131.21.

## COUNT III

### (Breach of Contract To Reimburse Against WHI)

28.    Omnicare realleges and incorporates in this Count III each of the allegations contained in paragraphs 1 through 7 and 10 through 12 of Count I, and additionally alleges:

29.    Part D places certain restrictions on choice and administration of prescription drugs. These restrictions were designed foremost to apply in the retail drug context (i.e. where an individual fills his or her own prescription at a retail pharmacy). However, a portion of Part D beneficiaries are confined to nursing homes or other types of LTC facilities. Residents of LTC facilities do not fill their prescriptions at retail pharmacies. Instead, their prescriptions are ordered on their behalf by the facilities in which they reside and filled by an institutional pharmacy such as Omnicare.

7

30.    Part D beneficiaries residing in LTC facilities thus present special challenges to Part D Plans and institutional pharmacies in their administration of Part D. For example, the Part D program places limitations on the frequency with which an enrollee's prescriptions can be refilled. However, when individuals are first admitted to a nursing home, they are generally not permitted to bring any of their prescription drugs with them from home. Because individuals can be admitted to a nursing home at any point in their prescription cycle, the pharmacies servicing nursing homes may need to fill a newly admitted patient's prescriptions immediately, regardless of whether three days or twenty-five days have passed since the patient's prescription was last filled. The alternative would be for a patient to go unmedicated for days or even weeks. Another example is when, for a transitional period, LTC pharmacies are given an order for a drug not covered by the formulary set by a specific Part D plan. In some instances this occurs because upon admission to a LTC facility, individuals may enroll in a new Part D Plan that has drug formularies that are different from the individuals' previous plans. In other instances, individuals enrolled in a Part D Plan may have been prescribed non-formulary drugs during a hospital stay, but upon discharge from a hospital and re-admission to the LTC facility must revert to their Part D Plan's formularies. Patients in these situations are often on a number of different medications. LTC pharmacies thus may be asked to dispense non-covered drugs while new formularies are phased in over a period of months in order to protect patients from the physical shock of switching several drugs at once.

31.    Prior to the implementation of Part D, CMS emphasized the "unique needs of residents of long term care facilities who enroll in a new Part D Plan." Because such residents are "likely to be receiving multiple medications for which simultaneous changes could significantly impact the condition of the enrollee," CMS encouraged Part D Plans to shape

8

appropriate policies for transitional prescription drug coverage, calling transition periods of 90 to 180 days "appropriate." (See Information for Part D Sponsors on Requirements for a Transition Process dated March 16, 2005, attached hereto as Exhibit 2.)

32.    After Part D's inception, CMS has continued to recognize that LTC pharmacies frequently face situations where what is best for their patients does not necessarily follow standard Part D protocols. Rather than putting LTC pharmacies in the position of choosing between harming patients and not getting paid, CMS has given its approval to Part D Plans reimbursing LTC pharmacies for drugs they dispense in these unique circumstances despite their variance from the Part D protocols established for retail pharmacies.

33.    In its Question & Answer Clarification dated May 23, 2006, CMS sanctioned differential treatment between "ambulatory" patients and those confined to LTC facilities when "it is appropriate or legally required under our Part D guidance…For example, it is perfectly acceptable for plans to adopt alternative standards applicable only in the LTC setting when clinically justified, legally required, or otherwise justified based on characteristics unique to beneficiaries residing in LTC facilities…." (See CMS Q&A of May 23, 2006, attached hereto as Exhibit 3, emphasis added.)

34.    More specifically, CMS has limited the use of early refill edits (rejections of claims based on refilling too early in the prescription cycle). These edits "cannot be used to limit appropriate and necessary access" to Part D benefits. (See CMS Q&A of April 6, 2006, attached hereto as Exhibit 4.) CMS provides an example of an inappropriate "too soon" edit: Part D Plans must not deny claims for refills to patients upon admission to or discharge from LTC facilities. (Id.)

