IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMNICARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-3901 |
| | ) | |
| WALGREENS HEALTH INITIATIVES, INC., | ) | Judge Matthew F. Kennelly |
| UNITED HEALTHCARE SERVICES, INC., | ) | Magistrate Judge Brown |
| and COMPREHENSIVE HEALTH | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO REMAND**

Plaintiff Omnicare, Inc. ("Omnicare") respectfully submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. § 1447, to remand this action to the Circuit Court of Cook County, Illinois (the "State Court").

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of a contract dispute between Omnicare, on the one hand, and defendants Walgreens Health Initiatives, Inc. ("WHI"), United HealthCare Services, Inc. ("United") and Comprehensive Health Management, Inc. ("Comprehensive"), on the other. In July 2005, Omnicare and WHI entered into a Pharmacy Network Agreement (the "Agreement"), pursuant to which Omnicare, a chain of long-term care pharmacies, agreed to provide prescription medications to enrollees in private prescription drug plans administered by defendants.[1] It is undisputed that, in entering into the Agreement with Omnicare, "WHI was contracting with Omnicare on behalf of . . . [Comprehensive] and United." Mem. in Supp. of

---

[1] As reflected in the exhibits to defendants' Notice of Removal, a copy of the Agreement was filed under seal along with the Original Complaint.

Comprehensive Mot. to Intervene at 3.[2]  The Agreement provides, *inter alia*, that "[t]he courts of the State of Illinois shall have exclusive jurisdiction over the parties with respect to any dispute or controversy between them arising under or in connection with this Agreement . . . ."  Agreement § 7.4.

Consistent with the Agreement's forum selection clause, on May 29, 2007, Omnicare filed a complaint against WHI in the Circuit Court of Cook County, Illinois, alleging that WHI breached the Agreement by: (1) wrongfully withholding from its contract payments to Omnicare purported co-payment amounts that defendants' plan members did not in fact owe under applicable Medicare statutes and regulations (and which Omnicare, therefore, could not legally collect from the plan members), and (2) improperly rejecting altogether other claims that Omnicare submitted for payment relating to prescriptions filled for defendants' plan members.

Subsequent to the filing of the Original Complaint, United and Comprehensive both sought to intervene as defendants on the grounds that WHI was acting on their behalf in contracting with Omnicare and that, therefore, they "may be liable for some of the amounts that Omnicare seeks."  Mem. in Supp. of Comprehensive Mot. to Intervene at 3-5; Mem. in Supp. of United Mot. to Intervene at 7.  The State Court granted those motions on December 6, 2007 and February 29, 2008, respectively, and defendants thereafter moved to dismiss.[3]  On May 8, 2008, the State Court issued an order denying defendants' motions and granting Omnicare leave to amend to add allegations and claims directly against Comprehensive and United.  *See* Order dated May 8, 2008.

---

[2] The pleadings referenced herein are attached as collective Ex. A to defendants' Notice of Removal.

[3] Because United had already answered the Original Complaint, its motion was technically one for "judgment on the pleadings."

2

On June 11, 2008, Omnicare filed an amended complaint re-alleging the two counts from its Original Complaint and asserting an additional count against all defendants alleging, *inter alia*, that they "breached their contract with Omnicare by refusing to collect, update and/or maintain their member data, as required by CMS." Amended Compl. ¶¶19-27.[4]  On July 9, 2008, Comprehensive, with the consent of WHI and United, removed the action to this Court claiming that this newly-added claim "arises under federal law because Defendants are alleged to have violated federal law." Notice of Removal ¶¶ 4-6.

## ARGUMENT

"A defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vac'd on other grounds*, 126 S. Ct. 2964 (2006); 28 U.S.C. § 1441.  "The party seeking removal has the burden of establishing federal jurisdiction" and "there is a strong presumption in favor of remand." *Fuller v. BNSF Railway Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2008) (citing, *inter alia*, *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) and *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).  As demonstrated below, Comprehensive has failed to overcome this presumption.

### I.

### The Contract's Forum Selection Clause Requires All Disputes To Be Litigated In Illinois State Court

The Contract's forum selection clause unambiguously provides that:

> The courts of the State of Illinois shall have exclusive jurisdiction over the parties with respect to any dispute or controversy between them arising under or in connection with this Agreement . . . .

---

[4] "CMS" refers to the Centers for Medicare and Medicaid Services.

