IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-cv-3901 |
| v. | ) | JURY DEMANDED |
| | ) | |
| Walgreens Health Initiatives, Inc., | ) | Judge Matthew F. Kennelly |
| United Healthcare Services, Inc., and | ) | |
| Comprehensive Health Management, Inc. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WALGREENS HEALTH INITIATIVES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Walgreens Health Initiatives, Inc. ("WHI"), by and through its undersigned counsel, hereby responds to the specific numbered paragraphs of the Amended Complaint filed by Plaintiff Omnicare, Inc. ("Omnicare") in the above captioned matter.  WHI incorporates below the headings and subheadings from the Amended Complaint solely for organizational and reference purposes.  Any allegation contained in the Amended Complaint that is not specifically admitted is hereby denied.  WHI reserves the right to amend its Answer as this action proceeds.

## COUNT I

1. Plaintiff Omnicare, Inc., ("Omnicare") is a corporation organized and existing under the laws of the State of Delaware, maintaining, at all relevant times, a principal place of business in Covington, Kentucky.  Omnicare provides pharmaceutical products and services to residents of Long Term Care ("LTC") facilities and is reimbursed for its products and services by healthcare insurance companies.

**ANSWER:**  WHI lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Omnicare's Amended Complaint.

2. Defendant Walgreens Health Initiatives, Inc. ("WHI") is a corporation organized and existing under the laws of the State of Illinois, maintaining, at all relevant times, a principal place of business in Deerfield, Lake County, Illinois.  WHI is engaged in business as a healthcare insurance company.  WHI does business in Cook County, Illinois.

**ANSWER:** WHI admits that it is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Deerfield, Lake County, Illinois. WHI denies the allegations stated in the second sentence of Paragraph 2. WHI admits that it does business in Cook County, Illinois.

3.  Defendant United Healthcare Services, Inc. ("United") is a corporation organized and existing under the laws of Minnesota, maintaining, at all relevant times, a principal place of business in Minnetonka, Minnesota. United is engaged in business as a healthcare insurance company. Upon information and belief, United does business in Cook County, Illinois.

**ANSWER:** WHI lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Omnicare's Amended Complaint.

4.  Defendant Comprehensive Health Management, Inc. ("Comprehensive") is a corporation organized and existing under the laws of Florida, maintaining, at all relevant times, a principal place of business in Tampa, Florida. Comprehensive is engaged in business as a healthcare insurance company. Upon information and belief, Comprehensive does business in Cook County, Illinois.

**ANSWER:** WHI lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Omnicare's Amended Complaint.

5.  The Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit (commonly known as "Part D"), which is administered by the Centers for Medicare and Medicaid Services ("CMS"). Under Part D, private at-risk prescription drug plans ("Part D Plans") function as payors for the prescription drug benefits of patients enrolled in the given Part D Plan. WHI is a pharmacy benefit manager ("PBM") which processes and pays pharmacy claims on behalf of several Part D Plans.

**ANSWER:** WHI admits that the Medicare Prescription Drug Improvement and Modernization Act of 2003 created a new Medicare prescription drug benefit program commonly known as "Medicare Part D," which is regulated by the Centers for Medicare and Medicaid Services ("CMS"). WHI further admits that Part D Plans function as payors for the prescription drug benefits of patients enrolled in Part D Plans. With respect to the third sentence of

Paragraph 5, WHI admits that WHI provides pharmacy benefit management services for Medicare Part D Plans. WHI denies any remaining factual allegations in Paragraph 5.

6. To be approved by CMS, a Part D Plan must meet certain minimum requirements, such as showing it has an adequate network of pharmacies. Part D Plans, or PBMs acting on their behalf, thus routinely contract with Omnicare to serve as an institutional pharmacy for their members. Pursuant to these contracts, Omnicare is reimbursed by the PBM or Part D Plan for the pharmacy services it provides to their members.

