## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **OMNICARE, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **WALGREENS HEALTH INITIATIVES, INC.,** ) <br> **UNITED HEALTHCARE SERVICES, INC.,** ) <br> **and COMPREHENSIVE HEALTH** ) <br> **MANAGEMENT, INC.** ) <br> ) <br> **Defendants.** ) <br> ) | **No. 08 C 3901** <br><br> **Judge Matthew F. Kennelly** <br> **Magistrate Judge Brown** |

## PLAINTIFF'S REPLY MEMORANDUM IN
## FURTHER SUPPORT OF ITS MOTION TO REMAND

In its opening brief, Omnicare demonstrated that remand was required because defendants' removal (a) violated the forum selection clause of the governing contract which requires all disputes to be litigated in Illinois State court, (b) was improper in any event because the Amended Complaint, which asserts claims exclusively for state law breach of contract, does not raise a "substantial federal question," and (c) in the alternative, was untimely because defendants failed to remove upon receiving the Original Complaint.

In response, Comprehensive ("CHMI")[1] advances a host of illusory arguments, none of which, even taken together, is sufficient to overcome the "strong presumption in favor of remand." *See Fuller v. BNSF Railway Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2008) (citing, *inter alia, Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) and *Jones v.*

---

[1] It does not appear that the other defendants have joined in CHMI's opposition.

*General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).   CHMI's arguments are addressed, in turn, below.

## ARGUMENT

### I.    The Forum Selection Clause Bars Removal

CHMI seeks to avoid application of the Agreement's forum selection clause by arguing that (a) it "does not apply to CHMI" because CHMI is a "non-party" to the Agreement (CHMI Br. at 1,3), (b) "enforcing [the forum selection clause] against CHMI under the circumstances of this case would be unreasonable" (CHMI Br. at 4) and (c) the forum selection clause does not "establish[] a specific [or exclusive] forum or venue" nor does it "clearly and unequivocally establish the waiver of the right to removal" (CHMI Br. at 5-6).   As demonstrated below, each of these arguments is without merit.

CHMI is bound by the Agreement's forum selection clause pursuant to both agency and estoppel principles.   In seeking of its own accord to intervene in this action as a defendant, CHMI represented to the State Court that, in entering into the Agreement, "WHI was contracting with Omnicare on behalf of . . . CHMI" and that, as a result, "CHMI may be liable for some of the amounts that Omnicare seeks" through its claims for breach.   Mem. in Supp. of CHMI Mot. to Intervene at 3-5. *See Arthrex, Inc. v. Orthogen Aktiengesellschaft*, 250 Fed. Appx. 293, 294 n.1 (11th Cir. 2007) (non-party bound by forum selection clause where it admitted that signatory to contract was acting as its agent); *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056-1057 (D. Minn. 2008) ("a third party may be bound by a forum-selection clause where it is 'closely related to the dispute such that it becomes foreseeable that it will be bound'"; "key factor" in determining whether parties are "closely related" for these purposes is whether they "share a common interest in th[e] action") (citation omitted); *Arthrex*,

250 Fed. Appx. at 294 (non-party "cannot simultaneously claim benefits under the . . . agreement, but yet disavow the applicability of the forum selection clause contained therein. In other words, [non-party is] equitably estopped from any attempt to avoid the obligations of the . . . agreement, including its forum selection clause.") (citation omitted).

Moreover, even if CHMI were not bound by the forum selection clause (and for the above reasons, it clearly is), WHI – one of its co-defendants – indisputably is. And the forum selection clause not only precludes WHI from itself removing the case, but also precludes WHI from *consenting* to CHMI's removal. *See Medtronic, Inc.*, 530 F. Supp. 2d at 1058 ("only reasonable interpretation" of provision requiring "any disputes" to be litigated in Minnesota State court "is that it [also] waived [defendants'] right to consent to removal by [a co-defendant]"). Thus, "the rule of unanimity cannot be satisfied here" and remand is required. *See id.*; *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 401 (7th Cir. 2001) (noting that "the removal statute requires all defendants to join in . . . removal"); *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) ("[Defendant's] waiver of its right to remove constitutes a constructive waiver by each co-defendant of its right to remove. The defendants all joined in the notice of removal, and came to federal court together," so "[t]hey must now return together to state court in order to avoid the inefficiencies and injustices that would result from separate trials of the same action").