35.    In its agreement with Omnicare, WHI acknowledged that "certain of the restrictions under the Plans may not be appropriate in the context of Plan Enrollees who are residents of [LTC] Facilities." (See Agreement Section 3.8.)  Accordingly, WHI guaranteed coverage of certain drugs that might otherwise be denied by Part D Plans.  The special circumstances that might require WHI to pay for Omnicare's provision of non-covered drugs, or covered drugs under non-covered circumstances, are described in detail in, *inter alia*, the Agreement's Sections 3.8(c), 3.8(h), and 3.8(i).

36.    In order for WHI to properly adjudicate drugs dispensed under these special circumstances, it agreed to use "commercially reasonable efforts to adjudicate Claims submitted by Omnicare Pharmacies using its On-Line System" in a way consistent with its guarantee of expanded coverage under Section 3.8. (Id.)  Should a claim covered by Section 3.8 be rejected by WHI's On-Line System, meaning the On-Line System improperly rejected the claim as non-payable, WHI must pay the claim within thirty days of Omnicare's written notice of the improper adjudication. (Id.)

37.    During the period of January 1, 2006, through May 16, 2008, Omnicare provided prescription drugs under the special conditions described in Section 3.8 to many of WHI's members.  When Omnicare submitted claims for these prescriptions, WHI's On-Line System improperly adjudicated these claims as non-covered and did not reimburse Omnicare for them (collectively, the "Rejected Claims").  Under the terms of the parties' Agreement, WHI is obligated to pay these claims.

38.    Consistent with Section 3.8 of the Agreement and CMS guidance, Omnicare brought these claims rejected by the On-Line System to WHI's attention and requested payment.

10

WHI did not pay these claims within thirty days, as contractually required, and continues to withhold payment to Omnicare.

39.    On February 14, 2007, Omnicare notified WHI in writing of its demand that WHI reimburse Omnicare in full for Rejected Claims.  To date, WHI has failed and refused to pay Omnicare the amounts owed with respect to these claims.

40.    WHI's failure to pay Omnicare for Rejected Claims constitutes a breach of the Agreement.

41.    WHI's breaches are ongoing.

42.    As a result of WHI's failure to pay amounts due Omnicare for Rejected Claims, for the period January 1, 2006, through May 24, 2008, WHI owes Omnicare an amount in excess of $431,429.

43.    Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare.

44.    WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $431,429.

WHEREFORE, Plaintiff, Omnicare, Inc., demands judgment as follows:

1.    On Count I, against WHI, the amount of $1,643,131.21, with interest, costs, and expenses.

2.    On Count II, against WHI, United, and Comprehensive, the amount of $1,643,131.21, with interest, costs, and expenses.

3.    On Count III, against WHI, the amount of $431,429 with interest, costs, and expenses.

4.    Such other and further relief as to the Court deems just.

Date:  June 11, 2008

Omnicare, Inc.

By:  _____
One of the Attorneys for Omnicare, Inc.

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:  312 222-9350
Facsimile:   312 527-0484
Firm I.D. No. 05003

DEWEY & LEBOEUF LLP
Harvey Kurzweil
Brian S. McGrath
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:    212-259-8000
Facsimile:    212-259-6333

*Of Counsel for Plaintiff Omnicare, Inc.*

## CERTIFICATE OF SERVICE BY U.S. MAIL AND EMAIL

I, Richard P. Campbell, an attorney, certify that I caused the foregoing **Omnicare, Inc.'s Amended Complaint** to be served on all counsel of record by causing the foregoing to be delivered by United States First Class Mail, postage prepaid and via *email* before 5:00 p.m. on June 11, 2008.