Agreement § 7.4 ("Governing Law").  Because defendants' removal was in violation of this provision, the case must be remanded.  *See, e.g., Manufacturing & Mktg. Concepts v. Southern Cal. Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996) (remanding case where forum selection clause required disputes to be settled "only in an Illinois Court;" "the term 'an Illinois court' plainly means an Illinois state court.  The United States District Court for the Northern District of Illinois is not 'an Illinois court;' it is a federal court.");  *American Soda LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 925-26 (10th Cir. 2005) (removal inappropriate where contract provided that "courts of the State of Colorado" would be "exclusive forum" for resolving disputes).[5]

## II.

### The Amended Complaint Does Not Raise a Substantial Federal Question

Even if removal were permitted under the Agreement, remand would still be required because the Amended Complaint does not raise a "substantial federal question."  An action is deemed to "arise under" federal law if the plaintiff's complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question for federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  "[T]he Supreme Court has characterized the category of cases removable based upon the substantial federal question doctrine as 'special,' 'small,' and 'slim.'"  *Fuller,* 472 F. Supp. 2d at 1094 (*citing Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 698-700 (2006)).  Thus, courts have generally held that "a claim for a violation of state law based upon a breach of duty created by federal law does

---

[5] Although Comprehensive is not a signatory to the Agreement, as noted above, Comprehensive has asserted that WHI contracted with Omnicare on its behalf.  Mem. in Supp. of Comprehensive Mot. to Intervene at 3.

4

not present a substantial federal question for purposes of federal question jurisdiction." *Kurz v. Fidelity Mgmt. & Research Co.*, 2007 U.S. Dist. LEXIS 80127, at *10 (S.D. Ill. Oct. 30, 2007); *see also Bennett v. Southwest Airlines, Inc.*, 484 F.3d 907, 910 (7th Cir. 2007) ("[T]he influence of federal law on the outcome of a contract (or tort) suit is not enough to support [] arising-under jurisdiction"); *Fuller*, 472 F. Supp. 2d at 1094 (the invocation of a "federal regulation as an element of a state-law [] claim" is insufficient to create substantial federal question).

This is particularly so with respect to claims for breach of contract. As the Seventh Circuit has observed, "[contract] disputes are traditionally, uncontroversially, and exclusively within the jurisdiction of state courts." *McCall-Bey v. Franzen,* 777 F.2d 1178, 1186 (7th Cir. 1985). The court's decision in *Kurz* is particularly instructive on this point. In that case, the defendants removed an action that "allege[d] only state-law claims for breach of contract" on the theory that the case nevertheless "presents a substantial question of federal law because the duty . . . [defendants] are alleged to have breached is a creature of federal law, and because resolution of this case necessarily will entail the construction of federal . . . laws and regulations." 2007 U.S. Dist. LEXIS 80127, at *7-8. The court rejected this argument, finding that although "federal law constitutes an element of the state-law claims for breach of contract alleged by [plaintiffs], this does not mean that this case presents a substantial federal question so as to arise under federal law for purposes of removal to federal court." *Id.* at *12; *see also id*. at *10 (noting that "it is well settled that a claim for a violation of state law based upon a breach of a duty created by federal law does not present a substantial federal question for purposes of federal question jurisdiction"). Moreover, the court observed,

5

"federal courts must be cautious in entertaining 'state claims with embedded federal issues' lest they 'materially affect, or threaten to affect, the normal currents of litigation' as between federal and state courts." *Id*. at *11 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318-19 (2005)).

Here, as in *Kurz*, all of the claims asserted -- in both the Original and Amended Complaints -- are for common law breach of contract. While resolution of those claims may require the State Court to consider and resolve certain issues of federal law, this does not mean that the case presents a "substantial federal question." *McCall-Bey*, 777 F.2d at 1185-86 ("[contract] disputes are traditionally, uncontroversially, and exclusively within the jurisdiction of state courts").

Moreover, as the *Kurz* case suggests, even where a complaint does "present a substantial and disputed question of federal law," this "is not the end of the inquiry." *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815, 823 (W.D. Wis. 2005). Rather, the court must also find that removal "will not disturb the balance struck by Congress between the federal and state courts." *Id*. (citing *Grable*, 545 U.S. at 318-19). Thus, in *Abbott*, the defendants argued that the "State of Wisconsin's claim to recover Medicare Part B co-payments," while grounded in state law, "raises a substantial federal question in that it requires the resolution of issues of federal law relating to the federal Medicare program." *Id*. at 820. Nevertheless, the court found that, "[a]lthough a federal agency administers the Medicare program, states play the primary role in apportioning Medicaid benefits within the broad parameters set by federal law." *Id*. at 823. Thus, the court concluded that "States and the federal government have an interest in securing an interpretation of the Medicare statute and regulations" and that "[a]t best, the federal and

state interests are equivalent." *Id*. at 823.  Accordingly, finding that "this case does not implicate an overriding federal interest and because removal would disturb the balance of judicial responsibilities between state and federal courts," the court concluded that "removal . . . was improper." *Id*. at 824.  The same result is warranted here.