**ANSWER:** WHI admits that a Part D Plan must meet certain requirements to be approved by CMS. WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 6 of Omnicare's Amended Complaint, and, therefore, denies such allegations. WHI denies any remaining factual allegations in Paragraph 6.

7. Each Part D Plan has its own computerized processing system or provides a protocol to its PBM for claims processing. The Part D Plans program these systems or design their protocols to process claims in a way that is consistent with the breadth of Part D coverage. Whenever there are changes to Part D coverage or updates from CMS regarding the treatment of certain claims, Part D Plans must update their processing systems or protocols accordingly. These instructions for handling of various classes of claims are sometimes referred to as "edits."

**ANSWER:** WHI lacks sufficient knowledge to form a belief as to the truth of the first two sentences in Paragraph 7 of Omnicare's Amended Complaint, and, therefore, denies such allegations. The third sentence of Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, WHI admits that PDPs must comply with applicable statutes and regulations, but denies the remaining allegations of that sentence. WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 7, and, therefore, denies such allegations. WHI denies any remaining factual allegations in Paragraph 7.

8. Many enrollees in Part D Plans are "institutionalized full subsidy eligible individuals" under the CMS regulations for Part D. Primarily nursing home residents, these individuals are enrolled in both a state Medicaid program and a Medicare Part D Plan. Their

3

dual enrollment in Medicare and Medicaid exempts them from the "cost-sharing" amounts that would otherwise be payable by beneficiaries under a Part D Plan, such as deductibles, co-payments or coinsurance amounts.  Instead, CMS provides cost-sharing subsidies to Part D Plans to cover these amounts.

**ANSWER:**  WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in the first two sentences of Paragraph 8 of Omnicare's Amended Complaint, and, therefore, denies such allegations.  The third sentence of Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, WHI admits that individuals who are eligible for the full-income subsidy under Medicare Part D and who are covered by both Medicare and a state Medicaid program and who have continuously resided in nursing homes (or other long term care ("LTC") facilities) are exempt from paying cost-sharing amounts that are otherwise applicable under the Medicare Part D program, but WHI denies the remaining allegations of the third sentence of Paragraph 8.  The fourth sentence is vague and ambiguous, and WHI denies the allegations in that sentence.  WHI denies any remaining factual allegations in Paragraph 8.

9. By law, if a Part D Plan (including any PBM acting on its behalf) specifies that institutionalized full subsidy eligible individuals must pay cost-sharing when it processes their pharmacy claims, it must pay these individuals any cost-sharing that it withheld. (See 42 C.F.R. 423.800(c).)  Many LTC pharmacies have not collected cost-sharing amounts from institutionalized full subsidy eligible individuals who are residents of nursing homes and other LTC facilities.  Consequently, these LTC pharmacies are left holding receivables for the services they rendered to those individuals.  Recognizing the difficulty of collecting cost-sharing from patients in nursing homes and LTC facilities, CMS has directed Part D Plans to pay the specified cost-sharing amounts they withheld directly to LTC pharmacies that have not collected cost-sharing amounts from such beneficiaries and are holding receivables for those amounts.

**ANSWER:**  The first sentence of Paragraph 9 of Omnicare's Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, WHI denies the allegation.  WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 9, and, therefore, denies such

allegations. The fourth sentence of Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, WHI denies the allegation. WHI denies any remaining factual allegations in Paragraph 9.

10.　　On July 29, 2005, Omnicare and WHI entered into a written contract denominated Pharmacy Network Agreement ("Agreement") by which Omnicare agreed to provide pharmaceutical products and services to members of Part D Plans and Plan Sponsors listed in Exhibit A to the Agreements. United and an affiliate of Comprehensive are among the Part D Plans and Plan Sponsors listed in Exhibit A that contracted with WHI to process and pay their claims. A copy of the Agreement has been filed under seal with this Court.

**ANSWER:** The Pharmacy Network Agreement (the "Agreement"), filed under seal as Exhibit 1 to Omnicare's Amended Complaint, speaks for itself, and WHI denies Omnicare's characterization thereof.