Nor is enforcing the forum selection clause against CHMI in any way "unreasonable." As the Supreme Court has held, "Courts will enforce forum selection clauses unless the party opposing enforcement shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Manufacturing & Marketing Concepts, Inc. v. Southern Cal. Carbide* (hereinafter, "*M&M*

Concepts"), 920 F. Supp. 116, 119 (N.D. Ill. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "A party seeking to avoid a forum selection clause has the burden of showing that 'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (quoting *Bremen*, 407 U.S. at 18). CHMI is not claiming fraud or overreaching here. Nor can CHMI argue that a trial in the State Court would be "so gravely difficult and inconvenient" as to effectively deprive it of its "day in court." On the contrary, CHMI *of its own accord* sought and was granted the right to intervene in this case *while the action was pending in State Court* and thereafter proceeded to litigate the case in that forum up until the point that the State Court denied its motion to dismiss the Original Complaint. Under these circumstances, there is nothing "unreasonable," "unjust" or even "inconvenient" about enforcing the forum selection clause against CHMI.

CHMI's attempts to nitpick at the specific language of the forum selection clause are also without merit. In *Muzumdar v. Wellness Int'l Network, Ltd.* (one of the principal cases on which CHMI relies in its opposition), the Seventh Circuit stated that "where venue is specified with mandatory or obligatory language, the clause will be enforced" and that even "where only jurisdiction is specified, the clause" will still be enforced so long as "there is some further language indicating the parties' intent to make venue exclusive." 438 F.3d 759, 762 (7th Cir. 2006); *see also Continental Casualty Co. v. Lasalle Re Ltd.*, 500 F. Supp. 2d 991, 995 (N.D. Ill. 2007) ("where the parties have specified only to jurisdiction, the provision will nonetheless be enforced if there is some other evidence of the parties' intent to make the venue provision exclusive"). Here, the Agreement's forum selection clause clearly and unequivocally

indicates the parties' intent to (a) make Illinois State Court the exclusive venue, and (b) waive

any right to removal. Specifically, the forum selection clause states, in relevant part, that:

> The Courts of the State of Illinois shall have *exclusive* jurisdiction over the parties with respect to any dispute or controversy between them arising under or in connection with this Agreement and . . . each of the parties . . . *waives any objection* to such jurisdiction *on the grounds of venue* . . . .

Agreement § 7.4 (emphasis added). Nor can there be any doubt that the reference to "The

Courts of the State of Illinois" refers to Illinois State courts. As this Court explained in *M&M*

*Concepts*:

> The court finds that the term "an Illinois court" plainly means an Illinois state court. The United States District Court for the Northern District of Illinois is not "an Illinois court;" it is a federal court. The court notes that if [the parties] had wanted to include this court in [their] forum selection clause, [they] could have worded the provision as follows . . . : "Any dispute arising out of [the contract] may be settled only in an Illinois state court or federal court sitting in Illinois . . . ." The court will not read such an intent into a provision that clearly states otherwise.

920 F. Supp. at 119; *see also American Soda LLP v. U.S. Filter Wastewater Group, Inc.*, 428

F.3d 921, 925-26 (10th Cir. 2005) (removal inappropriate where contract required disputes to

be resolved in the "courts of the State of Colorado").[2]

**II.    The Amended Complaint Does Not Raise A "Substantial Federal Question"**

CHMI contends that the Amended Complaint "raises a substantial federal

question" because "it is clear from a plain reading of Count II that this Court's analysis of

Medicare Part D statutes, regulations, and sub-regulatory guidance is essential to Plaintiff's

claim." CHMI Br. at 9-10. CHMI's argument in this regard is not only conclusory, but also

---

[2] CHMI's reliance on *Newly Weds Foods, Inc. v. A.M. Todd Group, Inc.*, No. 03 C 7827, 2004 WL 755703 (N.D. Ill. Feb. 18, 2004), is misplaced. In that case, the Court found that a forum selection clause which provided, *inter alia*, that the parties "irrevocably submit to the exclusive jurisdiction of any state court located within the County of Cook, State of Illinois, *or any federal court within the Northern District of Illinois*" and that the "exclusive appropriate venue for any suit or proceeding shall be in such a court" did not constitute "the waiver of defendant's right to remove." *Id.* at *1 (emphasis added). Obviously not.

ignores the fact that "[contract] disputes are traditionally, uncontroversially, and exclusively within the jurisdiction of state courts," *McCall-Bey v. Franzen,* 777 F.2d 1178, 1186 (7th Cir. 1985), and that, therefore, as a general proposition, even a claim for breach of contract that is "based upon a breach of duty created by federal law does not present a substantial federal question for purposes of federal question jurisdiction," *Kurz v. Fidelity Mgmt. & Research Co.*, 2007 U.S. Dist. LEXIS 80127, at *10-12 (S.D. Ill. Oct. 30, 2007) (finding that although "federal law constitutes an element of the state-law claims for breach of contract alleged by [plaintiffs], this does not mean that this case presents a substantial federal question so as to arise under federal law for purposes of removal to federal court").