_____
Richard P. Campbell
One of the Attorneys for Plaintiff Omnicare, Inc.

# EXHIBIT 1

# Previously filed
# Under Seal with the Clerk's Office

# EXHIBIT 2

## Information for Part D Sponsors on Requirements for a Transition Process
## March 16, 2005

### Overview

CMS review of plan formularies will ensure that plans offer a comprehensive array of drugs that reflects best practices in the pharmacy industry as well as current treatment standards. We expect plan formularies and plan benefit designs to include the full range of treatment options and at the same time reflect drug benefit management tools that are proven and in widespread use in prescription drug plans today. Our goal is to ensure beneficiaries receive clinically appropriate medications at the lowest possible cost. In reaching this goal, we also need to acknowledge the specific needs of individuals with certain medical conditions who are already stabilized on certain drug regimens (for example, enrollees with HIV/AIDS, mental illness, and those with other cognitive disorders). In addition, it is important to recognize the needs of full-benefit dual eligibles who may be auto-enrolled in a prescription drug plan and who, despite education and outreach efforts on the changing nature of their drug coverage under the new Medicare drug benefit, may be unaware of the impact of the prescription drug plan's formulary or utilization management practices on their existing drug coverage.

To address the needs of individuals who are stabilized on certain drug regimens, Part D plans are required to establish an appropriate transition process for new enrollees who are transitioning to Part D from other prescription drug coverage, and whose current drug therapies may not be included in their Part D plan's formulary. This transition process will need to address the plan sponsor's method of educating both beneficiaries and providers to ensure a safe accommodation of an individual's medical needs with the plan's formulary. We believe some period of adjustment may be necessary to introduce the new formulary requirements, and set forth our expectations of what constitutes a reasonable transition timeframe. As we indicate later in this paper, we also recommend the transition process address unplanned transitions as individuals change treatment settings due to changes in level of care.

We will review the plan's transition process as part of the formulary and plan benefit design review. As we indicate in the preamble to our final rule for the Medicare prescription drug benefit, we believe that a requirement for an appropriate transition process for new enrollees balances the protection of certain vulnerable populations with flexibility necessary for Part D plans to develop a benefit design that promotes beneficiary choice and affordable access to medically necessary drugs.

### I. General Transition Process for New Enrollees

The issue of transition is important with respect to (1) the initial transition of beneficiaries to the Medicare prescription drug benefit on January 1, 2006, (2) the transition of new enrollees after the initial implementation of the program, and (3) the transition of individuals who switch from one plan to another after implementation of the benefit. Our intent when evaluating a transition process is to ensure that beneficiaries will transition smoothly to drugs on the formulary while providing potential plan sponsors with maximum flexibility in order to manage their prescription drug benefit offerings. To that end, we encourage plan sponsors to consider a variety of

strategies and communication methods to address the needs of vulnerable groups such as individuals with chronic conditions and Medicare/Medicaid full-benefit dual eligibles.

## P& T Role

At a minimum, we expect that a transition process would address procedures for medical review of non-formulary drug requests and, when appropriate, a process for switching new Part D plan enrollees to therapeutically appropriate formulary alternatives failing an affirmative medical necessity determination. We would expect that a plan's pharmacy and therapeutics (P&T) committee will review and provide recommendations regarding the procedures for medical review of non-formulary drug requests and we will look to the transition process for assurances and clarification of the P&T committee role. P&T committee involvement will help ensure that transition decisions appropriately address situations involving enrollees stabilized on drugs that are not on the plan's formulary and which are known to have risks associated with any changes in the prescribed regimen. If the prescribed drugs are on the plan's formulary but require step-therapy or prior authorization to access the drug, P&T committee involvement should ensure that procedures limiting access are appropriate in situations in which a new enrollee is already stabilized on a drug or has already tried the lower step agents.

## Temporary One-time Supply Fills Recommended

The transition process should also address situations where an individual first presents at a participating pharmacy with a prescription for a drug that is not on the formulary, unaware of what is covered by the plan or what is included in the plan's exception process to provide access to Part D drugs that are not covered. This may be particularly true for full-benefit dual eligible beneficiaries who are auto-enrolled in a plan and who did not make an affirmative choice based on review of a plan's benefit relative to their existing medication needs. We expect that plan sponsors would consider processes such as the filling of a temporary one-time transition supply in order to accommodate the immediate need of the beneficiary and to allow the plan and/or the enrollee time to work out with the prescriber an appropriate switch to another medication or the completion of an exception request to maintain coverage of an existing drug based on reasons of medical necessity. Such practices exist in the industry today and may represent the most efficient method of triaging requests for filling initial prescriptions of non-formulary drugs for large numbers of new enrollees who, despite education efforts to make beneficiaries aware of the plan's benefit, may not be aware of all the drugs listed on the plan's formulary.