### III.

### Comprehensive's Removal Was Untimely

Finally, even assuming, *arguendo*, that defendants' removal did not violate the Agreement's forum selection clause (it does) and the Amended Complaint did in fact raise a substantial federal question (it does not), remand would still be required because the removal was untimely.  Ordinarily, a notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading in the case.  28 U.S.C. § 1446(b).  The statute further provides, however, that where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."  *Id*.

Here, as noted above, the State Court granted Comprehensive's motion to intervene as a defendant on February 29, 2008.  But rather than remove the case at that point, Comprehensive instead chose to move to dismiss.  That effort having proved unsuccessful, Comprehensive now takes the position that Omnicare's Amended Complaint rendered the case removable for the first time because Omnicare's claim that defendants breached the Agreement by failing to follow CMS guidance and instructions will "require the resolution of significant federal issues on the right to relief."  Notice of Removal ¶¶4-6.  But if these allegations are sufficient to raise a "substantial federal question" (and for the reasons set forth above, Omnicare submits that they are not), then so, too, were the allegations in the Original

7

Complaint. *See*, *e.g*., Orig. Compl. ¶7 ("WHI agreed . . . to perform its obligations under the Agreement in conformance with the [Medicare] Part D Rules, including 'CMS instructions, and CMS published sub-regulatory guidance relating to the Part D prescription drug benefit . . .'");[6] *id*. ¶8 ("In accordance with the terms of the Agreement and applicable Part D Rules, WHI is obligated to pay these withheld cost-sharing amounts to Omnicare, but, despite demand, has failed to make such payments in full"); *id*. ¶6 ("By law, if a Part D Plan . . . specifies that institutionalized full subsidy eligible individuals must pay cost-sharing when it processes their pharmacy claims, it must pay these individuals any cost-sharing that it withheld."); *id*. ¶20 ("CMS has limited the use of early refill edits (rejections of claims based on refilling too early in the prescription cycle)," stating that "[t]hese edits 'cannot be used to limit appropriate and necessary access' to Part D benefits . . . " and that ". . . Part D Plans must not deny claims for refills to patients upon admission to or discharge from LTC facilities.").

Thus, under defendants' own theory, Comprehensive's failure to remove the case in response to the Original Complaint, upon intervening as a defendant, renders its later removal in response to the Amended Complaint untimely. *See Stojsavljevic v. City of Milwaukee*, 2007 U.S. Dist. LEXIS 86028, at *2 (E.D. Wis. Nov. 19, 2007) (amended complaint was not "the pleading that made th[e] case removable," but rather the original complaint; defendant's removal notice filed in response to the amended complaint was thus "untimely by a wide margin"); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 964-65 (7th Cir. 1982) (where plaintiff's amended complaint maintained same target and sought

---

[6] As alleged in the Original Complaint "Part D" refers to the "Medicare prescription drug benefit" created by The Medicare Prescription Drug Improvement and Modernization Act of 2003. Orig. Compl. ¶3.

same relief as initial complaint, amended complaint did not constitute a new suit meriting an exception to Section 1446(b)'s 30-day time limit for removal).

## CONCLUSION

For the foregoing reasons, this case should be remanded to State Court.

Date:  July 28, 2008

Respectfully submitted,

/s/ Richard P. Campbell
One of the Attorneys for Omnicare, Inc.

Lee A. Freeman
Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois  60611-7603
Telephone:   312 222-9350
Facsimile:    312 527-0484
rcampbell@jenner.com

Harvey Kurzweil
John E. Schreiber
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:   212-259-8000
Facsimile:    212-259-6333

*Counsel for Plaintiff Omnicare, Inc.*

9

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Omnicare, Inc. hereby certifies that on July 28, 2008, a true and correct copy of the foregoing **Plaintiff's Memorandum of Law In Support of Its Motion to Remand** was filed with the Court and served electronically by the Court's CM/ECF System to all registered users.

　　　　　　　　　　　　　　　　　　　　/s/ Richard P. Campbell
　　　　　　　　　　　　　　　　　　　　Richard P. Campbell
　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Omnicare, Inc.