11.　　In return for the provision of drugs and services, WHI agreed to pay Omnicare for prescription claims approved by WHI at the prices specified on Schedule 3.l(a) to the Agreement, and to perform its obligations under the Agreement in conformance with the Part D Rules, including "CMS instructions, and CMS published sub-regulatory guidance relating to the Part D prescription drug benefit...." (See Section 3.1(a), Section 5.1, Section 5.3, and the definition of "Part D Rules" in Article 1.)

**ANSWER:** The Pharmacy Network Agreement (the "Agreement"), filed under seal as Exhibit 1 to Omnicare's Amended Complaint, speaks for itself, and WHI denies Omnicare's characterization thereof.

12.　　Thus WHI played two roles in this transaction: PBM and agent. First, as a PBM, WHI is contractually bound to appropriately process claims submitted by Omnicare and remit payment to Omnicare for the claims it approves. Second, as agent for United and Comprehensive (and the other Part D Plans and Plan Sponsors listed in Exhibit A to the contract), WHI entered into a contract on their behalf by which WHI is bound to reimburse Omnicare for the drugs and services that Omnicare agreed to provide to the Part D Plans' members.

**ANSWER:** The Pharmacy Network Agreement (the "Agreement"), filed under seal as Exhibit 1 to Omnicare's Amended Complaint, speaks for itself, and WHI denies Omnicare's characterization thereof.

13. During the period of January 1, 2006, through May 16, 2008, Omnicare provided prescription drugs to institutionalized full subsidy eligible beneficiaries of the Part D Plans covered by the Agreement for which WHI approved the prescription claim but withheld a cost-sharing amount. Omnicare did not collect these cost-sharing amounts from the beneficiaries or any other source, and currently holds a receivable for these amounts. In accordance with the terms of the Agreement and the applicable Part D Rules, WHI is obligated to pay these withheld cost-sharing amounts to Omnicare, but, despite demand, has failed to make such payments in full.

**ANSWER:** WHI admits that Omnicare submitted claims for Medicare Part D beneficiaries after January 1, 2006, and that payment was made to Omnicare based upon information provided by the Part D Plan. WHI lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 13 of Omnicare's Amended Complaint, and, therefore, denies such allegations. WHI further lacks sufficient knowledge to form a belief as to the truth of the allegations in the second sentence of Paragraph 13, and, therefore, denies such allegations. The third sentence of Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, WHI denies such allegations. WHI denies any remaining factual allegations in Paragraph 13.

14. WHI breached the Agreement by failing and refusing to pay Omnicare the withheld cost-sharing amounts.

**ANSWER:** WHI denies Paragraph 14.

15. WHI's breaches are ongoing.

**ANSWER:** WHI denies Paragraph 15.

16. As a result of WHI's failure to pay these cost-sharing amounts to Omnicare, for the period January 1, 2006, through May 24, 2008, WHI owes Omnicare an amount in excess of $1,643,131.21.

**ANSWER:** WHI denies Paragraph 16.

17. Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare the withheld cost-sharing amounts.

**ANSWER:** WHI denies Paragraph 17.

18. WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $1,643,131.21.

**ANSWER:** WHI denies Paragraph 18.

## COUNT II

19. Omnicare realleges and incorporates in this Count II each of the allegations contained in paragraphs 1 through 12 of Count I, and additionally alleges or alleges in the alternative:

**ANSWER:** WHI repeats its responses to Paragraphs 1 through 12 of Count I as if set forth fully herein.

20. When Medicare Part D was initially launched, CMS intended to inform plan sponsors, or PBMs acting on their behalf, whether individuals qualified as institutionalized full subsidy eligible patients on a scheduled basis. CMS planned to provide this information from its database in which it stores information vital to determinations of subsidy eligibility. Since the rollout of Part D in 2006, however, CMS has admittedly failed to provide and update this eligibility information on a consistent basis.