CHMI's attempts to distinguish *McCall-Bey* and *Kurz* fall flat. With respect to the former, CHMI accuses Omnicare of "citing to a sentence fragment" from the case in a "disingenuous[] attempt[] to draw a bright line rule that contractual disputes are exclusively the jurisdiction of state courts." CHMI Br. at 11. This is misleading, according to CHMI, because contract disputes between parties from different states can give rise to federal *diversity* jurisdiction. *Id.* True enough, but what that has to do with any of the issues on this motion is anyone's guess. CHMI did not remove this case based on diversity jurisdiction (nor could it have). The sole question here is whether the breach of contract claims asserted in Omnicare's Amended Complaint trigger *federal question* jurisdiction.

CHMI's purported distinction of the *Kurz* case – on the grounds that it did not require the court "to interpret significant issues of federal law" (CHMI Br. at 11-12) – is also off the mark. As the decision makes clear, the defendants in *Kurz* "argue[d] that this case presents a substantial question of federal law because the duty of best execution they are alleged to have breached is a creature of federal law, and because resolution of this case

necessarily will entail the construction of federal securities laws and regulations promulgated thereunder." *Kurz*, 2007 U.S. Dist. LEXIS 80127, at *8. CHMI's arguments here are virtually indistinguishable.

Moreover, as set forth in Omnicare's opening brief, even where, unlike here, a complaint *does* raise a substantial federal question, the court must also find that removal "will not disturb the balance struck by Congress between the federal and state courts." *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815, 823 (W.D. Wis. 2005) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)); *Kurz*, 2007 U.S. Dist. LEXIS 80127, at *11 ("federal courts must be cautious in entertaining 'state claims with embedded federal issues' lest they 'materially affect, or threaten to affect, the normal currents of litigation' as between federal and state courts") (citation omitted). Where, as here, the question involves the "interpretation of the Medicare statute and regulations," courts have held that "federal and state interests are equivalent," given that "states play the primary role in apportioning Medicaid benefits within the broad parameters set by federal law," and that, therefore, "removal would disturb the balance of judicial responsibilities between state and federal courts." *Abbott Labs.*, 390 F. Supp. 2d at 823-24. CHMI does not squarely address this aspect of *Abbott Labs* in its brief and its failure to do so speaks volumes.

### III.    In The Alternative, Removal Was Untimely

CHMI argues that "removal was timely . . . because the Amended Complaint was the first time that a cause of action was based substantially on federal law." CHMI Br. at 2, 13-14. The basis for this contention, as noted above, is that "newly added" Count II of the Amended Complaint, while "present[ed] . . . as a simple state-law breach of contract claim," will require the Court to "analy[ze] Medicare Part D statutes, regulations, and sub-regulatory

guidance." CHMI Br. at 9-10. But if that is all it takes to turn a state law breach of contract claim into a "substantial federal question" (as discussed above, Omnicare submits that it is not), then the Original Complaint *also* raised a substantial federal question (*see* Omnicare Moving Br. at 8 (citing Orig. Compl. ¶¶6-8, 20)), and CHMI's failure to remove upon receiving a copy of that complaint renders its later removal in response to the Amended Complaint untimely. *See* 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading" or "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable"); *see, e.g., Stojsavljevic v. City of Milwaukee*, 2007 U.S. Dist. LEXIS 86028, at *2 (E.D. Wis. Nov. 19, 2007); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 964-65 (7th Cir. 1982).

## CONCLUSION

For the foregoing reasons, and those set forth in its opening brief, Omnicare respectfully requests that the Court grant its motion to remand this action to State Court.

Date: September 4, 2008                    Omnicare, Inc.


                                       By:   s/ Lauren Petersen
                                             One of the Attorneys for Omnicare, Inc.

DEWEY & LEBOEUF LLP
Harvey Kurzweil
John E. Schreiber
Lauren Petersen
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:     212-259-8000
Facsimile:     212-259-6333

Richard P. Campbell
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: 312 222-9350
Facsimile: 312 527-0484
Firm I.D. No. 05003

*Counsel for Plaintiff Omnicare, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel for Omnicare, Inc. hereby certifies that on September 4, 2008, a true and correct copy of the foregoing **Plaintiff's Reply Memorandum in Further Support of its Motion to Remand** was filed with the Court and served electronically by the Court's CM/ECF System to all registered users.


       s/ Lauren Petersen      \_
Lauren Petersen
One of the Attorneys for Plaintiff Omnicare, Inc.