## Transition Timeframes

Plan sponsors have discretion in deciding the appropriate time frame for a one-time transition supply. Such time frames need not necessarily be uniform and may vary based on the drug in question, the unique needs of an individual, and an individual's setting (e.g., a long term care setting). However, the transition process should sufficiently document the range and circumstances which impact decisions regarding the temporary supply time period. As a general indicator, we believe that a temporary "first fill" supply of 30 days may be reasonable for new enrollees who first present at a pharmacy with a prescription for a drug not on the formulary so that the plan and/or enrollees may contact the provider to work out appropriate therapeutic

2

substitutions or to allow the enrollee and the provider time to request exceptions for continued access to Part D drugs not on the plan's formulary. We expect that the use of this method will reflect more than simply a one-time delay, but rather will involve action on the part of the plan and the enrollee to contact the provider to identify appropriate drug substitutions. We further expect sponsors to have systems capability to effectuate temporary supply policies.

<u>Other Transition Methods</u>

Where the use of a temporary "first fill" supply method is not utilized, we expect the sponsor's transition process to describe in sufficient detail how it will ensure new enrollees stabilized on drugs that are not on the plan's formulary and which are known to have risks associated with any changes in the prescribed regimen will continue to have access to medically necessary drugs without adverse health consequences. For example, the plan may have procedures in place to contact enrollees in advance of the initial effective date of their coverage in order to identify needs and to work out substitutions or exception requests with the enrollee and the enrollee's provider who is responsible for prescribing his or her current medications. Since we anticipate that there is a potential for a high volume of beneficiaries, and providers on their behalf, needing to file exceptions or needing alternative prescriptions on a short-turnaround basis after inception of the new Medicare drug benefit on January 1, 2006, this method may not be realistic for some plans during the initial transition to Part D. This is particularly true for large plans with a high number of full-benefit dual eligible individuals auto-enrolled into their plan who may be hard to reach and unaware of the plan's formulary restrictions. Plan sponsors who rely on this method for transition will need to provide an adequate plan for contacting enrollees and their providers, particularly with respect to the period prior to January 1, 2006.

## II. Residents of Long Term Care Facilities

It is important that the transition process take into account the unique needs of residents of long term care (LTC) facilities who enroll in a new Part D plan. Given that a large proportion of residents may be dually eligible for both Medicare and full Medicaid benefits, and could be auto-enrolled into the plan without making an affirmative selection based on the individual's existing treatment needs, it is critical that the transition process address access to medications at the filling of the first prescription. Plan sponsors will need to ensure that LTC pharmacies in the plan's network that have relationships with LTC facilities work with those facilities prior to the effective date of enrollment to ensure a seamless transition of the facility's residents.

Again, plan sponsors may need to provide a temporary "first fill" supply order for a limited quantity of medication prescribed by the attending physician until an appropriate liaison between the facility, the attending physician, and the plan's LTC pharmacy on behalf of the resident can be achieved. Residents of LTC facilities are more likely to be receiving multiple medications for which simultaneous changes could significantly impact the condition of the enrollee. Therefore, plan sponsors may need to identify instances such as polypharmacy circumstances that necessitate a longer transition period in order to appropriately effectuate substitutions to therapeutic alternatives. For example, a transition period of 90 to 180 days might be appropriate for residents of nursing facilities on multiple medications who require some changes to their medication regimen in order to accommodate plan formularies. We expect the plan's transition

3

process will highlight procedures and time frames to ensure a seamless transition for enrollees who are LTC facility residents.