**ANSWER:** WHI lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20 of Omnicare's Amended Complaint, and, therefore, WHI denies such allegations.

21. CMS recognized this problem shortly after the rollout of Part D and issued a memorandum directing Part D Plans, or PBMs acting on their behalf, to obtain the necessary information from nursing facilities or advocates acting on behalf of beneficiaries to ascertain their eligibility status so as to correct this improper co-pay assessment. This information, which must be submitted by Part D Plans in order to receive reimbursement from Part D, is called Best Available Data or Best Available Evidence (hereinafter, "BAE"). Specifically, in a May 5, 2006 memorandum, CMS stated that when a Part D Plan has knowledge that "a beneficiary is a full benefit dual eligible, the plan should make changes to its systems to accommodate the revised copayment level." In several other communications in 2006 and 2007, CMS instructed Part D Plans, or PBMs acting on their behalf, to work out arrangements for collecting BAE in order to stem the tide of improper adjudications of claims for institutionalized full subsidy eligible individuals.

**ANSWER:** WHI lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of Omnicare's Amended Complaint, and, therefore, WHI

denies such allegations. Further, the May 5, 2006 memorandum, referenced in Paragraph 21, speaks for itself, and WHI denies Omnicare's characterization thereof.

22. WHI, and United and Comprehensive, through WHI, their agent, have obligations under the Omnicare contract to abide by CMS guidance. However, they have failed to follow CMS instructions to collect BAE in order to update and correct data about members of their plans. Their delinquency has exacerbated the flaws in the adjudication process. Nonetheless they persist in relying upon incomplete or outdated data from CMS. Consequently, as discussed in Count I, WHI has misadjudicated claims for drugs dispensed to institutionalized full subsidy eligible beneficiaries.

**ANSWER:** Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, WHI denies the allegations in Paragraph 22 of Omnicare's Amended Complaint to the extent those allegations are directed toward WHI.

23. WHI, United, and Comprehensive have breached their contract with Omnicare by refusing to collect, update and/or maintain their member data, as required by CMS, in order to provide for the correct adjudication of claims for institutionalized full subsidy eligible beneficiaries.

**ANSWER:** WHI denies the allegations in Paragraph 23 of Omnicare's Amended Complaint to the extent those allegations are directed toward WHI.

24. Their breaches are ongoing.

**ANSWER:** WHI denies the allegations in Paragraph 24 of Omnicare's Amended Complaint to the extent those allegations are directed toward WHI.

25. As a result of WHI's, United's, and Comprehensive's failures to follow CMS guidance in regard to maintaining accurate member data, for the period January 1, 2006, through May 24, 2008, WHI, United, and Comprehensive owe Omnicare an amount in excess of $1,643,131.21.

**ANSWER:** WHI denies the allegations in Paragraph 25 of Omnicare's Amended Complaint to the extent those allegations are directed toward WHI.

26. Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's, United's, and Comprehensive's obligations to follow CMS guidance for the maintenance of member data.

**ANSWER:**  WHI denies the allegations in Paragraph 26 of Omnicare's Amended Complaint.

27.    WHI's, United's and Comprehensive's breaches of the Agreement have caused Omnicare injury and damages in an amount in excess of $1,643,131.21.

**ANSWER:**  WHI denies the allegations in Paragraph 27 of Omnicare's Amended Complaint to the extent those allegations are directed toward WHI.

## COUNT III

28.    Omnicare realleges and incorporates in this Count III each of the allegations contained in paragraphs 1 through 7 and 10 through 12 of Count I, and additionally alleges:

**ANSWER:**  WHI repeats its responses to Paragraphs 1 through 7 and 10 through 12 as if set forth fully herein.

29.    Part D places certain restrictions on choice and administration of prescription drugs. These restrictions were designed foremost to apply in the retail drug context (i.e. where an individual fills his or her own prescription at a retail pharmacy). However, a portion of Part D beneficiaries are confined to nursing homes or other types of LTC facilities. Residents of LTC facilities do not fill their prescriptions at retail pharmacies. Instead, their prescriptions are ordered on their behalf by the facilities in which they reside and filled by an institutional pharmacy such as Omnicare.