## III. Current Enrollee Transitions and Exceptions and Appeals

In addition to circumstances impacting new enrollees who may enter a plan with a medication list that contains non-formulary drugs, other circumstances exists where unplanned transitions for current enrollees could arise and where prescribed drug regimens may not reflect plan formularies. These circumstances usually involve level of care changes in which a beneficiary is changing from one treatment setting to another. For example, beneficiaries who enter LTC facilities from hospitals are sometimes accompanied by a discharge list of medications from the hospital formulary, with very short term planning taken into account (often under 8 hrs). Similar situations may exist for beneficiaries who are discharged from a hospital to a home; for beneficiaries who end their skilled nursing facility Medicare Part A stay (where payments include all pharmacy charges) and who need to revert back to their Part D plan formulary; for beneficiaries who give up Hospice Status to revert back to standard Medicare Part A and B benefits; and for beneficiaries who are discharged from Chronic Psychiatric Hospitals with medication regimens that are highly individualized.

For these unplanned transitions, beneficiaries and providers need to utilize the plan's exceptions and appeals processes. In the final rule, we streamline the grievance, coverage determination, and appeals process requirements in order to ensure that beneficiaries receive quick determinations regarding the medications they need. In all cases, we make it clear that a Part D plan sponsor is required to make coverage determinations and redeterminations as expeditiously as the enrollee's health condition requires. Even with these protections, there may exist some period of time in which beneficiaries have a temporary gap in coverage while an exception or appeal is undertaken.

We recommend that plan sponsors consider as part of their exceptions processes a transition method for current enrollees with immediate needs for non-formulary Part D drugs. For example, we encourage plans to adopt a one-time temporary or emergency supply process as a method for ensuring that enrollees do not have a coverage gap while proceeding through the plan's exceptions process. This is a particularly important consideration for current enrollees who change treatment settings due to the level of care situations described above. We recommend that plan sponsors consider such procedures and include them in the transition plan for new enrollees.

## IV. Public Notice of Transition Process

As a general matter, we believe plan sponsors must make transition processes available to beneficiaries in a manner similar to information provided on formularies and benefit design. It is likely that individuals will base their decision on which prescription drug best meets their needs on a variety of factors. Matching their current medication list with a Part D plan's formulary may only be one factor in the decision making process. Other factors, such as cost issues and inclusion of the retail pharmacy that they are most familiar with in the plan's network, may bear more weight in the final decision making process. Having information about a plan's transition

4

process may reassure beneficiaries that there will be plan procedures in place to assist them switching to therapeutic alternative medications where appropriate. It will also serve a dual purpose in educating advocates and other interested third parties about plan transition process; for example, state Medicaid agencies with regard to full-benefit dual eligibles auto-enrolled into prescription drug plans.

5

# EXHIBIT 3

Q:    To what extent should Part D sponsors consider adopting contracting terms and conditions in their long-term care (LTC) pharmacy contracts that go beyond the performance and service criteria in CMS's March 2005 LTC Guidance?

A:    Part D sponsors must offer a contract to any pharmacy willing to participate in its LTC pharmacy network so long as the pharmacy is capable of meeting certain performance and service criteria and any other standard terms and conditions established by the plan for its pharmacy network. Our March 2005 LTC Guidance delineates these ten performance and service criteria.

Outside of the minimum performance and service criteria, Part D sponsors and pharmacies may propose a number of contracting terms and conditions. With rare exceptions, CMS does not generally involve itself in determining whether standard contracting terms and condition are "reasonable and relevant," since these are fact-specific questions that are best left between negotiating parties. Thus, for example, we generally do not opine on contracting terms and conditions associated with compensation, billing, and business practices provided such terms and conditions are consistent with explicit Part D statutory and regulatory requirements.

It has come to CMS's attention that certain other terms and conditions are being proposed by LTC pharmacies in their negotiations with Part D sponsors as additional beneficiary protections. Such additional terms and conditions may be problematic because they explicitly conflict with statutory and/or regulatory requirements for the Part D program. Some of these proposed contracting terms and conditions not only conflict with CMS rules, but could even be harmful to beneficiaries, as described below. Following are several examples of such terms and conditions.