**ANSWER:** The first two sentences of Paragraph 29 of Omnicare's Amended Complaint are vague and ambiguous, and WHI denies the allegations in such sentences. With respect to the third sentence of Paragraph 29, WHI admits that some Medicare Part D beneficiaries reside in nursing homes or other LTC facilities, but denies the remaining allegations. WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 29, and, therefore, denies such allegations. WHI denies any remaining factual allegations in Paragraph 29.

30.    Part D beneficiaries residing in LTC facilities thus present special challenges to Part D Plans and institutional pharmacies in their administration of Part D. For example, the Part D program places limitations on the frequency with which an enrollee's prescriptions can be refilled. However, when individuals are first admitted to a nursing home, they are generally not permitted to bring any of their prescription drugs with them from home. Because individuals can

9

be admitted to a nursing home at any point in their prescription cycle, the pharmacies servicing nursing homes may need to fill a newly admitted patient's prescriptions immediately, regardless of whether three days or twenty-five days have passed since the patient's prescription was last filled. The alternative would be for a patient to go unmedicated for days or even weeks. Another example is when, for a transitional period, LTC pharmacies are given an order for a drug not covered by the formulary set by a specific Part D plan. In some instances this occurs because upon admission to a LTC facility, individuals may enroll in a new Part D Plan that has drug formularies that are different from the individuals' previous plans. In other instances, individuals enrolled in a Part D Plan may have been prescribed non-formulary drugs during a hospital stay, but upon discharge from a hospital and re-admission to the LTC facility must revert to their Part D Plan's formularies. Patients in these situations are often on a number of different medications. LTC pharmacies thus may be asked to dispense non-covered drugs while new formularies are phased in over a period of months in order to protect patients from the physical shock of switching several drugs at once.

**ANSWER:** WHI lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 30 of Omnicare's Amended Complaint, and, therefore, denies such allegations. The second sentence of Paragraph 30 of Omnicare's Complaint states a legal conclusion to which no response is required. To the extent a response is required, WHI denies such allegations. WHI lacks sufficient knowledge to form a belief as to the truth of the allegations in sentences three through ten of Paragraph 30, and, therefore, denies such allegations. WHI denies any remaining factual allegations in Paragraph 30.

31. Prior to the implementation of Part D, CMS emphasized the "unique needs of residents of long term care facilities who enroll in a new Part D Plan." Because such residents are "likely to be receiving multiple medications for which simultaneous changes could significantly impact the condition of the enrollee," CMS encouraged Part D Plans to shape appropriate policies for transitional prescription drug coverage, calling transition periods of 90 to 180 days "appropriate." (See Information for Part D Sponsors on Requirements for a Transition Process dated March 16, 2005, attached hereto as Exhibit 2.)

**ANSWER:** The CMS memorandum dated March 16, 2005, referenced in Paragraph 31 of Omnicare's Amended Complaint (and attached as Exhibit 2 thereto), speaks for itself, and WHI denies Omnicare's characterization thereof. WHI denies any remaining factual allegations in Paragraph 31.

32. After Part D's inception, CMS has continued to recognize that LTC pharmacies

10

frequently face situations where what is best for their patients does not necessarily follow standard Part D protocols. Rather than putting LTC pharmacies in the position of choosing between harming patients and not getting paid, CMS has given its approval to Part D Plans reimbursing LTC pharmacies for drugs they dispense in these unique circumstances despite their variance from the Part D protocols established for retail pharmacies.

**ANSWER:** Paragraph 32 of Omnicare's Amended Complaint is vague and ambiguous, and WHI denies the allegations in Paragraph 32.