- Requirements for a longer transition period than the plan has provided for in its transition process submission to CMS. In 2006, all plans offer a temporary supply of non-formulary drugs of at least 60 days in the LTC setting. Some pharmacies may wish to extend that transition period to up to 180 days. However, given uniform benefits requirements under the statute and our regulations, plans cannot agree to a differential transition policy for some of its enrollees. Transition policies must be applied uniformly to all enrollees. Moreover, extending a transition period for some plan enrollees has cost implications for plans that may ultimately drive up costs to both beneficiaries and the Medicare program.

- Waivers of prior authorization or other utilization management edits for LTC facility residents. Plans must determine whether a particular drug is a Part D drug and, in addition, must establish cost-effect utilization management programs. Waivers of prior authorization management edits or other utilization management edits for some plan enrollees run counter to these program requirements. In addition, given uniform benefits

1

requirements under the statute and our regulations, plans cannot apply prior authorization or other utilization management edits differentially to a subset of their enrollment.

- <u>Waivers of certain drug utilization review (DUR) requirements for LTC facility residents.</u> Plans must optimize drug regimens, which requires an up-front and thorough review of enrollee drug files in order to ensure their safety (e.g., by preventing drug-drug interactions). In addition – and as stated above – uniform benefits requirements under the statute and our regulations mean that plans cannot apply DUR edits differentially to a subset of their enrollees. All plan benefits must be applied uniformly to all enrollees.

While the examples above are not exhaustive – and others may exist with similar effects – our intent is to clarify that, ultimately, all contracting terms and conditions must comply with Part D rules and requirements in order to protect the interests of beneficiaries and safeguard the integrity of the Medicare prescription drug program.

**Clarification**

On May 19, 2006, we posted the preceding question and answer (Q&A) to plans to provide guidance regarding certain LTC contracting terms and conditions that may be problematic because they explicitly conflict with statutory and/or regulatory requirements for the Part D program. Since we posted the Q&A, we have received many requests for further clarification and explanation regarding how plans should interpret this provision. We offer the following as additional guidance.

Plans may be out of compliance with uniform benefits requirements to the extent that they agree to particular contracting terms and conditions that have the net result of creating a non-uniform benefit for plan enrollees residing in LTC facilities serviced by network LTC pharmacies whose contracts with plans may not include these same provisions. Plan benefits must also be applied uniformly across all enrollees (both those who reside in the community and those residing in LTC facilities) when there is no justification for applying different rules to enrollees residing in LTC facilities. However, CMS recognizes that there are instances in which it is appropriate or legally required under our Part D guidance for plans to establish standards that differentiate between enrollees residing in LTC facilities and ambulatory patients.

For example, it is perfectly acceptable for plans to adopt alternative standards applicable only in the LTC setting when clinically justified, legally required, or otherwise justified based on characteristics unique to beneficiaries residing in LTC facilities, such as extended transition periods for enrollees residing in LTC facilities or prior authorization or other utilization management requirements (for

2

example, those that distinguish between Part B and Part D covered drugs given that some drugs covered for use in the home under Part B are not covered by Part B in LTC settings). However, plans cannot agree to differential benefits which would result in a non-uniform benefit among enrollees in LTC facilities, such as an extended transition period, certain utilization management edits, or different drug utilization review protocols that are limited to those LTC enrollees who obtain their Part D drugs from a specific LTC pharmacy. Plan benefits must be applied uniformly to all similarly situated enrollees, meaning that all enrollees residing in LTC facilities must be subject to the same rules.

3

# EXHIBIT 4

## CMS Part D Question and Answer Database

**Date:**       April 10, 2006

**ID:**          6986

**Question:**    May Part D plans reject claims as "too soon" when an enrollee no longer has access to their previously filled prescription medication because they have been admitted to or discharged from a long term care (LTC) facility?