33. In its Question & Answer Clarification dated May 23, 2006, CMS sanctioned differential treatment between "ambulatory" patients and those confined to LTC facilities when "it is appropriate or legally required under our Part D guidance...For example, it is perfectly acceptable for plans to adopt <u>alternative standards applicable only in the LTC setting</u> when clinically justified, legally required, or otherwise justified based on characteristics unique to beneficiaries residing in LTC facilities...." (See CMS Q&A of May 23, 2006, attached hereto as Exhibit 3, emphasis added.)

**ANSWER:** The CMS memorandum dated May 23, 2006, referenced in Paragraph 33 of Omnicare's Amended Complaint (and attached as Exhibit 3 thereto), speaks for itself and WHI denies Omnicare's characterization thereof. WHI denies any remaining factual allegations in Paragraph 33.

34. More specifically, CMS has limited the use of early refill edits (rejections of claims based on refilling too early in the prescription cycle). These edits "cannot be used to limit appropriate and necessary access" to Part D benefits. (See CMS Q&A of April 6, 2006, attached hereto as Exhibit 4.) CMS provides an example of an inappropriate "too soon" edit: Part D Plans must not deny claims for refills to patients upon admission to or discharge from LTC facilities. (Id.)

**ANSWER:** Omnicare does not attach an April 6, 2006 CMS Q&A as alleged in Paragraph 34. Rather, Omnicare attaches an April 10, 2006 CMS Q&A. For purposes of an answer to the allegations of Paragraph 34, WHI refers to the April 10, 2006 CMS Q&A attached. The CMS "Frequently Asked Questions" dated April 10, 2006, referenced in Paragraph 34 of Omnicare's Amended Complaint (and attached as Exhibit 4 thereto), speaks for itself and WHI denies Omnicare's characterization thereof. WHI denies any remaining factual allegations in Paragraph 34.

35.     In its agreement with Omnicare, WHI acknowledged that "certain of the restrictions under the Plans may not be appropriate in the context of Plan Enrollees who are residents of [LTC] Facilities." (See Agreement Section 3.8.) Accordingly, WHI guaranteed coverage of certain drugs that might otherwise be denied by Part D Plans. The special circumstances that might require WHI to pay for Omnicare's provision of non-covered drugs, or covered drugs under non-covered circumstances, are described in detail in, inter alia, the Agreement's Sections 3.8(c), 3.8(h), and 3.8(i).

**ANSWER:**    The Agreement referenced in Paragraph 35 of Omnicare's Amended Complaint speaks for itself, and WHI denies Omnicare's characterization thereof.  WHI denies any remaining factual allegations in Paragraph 35.

36.     In order for WHI to properly adjudicate drugs dispensed under these special circumstances, it agreed to use "commercially reasonable efforts to adjudicate Claims submitted by Omnicare Pharmacies using its On-Line System" in a way consistent with its guarantee of expanded coverage under Section 3.8. (Id.)  Should a claim covered by Section 3.8 be rejected by WHI's On-Line System, meaning the On-Line System improperly rejected the claim as nonpayable, WHI must pay the claim within thirty days of Omnicare's written notice of the improper adjudication. (Id.)

**ANSWER:**    The Agreement referenced in Paragraph 36 of Omnicare's Amended Complaint speaks for itself, and WHI denies Omnicare's characterization thereof.  WHI denies any remaining factual allegations in Paragraph 36.

37.     During the period of January 1, 2006, through May 16, 2008, Omnicare provided prescription drugs under the special conditions described in Section 3.8 to many of WHI's members.  When Omnicare submitted claims for these prescriptions, WHI's On-Line System improperly adjudicated these claims as non-covered and did not reimburse Omnicare for them (collectively, the "Rejected Claims").  Under the terms of the parties' Agreement, WHI is obligated to pay these claims.