**Answer:**      No. An early refill edit is a utilization management tool to promote compliance and to prevent waste. An early refill edit cannot be used to limit appropriate and necessary access to an enrollee's Part D benefit. For example, if a patient gets a prescription for 30 tablets for a 30 days supply (i.e. 1 tablet daily), but the prescriber changes the dose to 2 tablets daily after only 10 days, it would be inappropriate for the Part D plan to deny as "too soon" a claim for a new prescription with the new dosage because the enrollee will not have enough medication to last until the originally scheduled refill date. Similarly, when an enrollee is admitted to or discharged from a LTC facility, he or she will not have access to the remainder of the previously dispensed prescription (through no fault of his or her own) and, therefore, the Part D plan must allow the enrollee to access a refill upon admission or discharge.

08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH

# *Exhibit B*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| OMNICARE, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>WALGREENS HEALTH INITIATIVES, INC.,<br>UNITED HEALTHCARE SERVICES, INC.,<br>and COMPREHENSIVE HEALTH<br>MANAGEMENT, INC.,<br><br>    Defendants. | Case No. |

## DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S CONSENT TO REMOVAL

Defendant, United Healthcare Services, Inc. ("United"), by its attorneys, and, without waiving any defenses or other matters, consents to the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 9, 2008

UNITED HEALTHCARE SERVICES, INC.,

By: _____
One of its attorneys

Michael J. Prame
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5811
Tel.: 202-857-0620
Fax: 202-659-4503
Email: mjp@groom.com

08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH

# *Exhibit C*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OMNICARE, INC.,

              Plaintiff,

      v.

WALGREENS HEALTH INITIATIVES, INC.,
UNITED HEALTHCARE SERVICES, INC.,
and COMPREHENSIVE HEALTH
MANAGEMENT, INC.,

              Defendants.

Case No.

## DEFENDANT WALGREENS HEALTH INITIATIVES, INC.'S
## CONSENT TO REMOVAL

Defendant, Walgreens Health Initiatives, Inc. ("WHI"), by its attorneys, and, without waiving any defenses or other matters, consents to the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 9, 2008

WALGREENS HEALTH INITIATIVES, INC.,

By: _Chas W. Douglas Jr._ _____
One of its attorneys

Richard C. Godfrey, P.C.  (ARDC: #3124358)
Scott W. Fowkes, P.C.  (ARDC: #6199265)
Charles W. Douglas, Jr.  (ARDC: #6289391)
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel.:    312-861-2000
Fax:    312-861-2200
rgodfrey@kirkland.com
sfowkes@kirkland.com
cdouglas@kirkland.com

08CV3901
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

PH

# *Exhibit D*

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISON

| | |
|---|---|
| OMNICARE, INC.,<br><br>               Plaintiff,<br><br>     v.<br><br>WALGREENS HEALTH INITIATIVES, INC.,<br>UNITED HEALTHCARE SERVICES, INC.,<br>and COMPREHENSIVE HEALTH<br>MANAGEMENT, INC.,<br><br>               Defendants. | No. 07 L 005503<br><br>Judge Dennis J. Burke<br><br>Calendar N |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Dorothy A. Brown
         Clerk of the Circuit Court
         Richard J. Daley Center
         50 West Washington Street
         Room 801
         Chicago, Illinois 60602

PLEASE TAKE NOTICE that on July 9, 2008, the claims of Plaintiff Omnicare, Inc. in the above-captioned matter were removed by Defendants Comprehensive Health Management, Inc., United Healthcare Services, Inc. and Walgreens Health Initiatives, Inc. to the United States District Court for the Northern District of Illinois. A copy of the Notice of Removal filed with the United States District Court is attached hereto.

July 9, 2008

                                                                   _Edwin E. Brooks_
                                                               Edwin E. Brooks

Edwin E. Brooks
Steven D. Hamilton
Erin K. McAllister
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
(312) 849-8100 telephone
(312) 849-3690 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing **NOTICE OF FILING OF REMOVAL** was served upon counsel of record for the Plaintiff by mailing a copy of the same by United States mail, postage prepaid, this 9th day of July, 2008, at the addresses set forth below:

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603


Harvey Kurzweil
Brian S. McGrath
Dewey & Leboeuf LLP
1301 Avenue of the Americas
New York, New York 10019-6092

Edwin E. Brooks