**ANSWER:**    WHI admits that Omnicare submitted claims for Medicare Part D beneficiaries between January 1, 2006 and May 16, 2008, but denies the remaining allegations of the first sentence of Paragraph 37 of Omnicare's Amended Complaint.  The second and third sentences of Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, WHI denies the allegations in the second and third sentences of Paragraph 37.  WHI denies any remaining factual allegations in Paragraph 37.

38.     Consistent with Section 3.8 of the Agreement and CMS guidance, Omnicare brought these claims rejected by the On-Line System to WHI's attention and requested payment. WHI did not pay these claims within thirty days, as contractually required, and continues to withhold payment to Omnicare.

**ANSWER:** WHI admits that Omnicare sought reimbursement for certain claims that the Amended Complaint refers to as "Rejected Claims," but denies the remaining allegations of Paragraph 38 of Omnicare's Amended Complaint. WHI further denies that Omnicare is entitled to any reimbursement from WHI for such claims.

39.     On February 14, 2007, Omnicare notified WHI in writing of its demand that WHI reimburse Omnicare in full for Rejected Claims. To date, WHI has failed and refused to pay Omnicare the amounts owed with respect to these claims.

**ANSWER:** The February 14, 2007 correspondence from Omnicare, referenced in Paragraph 39 of Omnicare's Amended Complaint, speaks for itself, and WHI denies Omnicare's characterization thereof. WHI denies the remaining allegations of Paragraph 39.

40.     WHI's failure to pay Omnicare for Rejected Claims constitutes a breach of the Agreement.

**ANSWER:** WHI denies the allegations of Paragraph 40.

41.     WHI's breaches are ongoing.

**ANSWER:** WHI denies the allegations of Paragraph 41.

42.     As a result of WHI's failure to pay amounts due Omnicare for Rejected Claims, for the period January 1, 2006, through May 24, 2008, WHI owes Omnicare an amount in excess of $431,429.

**ANSWER:** WHI denies the allegations of Paragraph 42.

43.     Omnicare has performed all of the terms of the Agreement to be performed by it and all conditions precedent to WHI's obligation to pay Omnicare.

**ANSWER:** WHI denies the allegations of Paragraph 43.

44.     WHI's breach of the Agreement has caused Omnicare injury and damages in an amount in excess of $431,429.

**ANSWER:** WHI denies the allegations of Paragraph 44.

## PRAYER

WHI denies that Omnicare is entitled to any relief in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Pending further investigation and discovery, WHI alleges the following Affirmative and Other Defenses to Omnicare's Amended Complaint, without assuming the burden of proof where such burden otherwise would be on plaintiff pursuant to the applicable substantive or procedural law. WHI reserves the right to amend its Affirmative Defenses as this action proceeds.

1. Omnicare's claims are barred because the Amended Complaint fails to state a claim upon which relief may be granted.

2. Omnicare's claims are barred, in whole or in substantial part, by the parties' Agreement.

3. Omnicare's claims are barred, in whole or in substantial part, by the doctrines of estoppel and/or waiver.

4. Omnicare's claims are barred, in whole or in substantial part, by Omnicare's failure to mitigate damages.

5. Omnicare's claims are barred, in whole or in substantial part, because Omnicare submitted claims for the prescription drug claims at issue in its Amended Complaint outside of the contractually required time frames specified by the Agreement.

6. Omnicare's claims are barred, in whole or in substantial part, by the doctrines of laches and/or waiver.

7. Omnicare's claims are barred, in whole or in substantial part, by the doctrine of unclean hands.

## **JURY DEMAND**

WHI hereby demands a trial by jury on all issues and claims so triable.

Dated:  July 30, 2008

Respectfully submitted,

**s/ *Charles W. Douglas, Jr.***
Richard C. Godfrey, P.C. #3124358
Scott W. Fowkes, P.C. #6199265
Charles W. Douglas, Jr. #6289391
KIRKLAND & ELLIS LLP
200 East Randolph Dr.
Chicago, Illinois  60601
Tel:  (312) 861-2000
Fax:  (312) 861-2200
rgodfrey@kirkland.com
sfowkes@kirkland.com
cdouglas@kirkland.com

*Attorneys for Defendant Walgreens Health Initiatives, Inc.*

## **CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc., hereby certify that on July 30, 2008, I caused a true and correct copy of the foregoing Walgreens Health Initiatives, Inc.'s Answer and Affirmative Defenses to Plaintiff's Amended Complaint to be filed electronically and to be served upon the following counsel of record through the Court's CM/ECF system:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL  60611
Tel:  312-923-2818
Fax:  312-923-2918
rcampbell@jenner.com

Harvey Kurzweil
Brian S. McGrath
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY  10019-6092
Tel:  212-259-8000
Fax:  212-259-6333
hkurzweil@dl.com
bmcgrath@dl.com

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
Tel:  312-360-6417
Fax:  312-360-6996
kfabian@freebornpeters.com

Michael J. Prame
Julia E. Zuckerman
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel:  202-861-6633
Fax:  202-659-4503
mjp@groom.com
jez@groom.com

Edwin E. Brooks
Steven D. Hamilton
Erin K. McAllister
MCGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Tel:  312-849-8100
Fax:  312-849-3690
ebrooks@mcguirewoods.com
shamilton@mcguirewoods.com
emcallister@mcguirewoods.com

**s/ *Charles W. Douglas, Jr.***
Charles W. Douglas, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Omnicare, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-3901 |
| | ) | JURY DEMANDED |
| Walgreens Health Initiatives, Inc., | ) | |
| United Healthcare Services, Inc., and | ) | Judge Matthew F. Kennelly |
| Comprehensive Health Management, Inc. | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**DEFENDANT WALGREENS HEALTH INITIATIVES, INC.'S**
**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of Illinois Local Rule 3.2, Defendant Walgreens Health Initiatives, Inc., by and through its undersigned counsel, hereby discloses that it is a subsidiary of Walgreen Co. The stock of Walgreen Co. is publicly traded. No publicly-held entity owns 10% or more of the stock of Walgreen Co.

Dated: July 30, 2008

Respectfully submitted,

**s/ *Charles W. Douglas, Jr.***
Richard C. Godfrey, P.C. #3124358
Scott W. Fowkes, P.C. #6199265
Charles W. Douglas, Jr. #6289391
KIRKLAND & ELLIS LLP
200 East Randolph Dr.
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200
rgodfrey@kirkland.com
sfowkes@kirkland.com
cdouglas@kirkland.com

*Attorneys for Defendant Walgreens Health Initiatives, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys for Defendant Walgreens Health Initiatives, Inc., hereby certify that on July 30, 2008, I caused a true and correct copy of the foregoing Walgreens Health Initiatives, Inc.'s Corporate Disclosure Statement to be filed electronically and to be served upon the following counsel of record through the Court's CM/ECF system:

Richard P. Campbell
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL  60611
Tel:  312-923-2818
Fax:  312-923-2918
rcampbell@jenner.com

Harvey Kurzweil
Brian S. McGrath
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY  10019-6092
Tel:  212-259-8000
Fax:  212-259-6333
hkurzweil@dl.com
bmcgrath@dl.com

Kellye L. Fabian
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
Tel:  312-360-6417
Fax:  312-360-6996
kfabian@freebornpeters.com

Michael J. Prame
Julia E. Zuckerman
GROOM LAW GROUP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel:  202-861-6633
Fax:  202-659-4503
mjp@groom.com
jez@groom.com

Edwin E. Brooks
Steven D. Hamilton
Erin K. McAllister
MCGUIRE WOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Tel:  312-849-8100
Fax:  312-849-3690
ebrooks@mcguirewoods.com
shamilton@mcguirewoods.com
emcallister@mcguirewoods.com

<u>*s/ Charles W. Douglas, Jr.*</u>
Charles W. Douglas, Jr.